**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 18-cv-00112-RM-MEH

AT&T CORP.,

      Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

      Defendant.

_____

**ORDER**
_____

Pending before the Court are the following motions: (1) defendant Level 3 Communications, LLC's ("defendant") unopposed motion to restrict public access to counterclaims (ECF No. 40) ("defendant's motion to restrict"); (2) plaintiff AT&T Corp.'s ("plaintiff") unopposed motion to restrict public access to its opposition to motion to dismiss and motion for partial summary judgment (ECF No. 41) ("plaintiff's motion to restrict"); and (3) plaintiff's opposition to motion to dismiss and motion for partial summary judgment (ECF Nos. 42, 43) ("plaintiff's opposition and motion").

Defendant's motion to restrict (ECF No. 40) is GRANTED IN PART and DENIED IN PART. Although the Court will allow ECF No. 38 to remain restricted at restriction level 1, the Court disagrees with defendant that a public version of its counterclaims cannot be filed. Notably, the Court discerns no reason why the following numbered paragraphs from defendant's counterclaims cannot be disclosed: 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 28, 29, 35, 37, 38, 46, 47, 54, 56, 56(a), and 56(c). As a result, defendant is ORDERED to file a

public version of its counterclaims with those paragraphs disclosed on or before March 23, 2018. The remaining paragraphs may be redacted. To the extent defendant disagrees with the Court that any of the above-mentioned paragraphs should be disclosed, defendant must file a motion to restrict any such paragraphs at the same time as filing the public version of its counterclaims. Should defendant fail to file a public version of its counterclaims by March 23, 2018, then the Court will remove the level 1 restriction on ECF No. 38.

Plaintiff's motion to restrict (ECF No. 41) is GRANTED IN PART and DENIED IN PART. As with defendant, although the Court will allow ECF No. 42 to keep its level 1 restriction, plaintiff will be required to file a public version of its opposition to the motion to dismiss and any motion for partial summary judgment with appropriate redactions, as plaintiff suggests it can do. (*See* ECF No. 41 at 2.) Simply because another party was allowed to file a restricted document without redactions does not mean that the requirement for less restrictive alternatives can be ignored.

In addition, as plaintiff brings up the subject of other documents being filed restricted without redactions, the Court takes the opportunity to address that matter seeing as the undersigned was not the presiding judge at the time. Defendant's motion to dismiss does not need to be fully restricted. The same is true of the declaration in support of the motion to dismiss, which does not appear to need any type of restriction level given that it merely tells the reader what documents are attached to the declaration as exhibits. (*See* ECF No. 15.) As a result, on or before March 23, 2018, defendant will be required to file a public version of its motion to dismiss and the declaration that may contain redactions of solely the information that is purportedly confidential. If a public version of either is not filed by March 23, 2018, then the Court will remove the restriction level on ECF Nos. 14 and 15. In the future, both parties are forewarned that they should not file any motion to

restrict with the promise that they can file a public version of a restricted document. Instead, the parties must file the public version at the same time as the restricted version.

Plaintiff's opposition and motion (ECF No. 43) is STRICKEN for failure to comply with both this District's Local Rules and this Court's Civil Practice Standards. First, the Local Rule violation. The Local Rules provide that a party may not include a motion in a response or reply. D.C.Colo. L.Civ.R. 7.1(d). Plaintiff has done precisely this. Second, the Civil Practice Standards violation. This Court's Civil Practice Standards require that, when filing a motion for summary judgment, a party must file a *separate* statement of undisputed material facts in support of the motion for summary judgment. Civil Practice Standard IV(B)(2)(a)(ii).[1] Plaintiff did not do this in filing its opposition and motion.

In this light, to the extent plaintiff wishes to re-file an opposition to the motion to dismiss, plaintiff may do so on or before March 21, 2018.[2] The opposition should solely be an opposition to the motion to dismiss; it should not include any other motion. In addition, at the same time as filing any opposition, plaintiff must file a public version of the same which may contain redactions of any purportedly confidential information. To the extent plaintiff wishes to file a motion for summary judgment (partial or otherwise), plaintiff may do so whenever it so chooses prior to any dispositive motion deadline that may be entered in this case. In doing so, plaintiff is reminded that a *separate* statement of undisputed material facts must be filed in support of the motion for summary judgment.

---

[1] The format for the separate statement of undisputed material facts is included as Exhibit 1 to the Court's Civil Practice Standards.

[2] The Court notes that plaintiff's time to respond to the motion to dismiss had already been extended to March 19, 2018.

In addition, if any restriction level is sought for any motion for summary judgment and statement in support that may be filed, plaintiff must file a public version of both at the same time.

**SO ORDERED.**

DATED this 20th day of March, 2018.

                                        BY THE COURT:

                                        _____
                                        RAYMOND P. MOORE
                                        United States District Judge