**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff/Counter-Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant.

**COUNTERCLAIMS OF DEFENDANT LEVEL 3 COMMUNICATIONS
[PUBLIC VERSION]**

Defendant Level 3 Communications, LLC ("Level 3" or "Defendant"), for its Counterclaims against Plaintiff AT&T Corporation ("AT&T"), states and alleges as follows:

1. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

**PARTIES**

2. Defendant/Counterclaimant Level 3 Communications, LLC is a Delaware limited liability company, with its principal place of business in Broomfield, Colorado. Level 3 is an indirect wholly-owned subsidiary of CenturyLink, Inc., a publicly traded corporation.

3. Plaintiff/Counter-Defendant AT&T Corp. is a New York corporation with its principal place of business in Bedminster, New Jersey.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332 because the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court also has original jurisdiction over all of the counterclaims pursuant to 28 U.S.C. § 1367, because they are so related to the claims brought by AT&T arising from the Communications Act, over which the Court has original jurisdiction, that they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these counterclaims occurred in this district.

## ALLEGATIONS OF FACT

7. Level 3 is, among other things, a competitive local exchange carrier ("CLEC"), and as such operates as a common carrier engaged in the provision of telephone services to end users within its local exchange network.

8. Level 3 also operates as a long distance or interexchange carrier ("IXC"), which operates by connecting calls made by end users of one local exchange carrier ("LEC") to end users of other LECs.

9. AT&T operates as both an IXC and a LEC. In its capacity as a LEC, AT&T operates as a common carrier engaged in the provision of telephone services to end users within its local exchange network.

### *PSTN Network and VoIP Calling*

10. Historically, telecommunications carriers exchanged calls through the public switching telephone network ("PSTN") utilizing a protocol known as time-division multiplexing ("TDM"). Long distance calls originated by or terminated to end users through this technology were subject to "switched access charges" from the LECs' access tariffs on file with the FCC (for interstate calling) or the applicable state regulatory agencies (for intrastate calling).

11. Over the last several years, more and more calls are being delivered and/or transmitted over the PSTN via Voice over Internet Protocol ("VoIP") technology, instead of via TDM technology.

12. There are two different types of VoIP calling: "facilities-based" VoIP, in which the VoIP provider owns or leases the physical infrastructure connected to the end-user's premises, thus completing the "last mile" of the call; and "over-the-top" VoIP, in which the VoIP provider connects the call to the end user's premises through the internet connection provided by a third-party internet service provider.

13. Throughout the period of time relevant to this dispute and on information and belief, AT&T, operating as a LEC, has originated calls from and terminated calls to customers via both facilities-based and over-the-top VoIP technology.

14. On information and belief, when AT&T terminates calls to customers via both facilities-based and over-the-top VoIP technology, it assesses access charges on the calls, including the end-office switching element of switched access, to IXCs including Level 3 and other unknown IXCs.

15. Likewise, Level 3 has originated calls from and terminated calls to customers via both facilities-based and over-the-top VoIP technology.

### *The FCC Determined that AT&T was Required to Pay End-Office Switching Access Charges on Over-the-Top VoIP Calls*

16. LECs may assess end-office switching charges for originating or terminating facilities-based VoIP calls.

17. Prior to June 2015, AT&T disputed and withheld payment on the end-office switching charges (an element of switched access charges) that Level 3 accessed to it on over-the-top VoIP calls.

18. In February 2015, the Federal Communications Commission ("FCC") determined that over-the-top VoIP calls constituted the "functional equivalent of end office switching" and that LECs therefore could assess end-office switching charges for connecting over-the-top VoIP calls, thus overriding the objections and arguments of AT&T that such charges did not apply to over-the-top VoIP calls. *See In the Matter of Connect Am. Fund,* 30 FCC Rcd. 1587 ¶ 19 (2015).

### *AT&T Agreed to Pay End-Office Switching Access Charges on Over-the-Top VoIP Calls*

19. AT&T appealed the FCC's February 2015 decision to the D.C. Circuit.

20. In June 2015, while AT&T's appeal of the FCC's decision was pending, AT&T and Level 3 entered into a settlement agreement to resolve the historic dispute between them regarding the applicability of end office switching charges to over-the-top VoIP calls.

21. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

22. Level 3's access tariff includes rates for end office switching that applies to all calls including for over-the-top VoIP calls. Specifically, since at least December 2011, Level 3's

4

FCC Tariff No. 4 states: The definition of "End Office Access Service" includes "(4) The origination and termination of interexchange telecommunications traffic to any end user, either directly or via contractual or other arrangements with an affiliated or unaffiliated provider of interconnected VoIP service, as defined in 47 U.S.C. § 153(25), or a non-interconnected VoIP service, as defined in 47 U.S.C. § 153(36), that does not itself seek to collect reciprocal compensation charges prescribed by this subpart for that traffic, regardless of the specific functions provided or facilities used."

23.  [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

24.  [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

25.  [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

26.  [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

27.  [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

### *The D.C. Circuit Remanded to the FCC to Determine Whether End-office Switching Access Charges Could be Assessed on Over-the-Top VoIP Calls*

28.  The D.C. Circuit subsequently issued an order vacating the FCC's 2015 decision. *See AT&T Corp. v. Fed. Commc'ns Comm'n*, 841 F.3d 1047 (D.C. Cir. 2016). However, the circuit court did not determine the issue of whether LECs could assess end-office switching

charges on over-the-top VoIP calls, and did not set forth terms for billing or paying for over-the-top VoIP traffic.  Instead, it remanded to the FCC for further consideration of this issue.

29.     The FCC has not yet issued a decision on remand.

30.     [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

### *AT&T has Refused to Pay the End-Office Switching Access Charges as Required by Level 3's Tariff and as Promised in the Settlement Agreement*

31.     [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

32.     [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

33.     [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

34.     [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

### CAUSES OF ACTION

### Count I:  Breach of Contract

35.     Level 3 incorporates each of the preceding paragraphs as if fully stated herein.

36.     [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

37.     The settlement agreement is valid and binding on AT&T and Level 3.

38.     Level 3 performed its obligations under the settlement agreement.

39. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

40. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

41. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

42. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

43. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

44. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

45. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

46. Level 3 demands judgment against AT&T for all amounts due under the agreement, including interest and late payment charges in an amount to be determined at trial.

### Count II:  Declaratory Relief (Level 3)

47. Level 3 incorporates each of the preceding paragraphs as if fully stated herein.

48. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

49. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

50. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

51. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

52. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

53. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

54. The controversy concerns the legitimacy of charges presently being assessed by Level 3 and disputed by AT&T each month, and thus presents a real, immediate, and substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55. [This paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

### PRAYER FOR RELIEF

56. As relief against Plaintiff and Counterclaim Defendant AT&T, Defendant and Counterclaimant Level 3 respectfully requests that the Court enter judgment in favor of Level 3 and against AT&T as follows:

   a. Ordering AT&T to pay Level 3 damages for AT&T's breaches of the parties' settlement agreement, in an amount to be determined at trial, plus interest and late payment charges;

    b. [This sub-paragraph as originally filed with the Court contains confidential information which has been redacted from the publicly filed version of this document.]

    c. All other relief the Court may deem just and necessary.

Respectfully submitted this 21st day of March, 2018.

> By: */s/ Charles W. Steese*
> Charles W. Steese, #26924
> Douglas N. Marsh, #45964
> Martin J. Estevao, #46260
> ARMSTRONG TEASDALE LLP
> 4643 South Ulster Street, Suite 800
> Denver, Colorado 80237
> Telephone: (720) 200-0676
> csteese@armstrongteasdale.com
> dmarsh@armstrongteasdale.com
> mestevao@armstrongteasdale.com
>
> *Attorneys for Defendant Level 3 Communications, LLC*

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on March 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Micahel J. Hunseder
Justin A. Benson
Sidley Austin, LLP
1501 K Street, NW
Washington, D.C. 20005
202-736-8000
mhunseder@sidley.com
jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ Charles W. Steese
Charles W. Steese

10