IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

   Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

   Defendant.

---

## PROPOSED SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL

   The Fed. R. Civ. Proc. 16(b) Scheduling Conference is currently set for April 10, 2018 at

9:30 a.m. in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse,

901 19th Street, Denver, Colorado per the Court's February 22, 2018 Minute Order:

| | |
|---|---|
| Michael D. Warden | Rebecca B. DeCook, #14590 |
| Michael J. Hunseder | MOYE WHITE LLP |
| SIDLEY AUSTIN LLP | 1400 16th Street, 6th Floor |
| 1501 K ST NW | Denver, Colorado 80202-1027 |
| Washington, DC 20005 | Telephone: (303) 292-2900 |
| Telephone: (202) 736-8000 | becky.decook@moyewhite.com |
| mhunseder@sidley.com | andrew.flynn@moyewhite.com |
| mwarden@sidley.com | |
| jbenson@sidley.com | *Attorneys for Plaintiff AT&T Corp.* |

*Attorneys for Plaintiff AT&T Corp.*

Charles Walter Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, CO 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

## 2. STATEMENT OF JURISDICTION

The parties allege in AT&T's Complaint and Level 3's Counterclaims that this Court has jurisdiction over AT&T's claims and Level 3's counterclaims pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1331, U.S.C. § 1367 and/or 47 U.S.C. § 207. Level 3 has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) arguing that the claims in AT&T's lawsuit are not yet ripe for adjudication. AT&T has opposed that motion.

## 3. STATEMENT OF CLAIMS AND DEFENSES

*a.    Plaintiff AT&T:*

Plaintiff AT&T asserts claims against defendant Level 3 for breach of contract under a Release and Settlement Agreement (the "Agreement") between the parties effective May 27, 2015 and, alternatively, under the Communications Act. Two sets of payments are at issue under AT&T's claims under the Agreement. First, the parties agreed that for the period from June 1, 2015 through the date of a final order of the D.C. Circuit challenging a Federal Communications Commission ("FCC") *Declaratory Ruling*, AT&T would pay Level 3's end-office switching rate for over-the-top Voice over Internet Protocol ("VoIP") traffic pursuant to that FCC *Declaratory*

2

*Ruling*.  The parties agreed, however, that Level 3 would refund a portion of the amount paid if the *Declaratory Ruling* was overturned by the D.C. Circuit and that order became final and was no longer subject to further appeal or other judicial review.  AT&T prevailed, the D.C. Circuit overturned the FCC *Declaratory Ruling*, and the D.C. Circuit's Order became final.  Level 3 has failed to refund the amounts due.

Second, in the Agreement, the parties agreed that any billing and payments for over-the-top VoIP traffic exchanged after a final order must be in compliance with that order.  Level 3 has failed to comply with this provision of the Agreement.

Alternatively, AT&T claims that Level 3 has violated FCC Rules and Sections 201(b), 203 and 251(b)(5) of the Communications Act by failing to bill AT&T in accordance with existing FCC rules not overturned by the D.C. Circuit.

AT&T seeks compensatory and declaratory relief.

AT&T denies that it remains responsible for paying Level 3's charges as alleged in Level 3's counterclaims.

b.      *Defendant Level 3:*

Level 3 denies that it is liable to refund any of the end-office switching access charges it has assessed to AT&T and further maintains that AT&T is responsible to continue to pay these charges.

The parties' settlement agreement provides that AT&T would continue to pay end-office switching access charges for over-the-top VoIP telephone traffic unless and until a "final" order determining once and for all that such charges are impermissible is entered.  No such order has

been entered.  The decision of the D.C. Circuit upon which AT&T relies is no such order—far from settling the issue of whether these charges are permissible, the D.C. Circuit simply remanded to the FCC for further deliberations on the subject.  In fact, in negotiating the parties' settlement agreement, AT&T expressly acknowledged the parties' understanding that such a remand order would not constitute a "final" order and would not trigger the refunding requirements of the agreement.

Because no "final" order as contemplated by the parties has yet been entered, not only is Level 3 under no obligation to refund any of the end-office switching access charges AT&T has paid on over-the-top VoIP traffic, but, as detailed in Level 3's counterclaims, AT&T remains responsible for paying these charges as it agreed to do.  Only if a "final" order conclusively determines that these charges are not permissible will Level 3 be under any obligation to cease assessing charges for such traffic or to refund any part of these charges.

### 4.  UNDISPUTED FACTS

The parties agree that the following are undisputed:

1.      AT&T and Level 3 entered into a Release and Settlement Agreement (the "Agreement") contract effective May 27, 2015.

2.      The D.C. Circuit issued an opinion in *AT&T Corp. v. FCC*, 841 F.3d 1047 (D.C. Cir. 2016), on November 18, 2016.

3.      The D.C. Circuit denied a petition for rehearing on February 6, 2017.

4.      Neither the FCC, Level 3, nor any other intervenor sought Supreme Court review of the D.C. Circuit decision.

5.     Level 3 has not refunded to AT&T any amounts pursuant to the provision set forth in Section 1(a)(iv) on page 3 of the Agreement.

