**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counter Claimant.

**ANSWER AND DEFENSES OF PLAINTIFF/COUNTER DEFENDANT AT&T CORP.**

    Plaintiff/Counter Defendant AT&T Corp. ("AT&T"), by and through its undersigned attorneys, hereby provides its Answer and Affirmative Defenses to the Counterclaims (Doc. 38) filed by Defendant/Counter Claimant Level 3 Communications, LLC ("Level 3"). AT&T responds to the separately numbered paragraphs of the Counterclaims as follows:

**ANSWER TO PARAGRAPH NO. 1:**

AT&T admits that Level 3 and AT&T (collectively, the "Parties") entered into a Release and Settlement Agreement effective May 27, 2015 (the "Agreement"). To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 1 are denied.

**ANSWER TO PARAGRAPH NO. 2:**

AT&T admits, on information and belief, the allegations in Paragraph 2.

1

**ANSWER TO PARAGRAPH NO. 3:**

AT&T admits the allegations in Paragraph 3.

**ANSWER TO PARAGRAPH NO. 4:**

AT&T admits that this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332.

**ANSWER TO PARAGRAPH NO. 5:**

AT&T admits that this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER TO PARAGRAPH NO. 6:**

AT&T admits that venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER TO PARAGRAPH NO. 7:**

AT&T admits that Level 3 is a common carrier engaged in the provision of telephone service, and that Level 3 is a competitive local exchange carrier. AT&T lacks knowledge and information sufficient to assess the truth or falsity of the other allegations in Paragraph 7 and, accordingly, denies all other allegations in Paragraph 7.

**ANSWER TO PARAGRAPH NO. 8:**

AT&T admits that, Level 3 operates as a long distance carrier, but does not do so as relevant to the disputes in this case. AT&T lacks knowledge and information sufficient to assess the truth or falsity of the other allegations in Paragraph 8 and, accordingly, denies all other allegations in Paragraph 8.

**ANSWER TO PARAGRAPH NO. 9:**

AT&T admits that, as relevant to this case, it acts as a long distance (or interexchange ("IXC")) carrier. Although AT&T Corp. may in some instances act as local exchange carrier ("LEC"), AT&T Corp. does not act as a LEC as relevant to the disputes in this case. To the extent paragraph 9 alleges that AT&T Corp. has acted as a LEC as relevant to the disputes in this case, those allegations are denied.

**ANSWER TO PARAGRAPH NO. 10:**

AT&T admits the allegations in Paragraph 10 set forth a general description of switched access using time-division multiplexing in the public switched telephone network ("PSTN").

**ANSWER TO PARAGRAPH NO. 11:**

AT&T admits the allegations in Paragraph 11 set forth a general description of Voice over Internet Protocol ("VoIP") trends over the last several years.

**ANSWER TO PARAGRAPH NO. 12:**

AT&T admits the allegations in Paragraph 12 set forth a general description of two different kinds of VoIP calls.

**ANSWER TO PARAGRAPH NO. 13:**

AT&T Corp. denies that it has acted as a LEC as relevant to the disputes in this case and thus denies the allegations of paragraph 13.

**ANSWER TO PARAGRAPH NO. 14:**

AT&T Corp. denies that it has acted as a LEC as relevant to the disputes in this case and thus denies the allegations of paragraph 14.

**ANSWER TO PARAGRAPH NO. 15:**

AT&T admits that Level 3 has billed AT&T for charges on over-the-top VoIP calls. As to the allegation that Level 3 originates or terminates facilities-based VoIP calls, AT&T lacks knowledge and information sufficient to assess the truth or falsity of the remaining allegations in Paragraph 15 and, accordingly, denies the remaining allegations in Paragraph 15.

**ANSWER TO PARAGRAPH NO. 16:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required. To the extent a response is required, AT&T admits that, since 2011, the rules of the Federal Communications Commission ("FCC") have allowed LECs to assess charges equal to the charges for end-office switching on calls where a LEC or its VoIP partner have last-mile facilities to deliver the calls to or from the caller's premises, and those rules do not permit end-office charges for LECs handling over-the-top VoIP calls. AT&T otherwise denies the allegations in paragraph 16.

**ANSWER TO PARAGRAPH NO. 17:**

AT&T admits that it disputed, pursuant to the terms of Level 3's tariffs and consistent with the FCC's rules, certain charges billed by Level 3, including end-office switching charges. AT&T denies any remaining allegations in Paragraph 17.

