**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

    Plaintiff/Counter-Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant.

**STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION**

    Plaintiff, AT&T Corp. ("AT&T"), and Defendant, Level 3 Communications, LLC ("Level 3") (hereinafter Level 3 and AT&T are referred to as the "Parties" or each individually is referred to as a "Party") hereby agree to entry of this Stipulated Protective Order Governing Confidential Information ("Protective Order") in order to preserve the confidentiality of certain information that may be contained in documents produced and certain testimony that may be given by witnesses in this case. Accordingly, IT IS ORDERED THAT:

    1.    This Protective Order shall apply to all documents, materials, and information including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" pursuant to the

1

terms of this Protective Order.  Documents and things produced without such designations shall not be subject to this Protective Order.

      2.      As used in this Protective Order, these terms have the following meanings:

           a.      "Action" means the case styled *AT&T Corp. v Level 3 Communications, LLC*, Case No. 18-cv-00112-RM-MEH, in the United States District Court for the District of Colorado, or any appeal therefrom.

           b.      "Attorneys" means in-house counsel, and outside counsel of record representing or advising a Party in the action, except where specifically defined otherwise.

           c.      "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

           d.      "Confidential" Documents are Documents designated pursuant to paragraph 3, below.

           e.      "Highly Confidential" Documents are Documents designated as "Attorneys' Eyes Only," pursuant to paragraph 4 below.

           f.      "Non-Party" or "Non-Parties" means individuals or entities who are not named parties in this case and from whom discovery is sought, either formally or informally, by the Parties in this case.

           g.      "Designating Party" is a Party who has designated Documents as either Confidential or Highly Confidential pursuant to this Protective Order.

           h.      "Receiving Party" is a Party who has received Documents that have been designated as either Confidential or Highly Confidential pursuant to this Protective Order.

      3.      Any Party or Non-Party, through counsel or otherwise, may designate any document, or any part of any document, as "Confidential" if that Party has a *bona fide* belief that the information contained therein should be protected from public disclosure.  Confidential Documents shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

4. A Party or Non-Party may further designate Confidential information as "Highly Confidential – Attorneys' Eyes Only" if the information includes, but is not necessarily limited to: trade secret; proprietary and competitively sensitive business information, engineering or design, personnel, or financial information; or business strategies. Highly Confidential Documents shall be identified by placing or affixing on every page (in a manner that will not interfere with their legibility) the following or other appropriate notice: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. Confidential Documents or Highly Confidential Documents shall be used only for purposes of this Action. Confidential Documents or Highly Confidential Documents shall not be used in any other litigation or proceeding or for any other purpose, absent a written agreement signed by all of the Parties to this Protective Order, or by order of this Court.

6. Any information designated by a Party as Confidential Documents or Highly Confidential Documents must first be reviewed by a lawyer who will certify that the designation is based on a good faith belief that the information is entitled to protection under Fed.R.Civ.P 26(c) and this Protective Order.

7. Confidential Documents shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

    (a) the Court and its employees ("Court Personnel");

    (b) copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the Action;

    (c) the Parties and their employees who have a need to know about the information;

    (d) in-house and outside attorneys for the Parties, and those attorneys' respective employees;

      (e)    court reporters and videographers transcribing or filming depositions or testimony involving Confidential Information;

      (f)    expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

      (g)    insurers of the Parties, and counsel for insurers of the Parties;

      (h)    deponents, witnesses or potential witnesses;

      (i)    those who already had access to the materials; and

      (j)    other persons by written agreement of the parties or by Court order.

8.    Highly Confidential Documents shall not, without the consent of the Party producing it or further order of the Court, be disclosed, except that such information may be disclosed to:

      (a)    the Court and its employees ("Court Personnel");

      (b)    copy, data, hosting, and other providers of litigation services retained by counsel for the Parties for the purposes of the Action;

      (c)    in-house and outside attorneys for the Parties, and those attorneys' respective employees;

      (d)    court reporters and videographers transcribing or filming depositions or testimony involving Highly Confidential Documents;

      (e)    expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

      (f)    deponents or witnesses;

      (g)    those who already had access to the materials; and

      (h)    other persons by written agreement of the parties or by Court Order.

9.    Prior to disclosing any Confidential Documents to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters),

4

counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of Exhibit A attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

10. Prior to disclosing any Highly Confidential Documents to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of Exhibit B attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

11. The recipient of any Confidential or Highly Confidential Documents shall maintain the information in a secure and safe area and in a manner which ensures that access to Confidential or Highly Confidential Documents is strictly limited to persons entitled to receive such Documents in accordance with the provisions of this Protective Order.

12. Nothing in this Protective Order shall prohibit a Party, or its counsel, from disclosing a document designated as Confidential to the author or recipient of the document, or to a person who was or is an officer, employee, or director of the same company as the author or recipient at the time it was sent or received.

13. Whenever a deposition involves the disclosure of Confidential or Highly Confidential Documents, the deposition or portions thereof shall be designated as Confidential or

Highly Confidential (as the case may be), and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential or Highly Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Only persons authorized to receive or view Confidential Documents shall be permitted to attend portions of depositions during which Confidential Documents is disclosed.  Only persons authorized to receive or view Highly Confidential Documents shall be permitted to attend portions of depositions during which Highly Confidential Documents is disclosed. During the course of a deposition, if the response to a question would require the disclosure of Confidential or Highly Confidential Information, the witness may refuse to answer or the designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive such information have left the room.

