IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

## AT&T CORP.'S MOTION FOR LEAVE TO FILE ITS PROPOSED REPLY IN SUPPORT OF ITS WRITTEN OBJECTIONS

Plaintiff AT&T Corp. ("AT&T") respectfully moves for leave to file the attached Proposed Reply in Support of its Written Objections to the Recommendation of the Magistrate Judge.

This Court has previously granted leave to file a reply in support of objections, even though the rules neither expressly authorize nor prohibit a reply.[1] A reply would assist the Court in resolving the disputed issues; leave also should be granted because Level 3 Communications, LLC ("Level 3") filed a Response to AT&T's Objections that relies on authorities that Level 3 did not raise or rely on before the Magistrate Judge and has mischaracterized those decisions. Counsel for AT&T requested in emails that counsel for Level 3 consent to the filing of a reply, but Level 3 declined to consent, taking the position that no reply to an objection is permitted and that no new

---

[1] *E.g., Sobolewski v. Boselli & Sons, LLC*, No. 16-CV-01573-RM-STV, 2017 WL 4586108, at *1 n.1 (D. Colo. Oct. 16, 2017) (allowing reply to respond to an issue raised for the first time); *Mitchell v. Geo Grp., Inc.*, No. 05-CV-00197-PSF-CBS, 2005 WL 1489658, at *1 (D. Colo. June 23, 2005). Because the rules do not expressly address a reply in support of an objection, AT&T has followed the general rule applicable to motions (LCivR 7.1(d)), which allows a reply to be filed 14 days after the service of a response. Level 3 re-filed its response on August 31, 2018. AT&T's proposed reply also complies with the page limitations in the Practice Standards, IV.B.1.

1

argument was presented.  The Court should grant leave to file a reply.[2]

## ARGUMENT

### 1. Level 3 Has Made Erroneous Claims About Cases It Has Not Previously Cited.

A key issue is the lawfulness of the rates that Level 3 charges for "over-the-top" voice-over-internet-protocol (OTT VoIP) calls. AT&T argues that those rates became unlawful when the order of the Federal Communications Commission (FCC) that had authorized them (*i.e.*, the FCC's "*OTT Declaratory Order*") was vacated in *AT&T Corp. v. FCC*, 841 F.3d 1047 (D.C. Cir. 2016). As support, AT&T cited *O1 Commc'ns v. AT&T*, No. 3:16-cv-1452-VC (N.D. Cal. Dec. 19, 2017), which ruled that, as a result of the vacatur of the *OTT Declaratory Order*, "existing law bars" imposition of the disputed rates. *See id*. at 2 (cited by AT&T in Doc. 47 at 17; Objs. at 17).

Level 3 never addressed the *O1* decision either in its motion or reply below. Now, however, it claims for the first time that the *O1* court found only that O1 had violated its tariff. Resp. at 13. That claim is patently false. The *O1* court squarely held that FCC rules do not permit such rates,

---

[2] Indeed, there are many cases in which this Court has considered or invited a reply.  *See, e.g.*, *Jones v. U.S.*, 2009 WL 2475111, No. 08-cv-2168-REB-MJW (D. Colo. Aug. 11, 2009); *Douglas v. Int'l Ass'n of Machinists*, 2009 WL 3078429, No. 08-cv-1052-REB-MJW (D. Colo. Sept. 22, 2009); *Stone v. Lockheed Martin*, 2009 WL 3158122, No. 08-cv-2522-REB-KMT (D. Colo. Sept. 24, 2009); *Broches v. Lappin*, 2011 WL 6102878, No. 11-cv-1358-WJM-MEH (D. Colo. Dec. 8, 2011); *Allen v. Zavares*, 2010 WL 2640198, No. 08-cv-2506–ZLW–BNB (D. Colo. June 28, 2010); *Martinez v. Nash-Finch Co.*, 2013 WL 1313899, No. 11-cv-2092-MSK-KLM (D. Colo. March 29, 2013); *Melonakis-Kurz v. Heartland Home Fin.*, 2005 WL 6164741, No. 03-cv-2485-MSK-PAC (D. Colo. June 27, 2005); *Marotta v. Cooper*, 2012 WL 255798, No. 10-cv-1687-WJM-CBS (D. Colo. Jan. 27, 2012); *Kerner v. City & Cty. of Denver*, 2013 WL 1222394, No. 11-cv-256-MSK-KMT (D. Colo. March 25, 2013); *Mohammed v. Holder*, 2013 WL 4949282, No. 07-cv-2697-MSK-BNB (D. Colo. Sept. 13, 2013); *BTU Empire v. Barker*, 2005 WL 1924573, No. 04-cv-1992-MSK-CBS (D. Colo. Aug. 10, 2005); *Saunders v. Wilner*, 2010 WL 582373, No. 09-cv-114-REB-KMT (D. Colo. Feb. 18, 2010); *Infonow Corp. v. Zyme Solutions*, 2013 WL 4052183, No. 12-cv-3255-MSK-MEH (D. Colo. Aug. 6, 2013); *Yarberry v. Vilsack*, 2011 WL 3159144, No. 10-cv-2715-LTB-KLM (D. Colo. July 27, 2011) (inviting reply).

