IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-MEH

AT&T CORPORATION,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

## LEVEL 3'S RESPONSE IN OPPOSITION TO AT&T'S MOTION FOR LEAVE TO FILE ITS PROPOSED REPLY IN SUPPORT OF ITS WRITTEN OBJECTIONS

Level 3 Communications, LLC ("Level 3" or "Defendant"), respectfully submits the following response in opposition to the Motion of AT&T Corporation ("AT&T") for leave to file a reply in support of its written objections to the Recommendation of the Magistrate Judge.

### I.    ARGUMENT

The Federal Rules of Civil Procedure do not provide for a reply to be submitted in connection with a party's opposition to the Recommendation of a Magistrate Judge. *See Sobolewski v. Boselli & Sons, LLC*, No. 16-CV-01573-RM-STV, 2017 WL 4586108, at *1 (D. Colo. Oct. 16, 2017) ("Rule 72, Fed. R. Civ. P., does not provide for a reply."). Furthermore, the authorities AT&T cites as allowing a reply did so under circumstances not present here. In *Mitchell v. Geo Grp., Inc.*, No. 05-CV-00197-PSF-CBS, 2005 WL 1489658, at *1 (D. Colo. June 23, 2005), for example, the court considered the plaintiff's last filing—"what appears to be a reply to defendant's response"—notwithstanding that "reply briefs in support of objections are

not contemplated by the Rules," in a case where the plaintiff was *pro se*. And in *Sobolewski*, 2017 WL 4586108, at *1 n.1 (D. Colo. Oct. 16, 2017), the court allowed the reply "in this instance" because "Plaintiff raised an issue for the first time in his Response." Neither of these is true here.

AT&T nevertheless claims that Level 3's Response to its Objections "relies on authorities that Level 3 did not raise or rely on before the Magistrate Judge and has mischaracterized those decisions." *See* ECF No. 74 at 1. This claim fails under scrutiny.

First, AT&T claims that Level 3 is now asserting, for the first time, that a case cited in its Response, *O1 Commc'ns v. AT&T*, No. 3:16-cv-1452-VC (N.D. Cal. Dec. 19, 2017), found only that O1 had violated its tariff. *See* ECF No. 74 at 2. As AT&T admits, however, AT&T previously cited and discussed the *O1* case in its own Objections. *See id.*; ECF No. 65 at 17, 19. Thus, AT&T, not Level 3, first raised discussion of this case. That Level 3 showed why the case is inapposite does not justify another round of briefing on the subject.[1]

Second, AT&T contends that Level 3 cited cases (in a footnote, no less) it did not previously cite in showing that primary jurisdiction referral is different than a dismissal for a lack of jurisdiction. ECF No. 72 at 3. What AT&T fails to mention is that its response to Level 3's original motion to dismiss did not contain the argument it makes in its Objections on the doctrine of primary jurisdiction. Indeed, AT&T made only one single scant reference to the

---

[1] In any event, AT&T's characterization of *O1* is incorrect. As AT&T is forced to acknowledge (*see* ECF No. 74 at 3), the *O1* court determined that O1 had violated its tariff by assessing charges on OTT-VoIP calls. As Level 3 explained in its Response (*see* ECF No. 72 at 13), a finding that O1 had violated its tariffs would hardly have been necessary if the charges violated FCC rules irrespective of whether it also violated the tariffs; if the FCC rules did not permit the charges, nothing in the tariff would have allowed them. Notably, there has never been any claim that Level 3's tariffs did not permit these charges.

words "doctrine of primary jurisdiction" in its Opposition to Level 3's Motion to Dismiss. *See* ECF No. 48 at 19. Level 3's Response to AT&T's Objections was the only occasion it had to address an issue that was raised in detail for the first time in AT&T's Objections. *See* ECF No. 65 at 18–19. AT&T seemingly suggests that it should be allowed to submit a reply if Level 3 addresses any new argument AT&T raises. Respectfully, this is not the intention of *Sobolewski*, 2017 WL 4586108, at *1 n.1 (D. Colo. Oct. 16, 2017), where the victorious party before the Magistrate raised a new issue in its response. Here, AT&T raised a new issue and Level 3 merely responded.

