**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

**LEVEL 3 COMMUNICATIONS, LLC'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS**

Level 3 Communications, LLC ("Level 3" or "Defendant"), respectfully moves for leave to amend its Counterclaims pursuant to Federal Rule of Civil Procedure 15(a). Level 3's proposed Amended Counterclaims are attached hereto as Exhibit A. Pursuant to D.C.Colo.LCivR 15.1(b), a copy of the proposed Amended Counterclaims with marked changes showing the text to be added and removed is attached hereto as Exhibit B.

Counsel for Level 3 requested in emails that counsel for Plaintiff AT&T Corporation ("AT&T") consent to the filing of the proposed Amended Counterclaims. AT&T has not consented to Level 3's motion.

The main thrust of AT&T's claims against Level 3 is that, under FCC rules, local exchange carriers may *never* assess end-office switching charges on over-the-top Voice-over-Internet-Protocol telephone traffic. Level 3 recently discovered evidence confirming that AT&T is engaged in the very conduct of which it complains: as a local exchange carrier, it carries OTT-VoIP traffic while making no distinction between OTT-VoIP traffic and other types of

traffic for billing purposes. But unlike Level 3, AT&T's tariff provides no authority for assessing these charges. Level 3 therefore seeks leave to amend its Counterclaims to bring claims against AT&T rising from these improper charges.

## I. INTRODUCTION

AT&T filed its Complaint on January 6, 2018, bringing claims that Level 3 breached a Settlement Agreement entered into by the parties concerning the assessment of end-office switching charges on over-the-top Voice-over-Internet-Protocol ("OTT-VoIP") calls originated from or terminated to Level 3's end users and violated FCC rules by assessing such charges. *See* ECF No. 1. Central to each of AT&T's claims is its contention that, following the D.C. Circuit's decision in *AT&T Corp. v. FCC*, 841 F.3d 1047 (D.C. Cir. 2016) ("D.C. Circuit Order"), FCC rules never permit the assessment of end-office switching charges on OTT-VoIP calls. *See, e.g.*, ECF No. 1 ¶¶ 55–57.[1]

Level 3 filed its Counterclaims on March 15, 2018, countering that AT&T's withholding of charges on OTT-VoIP calls violated the parties' Settlement Agreement. *See* ECF No. 38. As noted in Level 3's Counterclaims, AT&T acts as both an interexchange carrier ("IXC") and a Local Exchange Carrier ("LEC"), and in its capacity as a LEC has originated calls from and terminated calls to customers via over-the-top VoIP technology. *Id.* ¶¶ 9, 13. On information

---

[1] AT&T's claims against Level 3 to the effect that Level 3's assessment of these charges violates the Communications Act have been dismissed. *See* ECF No. 76. However, AT&T claims that Level 3's assessment of these charges "do not comply with . . . the parties' Agreement" because, purportedly, "there is no longer any legal authority supporting the position" that Level 3 may assess such charges consistent with FCC rules. ECF No. 1 ¶ 57. Thus, whether the FCC's rules as interpreted by the D.C. Circuit Order permit the assessment of end-office switching charges on OTT-VoIP calls remains a point of contention.

and belief, Level 3 alleged that AT&T, in its capacity as a LEC, also assesses end-office charges on OTT-VoIP calls—the very conduct of which it complains. *Id.* ¶ 14.

AT&T has denied these allegations, apparently on the sole basis that it does not believe these allegations, even if true, would be "relevant to the disputes in this case." *See* ECF No. 53 ¶¶13–14. It has also refused to produce discovery related to these points on the grounds that "there are no claims in this case concerning services provided by AT&T or any affiliate of AT&T in their capacities as LECs." *See, e.g.,* AT&T's Responses to Level 3's First Set of Interrogatories (attached hereto as Exhibit C), pp. 7–8; AT&T's Responses to Level 3's First Set of Requests for Admission (attached hereto as Exhibit D), p. 5. AT&T further denies having any partnership with "retail providers of OTT-VoIP calling services," and on that basis denies that it originates or terminates OTT-VoIP calls at all. *See* Exhibit C, pp. 7–9.

