# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

---

**AT&T CORP.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

---

Plaintiff AT&T Corp. ("AT&T"), by and through its undersigned attorneys, hereby provides the following objections and responses to Defendant Level 3 Communications, LLC's ("Level 3") First Set of Requests for Admission (the "Requests"):

**GENERAL OBJECTIONS**

The following objections are made to each of the Requests and are incorporated by reference into the response to each Request made below.

1. AT&T objects to the Requests, together with their accompanying Definitions, to the extent they seek to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, the applicable Civil Practice Standards, the Court's Scheduling Order (Doc. 55), or other applicable law.

2. AT&T objects to the Requests, together with their accompanying Definitions, to the extent that they seek information that is protected from disclosure by the attorney-client

1

privilege, the work-product doctrine, and/or any other applicable privilege or protection from disclosure. Specifically, and without limitation, AT&T objects to each and every Request to the extent each seeks information concerning any confidential communications between or among AT&T employees and counsel for AT&T or their agents relating to counsel's provision of legal advice to AT&T, including relating to counsel's investigation or investigations related to the subject matter of the Action, and counsel's work product related thereto. AT&T will not include any such information in response to any Request. Further, AT&T does not intend to, and expressly does not, waive any such privileges or protections in responding to the Requests. The inadvertent disclosure of any privileged or otherwise protected information shall not be deemed or construed to constitute a waiver of any applicable privilege, doctrine, or immunity.

3. AT&T objects to the Requests, together with their accompanying Definitions, to the extent that they seek confidential or proprietary business information. Any such responsive, non-privileged information will be provided pursuant to, and be subject to, the Confidentiality Agreement entered into in this Action between AT&T and Level 3.

4. AT&T objects to the Requests, together with their accompanying Definitions, to the extent they: (a) are overly broad; (b) are impermissibly vague and ambiguous and fail to describe with particularity the information sought; and/or (c) seek information that is not relevant to the claim or defense of either party to this Action.

5. AT&T objects to the Requests, together with their accompanying Definitions, to the extent that they imply the existence of facts or circumstances that do not exist, and to the extent that they purport to require AT&T to set forth or state legal conclusions. In providing these responses and objections, AT&T does not admit the factual or legal premise of any of the Requests.

2

6. Any information provided by AT&T in response to the Requests is made on the basis of information available to AT&T at the time of gathering responsive materials or information, within the limits of, and subject to, AT&T's general and specific objections to the Requests, together with their accompanying Definitions. AT&T reserves the right to supplement or modify its responses and objections to the Requests if additional information becomes available, known, and/or understood.

7. AT&T's responses to these Requests are provided on behalf of AT&T Corp., the plaintiff in this case, and not any other affiliates of AT&T.

8. The fact that AT&T is willing to provide responsive information to any particular Request does not constitute an admission or acknowledgement that the Request is proper, that the information it seeks is within the proper bounds of discovery, or that other requests for similar information will be treated in similar fashion.

## REQUESTS FOR ADMISSION

### REQUEST NO. 1:

Admit that, on May 8, 2015, George B. Sloan sent an email to Mike Riederer to which he attached the document that was attached to Douglas N. Marsh's Declaration in Support of Level 3's Motion to Dismiss (Dkt. 15) as Exhibit 2.

### RESPONSE TO REQUEST NO. 1:

AT&T objects to this Request to the extent that it seeks information that is inadmissible pursuant to Rule 408 of the Federal Rules of Evidence and the parol evidence rule. Subject to and without waiving the foregoing objection or its General Objections, AT&T responds by admitting that, on May 8, 2015, George B. Sloan sent an email to Mike Riederer to which he attached the

3

document that was attached to Douglas N. Marsh's Declaration in Support of Level 3's Motion to Dismiss (Doc. 15) as Exhibit 2.

**REQUEST NO. 2:**

Admit that Dkt. No. 15-3 contains a true and correct copy of the test of the email George B. Sloan sent to Mike Riederer on May 8, 2015.

**RESPONSE TO REQUEST NO. 2:**

AT&T objects to this Request to the extent that it seeks information that is inadmissible pursuant to Rule 408 of the Federal Rules of Evidence and the parol evidence rule. Subject to and without waiving the foregoing objection or its General Objections, AT&T responds by admitting that Docket No. 15-3 contains a true and correct copy of the text of the email George B. Sloan sent to Mike Riederer on May 8, 2015.

**REQUEST NO. 3:**

Admit that, since the entry of the D.C. Circuit Decision in November 2016, the Federal Communications Commission has not yet entered an order regarding whether LECs may assess end-office switching access charges for OTT-VoIP calls.

**RESPONSE TO REQUEST NO. 3:**

Subject to and without waiving its General Objections, AT&T responds to this Request by denying it in part; the Federal Communications Commission's (the "FCC") 2011 regulations, as well as the explanation accompanying the regulations, provide that LECs may not assess end-office switching charges for OTT-VoIP calls. The FCC issued a *Declaratory Ruling*, 30 FCC Rcd. 1587 (2015), that would have allowed LECs to charge end office switching access charges on OTT-VoIP calls. The *Declaratory Ruling*, however, was vacated by the D.C. Circuit, and the issue was remanded to the FCC. *AT&T Corp. v. FCC*, 841 F.3d 1047 (D.C Cir. 2016). The remand allows the FCC, if it elects to do so, to address the vacatur and the "additional problem[s]"

4

identified by the D.C. Circuit with the FCC's attempted application of its rules to OTT-VoIP calls. AT&T admits that to date, the FCC has not issued any order that responds to the D.C. Circuit's vacatur and remand regarding whether LECs may assess end-office switching access charges for OTT-VoIP calls.

### REQUEST NO. 4:

Admit that LECs owned by, affiliated with, or operated by AT&T have assessed end-office switched access charges to IXCs for OTT-VoIP calls since March 2016.

### RESPONSE TO REQUEST NO. 4:

Subject to and without waiving its General Objections, AT&T responds to this Request by denying the Request, including that it has acted as a LEC as relevant to the disputes in this Action.

Dated: May 23, 2018

Respectfully Submitted,

/s/ Michael D. Hunseder
Rebecca B. DeCook, #14590
Andrew T. Flynn, #43843
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
E-mail: becky.decook@moyewhite.com
E-mail: andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mwarden@sidley.com
E-mail: mhunseder@sidley.com
E-mail: jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

5

## CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on May 23, 2018, I served the foregoing document upon the following via email and U.S. mail:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3
Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp.*

ACTIVE 231515167v.1

6