**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

      Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

      Defendant.

---

**JOINT MOTION TO RESTRICT PUBLIC ACCESS TO THIS COURT'S OPINION
AND ORDER**

---

Plaintiff, AT&T Corp. ("AT&T"), and Defendant, Level 3 Communications, LLC ("Level 3") (collectively, the "Parties") respectfully jointly move this Court for an Order restricting public access to portions of this Court's Opinion and Order (Doc. 76) (the "Opinion") in order to maintain the confidentiality of information contained therein.  Counsel for AT&T has conferred with counsel for Level 3 regarding this motion in compliance with D. Colo. L. Civ. R. 7.1 and is authorized to state that Level 3 does not oppose this Motion and that this Motion can be referred to as a Joint Motion.  In support of this Joint Motion, and in compliance with D. Colo. L. Civ. R. 7.2, the Parties state as follows:

      1.      The Parties seek to place portions of the Opinion under restriction. The portions are limited to (1) a partial redaction of one term from the Parties' agreement (Doc. 76, at 7) and (2) the mention of the confidential terms for which the Court has approved restricted treatment (*id*. at 26).

2.     Public access to these portions of the Opinion should be restricted because they discuss sensitive material to which the Parties are obligated to maintain as confidential. Specifically:

a.     The Opinion (Doc. 76, at 7, 26) contains references to, and sensitive quotations from, a confidential settlement agreement executed by AT&T and Level 3.  *See* Doc. 15-1.  As set forth in Section 8 of the agreement, the Parties agreed that the terms of the agreement would remain confidential.  The Tenth Circuit has recognized that such agreements may be filed under restriction.  *See Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 nn.1–2 (10th Cir. 2009).

3.     If access is not restricted, the Parties will be unable to fulfill their contractual obligation to maintain this material as confidential.

4.     As to whether there are less restrictive alternatives to restriction, the Parties are filing concurrently with this motion as an exhibit, the Opinion with proposed redactions.

5.     The appropriate level of restriction is Level 1—*i.e.*, access should be limited to the parties and the Court.

Dated: September 25, 2018

Respectfully submitted,

/s/ Rebecca B. DeCook
Rebecca B. DeCook, #14590
Andrew T. Flynn, #43843
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com

*Attorneys for Plaintiff*

/s/ Douglas N. Marsh
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Carolyn M. Lux, hereby certify that on September 25, 2018, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant*

*/s/ Carolyn M. Lux*