**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

       *Plaintiff/Counter Defendant,*

v.

LEVEL 3 COMMUNICATIONS, LLC,

       *Defendant/Counter Claimant.*

---

**AMENDED ANSWER AND DEFENSES OF
PLAINTIFF/COUNTER DEFENDANT AT&T CORP.**

---

       Plaintiff/Counter Defendant AT&T Corp. ("AT&T"), by and through its undersigned attorneys, hereby provides its Amended Answer and Affirmative Defenses to the Amended Counterclaims (Doc. 84) filed by Defendant/Counter Claimant Level 3 Communications, LLC ("Level 3"). AT&T responds to the separately numbered paragraphs of the Counterclaims as follows:

**ANSWER TO PARAGRAPH NO. 1:**

AT&T admits that Level 3 and AT&T (collectively, the "Parties") entered into a Release and Settlement Agreement effective May 27, 2015 (the "Agreement"). To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 1 are denied.

**ANSWER TO PARAGRAPH NO. 2:**

AT&T denies the allegations in paragraph 2.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 3:**

AT&T admits that Level 3 has filed an amended counterclaim, but denies that Level 3 is entitled to any relief on its amended counterclaim.

**ANSWER TO PARAGRAPH NO. 4:**

AT&T admits, on information and belief, the allegations in Paragraph 4.

**ANSWER TO PARAGRAPH NO. 5:**

AT&T admits the allegations in Paragraph 5.

**ANSWER TO PARAGRAPH NO. 6:**

AT&T admits that this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332.

**ANSWER TO PARAGRAPH NO. 7:**

AT&T admits that federal courts have jurisdiction over claims that a carrier has violated its interstate tariff, but denies that AT&T has violated the AT&T tariff cited in Level 3's Amended Counterclaims.

**ANSWER TO PARAGRAPH NO. 8:**

AT&T admits that this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER TO PARAGRAPH NO. 9:**

AT&T admits that venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER TO PARAGRAPH NO. 10:**

AT&T admits that Level 3 is a common carrier engaged in the provision of telephone service, and that Level 3 is a competitive local exchange carrier.  AT&T lacks knowledge and information

2

sufficient to assess the truth or falsity of the other allegations in Paragraph 10 and, accordingly, denies all other allegations in Paragraph 10.

**ANSWER TO PARAGRAPH NO. 11:**

AT&T admits that, Level 3 operates as a long distance carrier.  AT&T lacks knowledge and information sufficient to assess the truth or falsity of the other allegations in Paragraph 11 and, accordingly, denies all other allegations in Paragraph 11.

**ANSWER TO PARAGRAPH NO. 12:**

AT&T admits that, as relevant to this case, it acts as a long distance (or interexchange ("IXC")) carrier.  Although AT&T Corp. may in some instances act as local exchange carrier ("LEC"),  and although the Amended Counterclaim alleges that AT&T Corp., in its capacity as a LEC, has misbilled Level 3, AT&T denies those allegations.

**ANSWER TO PARAGRAPH NO. 13:**

AT&T admits the allegations in Paragraph 13 set forth a general description of switched access using time-division multiplexing in the public switched telephone network ("PSTN").

**ANSWER TO PARAGRAPH NO. 14:**

AT&T admits that, as a general matter, access charges can be classified as either originating or terminating.  AT&T otherwise denies the allegations of this paragraph.

**ANSWER TO PARAGRAPH NO. 15:**

AT&T admits the allegations in Paragraph 15 set forth a general description of Voice over Internet Protocol ("VoIP") trends over the last several years.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 16:**

AT&T admits the allegations in Paragraph 16 set forth a general description of two different kinds of VoIP calls.

**ANSWER TO PARAGRAPH NO. 17:**

AT&T Corp. denies the allegations in paragraph 17.

**ANSWER TO PARAGRAPH NO. 18:**

AT&T Corp. admits that it offers a retail service known as "AT&T Collaborate." AT&T denies the remaining allegations in paragraph 18.

**ANSWER TO PARAGRAPH NO. 19:**

AT&T Corp. denies the allegations in paragraph 19.

**ANSWER TO PARAGRAPH NO. 20:**

AT&T admits that Level 3 has billed AT&T for charges on over-the-top VoIP calls.  As to the allegation that Level 3 originates or terminates facilities-based VoIP calls, AT&T lacks knowledge and information sufficient to assess the truth or falsity of the remaining allegations in Paragraph 20 and, accordingly, denies the remaining allegations in Paragraph 20.

