IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-MEH

AT&T CORPORATION,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

## LEVEL 3 COMMUNICATIONS, LLC'S
## MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS

Level 3 Communications, LLC ("Level 3" or "Defendant"), respectfully moves for leave to amend its Counterclaims pursuant to Federal Rule of Civil Procedure 15(a). Level 3's proposed Amended Counterclaims are attached hereto as Exhibit A. Pursuant to D.C.Colo.L.Civ.R. 15.1(b), a copy of the proposed Amended Counterclaims with marked changes showing the text to be added and removed is attached hereto as Exhibit B.

Counsel for Level 3 has conferred with counsel for Plaintiff AT&T Corporation ("AT&T"), as well as counsel for Teleport Communications Group, Inc. ("TCG"), whom Level 3 seeks to add as a Counterclaim Defendant, regarding the filing of the proposed Amended Counterclaim. Level 3 is authorized to state that AT&T and TCG consent to the proposed amendments to Level 3's counterclaims except as to one aspect. Specifically, Level 3 seeks to name Doe Corporations which Level 3 believes may have assessed switched access charges as AT&T and TCG have done as Counterclaim Defendants. AT&T and TCG consent to adding TCG as a Counterclaim Defendant but oppose Level 3's request to add the Doe Corporations.

## I.    INTRODUCTION

The main thrust of AT&T's claims against Level 3 is that, under FCC rules, local exchange carriers *cannot* assess end-office switching charges on over-the-top Voice-over-Internet-Protocol telephone traffic.  *See* ECF No.1.  Level 3 has discovered evidence confirming that AT&T, whether on its own and/or through its affiliate TCG, is engaged in the very conduct of which it complains.  As noted in Level 3's initial Motion for Leave to Amend, AT&T offers a cloud-based telephony service called "Collaborate" which it advertises as "work[ing] on any internet connection"—confirming that, for at least a portion of its traffic, AT&T connects to its customers only through third-party internet service providers.  *See* ECF No. 78 at 3.

Level 3 has discovered that AT&T utilizes other OTT products as well.  Level 3 issued discovery requests to AT&T in an effort to identify whether and in what amounts AT&T assessed switched access charges on OTT-VoIP calls originated or terminated through Collaborate or any other AT&T telephony service.  However, AT&T has resisted these discovery requests, claiming its affiliate TCG, rather than itself, is the entity that assesses access charges on OTT traffic, and suggesting that TCG be added as a party in order for Level 3 to pursue its claims that any such charges are unlawful and in violation of tariff.  *See* Attachment C (M. Hunseder Feb. 1, 2019 Email to C. Steese).

Thus, as a local exchange carrier, AT&T/TCG sends OTT-VoIP traffic to Level 3, terminates traffic from Level 3 via OTT-VoIP, and bills Level 3 switched access charges—including end office switching charges—on all such calls. But unlike Level 3, AT&T and TCG's tariffs do not permit such charges; as such, whether or not the FCC's rules permit the billing of end office switching charges on OTT VoIP calls, AT&T and TCG cannot assess switched access

2

charges (including end office switching) unless they modify their tariffs.  *See AT&T Corp. v. Ymax Commc'ns Corp.*, 26 FCC Rcd. 5742, 5748 (2011) (which analyzed this exact issue).[1]

Level 3 previously moved for leave to amend its counterclaims on September 24, 2018, to add claims against AT&T based on its assessment of switched access charges (including end office charges) on OTT-VoIP calls.  *See* ECF No. 78.  In accordance with AT&T's suggestion that TCG be added as a party to this action, Level 3 withdraws its September 2018 motion for leave to amend, which, though AT&T filed no formal opposition to it (and instead answered the proposed Amended Counterclaims—*see* ECF No. 86), was never granted.  In lieu of the previously filed Amended Counterclaims, Level 3 moves for leave to file the Amended Counterclaims submitted contemporaneously herewith in order to bring these claims against AT&T and to join TCG as a Counterclaim Defendant.

In addition to naming TCG as a Counterclaim Defendant, Level 3 also seeks leave to name Doe Corporations 1–5, consisting of unidentified AT&T affiliates which may also assess switched access charges on OTT-VoIP traffic, as Counterclaim Defendants.  Discovery is required to determine the identity of these AT&T affiliates, whereupon Level 3 will seek leave to amend its Counterclaims to substitute the actual names of the Doe Corporations.

---

[1] For this reason, Level 3's proposed claims are materially different from the claims of AT&T that this Court recently dismissed as unripe.  Because neither AT&T nor TCG have tariffs that permit the assessment of these charges, it is unnecessary to consider whether the FCC's rules permit such charges:  the Court need do nothing more than review AT&T's and TCG's tariffs to determine that the charges are unlawful.

## II. ARGUMENT

### A. JUSTICE REQUIRES LEAVE TO AMEND BE GRANTED

Federal Rules of Civil Procedure 15(a)(2) permits a party to amend its pleading with the Court's leave, and instructs that the Court "should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (internal quotations and citations omitted).

