# EXHIBIT C

| | |
|---|---|
| **From:** | Douglas N. Marsh |
| **Sent:** | Tuesday, February 05, 2019 7:45 AM |
| **To:** | Hunseder, Michael; Chuck Steese |
| **Cc:** | Warden, Michael D.; Benson, Justin; Moore, Joshua |
| **Subject:** | RE: AT&T v. Level 3, D. Colo., Collaborate/TCG [IWOV-iDocs.FID3266695] |

We may be misunderstanding each other.  I did receive this email (including on last Friday), but it doesn't answer the questions we have about the status of supplementation on other subjects or the privilege log.  Can you tell me where you stand on those points?


[http://www.armstrongteasdale.com/signature/logo.jpg]
Armstrong Teasdale LLP
Douglas N. Marsh | Associate
4643 South Ulster Street, Suite 800, Denver, CO 80237 MAIN PHONE: 720.200.0676 | MAIN FAX: 720.200.0679
DIRECT: 720.722.7199 | Extension: 3839 | CELL: 801.556.4145
dmarsh@armstrongteasdale.com<mailto:dmarsh@armstrongteasdale.com>
www.armstrongteasdale.com<http://www.armstrongteasdale.com/>

Always exceed expectations through teamwork and excellent client service.



**********************PRIVATE AND CONFIDENTIAL**********************
This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.


From: Hunseder, Michael [mailto:mhunseder@sidley.com]
Sent: Tuesday, February 05, 2019 7:40 AM
To: Douglas N. Marsh; Chuck Steese
Cc: Warden, Michael D.; Benson, Justin; Moore, Joshua
Subject: FW: AT&T v. Level 3, D. Colo., Collaborate/TCG

Doug,  I am resending this email per your request.  Please confirm receipt – and let me know if there is some issue with the email I have (DMarsh@ArmstrongTeasdale.com<mailto:DMarsh@ArmstrongTeasdale.com>).  Mike

MICHAEL HUNSEDER


SIDLEY AUSTIN LLP

1

1501 K Street, N.W.
Washington, DC 20005
+1 202 736 8236
mhunseder@sidley.com<mailto:mhunseder@sidley.com>
www.sidley.com<http://www.sidley.com>
From: Hunseder, Michael
Sent: Friday, February 01, 2019 5:28 PM
To: Chuck Steese <CSteese@ArmstrongTeasdale.com<mailto:CSteese@ArmstrongTeasdale.com>>
Cc: Douglas N. Marsh <DMarsh@ArmstrongTeasdale.com<mailto:DMarsh@ArmstrongTeasdale.com>>; Warden, Michael D. <mwarden@sidley.com<mailto:mwarden@sidley.com>>; Benson, Justin <jbenson@sidley.com<mailto:jbenson@sidley.com>>; Moore, Joshua <joshua.moore@sidley.com<mailto:joshua.moore@sidley.com>>
Subject: AT&T v. Level 3, D. Colo., Collaborate/TCG

Dear Chuck,

I am writing in response to our prior emails on discovery, and in particular about the allegations in Level 3's amended counterclaims regarding the Collaborate product.

AT&T Corp. has confirmed that its affiliate, TCG, is the entity that bills access charges associated with Collaborate. TCG has its own access tariffs on file; and those tariffs, rather than the AT&T Corp. tariff cited in Level 3's Amended Counterclaims, are applicable to TCG's charges. TCG is not a party to the case. If Level 3 wants to add TCG entities as parties, please feel free to reach out to me to discuss.

AT&T/TCG do not agree with the merits of Level 3's tariff claim. In any event, disputes about the merits of the existing claim are likely going to be made largely irrelevant or moot, because we expect that TCG's access charges are, or will ultimately be, consistent with AT&T's overall view with respect to over-the-top VoIP calls—namely, that on any OTT VoIP calls, tandem switching rather than end office switching charges are appropriate.

In terms of discovery, to the extent Level 3 seeks to add TCG to the case, AT&T/TCG would like to work with Level 3 to better understand the specific TCG bills and amounts that Level 3 is contesting, so that the parties can narrow or eliminate the issues in dispute and minimize discovery costs for both parties on those issues that may remain in dispute. As to the existing discovery requests, AT&T remains willing to supplement its responses to those requests, and to produce documents about Collaborate that are relevant. AT&T would like a short, additional amount of time do so, until the parties discuss whether Level 3 will be seeking to add TCG to the case and, if so, what issues will remain in dispute. I am happy to set up time to discuss these issues.

Finally, as to the upcoming depositions, please provide me with the names of all persons attending the depositions so that AT&T can provide them to its security.

Thanks very much, Mike
MICHAEL HUNSEDER


SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
+1 202 736 8236
mhunseder@sidley.com<mailto:mhunseder@sidley.com>
www.sidley.com<http://www.sidley.com>
[SIDLEY]

2

****************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

****************************************************************************************