IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

       Plaintiff/Counterclaim-Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

       Defendant/Counterclaimant,

v.

TELEPORT COMMUNICATIONS GROUP, INC. and
DOE CORPORATIONS 1-5.

       Counterclaim Defendant

---

## OPPOSITION TO MOTION FOR LEAVE TO AMEND
## AS TO DOE CORPORATIONS 1-5

---

AT&T Corp. ("AT&T") and Teleport Communications Group, Inc. ("TCG"), on behalf of any of its affiliates that could be Doe Corporations 1-5 ("Doe Corporations"), hereby oppose Level 3 Communications, LLC's ("Level 3") Motion for Leave to Amend Its Counterclaims as to Doe Corporations 1-5 (collectively "Doe Corporations").

## INTRODUCTION

On September 21, 2018, Level 3 moved to amend its counterclaims to allege that it had been improperly billed for access services by AT&T on certain "over-the-top" Voice over Internet Protocol ("VoIP") long distance calls. ECF No. 98. During discovery, AT&T denied that it billed any access charges on over-the-top VoIP calls, and told Level 3 that, to the extent any such charges were billed by an AT&T affiliate, the affiliate billing such access charges is TCG. AT&T is not

aware of any other affiliates that have billed Level 3 access charges on over-the-top VoIP calls (and it would have advised Level 3 if AT&T were aware of any other such affiliates).

Level 3 now seeks leave to amend to add TCG as a counterclaim-defendant (ECF No. 97); AT&T and TCG do not object to this proposed amendment, and they so informed Level 3. However, Level 3 also seeks to add five "Doe Corporations," which are alleged "[o]n information and belief" to be "other AT&T-affiliated" carriers that supposedly charged Level 3 for end office switching access charges on over-the-top VoIP calls. *See* ECF No. 97-1, ¶ 46.

The motion for leave to amend to add Doe Corporations should be denied. Level 3 has not made any plausible allegations that it has been overcharged by any other AT&T affiliates beyond TCG. Indeed, contrary to the allegations in the Amended Counterclaims—made on "information and belief"—that Level 3 has been overcharged by Doe Corporations, Level 3's counsel admitted that Level 3 "***does not know*** that there are any such defendants" that may have misbilled Level 3. *See* Ex. 1 (Email from Level 3 counsel) (emphasis added). The use of "John Doe" defendants is disfavored in federal court, and while the procedure may be appropriate for use by a plaintiff alleging plausible facts that an unknown defendant has violated the law, Doe defendants are not a device to allow speculative claims, when the plaintiff concededly "does not know" whether it has been harmed by an entity. Level 3's proposed amendment adding Doe Corporations 1-5 does not meet the fundamental pleading standards in federal court, and its motion for leave to amend as to the Doe Corporations should be denied.

## ARGUMENT

Although the Federal Rules of Civil Procedure provide that a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), such motions should be

denied when the amendment would cause undue delay, would prejudice the opposing party, or when the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Tenth Circuit, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

In order to survive a motion to dismiss, a pleading must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order for a claim to have facial plausibility, the pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must describe "more than a sheer possibility" that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 555.

In general, "the use of John Doe to identity a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal quotation marks omitted). Although a party may use the Doe designation "to refer to specific individuals whose names are unknown, a [party] will run afoul of the pleading standards in *Iqbal* and *Twombly* by merely asserting that groups of [individuals] violated [some statute]." *Bilik v. Wexford Health Sources, Inc.*, No. 17-CV-00142IDRH, 2017 WL 1040424, at *3 (S.D. Ill. Mar. 16, 2017). While a party "may not know the name of individual defendants . . . he must describe the who, what, why, where, and how that form the basis of the claim against a person." *Id*; *see also Sangraal v. Flagg*, No. 16CV-0550-

MJR, 2016 WL 4154913, at *13 (S.D. Ill. Aug. 5, 2016) ("The [Doe] designation is not meant to serve as a pre-approved amendment" to the pleadings, and "it is still necessary to allege facts against any John Doe Defendants").

### Level 3's Amendment as to Doe Corporations 1-5 is Futile

Level 3's proposed Amended Counterclaims allege that Doe Corporations have billed Level 3 for switched access charges for OTT-VoIP charges in violation of their tariffs. Proposed Am. Counterclaims. ¶ 2. But beyond this "formulaic recitation" of a legal conclusion, *Twombly*, 550 U.S. at 555, the Amended Counterclaims contain *no* specific facts about the Doe Defendants, *i.e.*, what services or bills resulted in the alleged violation. Accordingly, Level 3's proposed Amended Counterclaims do not meet the *Iqbal/Twombly* pleading standard, and as such, the Amended Counterclaim is futile and the Court should deny the Motion to Amend as to the Doe Corporations.

The factual allegations in the Amended Counterclaims regarding alleged misbilling by the Doe Corporations are threadbare. For example, in one of the principal allegations against the Doe Corporations, Level 3 speculates "[o]n information and belief" that "Doe Corporations 1-5, which are other AT&T affiliates whose identity is currently unknown to Level 3, also bill access charges" for OTT VoIP products. Proposed Am. Counterclaims, ¶ 23. But the proposed Amended Counterclaims lack any plausible facts about the Doe Corporations to support the bare legal conclusion that they have improperly billed Level 3. Level 3's proposed Counterclaims point to *no* facts—let alone plausible ones—that support a claim that Level 3 has been improperly billed by the Doe Corporations. All that Level 3 has alleged are conclusory statements, and bald

speculation that other AT&T-affiliated carriers may have overbilled Level 3.[1]   Without more,

Level 3's speculative claim against Doe Corporations cannot meet the standards necessary to

survive a motion to dismiss.[2]

Such conclusory statements and speculation do nothing more than raise the "sheer

possibility" that the Doe Corporations might have misbilled Level 3, and are not sufficient to meet

the pleading standards necessary to survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.  In

fact, counsel for Level 3, in an email to counsel for AT&T, admitted that it included claims against

Doe Corporations, despite not having any facts to suggest that such entities actually exist.  *See* D.

