**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-MEH

AT&T CORP.,
    Plaintiff/Counterclaim-Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,
    Defendant/Counterclaimant,

v.

TELEPORT COMMUNICATIONS GROUP, INC. and
DOE CORPORATIONS 1–5,
    Counterclaim Defendants.

**LEVEL 3 COMMUNICATIONS, LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS**

Level 3 Communications, LLC ("Level 3" or "Defendant/Counterclaimant"), respectfully submits this Reply in support of its Motion for Leave to Amend its Counterclaims pursuant to Federal Rule of Civil Procedure 15(a).

AT&T Corp. ("AT&T") and Teleport Communications Group, Inc. ("TCG") concur with the Motion for Leave to Amend in all aspects but one—the naming of Doe Corporations 1–5 as Counterclaim Defendants. These entities were named because the information necessary to determine which AT&T affiliates assess charges for OTT-VoIP traffic, and in what amounts, on AT&T services (such as the "Collaborate" product described in the Motion) rests exclusively in AT&T's possession and control. AT&T and TCG acknowledge that it would be proper to bring a further motion to amend once discovery reveals the identity of these Doe Corporations. *See* ECF 104 ("Opposition") at 7 n.3. Naming the Doe Defendants will simply facilitate this process. In

addition, Level 3 has the names of the AT&T entities that it believes are charging end office switching on OTT-VoIP calls. That list is attached hereto as *Exhibit 1*. Level 3 wants to use the discovery process to confirm the entities. This will change nothing in the entire litigation other than the damages analysis. In addition, Level 3 is planning to amend early next week merely to add additional wholly owned subsidiaries as plaintiffs; namely, Broadwing Communications, LLC, Global Crossing Telecommunications, Inc. and WilTel Communications LLC. Many of AT&T/TCG's (and the Doe entities) OTT-VoIP billings go to these entities. Once again, this changes nothing in the lawsuit other than the damages analysis. All of Level 3's documents—meaning those of its wholly owned subsidiaries—have been produced.

AT&T and TCG's opposition to naming the Doe Corporations is based almost exclusively on their assertion that the Doe Corporations do not exist. Level 3 need not, and the Court cannot, rely on their say-so or other materials beyond the four corners of the proposed Amended Counterclaims in testing its sufficiency. The Motion for Leave to Amend should be granted not only as to the claims against TCG and AT&T, as to which there is no dispute, but also as to the Doe Corporations.

##### I.   INTRODUCTION

As noted in Level 3's Motion for Leave (ECF No. 98), Level 3 has discovered evidence confirming that AT&T, whether on its own and/or through its affiliates (including TCG), assesses end-office switching charges on over-the-top Voice-over-Internet-Protocol telephone traffic—the very conduct underlying its complaint against Level 3.[1] Level 3 issued discovery

---

[1] As explained in the Motion for Leave and elsewhere, Level 3's tariffs expressly permit the assessment of such charges. The tariffs of AT&T and its affiliates, however, do not.

requests to AT&T in an effort to identify the extent to which AT&T has assessed charges on OTT-VoIP calls originated or terminated through AT&T telephony services such as Collaborate or any other similar service. But AT&T has resisted these requests by claiming its affiliate, TCG, is the entity that assesses these charges. And so, on AT&T's suggestion (and without objection by either AT&T or TCG), Level 3 has moved to add TCG as a Counterclaim Defendant.

But the question remains whether there are any other AT&T affiliates that assess end-office switching charges on OTT-VoIP traffic, as TCG purportedly does. The only way to know for sure is to allow discovery of information on this point—information solely in AT&T's possession, custody and control. Indeed, Level 3 only learned about TCG's purported involvement because AT&T claimed TCG billed for Collaborate traffic—a claim that remains untested because AT&T has refused to participate in discovery on that point unless and until TCG was added as a Counterclaim Defendant. Level 3 is wary that AT&T and TCG will similarly resist discovery on the identity of any other AT&T affiliates that assess these charges.

No one disputes that, if there are any other AT&T affiliates which assess end-office switching charges on OTT-VoIP traffic, they can properly be added in this action. In fact, in their Opposition to Level 3's Motion for Leave to Amend, AT&T and TCG assert just that: "to the extent that discovery were to reveal facts sufficient to support plausible allegations that other AT&T-affiliated carriers misbilled Level 3 on over-the-top VoIP calls, then Level 3 could make a further motion to amend." *See* Opposition at 7 n.3. Naming the Doe Corporations as Counterclaim Defendants simply facilitates the process for identifying these entities and hastens the day for such a motion to be brought. Level 3's Motion for Leave therefore should be granted in full.

## II.  ARGUMENT

A. **LEGAL STANDARD**

Federal Rules of Civil Procedure 15(a)(2) permits a party to amend its pleading with the Court's leave, and instructs that the Court "should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (internal quotations and citations omitted).

Of these factors, the only one AT&T and TCG suggest weighs against permitting Level 3 to amend its Counterclaims to add the Doe Corporations is the last—futility of amendment, based on its assertion that the claims against the Doe Corporations would be subject to dismissal. *See* Opposition at 3. To survive a motion to dismiss, the proposed Amended Counterclaims need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order for a claim to have facial plausibility, the pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But the Court must "accept as true all well-pleaded factual allegations in the [Amended Counterclaims] and view them in the light most favorable to [Level 3]." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). Nor may the Court look to extraneous materials in deciding a motion to dismiss, the purpose of which is to test "the sufficiency of the allegations within the four corners of the

complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

**B.   IT IS PERMISSIBLE TO NAME FICTITIOUS DEFENDANTS TO FACILITATE DISCOVERY ON THEIR IDENTITY.**

As observed in the very cases on which AT&T and TCG rely in their Opposition (*see* Opposition at 3), "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (finding district court abused its discretion in not permitting discovery sought to identify John Doe defendants). Naming Doe Defendants is permissible even where a claimant "may not know the name of individual defendants" so long as it "describe[s] the 'who, what, why, where, and how' that form the basis of the claim." *Bilik v. Wexford Health Sources*, Inc., No. 17-CV-00142IDRH, 2017 WL 1040424, at *3 (S.D. Ill. Mar. 16, 2017); *see also* Opposition at 3 (citing *Bilik*).

