**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-MEH

AT&T CORPORATION,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

**LEVEL 3 COMMUNICATIONS, LLC'S MOTION FOR
LEAVE TO ADD LEVEL 3 AFFILIATES AS COUNTERCLAIMANTS**

    Level 3 Communications, LLC ("Level 3" or "Defendant"), respectfully moves under Federal Rule of Civil Procedure 15(a) for leave to name three of its wholly owned subsidiaries—Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC—as Counterclaimants.

    Level 3's proposed Amended Counterclaims are attached hereto as Exhibit A. Pursuant to D.C.Colo.L.Civ.R. 15.1(b), a copy of the proposed Amended Counterclaims with marked changes showing the text to be added and removed from the proposed Amended Counterclaims for which Level 3 has requested leave to amend (ECF No. 99) is attached hereto as Exhibit B. As demonstrated by Exhibit B, the only change to the currently pending proposed Amended Counterclaims is to add these affiliates as parties to Level 3's Counterclaims; its currently pending proposed Amended Counterclaims will be otherwise unaffected.

    Counsel for Level 3 has conferred with counsel for Plaintiff AT&T Corporation ("AT&T"), as well as counsel for Teleport Communications Group, Inc. ("TCG"), whom Level

3 seeks to add as a Counterclaim Defendant, regarding the relief requested in this Motion. Level 3 and TCG have informed Level 3 that they are opposed to the relief requested here.

## I. INTRODUCTION

As noted in Level 3's Motion for Leave to Amend (ECF No. 98), Level 3 seeks leave to amend its Counterclaims to add claims against AT&T and its affiliates to recover access charges they have improperly assesses to Level 3. In discussions with counsel, the question has arisen as to how many of these charges AT&T and its affiliates assessed to Level 3 itself as opposed to one of its wholly owned subsidiaries, with the suggestion that charges assessed to Level 3's subsidiaries would not be within the scope of Level 3's proposed counterclaims. To ensure the broadest possible resolution to the issues in dispute, Level 3 seeks leave to include its subsidiaries as parties to its Counterclaims.

## II. ARGUMENT

A. **JUSTICE REQUIRES LEAVE TO AMEND BE GRANTED**

Federal Rules of Civil Procedure 15(a)(2) permits a party to amend its pleading with the Court's leave, and instructs that the Court "should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (internal quotations and citations omitted).

None of these factors is present here. First, there has been no undue delay in bringing these claims. Level 3 moved for leave to amend its counterclaims to raise this issue shortly after discovering sufficient facts to inform its belief that AT&T assesses end-office switching charges

2

on OTT-VoIP and provide a sufficient basis for bringing these claims. Then, shortly after AT&T claimed TCG rather than AT&T is the entity that assesses charges on Collaborate traffic, the parties mutually agreed to stay further discovery to explore opportunities to settle the parties' respective claims. *See* ECF No. 92 (March 25, 2019 Order vacating discovery deadlines). That stay was only recently lifted. *See* ECF No. 93 (June 10, 2019 Order lifting stay). Only after the stay was lifted, and AT&T began to provide information regarding how it and its affiliates assess the charges at issue, did Level 3 discover that AT&T and its affiliates assessed these charges to Level 3's subsidiaries as well as Level 3 itself. Thus, Level 3 has pursued this issue with reasonable diligence, pausing only with the Court's approval and in accordance with the parties' mutual desire to explore settlement possibilities.

Nor will there be any undue prejudice to AT&T in permitting the proposed amendments. If Level 3's subsidiaries are not permitted to join in this action, they may simply file claims in a separate action, which would explore the same questions of fact and law, wasting the parties and the Court's valuable resources. Moreover, Level 3 is unaware of any additional discovery that will be needed. Including the subsidiaries will only factor into the parties' damages analysis. It is to every party's benefit to explore the broadest possible resolution of the disputes at issue here, and it can most efficiently be done by proceeding with the claims in the same action. Level 3 therefore expects that AT&T and its affiliates would suffer no prejudice at all as a result of adding these Counterclaimants.

Finally, this motion is not brought in bad faith or pursuant to any dilatory motive, and the proposed amendment—Level 3's third request to amend its pleadings, though the first was never

decided and the second is still pending—is not futile. Level 3 brings these proposed amendments upon identification of a good-faith basis for bringing the claims raised therein.

For these reasons, justice requires that Level 3 be permitted to amend its Counterclaims to add its affiliates as parties to Level 3's Counterclaims.

### B. LEVEL 3'S AFFILIATES MAY PROPERLY BE JOINED AS A COUNTERCLAIMANTS

Federal Rule of Civil Procedure 13(h) instructs that Rules 19 and 20 "govern the addition of a person as a party to a counterclaim or crossclaim." Federal Rule of Civil Procedure 20(a)(1) allows parties to be joined as Plaintiffs (or, as here, Counterclaimants) if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Both factors are present here. First, Level 3's subsidiaries assert a right to relief in the alternative to Level 3's; if Level 3 was not directly assessed the charges at issue, those charges would have been assessed to one of its subsidiaries. In addition, the subsidiaries' claims arise out of the series of transactions or occurrences, involving the same types of charges on the same types of calls; namely, monthly bills assessing the same improper charges. The only real difference between the Counterclaimants' claims is the exact legal identity of the entity to which the charges are being directed. For this reason, the questions of law and fact underlying Level 3's Counterclaims also underlie the affiliates' claims against AT&T and its affiliates.

### III. CONCLUSION

For the reasons stated above, Defendant Level 3 Communications, LLC respectfully requests that the Court grant leave to Level 3 to add its affiliates Broadwing Communications,

4

LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC as Counterclaimants as set forth in its proposed Amended Counterclaims (*see* Exhibit A).

Respectfully submitted this 5th day of August, 2019.

By: /s/ *Charles W. Steese*
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

## CERTIFICATE OF SERVICE

      I, Charles W. Steese, hereby certify that on August 5th, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Micahel J. Hunseder
Justin A. Benson
Sidley Austin, LLP
1501 K Street, NW
Washington, D.C. 20005
202-736-8000
mhunseder@sidley.com
jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

                                    /s/ *Charles W. Steese*
                                    Charles W. Steese