**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORP.,

      *Plaintiff/Counter Defendant,*

v.

LEVEL 3 COMMUNICATIONS, LLC,

      *Defendant/Counterclaimant,*

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING
TELECOMMUNCATIONS, INC., and WILTEL COMMUNICATIONS, LLC

      *Counterclaimants,*

v.

TELEPORT COMMUNICATIONS GROUP, INC.

      *Counterclaim Defendant*

---

**AMENDED ANSWER AND DEFENSES OF**
**PLAINTIFF/COUNTER DEFENDANT AT&T CORP. AND COUNTERCLAIM**
**DEFENDANT TELEPORT COMMUNICATIONS GROUPS, INC.**

---

Plaintiff/Counter Defendant AT&T Corp. ("AT&T") and Counterclaim Defendant

Teleport Communications Group, Inc. ("TCG"), by and through their undersigned attorneys,

hereby provides their Amended Answer and Affirmative Defenses to the Amended

Counterclaims (Doc. 123) filed by Defendant/Counterclaimant Level 3 Communications, LLC

("Level 3") and Counterclaimants Broadwing Communications, LLC ("Broadwing"), Global

Crossing Telecommunications, Inc. ("Global Crossing") and Wiltel Communications, LLC

1

("Wiltel") (collectively, with Level 3, the "Counterclaimants"). AT&T and TCG respond to the separately numbered paragraphs of the Amended Counterclaims as follows:

**ANSWER TO PARAGRAPH NO. 1:**

AT&T and TCG admit that Level 3 and AT&T entered into a Release and Settlement Agreement effective May 27, 2015 (the "Agreement"). To the extent that this paragraph purports to characterize the Agreement, AT&T refers the Court to the text of the Agreement for its full contents and denies any allegations inconsistent with the Agreement's language. Any other allegations in Paragraph 1 are denied.

**ANSWER TO PARAGRAPH NO. 2:**

AT&T and TCG deny the allegations in paragraph 2, except that TCG admits that it previously assessed end office switching access charges on Voice over Internet Protocol ("VoIP") traffic, a very small percentage of which consisted of over-the-top VoIP traffic. All other allegations in paragraph 2 are denied.

**ANSWER TO PARAGRAPH NO. 3:**

AT&T and TCG admit that Level 3 has filed amended counterclaims, but deny that Level 3 is entitled to any relief on its amended counterclaims. All other allegations in paragraph 3 are denied.

**ANSWER TO PARAGRAPH NO. 4:**

AT&T and TCG admit, on information and belief, the allegations in Paragraph 4.

**ANSWER TO PARAGRAPH NO. 5:**

AT&T and TCG admit the allegations in Paragraph 5.

**ANSWER TO PARAGRAPH NO. 6**

AT&T and TCG admit the allegations in Paragraph 6.

**ANSWER TO PARAGRAPH NO. 7**

AT&T and TCG admit, on information and belief, the allegations in Paragraph 7.

**ANSWER TO PARAGRAPH NO. 8**

AT&T and TCG admit, on information and belief, the allegations in Paragraph 8.

**ANSWER TO PARAGRAPH NO. 9**

AT&T and TCG admit, on information and belief, the allegations in Paragraph 9.

**ANSWER TO PARAGRAPH NO. 10**

AT&T and TCG state that no response is required in response to paragraph 10.

**ANSWER TO PARAGRAPH NO. 11:**

AT&T and TCG admit that this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332.

**ANSWER TO PARAGRAPH NO. 12:**

AT&T and TCG admit that federal courts have jurisdiction over claims that a carrier has violated its interstate tariff, but deny that AT&T and TCG have violated the AT&T and TCG tariffs cited in Level 3's Amended Counterclaims.

**ANSWER TO PARAGRAPH NO. 13:**

AT&T and TCG admit that this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER TO PARAGRAPH NO. 14:**

AT&T and TCG admit that venue is proper in this district pursuant to 28 U.S.C. § 1391.

**ANSWER TO PARAGRAPH NO. 15:**

AT&T and TCG admit that Level 3 is a common carrier engaged in the provision of telephone service, and that Level 3 is a competitive local exchange carrier. AT&T and TCG lack knowledge and information sufficient to assess the truth or falsity of the other allegations in Paragraph 15 and, accordingly, deny all other allegations in Paragraph 15.