6.     Since the entry of the D.C. Circuit's opinion, Level 3 has continued to invoice AT&T for end office switching on originating calls associated with over-the-top VoIP traffic, consistent with Level 3's interpretation of the Agreement.

7.     Beginning in June 2017, AT&T began to deduct from amounts paid on Level 3's invoices the amounts AT&T claims it estimated were attributable to end office switching associated with over-the-top VoIP traffic, consistent with AT&T's interpretation of the Agreement.

## 5.  COMPUTATION OF DAMAGES

*a.     AT&T's Claims*

The parties will exchange computation of damages.  As alleged in the Complaint, the amount of the refund owed to AT&T under the Agreement depends upon, among other things, the proportion of Level 3's over-the-top VoIP traffic.  At a minimum, discovery of Level 3 will be necessary to determine the proportion of Level 3's over-the-top traffic, the amount that AT&T has been overcharged both before and after the D.C. Circuit decision, and thus AT&T's damages. AT&T also claims damages for the amounts Level 3 overcharged AT&T after the D.C. Circuit decision.  The damages calculation will involve determining (i) the proper amount Level 3 could bill under the Agreement and/or federal law, and (ii) the amounts AT&T paid Level 3, and applicable interest.  AT&T estimates that its damages will exceed $8 million.

b.      *Level 3's Counterclaims*

The conduct of AT&T as described in Level 3's counterclaims is ongoing—AT&T continues to withhold payment on lawful charges.  Level 3's damages thus defy definite calculation at this stage.  As to damages already suffered, discovery will be necessary to identify (i) the amounts Level 3 has charged AT&T, and (ii) the amounts AT&T has unlawfully withheld, and applicable interest.  Level 3 nevertheless knows that the amount of its damages to be proven at trial will exceed $4.1 million.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      *Date of Rule 26(f) meeting.*

March 22, 2018.

b.      *Names of each participant and party he/she represented.*

On behalf of AT&T:  Michael J. Hunseder, Michael D. Warden, Justin A. Benson, and Rebecca B. DeCook.

On behalf of Level 3:  Charles W. Steese and Douglas N. Marsh.

c.      *Statement as to when Rule 26(a)(1) disclosures were made or will be made.*

The parties made a partial disclosure on April 2, 2018 in which they exchanged names of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.  The parties agree to complete Rule 26(a)(1) disclosures on or before April 18, 2018.

d.      *Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P.*

*26(a)(1).*

See paragraph (c) above.

e.    *Statement concerning any agreements to conduct informal discovery:*

The Parties do not intend to conduct informal discovery.

f.    *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.*

**<u>AT&T Position:</u>**

Plaintiff AT&T believes that the parties should sequence discovery so as to minimize the cost and burden of discovery.  As described below, within a week of this conference, AT&T intends to file a motion for partial summary judgment as to the meaning of the contract, based on its plain language and the D.C. Circuit's action.  Accordingly, AT&T requests that any discovery as to contract interpretation and negotiation be deferred until after a ruling on that motion.  Such phased discovery would reduce the parties' costs and the burden on the Court and parties.  If, for example, the Court finds the contract can be interpreted as a matter of law, then neither party need engage in discovery as to the formation and/or interpretation of the contract.  In that regard, because lawyers for both parties were involved in the negotiations, such phased discovery could also reduce disputes as to the scope and application of various privileges.  AT&T requests that initial discovery should focus on the nature of Level 3's traffic exchanged between the parties (including VoIP traffic), changes in the volume of Level 3's traffic and the reasons therefor (including changes to Level 3's percentage of VoIP traffic), amounts billed by Level 3, and amounts paid by AT&T.

**Level 3 Position:**

Level 3 believes that discovery should begin in earnest on all issues relevant to the case. AT&T states that it plans to file an early motion for partial summary judgment that will avert the need for certain aspects of discovery. Level 3 already filed a motion to dismiss AT&T's Complaint because the claims in it are not yet ripe. That motion argues that AT&T's interpretation of the contract is erroneous. AT&T sent Level 3 an email stating "[h]ere is our attempt to capture our agreement construct." While Level 3 believes the contract can only be interpreted in one way, the parol evidence supports Level 3's interpretation of the contract as well. Level 3 would respond to AT&T's anticipated motion for partial summary judgment with a Rule 56(h) affidavit. Level 3 therefore disagrees that the parties can avoid discovery on the formation and/or interpretation of the contract.