**ANSWER TO PARAGRAPH NO. 18:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required. To the extent a response is required, AT&T admits that, in February 2015, the FCC issued a *Declaratory Ruling* that misconstrued the FCC's existing regulations, and improperly

ruled that LECs could assess end-office switching charges on over-the-top VoIP calls. AT&T otherwise denies the allegations in Paragraph 18.

**ANSWER TO PARAGRAPH NO. 19:**

AT&T admits the allegations in Paragraph 19.

**ANSWER TO PARAGRAPH NO. 20:**

AT&T admits that the Parties entered into the Agreement while AT&T's appeal was pending. To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 20 are denied.

**ANSWER TO PARAGRAPH NO. 21:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 21 are denied.

**ANSWER TO PARAGRAPH NO. 22:**

To the extent that this paragraph purports to characterize Level 3's tariffs, AT&T refers the Court to the text of the tariffs for their full contents and denies any allegations inconsistent with the tariffs' language. Any other allegations in Paragraph 22 are denied.

**ANSWER TO PARAGRAPH NO. 23:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 23 are denied.

**ANSWER TO PARAGRAPH NO. 24:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 24 are denied.

**ANSWER TO PARAGRAPH NO. 25:**

AT&T denies the allegations in Paragraph 25.

**ANSWER TO PARAGRAPH NO. 26:**

To the extent that "final order" in this paragraph refers to the "final order" as alleged in Paragraph 25, AT&T denies the allegations in Paragraph 26. To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.

**ANSWER TO PARAGRAPH NO. 27:**

AT&T states that the document referred to in Paragraph 27 is marked as a "CONFIDENTIAL SETTLEMENT OFFER" subject to Federal Rule of Evidence 408, a rule that bars the use of settlement offers as evidence, and, as such, no response is necessary.  To the extent a response is required, AT&T denies the allegations in Paragraph 27.

**ANSWER TO PARAGRAPH NO. 28:**

AT&T admits that the D.C. Circuit vacated and remanded the FCC's 2015 decision.  AT&T denies the remaining allegations in Paragraph 28.

**ANSWER TO PARAGRAPH NO. 29:**

AT&T admits that the FCC has not acted on the remand from the D.C. Circuit and denies that the FCC is required to issue a decision on remand. AT&T denies the remaining allegations in Paragraph 29.

**ANSWER TO PARAGRAPH NO. 30:**

AT&T denies the allegations contained in Paragraph 30.

**ANSWER TO PARAGRAPH NO. 31:**

AT&T admits that it has, since at least 2011, disputed Level 3's access charges on over-the-top VoIP calls, and, pursuant to the terms of Level 3's tariffs and consistent with the FCC's rules, had withheld certain charges billed by Level 3. AT&T denies the remaining allegations in Paragraph 31.

**ANSWER TO PARAGRAPH NO. 32:**

AT&T admits that it has, disputed Level 3's access charges on over-the-top VoIP calls, and, pursuant to the terms of Level's tariffs and consistent with the FCC's rules, had withheld certain charges billed by Level 3. AT&T further admits that after the D.C. Circuit entered its order and that became final, consistent with the Agreement, AT&T began withholding payments for access charges Level 3 improperly invoiced on over-the-top VoIP calls in violation of the Agreement. AT&T denies that the D.C. Circuit entered an order remanding to the FCC to determine whether LECs could assess end-office access charges on over-the-top VoIP calls. AT&T denies the remaining allegations in Paragraph 32.

**ANSWER TO PARAGRAPH NO. 33:**

AT&T denies the allegations contained in Paragraph 33.

**ANSWER TO PARAGRAPH NO. 34:**

AT&T denies the allegations in Paragraph 34.

**ANSWER TO PARAGRAPH NO. 35:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 34 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 36:**

AT&T admits the Parties entered into the Agreement as to Level 3's provision of services to AT&T on over-the-top VoIP calls. To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 36 are denied.

**ANSWER TO PARAGRAPH NO. 37:**

AT&T admits the allegations in Paragraph 37.

**ANSWER TO PARAGRAPH NO. 38:**

AT&T denies the allegations in Paragraph 38.

**ANSWER TO PARAGRAPH NO. 39:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 39 are denied.

**ANSWER TO PARAGRAPH NO. 40:**

AT&T denies the allegations in Paragraph 40.

**ANSWER TO PARAGRAPH NO. 41:**

AT&T admits that it has withheld, in part, charges billed by Level 3 on over-the-top VoIP calls, but denies that Level 3 properly billed the charges under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs; because the charges were not properly billed, AT&T is not obligated to pay them, including while this dispute is pending.  AT&T denies any remaining allegations in paragraph 41.