14. An inadvertent failure to designate documents and information as Confidential or as Highly Confidential shall not constitute a waiver of a claim of confidentiality and shall be corrected once discovered by prompt supplemental written notice designating the documents and information as either Confidential or Highly Confidential.  The designating Party and the Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraphs 3 or 4, with the designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement.  A written notice shall identify with specificity the information or documents that contain Confidential or Highly Confidential Documents.  In addition, the Party

receiving the newly-designated Confidential or Highly Confidential Documents shall use its best efforts to immediately retrieve any inadvertently disclosed Confidential or Highly Confidential Documents from any persons to whom it gave such information and who is not otherwise entitled to see such information.  Any dispute regarding corrected designations that the Parties are unable to resolve pursuant to this paragraph shall be brought before the Court, but all corrected designations shall be binding upon the Parties unless and until the Court orders otherwise.

15. An inadvertent production of information, documents, or tangible things that should or could have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity. In such an event, pursuant to the Model Rules of Professional Conduct 4.4(b) and (c), all Parties shall destroy immediately (or return to the produced Party's counsel) all copies of this document and withdraw this document from any use in the Action or any other proceeding. Any Party discovering the inadvertent or mistaken production shall notify all other Parties, in writing, within five (5) business days of learning of the inadvertent or mistaken production and shall request or facilitate the return of all information for which an inadvertent or mistaken production is made. Within ten (10) business days after receiving a written request to do so, the receiving Party of those documents shall return to the producing Party any documents or tangible items that the producing Party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving Party shall also destroy extra copies or summaries of, or notes relating to, any inadvertently or mistakenly produced information and shall certify its

compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information. Any dispute regarding corrected designations or appropriateness of documents or information subject to this "clawback" provision that the Parties are unable to resolve pursuant to this Paragraph 15 herein shall be brought before the Court, but all corrected designations and "clawbacks" shall be binding upon the Parties unless and until the Court orders otherwise.

16. A Party may object to the designation of particular Confidential or Highly Confidential information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential or Highly Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential or Highly Confidential under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential and shall not thereafter be treated as Confidential or Highly Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential or Highly Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Highly Confidential.

17. A Party is not required to challenge or object to a Confidential or Highly Confidential designation with respect to any document or information that it does not believe contains such information. The lack of any challenge to a designation of information as Confidential or Highly Confidential shall not be referenced or otherwise used to suggest that the Party not challenging the designation agrees that such document or information contains Confidential or Highly Confidential Documents. By submitting to this Protective Order, the Parties have not waived any applicable privilege or work product protection.

18. Documents designated as Confidential or Highly Confidential shall not be filed with the Court, except: a) when required in connection with motions filed under Fed. R. Civ. P. 12, 37 or 56 or post-trial motions b) motions to determine confidentiality under the terms of this Protective Order; c) motions related to discovery disputes, if the Documents are relevant to the motion; or d) in appendices, briefs or other pleadings relating to trial or an appeal.  In the event it is necessary for the Parties to file Confidential or Highly Confidential Documents with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2.

19. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential or Highly Confidential, the Receiving Party must so notify the Designating Party, in writing (by email if possible) immediately and in no event more than seven (7) calendar days after receiving the Subpoena or Order. Such notification must include a copy of the Subpoena or Court Order and the Confidential or Highly Confidential documents the Receiving Party intended to produce in response to the Subpoena or Order. The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the Subpoena or Order to issue in

the other litigation that some or all the material covered by the Subpoena or Order is the subject of this Protective Order and deliver to such party a copy of this Protective Order. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential or Highly material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Once notice is given, and five business days have elapsed without notice of a Motion to Quash or for a Protective Order filed with the court issuing the Subpoena or Order, the Receiving Party shall have no further liability for disclosure pursuant to a subpoena or Order.

20. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Confidential or Highly Confidential Documents as that Party may consider appropriate.

21. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential or Highly Confidential shall be returned to the party that designated it Confidential or Highly Confidential, or the parties may elect to destroy Confidential or Highly Confidential Documents; provided, however, that counsel for each party may retain one copy of the Confidential or Highly Confidential Documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.

22. The terms of this Protective Order shall survive the termination of this Action, and all protections of this Protective Order shall remain in full effect after the termination of this Action.

      23.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

      24.    Each individual who receives any Confidential Highly Confidential Documents agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

      ORDERED this 21st day of June, 2018, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

STIPULATED BY:

Rebecca B. DeCook
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1486
Telephone: (303) 292-2900

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
Sidley Austin, LLP
1501 K Street, NW
Washington, DC 20005
202-736-8000

*Attorneys for AT&T Corp.*


Charles W. Steese
Martin J. Estevao
Douglas N. Marsh
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, CO 80237
Telephone: (720) 200-0676

*Attorneys for Level 3 Communications, LLP*

12

## EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL DOCUMENTS

The undersigned hereby acknowledges and declares under oath that he/she has carefully and completely read the Stipulated Protective Order Governing Confidential Documents in Civil Action entitled *AT&T Corp. v Level 3 Communications, LLC*, Case No. 18-cv-00112-RM-MEH; that he/she is one of the persons contemplated in Paragraph 7 of the Stipulated Protective Order Governing Confidential Documents; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing Confidential Documents. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing Confidential Documents.

_____
Signature

_____
Title or Position

_____
Printed Name

Date: _____

13

# EXHIBIT B

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER GOVERNING HIGHLY CONFIDENTIAL DOCUMENTS

The undersigned hereby acknowledges and declares under oath that he/she has carefully and completely read the Stipulated Protective Order Governing Highly Confidential Documents in Civil Action entitled *AT&T Corp. v Level 3 Communications, LLC*, Case No. 18-cv-00112-RM-MEH; that he/she is one of the persons contemplated in Paragraph 8 of the Stipulated Protective Order Governing Highly Confidential Documents; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order Governing Highly Confidential Documents. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order Governing Highly Confidential Documents.

_____
Signature

_____
Title or Position

_____
Printed Name

Date: _____