and that O1 had *also* violated its tariff (which incorporate those rules). *See* Proposed Reply at 7-8.

Level 3 also cites cases it did not previously cite to try to refute AT&T's showing that a primary jurisdiction referral of the rate-issue raised here is different than a dismissal for lack of jurisdiction. Resp. at 20 n.7 (citing *Schering Corp. v. Heckler*, 779 F.2d 683 (D.C. Cir. 1985) *and Broadvox v. AT&T Corp.*, 2014 WL 3013275 (D. Md. July 2, 2014)). But in *Schering*, the D.C. Circuit *declined* to endorse the district court's dismissal on both primary jurisdiction and ripeness grounds, affirming on a different theory. *Id.* at 684 & n.3. And AT&T's pleading in *Broadvox-CLEC* shows that it did not equate primary jurisdiction and ripeness. *See* Proposed Reply at 10.

### 2. AT&T's Reply Brief Will Assist The Court In Resolving Level 3's Motion.

More generally, AT&T's short reply brief will assist the Court in resolving a case-dispositive motion. For example, in arguing that the D.C. Circuit's decision is not final, Level 3 relies on the so-called "administrative remand" rule, which implements the jurisdictional requirement, under 28 U.S.C. § 1291, that appellate courts review only final district court decisions. Level 3 claims that there is no meaningful distinction between district and appellate courts when it comes to review of agency action. Resp. at 16. But the very case it relies on recognizes that district court remand orders "are generally not considered final decisions *for jurisdictional purposes*." *Caesar v. West*, 195 F.3d 1373, 1374 (Fed. Cir. 1999) (emphasis added). No such jurisdictional rule applies to circuit court remands to agencies. *See* Reply at 8.

Similarly, Level 3 bases its interpretation of the contract on a Term Sheet, *see* Resp. at 4, 14, and suggests that AT&T objected to reliance on that document based only on Fed. R. Evid. 408, *id.* at 14 n.4. But AT&T also objected, *see* Doc. 42 at 13, because the Agreement states that "[a]ll prior discussions and negotiations regarding the Disputes have been and are, merged and

*integrated* into, *and are superseded by*, this Agreement." Agreement at 6, § 3 (emphasis added). The Term Sheet is parol evidence under the Agreement's integration clause. *See* Reply at 6.

Level 3 also advances a new reading of one of its primary cases, *Duane Reade, Inc. v. St. Paul Fire & Mar. Ins. Co.*, 261 F. Supp. 2d 293 (S.D.N.Y. 2003), claiming that, in dismissing that contract dispute on ripeness grounds, the court "rejected various *constructions of the contract* proposed by the plaintiff." Resp. at 17 (emphasis added). That claim is demonstrably wrong, as AT&T's reply explains. *See* Reply at 4.

## CONCLUSION

For the foregoing reasons, the Court should grant AT&T's motion for leave to file the Proposed Reply so that the Court's decision is based on a full and fair presentation of the issues.

Dated: Sept. 14, 2018                     Respectfully submitted,

By: */s/ Rebecca B. DeCook*
Rebecca B. DeCook, #14590
Andrew T. Flynn, #43843
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
E-mail: becky.decook@moyewhite.com
E-mail: andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mhunseder@sidley.com
E-mail: mwarden@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

4

## CERTIFICATE OF SERVICE

I, Carolyn M. Lux, hereby certify that on September 14, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Charles W. Steese, #26924
>Douglas N. Marsh, #45964
>Martin J. Estevao, #46260
>ARMSTRONG TEASDALE LLP
>4643 South Ulster Street, Suite 800
>Denver, Colorado 80237
>Telephone: (720) 200-0676
>Email: csteese@armstrongteasdale.com
>Email: dmarsh@armstrongteasdale.com
>Email: mestevao@armstrongteasdale.com
>
>*Attorneys for Defendant Level 3 Communications, LLC*

                */s/ Carolyn M. Lux*