Finally, AT&T claims that Level 3 "advances a new reading of one of its primary cases, *Duane Reade, Inc. v. St. Paul Fire & Mar. Ins. Co.*, 261 F. Supp. 2d 293 (S.D.N.Y. 2003). ECF No. 74 at 4. Level 3 first raised this case in its Motion to Dismiss. *See* ECF No. 14 at 16. This case has been discussed in every brief and pleading touching on the Motion submitted by either party since. The Court need do nothing more than read the case, and in particular that court's consideration of the parties' competing interpretations of what the contract at issue required, to see that it supports Level 3's position, and refutes that of AT&T. Here, too, Level 3's explanation of the case is consistent with what its position has been along. Nothing new has been raised here that requires further briefing on the subject.

Indeed, the proof is in the pudding: while AT&T claims these issues, purportedly raised for the first time, require another round of briefing to discuss, in reality, discussion of these specific issues—the *O1* case, the two cases cited in the ultimate footnote of Level 3's Response, and *Duane Reade*—take up exactly three paragraphs of its proposed 12-page Reply. The rest is

comprised of a rehash of the same arguments it has already raised once if not twice already, with a few arguments that actually are raised for the first time thrown in for good measure.[2]

The specter of new issues raised for the first time is a thin excuse for AT&T's effort to circumvent the Rules of Civil Procedure and prolong briefing on Level 3's Motion. Further pleadings are unnecessary.

## II.     CONCLUSION

For the reasons stated above, Defendant Level 3 Communications, LLC respectfully requests that the Court deny AT&T's Motion for Leave, and for the reasons stated in its Response to AT&T's Objections, adopt the Recommendation of the Magistrate Judge on its Motion to Dismiss and dismiss the Complaint in its entirety.

Respectfully submitted this 14th day of September, 2018.

> By:   /s/ Charles W. Steese
> Charles W. Steese, #26924
> Douglas N. Marsh, #45964
> Martin J. Estevao, #46260
> Armstrong Teasdale LLP
> 4643 South Ulster Street, Suite 800
> Denver, Colorado 80237
> Telephone: (720) 200-0676
> csteese@armstrongteasdale.com
> dmarsh@armstrongteasdale.com
> mestevao@armstrongteasdale.com
> *Attorneys for Level 3 Communications, LLC*

---

[2] Notably, AT&T claims, for the first time, that the Term Sheet is inadmissible as parol evidence, a claim not advanced in either its response to Level 3's Motion or its Objections to the Magistrate Judge's Recommendation. *See* ECF No. 74-1 at 5–6. This argument is likewise baseless. As the authority it cites acknowledges, parol evidence is inadmissible only where "offered to contradict or modify the terms of [the parties'] writing." *See id.* at 6 (quoting *Marine Midland Bank v. Thurlow*, 425 N.E.2d 805, 807 (N.Y. 1981)). The Term Sheet is offered here to show what the parties intended by the contract, and is consistent with the meaning of its plain language as found by the Magistrate Judge.

**CERTIFICATE OF SERVICE**

  I, Charles W. Steese, hereby certify that on September 14, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  Rebecca B. DeCook
  Andrew T. Flynn
  Moye White LLP
  1400 16th Street, 6th Floor
  Denver, CO 80202-1027
  becky.decook@moyewhite.com
  andrew.flynn@moyewhite.com

  Micahel J. Hunseder
  Justin A. Benson
  Sidley Austin, LLP
  1501 K Street, NW
  Washington, D.C. 20005
  202-736-8000
  mhunseder@sidley.com
  jbenson@sidley.com

  *Attorneys for Plaintiff AT&T Corp.*

                 /s/ Charles W. Steese
                 Charles W. Steese