However, in Level 3's investigation of the facts of this case, it has discovered that AT&T offers a cloud-based telephony service it advertises as "work[ing] on any internet connection"—which confirms that, for at least a portion of its traffic, AT&T connects to its customers only through third-party internet service providers. *See* Exhibit A ¶ 18. As AT&T considered only whether it had partnerships with "retail providers" of OTT-VoIP calling services in answering Level 3's Interrogatories, AT&T apparently makes no distinction between calls originated or terminated through OTT-VoIP versus other means when dealing with carriers whose traffic consists of OTT-VoIP calls in part—including for purposes of billing end-office switching charges.

Unlike Level 3's tariffs, moreover, AT&T's tariffs do not permit the assessment of such charges. This places AT&T in the same position as another LEC against which AT&T recently

3

took action, claiming that LEC was not authorized to assess end-office switching charges because the LEC did not provide "End Office Switching within the meaning of its tariff." *AT&T Corp. v. Ymax Commc'ns Corp.*, 26 FCC Rcd. 5742, 5748 (2011). Thus, even if such charges can be assessed consistent with FCC Rules, AT&T lacks authority to do so.[2]

Level 3 therefore requests leave to amend its Counterclaims to bring claims against AT&T rising from its assessment of end-office switching charges to Level 3 on OTT-VoIP calls.

## II.     ARGUMENT

Federal Rules of Civil Procedure 15(a)(2) permits a party to amend its pleading with the Court's leave, and instructs that the Court "should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (internal quotations and citations omitted).

None of these factors is present here.

First, there has been no undue delay in bringing these claims. Only recently, during investigation of the facts of this case (aided only in part by AT&T's limited discovery responses), has Level 3 identified sufficient facts to inform its belief that AT&T assesses end-office switching charges on OTT-VoIP and provide a sufficient basis for bringing these claims.

---

[2] For this reason, Level 3's proposed claims are materially different from the claims of AT&T that this Court recently dismissed as unripe. Because AT&T's tariff does not permit the assessment of these charges, it is unnecessary to consider whether the FCC's rules permit such charges: the Court need do nothing more than review AT&T's tariff to determine that the charges are unlawful.

Nor will there be any undue prejudice to AT&T in permitting the proposed amendments. Information regarding AT&T's own practices in billing end-office switching charges on OTT-VoIP calls has been a point of inquiry for several months now, notwithstanding AT&T's refusal to allow such discovery. Even so, the parties' exchange of information is still in its early stages—in fact, Level 3 has not yet submitted its Answer to AT&T's Complaint, and AT&T has yet to provide Level 3 with any documents pursuant to Level 3's discovery requests. Level 3 therefore expects that AT&T would suffer no prejudice at all as a result of the proposed amendments.

Finally, this motion is not brought in bad faith or pursuant to any dilatory motive, and the proposed amendment—Level 3's first request to amend its pleadings—is not futile. Level 3 brings these proposed amendments upon identification of a good-faith basis for bringing the claims raised therein.

For these reasons, justice requires that Level 3 be permitted to amend its Counterclaims to bring these claims regarding AT&T's own assessment of end-office switching charges on OTT-VoIP calls.

### III. CONCLUSION

For the reasons stated above, Defendant Level 3 Communications, LLC respectfully requests that the Court grant leave to Level 3 to submit its proposed Amended Counterclaims in the form of the attached Exhibit A.

Respectfully submitted this 24th day of September, 2018.

By: /s/ Charles W. Steese
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260

Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

6

## CERTIFICATE OF SERVICE

  I, Charles W. Steese, hereby certify that on September 24, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  Rebecca B. DeCook
  Andrew T. Flynn
  Moye White LLP
  1400 16th Street, 6th Floor
  Denver, CO 80202-1027
  becky.decook@moyewhite.com
  andrew.flynn@moyewhite.com

  Micahel J. Hunseder
  Justin A. Benson
  Sidley Austin, LLP
  1501 K Street, NW
  Washington, D.C. 20005
  202-736-8000
  mhunseder@sidley.com
  jbenson@sidley.com

  *Attorneys for Plaintiff AT&T Corp.*

                */s/ Charles W. Steese*
                Charles W. Steese