**ANSWER TO PARAGRAPH NO. 21:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required.  To the extent a response is required, AT&T admits that, since 2011, the rules of the Federal Communications Commission ("FCC") have allowed LECs to assess charges equal to the charges for end-office switching on calls where a LEC or its VoIP partner have last-mile facilities to deliver the calls to or from the caller's premises, and those rules do not permit end-office charges

4

for LECs handling over-the-top VoIP calls.  AT&T otherwise denies the allegations in paragraph 21.

**ANSWER TO PARAGRAPH NO. 22:**

AT&T admits that it disputed, pursuant to the terms of Level 3's tariffs and consistent with the FCC's rules, certain charges billed by Level 3, including end-office switching charges.  AT&T denies any remaining allegations in Paragraph 22.

**ANSWER TO PARAGRAPH NO. 23:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required.  To the extent a response is required, AT&T admits that, in February 2015, the FCC issued a *Declaratory Ruling* that misconstrued the FCC's existing regulations, and improperly ruled that LECs could assess end-office switching charges on over-the-top VoIP calls.  AT&T otherwise denies the allegations in Paragraph 23.

**ANSWER TO PARAGRAPH NO. 24:**

AT&T admits the allegations in Paragraph 24.

**ANSWER TO PARAGRAPH NO. 25:**

AT&T admits that the Parties entered into the Agreement while AT&T's appeal was pending.  To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 25 are denied.

**ANSWER TO PARAGRAPH NO. 26:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 26 are denied.

**ANSWER TO PARAGRAPH NO. 27:**

To the extent that this paragraph purports to characterize Level 3's tariffs, AT&T refers the Court to the text of the tariffs for their full contents and denies any allegations inconsistent with the tariffs' language.  Any other allegations in Paragraph 27 are denied.

**ANSWER TO PARAGRAPH NO. 28:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 28 are denied.

**ANSWER TO PARAGRAPH NO. 29:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 29 are denied.

**ANSWER TO PARAGRAPH NO. 30:**

AT&T denies the allegations in Paragraph 30.

**ANSWER TO PARAGRAPH NO. 31:**

To the extent that "final order" in this paragraph refers to the "final order" as alleged in Paragraph 30, AT&T denies the allegations in Paragraph 31.  To the extent that this paragraph purports to

characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.

**ANSWER TO PARAGRAPH NO. 32:**

AT&T states that the document referred to in Paragraph 32 is marked as a "CONFIDENTIAL SETTLEMENT OFFER" subject to Federal Rule of Evidence 408, a rule that bars the use of settlement offers as evidence, and, as such, no response is necessary.  To the extent a response is required, AT&T denies the allegations in Paragraph 32.

**ANSWER TO PARAGRAPH NO. 33:**

AT&T admits that the D.C. Circuit vacated and remanded the FCC's 2015 decision.  AT&T denies the remaining allegations in Paragraph 33.

**ANSWER TO PARAGRAPH NO. 34:**

AT&T admits that the FCC has not acted on the remand from the D.C. Circuit and denies that the FCC is required to issue a decision on remand.  AT&T denies the remaining allegations in Paragraph 34.

**ANSWER TO PARAGRAPH NO. 35:**

AT&T denies the allegations contained in Paragraph 35.

**ANSWER TO PARAGRAPH NO. 36:**

AT&T admits that it has, since at least 2011, disputed Level 3's access charges on over-the-top VoIP calls, and, pursuant to the terms of Level 3's tariffs and consistent with the FCC's rules, had withheld certain charges billed by Level 3.   AT&T denies the remaining allegations in Paragraph 36.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 37:**

AT&T admits that it has, disputed Level 3's access charges on over-the-top VoIP calls, and, pursuant to the terms of Level's tariffs and consistent with the FCC's rules, had withheld certain charges billed by Level 3.  AT&T further admits that after the D.C. Circuit entered its order and that became final, consistent with the Agreement, AT&T began withholding payments for access charges Level 3 improperly invoiced on over-the-top VoIP calls in violation of the Agreement. AT&T denies that the D.C. Circuit entered an order remanding to the FCC to determine whether LECs could assess end-office access charges on over-the-top VoIP calls.  AT&T denies the remaining allegations in Paragraph 37.

**ANSWER TO PARAGRAPH NO. 38:**

AT&T denies the allegations contained in Paragraph 38.

**ANSWER TO PARAGRAPH NO. 39:**

AT&T denies the allegations contained in Paragraph 39.

**ANSWER TO PARAGRAPH NO. 40:**

AT&T denies the allegations contained in Paragraph 40.