None of these factors is present here. First, there has been no undue delay in bringing these claims. Level 3 moved for leave to amend its counterclaims to raise this issue shortly after discovering sufficient facts to inform its belief that AT&T assesses end-office switching charges on OTT-VoIP and provide a sufficient basis for bringing these claims. Then, shortly after AT&T claimed TCG rather than AT&T is the entity that assesses charges on Collaborate traffic, the parties mutually agreed to stay further discovery to explore opportunities to settle the parties' respective claims. *See* ECF No. 92 (March 25, 2019 Order vacating discovery deadlines). That stay was only recently lifted. *See* ECF No. 93 (June 10, 2019 Order lifting stay). Thus, Level 3 has pursued this issue with all reasonable diligence, pausing only with the Court's approval and in accordance with the parties' mutual desire to explore settlement possibilities.

Nor will there be any undue prejudice to AT&T in permitting the proposed amendments, as shown by AT&T's concurrence with the request to amend the counterclaims and add TCG as a party to this action. Information regarding AT&T's practices in billing end-office switching charges on OTT-VoIP calls had been a point of inquiry for several months before the stay was

4

issued, with AT&T largely declining to provide substantive responses to these requests on the grounds that they would be more properly directed to TCG.  Level 3 issued discovery requests to TCG not long before the parties requested the stay.  Thus, the parties' exchange of information is still in its early stages.  Level 3 therefore expects that AT&T and TCG would suffer no prejudice at all as a result of the proposed amendments.

Finally, this motion is not brought in bad faith or pursuant to any dilatory motive, and the proposed amendment—Level 3's second request to amend its pleadings, though the first was never decided—is not futile.  Level 3 brings these proposed amendments upon identification of a good-faith basis for bringing the claims raised therein, including its discovery of the Collaborate product and AT&T's assertion that TCG, rather than itself, is the entity that assesses charges on traffic associated with the Collaborate product.  Indeed, Level 3 seeks to add Doe Corporations 1–5 as Counterclaim Defendants for the specific purpose of avoiding undue delay, allowing discovery to identify any AT&T affiliates that assess switched access charges on OTT-VoIP traffic and formally name those affiliates as soon as reasonably possible.

For these reasons, justice requires that Level 3 be permitted to amend its Counterclaims to bring these claims regarding the assessment by AT&T and its affiliates of end-office switching charges on OTT-VoIP calls.

**B.    TCG AND DOE CORPORATIOSN 1–5 MAY PROPERLY BE JOINED AS A COUNTERCLAIM DEFENDANT**

Federal Rule of Civil Procedure 13(h) instructs that Rules 19 and 20 "govern the addition of a person as a party to a counterclaim or crossclaim."  Federal Rule of Civil Procedure 20(a)(2) provides that a party "may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the

5

same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Both factors are present here. In its initial proposed Amended Counterclaims, Level 3 asserted that AT&T has assessed switched access charges on OTT-VoIP calls associated with its Collaborate product and other products in violation of its own tariffs. In response, AT&T contends that TCG, not AT&T, is the entity assessing charges associated with AT&T's Collaborate product. Level 3 further believes other AT&T affiliates may likewise assess switched access charges on OTT-VoIP traffic. Level 3 thus asserts a right to relief against TCG and Doe Corporations 1–5 jointly or in the alternative to its claims against AT&T. Its claims against TCG and Doe Corporations 1–5 rise from the same transaction, occurrence, or series of transactions or occurrences as its claims against AT&T—i.e., the assessment of unlawful charges on traffic associated with Collaborate and other OTT products. Level 3 should be permitted to join TCG and Doe Corporations 1–5 as Counterclaim Defendants to determine whether AT&T, TCG, the Doe Corporations, or all of them may be liable for the assessment of these unlawful charges.

Second, and based on the same facts noted above, common questions of law and fact underlie Level 3's claims against each of AT&T, TCG, and Doe Corporations 1–5.

As both requirements of Rule 20(a)(2) are satisfied here, TCG and Doe Corporations 1–5 may be joined as a Counterclaim Defendant. *See Dimeo v. King of the Mountain*, No. 10–cv–01964–REB–KMT, 2011 WL 255084, at *1–2 (D. Colo. Jan. 26, 2011) (allowing addition of counterclaim defendant pursuant to Fed.R.Civ.P. 13(h), 19(a), and 20(a)); *Westwood Apex v. Contreras*, 644 F.3d 799, 802 n.1 (9th Cir.2011) ("In accord with Federal Rule of Civil

Procedure 13, the appropriate way to describe the underlying proceedings is that defendant Contreras filed a counterclaim against plaintiff/counterclaim defendant Westwood Apex and joined as additional counterclaim defendants Westwood College, et al." (citing Fed. R. Civ. P. 13(h)).

### III.   CONCLUSION

For the reasons stated above, Defendant Level 3 Communications, LLC respectfully requests that the Court grant leave to Level 3 to submit its proposed Amended Counterclaims in the form of the attached Exhibit A.

Respectfully submitted this 21st day of June, 2019.

By:   /s/ Charles W. Steese
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

7

# CERTIFICATE OF SERVICE

I, Elizabeth L. Alavi, hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Micahel J. Hunseder
Justin A. Benson
Sidley Austin, LLP
1501 K Street, NW
Washington, D.C. 20005
202-736-8000
mhunseder@sidley.com
jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ Elizabeth L. Alavi
Elizabeth L. Alavi