Marsh email ("***At present we do not know that there are any such defendants***, but ***if there are***

other entities similarly situated to TCG we want to make sure our claims include them.") (emphasis

---

[1] Even where Level 3 could have confirmed facts about other AT&T carriers, Level 3 failed to do
so.  Level 3 speculates—again, on "information and belief"—that the Doe Corporations' tariffs
"are substantially similar to the language in the tariffs of AT&T and TCG."  But the interstate
tariffs of all carriers are publicly available, *see* https://apps.fcc.gov/etfs/etfsHome.action, and
Level 3 could have reviewed the tariffs of other AT&T affiliates to determine whether they are in
fact similar to those of AT&T Corp. and TCG.  In fact, because other AT&T affiliates are
incumbent local exchange carriers (and are regulated much differently than entities like TCG or
AT&T), the tariffs of other AT&T affiliated local exchange carriers are not always similar to those
of TCG or AT&T Corp.

[2] *See, e.g.*, *Moulds v. Bullard*, 345 Fed. Appx. 387, 390 (4th Cir. 2009) (per curiam) (affirming
dismissal of Doe defendant when allegations "completely failed to describe the officers" that may
have been the Does, and only "gave general descriptions" of other Does); *Martin v. W. Va. Div. of
Corrs.*, No. 2:15-cv-01544, 2015 WL 5443548, at *2 (S.D. W. Va. Sept. 15, 2015) (dismissing
Doe defendants when the allegations are "devoid" of "information regarding the Doe Defendants,
or any assertions as to the specific conduct that may form the basis for these Defendants' liability;"
such allegations are "grossly deficient" and plaintiff is obligated to "provide an adequate
description of some kind which is sufficient to identify the person involved"); *Parker v. White*,
No. 5:12-ct-3082, 2012 WL 6701771, at *2 (E.D.N.C. Dec. 26, 2012) (dismissing Doe defendants
on same grounds, where Plaintiff did not "identify [the Does'] role in" the allegations); *Williams
v. Burgess*, No. 3:09-cv-115, 2010 WL 1957105, at *3 (E.D. Va. May 13, 2010) (dismissing Doe
defendants on same grounds).

added).  It is not appropriate to bring claims against unknown entities without knowing whether they engaged in the alleged improper conduct.  *See Bridges v. Lane*, 351 F. App'x 284, 287 (10th Cir. 2009) (affirming motion to dismiss where plaintiff did "not know what entity actually arrested him"); *Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982) (explaining that John Doe pleading is allowed only where "it appears that John Doe was an actual person"); *Sangraal v. Flagg*, No. 16CV-0550-MJR, 2016 WL 4154913, at \*13 (S.D. Ill. Aug. 5, 2016) (dismissing claims against John Doe defendants where plaintiff "concedes that the John Doe [] defendants' actions are unknown to him," and finding that "[t]his is not the situation where Plaintiff knows facts that may support liability, but does not know names").  Such speculative pleading is not permitted under *Iqbal/Twombly*.

Level 3's decision to include allegations against Doe Corporations appear to be an effort to gain an improper discovery advantage—*i.e.*, a classic fishing expedition to support claims unsupported by plausible allegations.  While in certain situations plaintiffs "should be given an opportunity through discovery to identify . . . unknown defendants," *Gillespie,* 629 F.2d at 642, this is not such a situation.  Here "discovery would not uncover the identities" of any additional AT&T affiliates who bill for access service on OTT VoIP calls because such entities do not exist. *Id.*; *see also Farmer v. Wilson*, No. 2:14-cv-13256, 2014 WL 4629591, at \*2 (S.D.W. Va. Sept. 15, 2014) (explaining that discovery is only proper where "plaintiff's use of the John Doe designation was proper, that is, if plaintiff knew a particular individual had committed a wrong, lacked only the actual identity of that individual, and was using the discovery process to ascertain

6

that individual's identity").[3]   Accordingly, Level 3's effort to include claims against Doe Corporations is not proper under the Federal Rules.  *See Iqbal*, 566 U.S. at 678-79 (explaining that the "doors of discovery" are not opened to "a plaintiff armed with nothing more than conclusions").

In conclusion, Level 3's motion to amend as to Doe Corporations 1-5 is improper, and AT&T respectfully requests that the motion be denied.

Dated: July 12, 2019

Respectfully Submitted,

/s/ Michael J. Hunseder
Rebecca B. DeCook, #14590
Andrew T. Flynn, #43843
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
E-mail: becky.decook@moyewhite.com
E-mail: andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mwarden@sidley.com
E-mail: mhunseder@sidley.com
E-mail: jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

---

[3] In any event, to the extent that discovery were to reveal facts sufficient to support plausible allegations that other AT&T-affiliated carriers misbilled Level 3 on over-the-top VoIP calls, then Level 3 could make a further motion to amend.

## CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on July 12, 2019, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com
Email: mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3*
*Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp.*

8