Here, the proposed Amended Counterclaims allege that TCG and the Doe Corporations assess switched access charges to Level 3 on OTT-VoIP traffic in spite of the fact that their tariffs do not permit the assessment of such charges. *See* ECF No. 99 (Proposed Amended Counterclaims) ¶¶ 2. The Proposed Amended Counterclaims describe the "who" (AT&T affiliates—*see* ECF No. 99 ¶ 7), "what" (assessing improper end-office switching charges—*id.* ¶¶ 2, 46), why (to generate revenue, even if not permitted under their tariffs—*id.* ¶ 56)[2], where

---

[2] AT&T and TCG assert that Level 3 could have confirmed facts about other AT&T carriers because the tariffs of all carriers are available online. *See* Opposition at 5 n.1. Little good that

(charges billed to Level 3, which is located in Colorado—*id.* ¶ 57), and how (billing charges on OTT-VoIP traffic that are not permitted under their respective tariffs—*id.* ¶ 59). In fact, the allegations of the proposed Amended Counterclaim as directed to the Doe Corporations are identical to the allegations as directed to TCG, the propriety of which is undisputed.

Yet even while the claims against TCG are unquestioned, AT&T and TCG assert that the identical claims against the Doe Corporations are futile. *See* Opposition at 4. These assertions are premised almost entirely on materials beyond the four corners of the Proposed Amended Counterclaims, such as emails from counsel acknowledging that Level 3 does not know whether there are any other AT&T affiliates beyond TCG that assess end-office switching charges on OTT-VoIP traffic. *See* Opposition at 5. But the Rules of Civil Procedure do not require Level 3 to establish the basis of its claims with absolute certainty before bringing them. "'[I]nformation and belief' pleadings are generally deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant." *Johnson v. Johnson*, 385 F.3d 503, 531 n. 19 (5th Cir. 2004); *see also* 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1224 (3d ed.). That is the case here: AT&T has exclusive possession of the facts and information necessary to verify which AT&T affiliates assess end-office switching charges to Level 3 on OTT-VoIP traffic. Yet it has refused to participate in discovery on that topic; indeed, Level 3 learned of TCG's purported involvement only because AT&T identified it, and Level 3 has yet to verify AT&T's assertion

---

does Level 3 unless it knows which carriers' tariffs to review. Notably, while AT&T asserts that "other AT&T affiliates are incumbent local exchange carriers," such that their tariffs "are not always similar to those of TCG or AT&T Corp." (*id.*), it does not contest that the tariffs of *competitive* local exchange carriers are indeed substantially similar to the tariffs of AT&T and TCG.

because AT&T refuses to participate in discovery on this point until TCG is added as a party. AT&T and TCG cannot require Level 3 to assert with certainty information within their peculiar domain as a prerequisite to undergo the very processes necessary to discover that information.

AT&T and TCG also assert that discovery would not uncover the identities of any additional AT&T affiliates who bill for access service on OTT VoIP calls "because such entities do not exist." Opposition at 6. But they provide zero evidence to back up that assertion. Just as well, because at this stage, such evidence would do them no good: in considering the sufficiency of the Amended Counterclaims, the Court must accept Level 3's allegations as true. *S.E.C. v. Shields*, 744 F.3d at 640. AT&T and TCG cannot preclude discovery or dismiss any portion of Level 3's claims with naked assertions that the allegations in the proposed Amended Counterclaims are not true. Testing such assertions is the whole purpose of litigation.

Level 3 has plausibly pled the existence of AT&T affiliates that assess end-office switching charges on OTT-VoIP traffic. AT&T's mere assertion that this is not so is no basis for dismissing Level 3's claim against the Doe Defendants. Instead, the claim must be proven or disproven through discovery.

### III. CONCLUSION

For the reasons stated above, Defendant/Counterclaimant Level 3 Communications, LLC respectfully requests that the Court grant leave to Level 3 to submit its proposed Amended Counterclaims in the form as attached to its Motion for Leave (ECF No. 99).

Respectfully submitted this 26th day of July, 2019.

By:    */s/Charles W. Steese*
       Charles W. Steese, #26924
       Douglas N. Marsh, #45964
       Martin J. Estevao, #46260
       Armstrong Teasdale LLP
       4643 South Ulster Street, Suite 800
       Denver, Colorado 80237
       Telephone: (720) 200-0676
       csteese@armstrongteasdale.com
       dmarsh@armstrongteasdale.com

       *Attorneys for*
       *Defendant/Counterclaimant Level 3*
       *Communications, LLC*

## CERTIFICATE OF SERVICE

  I, Douglas N. Marsh, hereby certify that on July 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Micahel J. Hunseder
Justin A. Benson
Sidley Austin, LLP
1501 K Street, NW
Washington, D.C. 20005
202-736-8000
mhunseder@sidley.com
jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

               */s/Douglas N. Marsh*
               Douglas N. Marsh