**ANSWER TO PARAGRAPH NO. 16:**

AT&T and TCG admit that, Level 3 operates as a long distance carrier. AT&T and TCG lack knowledge and information sufficient to assess the truth or falsity of the other allegations in Paragraph 16 and, accordingly, deny all other allegations in Paragraph 16.

**ANSWER TO PARAGRAPH NO. 17:**

AT&T and TCG admit that, as relevant to this case, AT&T acts as a long distance (or interexchange ("IXC")) carrier. Although AT&T Corp. may in some instances act as local exchange carrier ("LEC"), and although the Amended Counterclaims alleges that AT&T Corp., in its capacity as a LEC, has misbilled Level 3, AT&T and TCG deny those allegations. All other allegations in Paragraph 17 are denied.

**ANSWER TO PARAGRAPH NO. 18:**

AT&T and TCG admit the allegations in Paragraph 18.

**ANSWER TO PARAGRAPH NO. 19:**

AT&T and TCG admit the allegations in Paragraph 19 set forth a general description of switched access using time-division multiplexing in the public switched telephone network ("PSTN").

**ANSWER TO PARAGRAPH NO. 20:**

AT&T and TCG admit that, as a general matter, access charges can be classified as either originating or terminating.  AT&T and TCG otherwise deny the allegations of this paragraph.

**ANSWER TO PARAGRAPH NO. 21:**

AT&T and TCG admit the allegations in Paragraph 21 set forth a general description of Voice over Internet Protocol ("VoIP") trends over the last several years.

**ANSWER TO PARAGRAPH NO. 22:**

AT&T and TCG admit the allegations in Paragraph 22 set forth a general description of two different kinds of VoIP calls.

**ANSWER TO PARAGRAPH NO. 23:**

AT&T and TCG deny the allegations in Paragraph 23.

**ANSWER TO PARAGRAPH NO. 24:**

AT&T admits that it offers a retail service known as "AT&T Collaborate," and that the first sentence of paragraph 24 accurately quotes, in part, its website.  AT&T and TCG further admit that, on some calls made through Collaborate, the caller may use a third party ISP, but aver that the volume of Collaborate traffic is relatively small compared to its overall VoIP traffic.  Apart from one other product, AT&T and TCG deny the third sentence of paragraph 24.  AT&T and TCG deny the remaining allegations in Paragraph 24.

**ANSWER TO PARAGRAPH NO. 25:**

AT&T and TCG admit that TCG bills for access services associated with Collaborate.  AT&T and TCG deny the remaining allegations of Paragraph 25.

**ANSWER TO PARAGRAPH NO. 26:**

AT&T denies the allegations in paragraph 26.  TCG admits that it bills switched access charges on facilities-based and over-the-top VoIP traffic, but denies that it currently bills the end office switching element on over-the-top VoIP traffic, because for the small percentage of VoIP traffic that consists of over-the-top VoIP calling, TCG issues billing credits to eliminate any end office charges for over-the-top VoIP calling.

**ANSWER TO PARAGRAPH NO. 27:**

AT&T and TCG admit that Level 3 has billed AT&T for charges on over-the-top VoIP calls.  As to the allegation that Level 3 originates or terminates facilities-based VoIP calls, AT&T and TCG lack knowledge and information sufficient to assess the truth or falsity of the remaining allegations in Paragraph 27 and, accordingly, denies the remaining allegations in Paragraph 27.

**ANSWER TO PARAGRAPH NO. 28:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required.  To the extent a response is required, AT&T and TCG admit that, since 2011, the rules of the Federal Communications Commission ("FCC") have allowed LECs to assess charges equal to the charges for end-office switching on calls where a LEC or its VoIP partner have last-mile facilities to deliver the calls to or from the caller's premises, and those rules do not permit end-office charges for LECs handling over-the-top VoIP calls.  AT&T and TCG otherwise deny the allegations in paragraph 28.