**Protective Order:**

The parties have agreed to enter into a stipulated confidentiality order in this case to facilitate the production of proprietary documents and information. The parties further agree on the scope of restricted information in the Agreement and any filings that refer to that Agreement.

g.    *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.*

The parties have agreed to enter into a protocol for electronically stored information.

h.    *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.*

8

At this time, the parties do not anticipate that they will be able to reach an early settlement or resolution of the case given the nature of the claims and the amount in controversy.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.*

At this time, there are no modifications proposed by the parties.  The parties reserve their rights to seek leave requesting additional depositions beyond the ten (10) permitted by the rules, depending on the 26(a)(1) disclosures provided by the other party.

b.      *Limitations which any party proposes on the length of depositions.*

**Level 3 Position:**

Level 3 recommends that each party be permitted to conduct up to two 30(b)(6) depositions of the opposing party, each deposition to count as one deposition toward its deposition limit.  Level 3 believes that this will facilitate and expedite the discovery process given the size of AT&T and the number of persons likely to be in possession of discoverable information.  Instead of requiring Level 3 to return to the Court to seek leave for an additional 30(b)(6) deposition, Level 3 asks the Court to extend that authority at the outset of the case so Level 3 can focus its discovery efforts in the most efficient, cost effective manner possible.

**AT&T Position:**

AT&T will, of course, work in good faith with Level 3 to facilitate and expedite the

discovery process.  Without knowing more information about the scope, breadth and number of topics in any 30(b)(6) notice(s) and the persons likely to be in possession of discoverable information from both parties, any limitations (or expansions) on the scope of discovery or on the scope or number of depositions is, in AT&T's view, premature.

c.      *Limitations which any party proposes on the number of requests for production and/or requests for admission.*

No modifications are proposed by the parties.

d.      *Other Planning or Discovery Orders*

None proposed by the parties.

## 9. CASE PLAN AND SCHEDULE

a.      *Deadline for Joinder of Parties and Amendment of Pleadings:*

October 1, 2018

b.      *Discovery Cut-off:*

Fact Discovery Deadline:             December 14, 2018

Expert Deposition Deadline:        April 19, 2019

c.      *Dispositive Motion Deadline:*

May 31, 2019

**<u>AT&T Position:</u>**

AT&T seeks to file a motion to obtain a partial judgment as to the meaning of the contract, and may do so by April 17.  The relief AT&T seeks is similar to a motion for judgment on the pleadings.  However, because Level 3 has not filed an answer, the pleadings are not closed, and

thus AT&T may not file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) until they are closed.  Accordingly, AT&T's forthcoming motion must be filed as a motion for partial summary judgment.  AT&T is aware that Judge Moore's practice standards contemplate a single motion for summary judgment by a party.  However, in the circumstances presented here, AT&T believes that it is appropriate to file an initial partial summary judgment motion (based on the meaning of the contract) and a second, later summary judgment motion after the conclusion of discovery on other issues that can be decided as a matter of law.

**Level 3 Position:**

Level 3 objects to this approach.  Level 3 filed a motion to dismiss AT&T's Complaint because the claims in it are not yet ripe.  That motion argues that AT&T's interpretation of the contract is erroneous.  There is simply no need to brief a Rule 56 motion at this early stage of the case, especially given that Level 3's Motion to Dismiss already attaches an email exchanged between the parties validating Level 3's interpretation of the contract.  AT&T sent Level 3 an email stating "[h]ere is our attempt to capture our agreement construct."  While Level 3 believes the contract can only be interpreted in one way, the parol evidence supports its view as well.  Level 3 would, therefore, respond to AT&T's anticipated motion for partial summary judgment with a Rule 56(h) affidavit.  Thus, the Court should require AT&T to make a conscious choice about how it wants to proceed and the consequences of filing an early motion for summary judgment.

d.    *Expert Witness Disclosure and Discovery*

1.    The parties shall identify anticipated fields of expert testimony, if any.

a.    The manner in which the volume of OTT VoIP traffic is calculated

        b.      Damages.

2.      Limitations which the parties propose on the use or number of expert witnesses.

        Not applicable

3.      The parties shall designate all experts and provide opposing counsel with all information

specified in Fed. R. Civ. P. 26(a)(2) on or before February 1, 2019.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro

se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 15, 2019

*e.*      *Identification of Persons to Be Deposed:*

        It is premature at this time to name those the parties want to depose.

*f.*      *Deadline for Interrogatories:*

        October 26, 2018

*g.*      *Deadline for Requests for Production of Documents and/or Admissions*

        October 26, 2018.

## 10. DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____.

b.      A final pretrial conference will be held in this case on _____at o'clock _____m.  A Final

Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before

the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

*a.*      *Identify those discovery or scheduling issues, if any, on which counsel after a good faith*

*effort, were unable to reach an agreement.*

*See* Section 6.f, *supra*, as to the parties' differences of view as to whether phased discovery is appropriate; Section 8.b, *supra*, as to the parties' differences of view on the number of depositions pursuant to Rule 30(b)(6); and Section 9.c, *supra*, as to the parties' differences of view as to a dispositive motion filed by AT&T.

b.      *Anticipated length of trial and whether trial is to the court or jury.*

One week.

c.      *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.*

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2018.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/Rebecca B. DeCook*_____
Rebecca B. DeCook
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, CO 80202
303-292-2900
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
202-736-8000
mhunseder@sidley.com
mwarden@sidley.com

*Attorneys for Plaintiff AT&T*

*/s/Charles W. Steese*_____
Charles W. Steese
Douglas N. Marsh
Martin J. Estevao
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, CO 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3*