**ANSWER TO PARAGRAPH NO. 42:**

AT&T admits that it has declined to pay end-office switching charges on over-the-top VoIP calls, and avers that no such end-office charges may be properly billed under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs.  AT&T otherwise denies the allegations in Paragraph 42.

**ANSWER TO PARAGRAPH NO. 43:**

AT&T denies the allegations in Paragraph 43.

**ANSWER TO PARAGRAPH NO. 44:**

AT&T denies the allegations in Paragraph 44.

**ANSWER TO PARAGRAPH NO. 45:**

AT&T denies the allegations in Paragraph 45.

**ANSWER TO PARAGRAPH NO. 46:**

AT&T denies the allegations in Paragraph 46.

**ANSWER TO PARAGRAPH NO. 47:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 46 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 48:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 48 are denied.

**ANSWER TO PARAGRAPH NO. 49:**

AT&T denies the allegations in Paragraph 49.

**ANSWER TO PARAGRAPH NO. 50:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 50 are denied.

**ANSWER TO PARAGRAPH NO. 51:**

AT&T denies the allegations in Paragraph 51.

**ANSWER TO PARAGRAPH NO. 52:**

AT&T admits that it has declined to pay end-office switching charges on over-the-top VoIP calls, and avers that no such end-office charges may be properly billed under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs.  AT&T further admits that Level 3 was required in or around June 2017 to issue a refund to AT&T on a portion of the over-the-top VoIP charges AT&T had paid to Level 3, and AT&T avers that Level 3 failed to issue the refund.  AT&T denies the remaining allegations in Paragraph 52.

**ANSWER TO PARAGRAPH NO. 53:**

AT&T admits that there is an actual and substantial controversy between the Parties.  AT&T further denies the remaining allegations in Paragraph 53.

**ANSWER TO PARAGRAPH NO. 54:**

AT&T denies that Level 3 is entitled to a declaratory judgment. AT&T further denies the remaining allegations in Paragraph 54.

**ANSWER TO PARAGRAPH NO. 55:**

AT&T denies the allegations in Paragraph 55.

**ANSWER TO PARAGRAPH NO. 56:**

AT&T denies the allegations in Paragraph 56 and denies that Level 3 is entitled to any relief in this Action.

\*   \*   \*   \*

AT&T hereby denies each and every allegation in the Counterclaims that is not specifically admitted above.

**AFFIRMATIVE DEFENSES TO LEVEL 3's COUNTERCLAIMS**

AT&T states that Level 3's claims are barred, in whole or in part, by the Affirmative Defenses set forth below. AT&T reserves the right to supplement and/or amend these Affirmative Defenses as additional discovery and/or information comes to light.

FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim or cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Level 3's claims are barred by the terms of the Agreement, the binding rules of the FCC, the D.C. Circuit's order, and Level 3's tariffs.

THIRD AFFIRMATIVE DEFENSE

Level 3's claims may be subject, in part, to the primary jurisdiction doctrine.

## FOURTH AFFIRMATIVE DEFENSE

Level 3's claims fail because Level 3 failed to perform its obligations pursuant to the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Level 3's claims are barred by Level 3's own material breach of the Agreement.

*   *   *   *

AT&T reserves the right to assert additional defenses that become known to it during the course of this action.

## **AT&T's PRAYER FOR RELIEF**

AT&T denies that Level 3 is entitled to any of the relief it seeks.

WHEREFORE, AT&T respectfully request that this Court:

a) Enter judgment in favor of AT&T and against Level 3;

b) Dismiss Level 3's Counterclaims and each cause of action with prejudice;

c) Award AT&T attorneys' fees and costs of this action; and

d) Grant such other and further relief as this Court deems just and proper.

Dated: April 5, 2018							Respectfully Submitted,

*/s/ Rebecca B. DeCook*
Rebecca B. DeCook, #14590
Andrew T. Flynn, #43843
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
E-mail: becky.decook@moyewhite.com
E-mail: andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mhunseder@sidley.com
E-mail: jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

13

## CERTIFICATE OF SERVICE

I, Rebecca B. DeCook, hereby certify that on April 5, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

*/s/ Rebecca B. DeCook*
Rebecca B. DeCook, #14590
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
E-mail: becky.decook@moyewhite.com

*Attorney for Plaintiff AT&T Corp.*