**ANSWER TO PARAGRAPH NO. 41:**

To the extent that this paragraph purports to characterize AT&T's tariff (and that of Level 3), AT&T refers the Court to the text of the tariffs for their full contents and denies any allegations inconsistent with the tariffs' language.  AT&T denies that the tariff discussed, which relates to a service called "AT&T Digital Link Access Service," is relevant to the issues in this case or that Level 3 has been misbilled under this tariff.  Any other allegations in Paragraph 41 are denied.

**ANSWER TO PARAGRAPH NO. 42:**

To the extent that this paragraph purports to characterize AT&T's tariff, AT&T refers the Court to the text of the tariff for its full contents and denies any allegations inconsistent with the tariff's language.  AT&T denies that this tariff, which relates to a service called "AT&T Digital Link Access Service," is relevant to the issues in this case or that Level 3 has been misbilled under this tariff.  Any other allegations in Paragraph 42 are denied.

**ANSWER TO PARAGRAPH NO. 43:**

The allegations in this paragraph purport to characterize decisions of the FCC and federal courts, and AT&T refers the Court to the text of those decisions for their full content, and denies any allegations inconsistent with the text of these decisions.  AT&T otherwise denies the allegations contained in Paragraph 43.

**ANSWER TO PARAGRAPH NO. 44:**

The allegations in this paragraph purport to characterize a decision of the FCC, and AT&T refers the Court to the text of the decision for the full content, and denies any allegations inconsistent with the text of this decision.  AT&T otherwise denies the allegations contained in Paragraph 44.

**ANSWER TO PARAGRAPH NO. 45:**

The allegations in this paragraph purport to characterize decisions of the FCC and federal courts, and AT&T refers the Court to the text of those decisions for their full content, and denies any allegations inconsistent with the text of these decisions.  AT&T otherwise denies the allegations contained in Paragraph 45.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 46:**

AT&T admits the first sentence of Paragraph 46.  AT&T denies the remaining allegations in Paragraph 46.

**ANSWER TO PARAGRAPH NO. 47:**

AT&T denies the allegations contained in Paragraph 47.

**ANSWER TO PARAGRAPH NO. 48:**

AT&T admits that Level 3 has paid it for certain access charges, but AT&T denies that it improperly billed Level 3 under the tariff described in the Amended Counterclaims.  AT&T denies any remaining allegations contained in Paragraph 48.

**ANSWER TO PARAGRAPH NO. 49:**

AT&T denies the allegations of Paragraph 49, although it admits that, on or about September 10, 2018, Level 3's outside counsel sent a letter to AT&T's outside counsel that purported to dispute access charges that AT&T allegedly billed.  AT&T denies any other allegations in Paragraph 49.

**ANSWER TO PARAGRAPH NO. 50:**

AT&T denies the allegations contained in Paragraph 50.

**ANSWER TO PARAGRAPH NO. 51:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 50 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 52:**

AT&T admits the Parties entered into the Agreement as to Level 3's provision of services to AT&T on over-the-top VoIP calls.  To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies

10

any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 52 are denied.

**ANSWER TO PARAGRAPH NO. 53:**

AT&T admits the allegations in Paragraph 53.

**ANSWER TO PARAGRAPH NO. 54:**

AT&T denies the allegations in Paragraph 54.

**ANSWER TO PARAGRAPH NO. 55:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 55 are denied.

**ANSWER TO PARAGRAPH NO. 56:**

AT&T denies the allegations in Paragraph 56.

**ANSWER TO PARAGRAPH NO. 57:**

AT&T admits that it has withheld, in part, charges billed by Level 3 on over-the-top VoIP calls, but denies that Level 3 properly billed the charges, under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs; because the charges were not properly billed, AT&T is not obligated to pay them, including while this dispute is pending.  AT&T denies any remaining allegations in paragraph 57.

**ANSWER TO PARAGRAPH NO. 58:**

AT&T admits that it has declined to pay end-office switching charges on over-the-top VoIP calls, and avers that no such end-office charges may be properly billed under the Agreement, the FCC's

rules, the D.C. Circuit order, and/or Level 3's tariffs.  AT&T otherwise denies the allegations in Paragraph 58.

**ANSWER TO PARAGRAPH NO. 59:**

AT&T denies the allegations in Paragraph 59.

**ANSWER TO PARAGRAPH NO. 60:**

AT&T denies the allegations in Paragraph 60.

**ANSWER TO PARAGRAPH NO. 61:**

AT&T denies the allegations in Paragraph 61.