**ANSWER TO PARAGRAPH NO. 29:**

AT&T admits that it disputed, pursuant to the terms of Level 3's tariffs and consistent with the FCC's rules, certain charges billed by Level 3, including end-office switching charges.  AT&T and TCG deny any remaining allegations in Paragraph 29.

**ANSWER TO PARAGRAPH NO. 30:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required.  To the extent a response is required, AT&T and TCG admit that, in February 2015, the FCC issued a *Declaratory Ruling* that misconstrued the FCC's existing regulations, and improperly ruled that LECs could assess end-office switching charges on over-the-top VoIP calls.  AT&T and TCG otherwise deny the allegations in Paragraph 30.

**ANSWER TO PARAGRAPH NO. 31:**

AT&T and TCG admit the allegations in Paragraph 31.

**ANSWER TO PARAGRAPH NO. 32:**

AT&T and TCG admit that AT&T and Level 3 entered into the Agreement while AT&T's appeal was pending.  To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 32 are denied.

**ANSWER TO PARAGRAPH NO. 33:**

To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 33 are denied.

**ANSWER TO PARAGRAPH NO. 34:**

To the extent that this paragraph purports to characterize Level 3's tariffs, AT&T and TCG refer the Court to the text of the tariffs for their full contents and deny any allegations inconsistent with the tariffs' language.  Any other allegations in Paragraph 34 are denied.

**ANSWER TO PARAGRAPH NO. 35:**

To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 35 are denied.

**ANSWER TO PARAGRAPH NO. 36:**

To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 36 are denied.

**ANSWER TO PARAGRAPH NO. 37:**

AT&T and TCG deny the allegations in Paragraph 37.

**ANSWER TO PARAGRAPH NO. 38:**

To the extent that "final order" in this paragraph refers to the "final order" as alleged in Paragraph 37, AT&T and TCG deny the allegations in Paragraph 38.  To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph No. 38 are denied.

**ANSWER TO PARAGRAPH NO. 39:**

AT&T and TCG state that the document referred to in Paragraph 39 is marked as a "CONFIDENTIAL SETTLEMENT OFFER" subject to Federal Rule of Evidence 408, a rule that

bars the use of settlement offers as evidence, and, as such, no response is necessary.  To the extent a response is required, AT&T and TCG deny the allegations in Paragraph 39.

**ANSWER TO PARAGRAPH NO. 40:**

AT&T and TCG admit that the D.C. Circuit vacated and remanded the FCC's 2015 decision. AT&T and TCG deny the remaining allegations in Paragraph 40.

**ANSWER TO PARAGRAPH NO. 41:**

AT&T and TCG admit that the FCC has not acted on the remand from the D.C. Circuit and deny that the FCC is required to issue a decision on remand.  AT&T and TCG deny the remaining allegations in Paragraph 41.

**ANSWER TO PARAGRAPH NO. 42:**

AT&T and TCG deny the allegations contained in Paragraph 42.

**ANSWER TO PARAGRAPH NO. 43:**

AT&T and TCG admit that AT&T has, since at least 2011, disputed Level 3's access charges on over-the-top VoIP calls, and, pursuant to the terms of Level 3's tariffs and consistent with the FCC's rules, has withheld certain charges billed by Level 3.  AT&T and TCG deny the remaining allegations in Paragraph 43.

**ANSWER TO PARAGRAPH NO. 44:**

AT&T and TCG admit that AT&T has disputed Level 3's access charges on over-the-top VoIP calls, and, pursuant to the terms of Level's tariffs and consistent with the FCC's rules, has withheld certain charges billed by Level 3.  AT&T and TCG further admit that after the D.C. Circuit entered its order and that became final, consistent with the Agreement AT&T began withholding payments for access charges Level 3 improperly invoiced on over-the-top VoIP calls in violation of the

Agreement.  AT&T and TCG deny that the D.C. Circuit entered an order remanding to the FCC to determine whether LECs could assess end-office access charges on over-the-top VoIP calls. AT&T and TCG deny the remaining allegations in Paragraph 44.

**ANSWER TO PARAGRAPH NO. 45:**

AT&T and TCG deny the allegations contained in Paragraph 45.