**ANSWER TO PARAGRAPH NO. 62:**

AT&T denies the allegations in Paragraph 62.

**ANSWER TO PARAGRAPH NO. 63:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 62 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 64:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 64 are denied.

**ANSWER TO PARAGRAPH NO. 65:**

AT&T denies the allegations in Paragraph 65.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 66:**

To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 66 are denied.

**ANSWER TO PARAGRAPH NO. 67:**

AT&T denies the allegations in Paragraph 67.

**ANSWER TO PARAGRAPH NO. 68:**

AT&T admits that it has declined to pay end-office switching charges on over-the-top VoIP calls, and avers that no such end-office charges may be properly billed under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs.  AT&T further admits that Level 3 was required in or around June 2017 to issue a refund to AT&T on a portion of the over-the-top VoIP charges AT&T had paid to Level 3, and AT&T avers that Level 3 failed to issue the refund.  AT&T denies the remaining allegations in Paragraph 68.

**ANSWER TO PARAGRAPH NO. 69:**

AT&T admits that there is an actual and substantial controversy between the Parties.  AT&T further denies the remaining allegations in Paragraph 69.

**ANSWER TO PARAGRAPH NO. 70:**

AT&T admits that there is an actual and substantial controversy between the Parties.  AT&T further denies the remaining allegations in Paragraph 70.

**ANSWER TO PARAGRAPH NO. 71:**

AT&T denies the allegations in Paragraph 71 and denies that Level 3 is entitled to any relief in this Action.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 72:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 71 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 73:**

Paragraph 73 characterizes 47 U.S.C. § 203, and AT&T refers the Court to the full text of that provision of law, and denies any allegation inconsistent with the text of Section 203.

**ANSWER TO PARAGRAPH NO. 74:**

Paragraph 74 characterizes 47 U.S.C. § 203, and AT&T refers the Court to the full text of that provision of law, and denies any allegation inconsistent with the text of Section 203.

**ANSWER TO PARAGRAPH NO. 75:**

AT&T admits that when it acts as a local exchange carrier engaged in the provision of regulated switched access services, it acts as a common carrier, but AT&T denies the allegations in Paragraph 75 that it has violated its tariffs or Section 203 of the Act.

**ANSWER TO PARAGRAPH NO. 76:**

AT&T denies the allegations that it improperly billed Level 3 access charges under AT&T's tariffs. As to over-the-top VoIP calls, the FCC has declined to classify those services as either information services or as telecommunications services subject to 47 U.S.C. § 203, but has on a transitional basis allowed carriers to file tariffs that comply with the FCC's rules on VoIP-PSTN traffic. AT&T otherwise denies the allegations in Paragraph 76.

**ANSWER TO PARAGRAPH NO. 77:**

To the extent that this paragraph purports to characterize AT&T's tariff, AT&T refers the Court to the text of the tariff for its full contents and denies any allegations inconsistent with the tariff's

4814-1842-0856.v1

language.  AT&T denies that this tariff, which relates to a service called "AT&T Digital Link Access Service," is relevant to the issues in this case, or that Level 3 has been misbilled under this tariff.  Any other allegations in Paragraph 77 are denied.

**ANSWER TO PARAGRAPH NO. 78:**

AT&T denies the allegations contained in Paragraph 78.

**ANSWER TO PARAGRAPH NO. 79:**

AT&T admits the allegations contained in Paragraph 79.

**ANSWER TO PARAGRAPH NO. 80:**

AT&T denies the allegations contained in Paragraph 80.

**ANSWER TO PARAGRAPH NO. 81:**

AT&T admits that Level 3 has paid it for certain access charges, but AT&T denies that it improperly billed Level 3 under the tariff described in the Amended Counterclaims.  AT&T denies any remaining allegations contained in Paragraph 81.

**ANSWER TO PARAGRAPH NO. 82:**

AT&T denies the allegations contained in Paragraph 82 that Level 3 is owed credits of access charges.

**ANSWER TO PARAGRAPH NO. 83:**

AT&T denies the allegations contained in Paragraph 83.

**ANSWER TO PARAGRAPH NO. 84:**

AT&T denies the allegations contained in Paragraph 84.

**ANSWER TO PARAGRAPH NO. 85:**

AT&T denies the allegations contained in Paragraph 85.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 86:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 85 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 87:**

Paragraph 87 characterizes 47 U.S.C. § 201, and AT&T refers the Court to the full text of that provision of law, and denies any allegation inconsistent with the text of Section 201.