**ANSWER TO PARAGRAPH NO. 46:**

AT&T and TCG deny the first and third sentence of paragraph 46.  AT&T admits that it is an IXC, and that it has operations as a LEC.  AT&T and TCG deny any other allegations in paragraph

**ANSWER TO PARAGRAPH NO. 47:**

AT&T and TCG state that in late 2018 and 2019, TCG became aware that AT&T began offering two products that included the capability for customers to place or receive over-the-top VoIP calls. Upon learning of these products, TCG developed a process to issue credits to avoid the billing of end office switching charges on over-the-top VoIP calls.  AT&T and TCG deny the remaining allegations contained in Paragraph 47.

**ANSWER TO PARAGRAPH NO. 48:**

To the extent that this paragraph purports to characterize AT&T's tariff, AT&T and TCG refer the Court to the text of the tariffs for their full contents and deny any allegations inconsistent with the tariffs' language.  AT&T and TCG deny that the tariff discussed, which relates to a service called "AT&T Digital Link Access Service," is relevant to the issues in this case or that Level 3 has been misbilled under this tariff.  Any other allegations in Paragraph 48 are denied.

**ANSWER TO PARAGRAPH NO. 49:**

To the extent that this paragraph purports to characterize AT&T's tariff, AT&T and TCG refer the Court to the text of the tariff for its full contents and deny any allegations inconsistent with the tariff's language.  AT&T and TCG deny that this tariff, which relates to a service called "AT&T Digital Link Access Service," is relevant to the issues in this case or that Level 3 has been misbilled under this tariff.  Any other allegations in Paragraph 49 are denied.

**ANSWER TO PARAGRAPH NO. 50:**

To the extent that this paragraph purports to characterize TCG's tariff (and that of Level 3), AT&T and TCG refer the Court to the text of the tariff for its full contents and deny any allegations inconsistent with the tariff's language.  Any other allegations in Paragraph 50 are denied.

**ANSWER TO PARAGRAPH NO. 51:**

To the extent that this paragraph purports to characterize AT&T and TCG's tariffs, AT&T and TCG refer the Court to the text of the tariffs for their full contents and deny any allegations inconsistent with the tariffs' language.  Any other allegations in Paragraph 51 are denied.

**ANSWER TO PARAGRAPH NO. 52:**

The allegations in this paragraph purport to characterize decisions of the FCC and federal courts, and AT&T and TCG refer the Court to the text of those decisions for their full content, and deny any allegations inconsistent with the text of these decisions.  AT&T and TCG otherwise deny the allegations contained in Paragraph 52.

**ANSWER TO PARAGRAPH NO. 53:**

The allegations in this paragraph purport to characterize a decision of the FCC, and AT&T and TCG refer the Court to the text of the decision for the full content, and deny any allegations

inconsistent with the text of this decision.  AT&T and TCG otherwise deny the allegations contained in Paragraph 53.

**ANSWER TO PARAGRAPH NO. 54:**

The allegations in this paragraph purport to characterize decisions of the FCC and federal courts, and AT&T and TCG refer the Court to the text of those decisions for their full content, and deny any allegations inconsistent with the text of these decisions.  AT&T and TCG otherwise deny the allegations contained in Paragraph 54.

**ANSWER TO PARAGRAPH NO. 55:**

AT&T and TCG admit the first sentence of Paragraph 55.  AT&T and TCG deny the remaining allegations in Paragraph 55.

**ANSWER TO PARAGRAPH NO. 56:**

AT&T and TCG deny the allegations contained in Paragraph 56.

**ANSWER TO PARAGRAPH NO. 57:**

AT&T and TCG admit that Level 3 has paid AT&T for certain access charges, but AT&T and TCG deny that AT&T improperly billed Level 3 under the tariff described in the Amended Counterclaims.  AT&T and TCG deny any remaining allegations contained in Paragraph 57.

**ANSWER TO PARAGRAPH NO. 58:**

AT&T and TCG deny the allegations of Paragraph 58, although AT&T and TCG admit that, on or about September 10, 2018, Level 3's outside counsel sent a letter to AT&T and TCG's outside counsel that purported to dispute access charges that AT&T allegedly billed.  AT&T and TCG deny any other allegations in Paragraph 58.