**ANSWER TO PARAGRAPH NO. 88:**

Paragraph 88 characterizes various unspecified rules and FCC decisions, and AT&T refers the Court to the text of any rules and FCC decisions, and denies any allegations inconsistent with those rules or decisions.  AT&T denies any remaining allegations in Paragraph 88.

**ANSWER TO PARAGRAPH NO. 89:**

AT&T denies the allegations contained in paragraph 89.

**ANSWER TO PARAGRAPH NO. 90:**

AT&T denies the allegations contained in paragraph 90.

**ANSWER TO PARAGRAPH NO. 91:**

AT&T denies the allegations contained in Paragraph 91 that Level 3 is owed credits of access charges.

**ANSWER TO PARAGRAPH NO. 92:**

AT&T denies the allegations contained in Paragraph 92.

**ANSWER TO PARAGRAPH NO. 93:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 92 as if fully set forth herein.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH 94:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required.  AT&T denies any remaining allegations in paragraph 94.

**ANSWER TO PARAGRAPH NO. 95:**

AT&T denies the allegations contained in Paragraph 95.

**ANSWER TO PARAGRAPH NO. 96:**

AT&T denies the allegations contained in Paragraph 96.

**ANSWER TO PARAGRAPH NO. 97:**

AT&T denies the allegations contained in Paragraph 97.

**ANSWER TO PARAGRAPH NO. 98:**

AT&T repeats and restates each and every response to the allegations set forth in Paragraphs 1 through 97 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 99:**

AT&T denies the allegations contained in Paragraph 99.

**ANSWER TO PARAGRAPH NO. 100:**

AT&T admits that the FCC, in its 2011 rules, has already determined that local carriers cannot lawfully tariff or collect end office switching services on over-the-top VoIP calls.  AT&T denies the remaining allegations in paragraph 100.

**ANSWER TO PARAGRAPH NO. 101:**

AT&T denies the allegations contained in Paragraph 101.

**ANSWER TO PARAGRAPH NO. 102:**

AT&T denies the allegations contained in Paragraph 102.

4814-1842-0856.v1

**ANSWER TO PARAGRAPH NO. 103:**

AT&T denies the allegations contained in Paragraph 103.

As to Level 3's Prayer for Relief, AT&T denies that Level 3 is entitled to any of the relief requested in the Amended Counterclaims.

*       *       *       *

AT&T hereby denies each and every allegation in the Counterclaims that is not specifically admitted above.

**AFFIRMATIVE DEFENSES TO LEVEL 3's COUNTERCLAIMS**

AT&T states that Level 3's claims are barred, in whole or in part, by the Affirmative Defenses set forth below.  AT&T reserves the right to supplement and/or amend these Affirmative Defenses as additional discovery and/or information comes to light.

FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim or cause of action upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Level 3's claims are barred by the terms of the Agreement, the binding rules of the FCC, the D.C. Circuit's order, and Level 3's tariffs.

THIRD AFFIRMATIVE DEFENSE

Level 3's claims may be subject, in part, to the primary jurisdiction doctrine.

FOURTH AFFIRMATIVE DEFENSE

Level 3's claims fail because Level 3 failed to perform its obligations pursuant to the Agreement.

18

FIFTH AFFIRMATIVE DEFENSE

Level 3's claims are barred by Level 3's own material breach of the Agreement.

\*        \*        \*        \*

AT&T reserves the right to assert additional defenses that become known to it during the course of this action.

**AT&T's PRAYER FOR RELIEF**

AT&T denies that Level 3 is entitled to any of the relief it seeks.

WHEREFORE, AT&T respectfully request that this Court:

a) Enter judgment in favor of AT&T and against Level 3;

b) Dismiss Level 3's Counterclaims and each cause of action with prejudice;

c) Award AT&T attorneys' fees and costs of this action; and

d) Grant such other and further relief as this Court deems just and proper.

4814-1842-0856.v1

Dated: October 9, 2018

Respectfully Submitted,

/s/ Rebecca B. DeCook
Rebecca B. DeCook, #14590
Andrew T. Flynn, #43843
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
E-mail: becky.decook@moyewhite.com
E-mail: andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mhunseder@sidley.com
E-mail: jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

4814-1842-0856.v1

## CERTIFICATE OF SERVICE

I, Deanna S. Colvin, hereby certify that on October 9, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese,
Douglas N. Marsh,
Martin J. Estevao,
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3
Communications, LLC*

*/s/  Deanna S. Colvin*

4814-1842-0856.v1