**ANSWER TO PARAGRAPH NO. 59:**

AT&T and TCG deny the allegations contained in Paragraph 59.

**ANSWER TO PARAGRAPH NO. 60:**

AT&T and TCG repeat and restate each and every response to the allegations set forth in Paragraphs 1 through 60 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 61:**

AT&T and TCG admit that AT&T and Level 3 entered into the Agreement as to Level 3's provision of services to AT&T on over-the-top VoIP calls.  To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 61 are denied.

**ANSWER TO PARAGRAPH NO. 62:**

AT&T and TCG admit the allegations in Paragraph 62.

**ANSWER TO PARAGRAPH NO. 63:**

AT&T and TCG deny the allegations in Paragraph 63.

**ANSWER TO PARAGRAPH NO. 64:**

To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 64 are denied.

**ANSWER TO PARAGRAPH NO. 65:**

AT&T and TCG deny the allegations in Paragraph 65.

**ANSWER TO PARAGRAPH NO. 66:**

AT&T and TCG admit that AT&T has withheld, in part, charges billed by Level 3 on over-the-top VoIP calls, but AT&T and TCG deny that Level 3 properly billed the charges, under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs; because the charges were not properly billed, AT&T is not obligated to pay them, including while this dispute is pending.  AT&T and TCG deny any remaining allegations in paragraph 66.

**ANSWER TO PARAGRAPH NO. 67:**

AT&T and TCG admit that AT&T has declined to pay end-office switching charges on over-the-top VoIP calls, and aver that no such end-office charges may be properly billed under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs.  AT&T and TCG otherwise deny the allegations in Paragraph 67.

**ANSWER TO PARAGRAPH NO. 68:**

AT&T and TCG deny the allegations in Paragraph 68.

**ANSWER TO PARAGRAPH NO. 69:**

AT&T and TCG deny the allegations in Paragraph 69.

**ANSWER TO PARAGRAPH NO. 70:**

AT&T and TCG deny the allegations in Paragraph 70.

**ANSWER TO PARAGRAPH NO. 71:**

AT&T and TCG deny the allegations in Paragraph 71.

**ANSWER TO PARAGRAPH NO. 72:**

AT&T and TCG repeat and restate each and every response to the allegations set forth in Paragraphs 1 through 72 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 73:**

To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 73 are denied.

**ANSWER TO PARAGRAPH NO. 74:**

AT&T and TCG deny the allegations in Paragraph 74.

**ANSWER TO PARAGRAPH NO. 75:**

To the extent that this paragraph purports to characterize the Agreement, AT&T and TCG refer the Court to the text of the Agreement for its full contents and deny any allegations inconsistent with the Agreement's language.  Any other allegations in Paragraph 75 are denied.

**ANSWER TO PARAGRAPH NO. 76:**

AT&T and TCG deny the allegations in Paragraph 76.

**ANSWER TO PARAGRAPH NO. 77:**

AT&T and TCG admit that AT&T has declined to pay end-office switching charges on over-the-top VoIP calls, and aver that no such end-office charges may be properly billed under the Agreement, the FCC's rules, the D.C. Circuit order, and/or Level 3's tariffs.  AT&T and TCG further admit that Level 3 was required in or around June 2017 to issue a refund to AT&T on a portion of the over-the-top VoIP charges AT&T had paid to Level 3, and AT&T and TCG aver that Level 3 failed to issue the refund.  AT&T and TCG deny the remaining allegations in Paragraph 77.

**ANSWER TO PARAGRAPH NO. 78:**

AT&T and TCG admit that there is an actual and substantial controversy between Level 3, AT&T and TCG. AT&T and TCG further deny the remaining allegations in Paragraph 78.

**ANSWER TO PARAGRAPH NO. 79:**

AT&T and TCG admit that there is an actual and substantial controversy between Level 3, AT&T and TCG. AT&T and TCG further deny the remaining allegations in Paragraph 79.

**ANSWER TO PARAGRAPH NO. 80:**

AT&T and TCG deny the allegations in Paragraph 80 and deny that Level 3 is entitled to any relief in this Action.

**ANSWER TO PARAGRAPH NO. 81:**

AT&T and TCG repeat and restate each and every response to the allegations set forth in Paragraphs 1 through 81 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 82:**

Paragraph 82 characterizes 47 U.S.C. § 203, and AT&T and TCG refer the Court to the full text of that provision of law, and deny any allegation inconsistent with the text of Section 203.

**ANSWER TO PARAGRAPH NO. 83:**

Paragraph 83 characterizes 47 U.S.C. § 203, and AT&T and TCG refer the Court to the full text of that provision of law, and deny any allegation inconsistent with the text of Section 203.

**ANSWER TO PARAGRAPH NO. 84:**

AT&T denies the allegations in paragraph 84, and avers that its role in this case is as a customer of Level 3's access services. TCG admits that it, in connection with access charges that it billed to Level 3, it acts as a common carrier and as a local exchange carrier

**ANSWER TO PARAGRAPH NO. 85:**

AT&T and TCG aver that the FCC has declined to classify certain VoIP services as either information services, or as telecommunications services subject to 47 U.S.C. § 203, but has on a transitional basis allowed carriers to file tariffs that comply with the FCC's rules on VoIP-PSTN traffic. AT&T and TCG otherwise deny the allegations in Paragraph 85.

**ANSWER TO PARAGRAPH NO. 86:**

To the extent that this paragraph purports to characterize AT&T and TCG's tariffs, AT&T and TCG refer the Court to the text of the tariffs for their full contents and deny any allegations inconsistent with the tariffs' language. AT&T denies that this tariff, which relates to a service called "AT&T Digital Link Access Service," is relevant to the issues in this case, or that Level 3 has been misbilled under this tariff. Any other allegations in Paragraph 86 are denied.

**ANSWER TO PARAGRAPH NO. 87:**

AT&T and TCG deny the allegations contained in Paragraph 87.

**ANSWER TO PARAGRAPH NO. 88:**

AT&T lacks knowledge and information sufficient to assess the truth or falsity of the allegations in Paragraph 88 as to AT&T, and, accordingly, denies the allegations in Paragraph 88. TCG admits that Level 3 has routed a small percentage of over-the-top VoIP calls, relative to other VoIP calls, to TCG. TCG denies any remaining allegations in paragraph 88.

**ANSWER TO PARAGRAPH NO. 89:**

AT&T denies the allegations contained in Paragraph 89. TCG admits that it has assessed switched access charges to Level 3 for over-the-top VoIP calls.

**ANSWER TO PARAGRAPH NO. 90:**

TCG admits that Level 3 has paid TCG for certain access charges, but TCG denies that TCG improperly billed Level 3 under the tariff described in the Amended Counterclaims.  AT&T and TCG deny any remaining allegations contained in Paragraph 90.

**ANSWER TO PARAGRAPH NO. 91:**

AT&T and TCG deny the allegations in paragraph 91.

**ANSWER TO PARAGRAPH NO. 92:**

AT&T and TCG deny the allegations in Paragraph 92.

**ANSWER TO PARAGRAPH NO. 93:**

AT&T and TCG deny the allegations in Paragraph 93.

**ANSWER TO PARAGRAPH NO. 94:**

AT&T and TCG deny the allegations in Paragraph 94.

**ANSWER TO PARAGRAPH NO. 95:**

AT&T and TCG repeat and restate each and every response to the allegation set forth in Paragraphs 1 through 95 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 96:**

Paragraph 96 characterizes 47 U.S.C. § 201, and AT&T and TCG refer the Court to the full text of that provision of law, and deny any allegation inconsistent with the text of Section 201.

**ANSWER TO PARAGRAPH NO. 97:**

Paragraph 97 characterizes various unspecified rules and FCC decisions, and AT&T and TCG refer the Court to the text of any rules and FCC decisions, and deny any allegations inconsistent with those rules or decisions.  AT&T and TCG deny any remaining allegations in Paragraph 97.

**ANSWER TO PARAGRAPH NO. 98:**

AT&T and TCG deny the allegations in paragraph 98.

**ANSWER TO PARAGRAPH NO. 99:**

AT&T and TCG admit that the proper interpretation of the FCC's rules on VoIP calls is that the rules do not permit end office access charges on over-the-top VoIP calls.  TCG admits, and AT&T denies, the remaining allegations of paragraph 99.

**ANSWER TO PARAGRAPH NO. 100:**

AT&T and TCG deny the allegations in Paragraph 100.

**ANSWER TO PARAGRAPH NO. 101:**

AT&T and TCG deny the allegations in Paragraph 101.

**ANSWER TO PARAGRAPH NO. 102:**

AT&T and TCG repeat and restate each and every response to the allegations set forth in Paragraphs 1 through 102 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 103:**

To the extent that the allegations in this Paragraph contain conclusions of law, no response is required.  AT&T and TCG deny any remaining allegations in paragraph 103.

**ANSWER TO PARAGRAPH NO. 104:**

AT&T and TCG deny the allegations in Paragraph 104.

**ANSWER TO PARAGRAPH NO. 105:**

AT&T and TCG deny the allegations in Paragraph 105.

**ANSWER TO PARAGRAPH NO. 106:**

AT&T and TCG deny the allegations in Paragraph 106.

**ANSWER TO PARAGRAPH NO. 107:**

AT&T and TCG repeat and restate each and every response to the allegations set forth in Paragraphs 1 through 107 as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 108:**

AT&T and TCG deny the allegations in Paragraph 108.

**ANSWER TO PARAGRAPH NO. 109:**

AT&T and TCG admit that the FCC, in its 2011 rules, has already determined that local carriers cannot lawfully tariff or collect end office switching services on over-the-top VoIP calls.  AT&T and TCG deny the remaining allegations in paragraph 109.

**ANSWER TO PARAGRAPH NO. 110:**

AT&T and TCG deny the allegations in Paragraph 110.

**ANSWER TO PARAGRAPH NO. 111:**

AT&T and TCG deny the allegations in Paragraph 111.

**ANSWER TO PARAGRAPH NO. 112:**

AT&T and TCG deny the allegations in Paragraph 112.

**ANSWER TO PARAGRAPH NO. 113:**

As to Level 3's Prayer for Relief, AT&T and TCG deny that Level 3 is entitled to any of the relief requested in the Amended Counterclaims.

\*       \*       \*       \*

AT&T and TCG hereby deny each and every allegation in the Amended Counterclaims that is not specifically admitted above.

**AFFIRMATIVE DEFENSES TO LEVEL 3's COUNTERCLAIMS**

AT&T and TCG state that Level 3's claims are barred, in whole or in part, by the Affirmative Defenses set forth below.  AT&T and TCG reserve the right to supplement and/or amend these Affirmative Defenses as additional discovery and/or information comes to light.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Amended Counterclaims fail to state a claim or cause of action upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Level 3's claims are barred by the terms of the Agreement, the binding rules of the FCC, the D.C. Circuit's order, and Level 3's tariffs.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Level 3's claims may be subject, in part, to the primary jurisdiction doctrine.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Level 3's claims fail because Level 3 failed to perform its obligations pursuant to the Agreement.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Level 3's claims are barred by Level 3's own material breach of the Agreement.

*      *      *      *

AT&T and TCG reserve the right to assert additional defenses that become known to them during the course of this action.

<b><u>AT&T AND TCG's PRAYER FOR RELIEF</u></b>

AT&T and TCG deny that Level 3 is entitled to any of the relief it seeks.

WHEREFORE, AT&T and TCG respectfully request that this Court:

21

a) Enter judgment in favor of AT&T and TCG against Level 3;

b) Dismiss Level 3's Amended Counterclaims and each cause of action with prejudice;

c) Award AT&T and TCG attorneys' fees and costs of this action; and

d) Grant such other and further relief as this Court deems just and proper.

Dated: October 21, 2019

Respectfully Submitted,

/s/ Justin A. Benson
Rebecca B. DeCook, #14590
Andrew T. Flynn, #43843
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202-1027
Telephone: (303) 292-2900
E-mail: becky.decook@moyewhite.com
E-mail: andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mwarden@sidley.com
E-mail: mhunseder@sidley.com
E-mail: jbenson@sidley.com
E-mail: joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

## CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on October 21, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3*
*Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K STREET NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp.*