**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNCATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

### AT&T & TCG'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO ITS *DAUBERT* MOTION AND SUPPORTING MATERIALS

---

Plaintiff/Counterclaim Defendant AT&T Corp. and Counterclaim Defendant Teleport Communications Group (collectively, "AT&T"), by and through undersigned counsel, respectively moves this Court for an Order restricting public access to portions of its *Daubert* Motion to Exclude Certain Testimony of Andrew McClure (the "*Daubert* Motion") and supporting materials, in order to maintain the confidentiality of information contained therein. Counsel for AT&T has conferred with counsel for Level 3 Communications, LLC ("Level 3") regarding this

1

motion in compliance with D. Colo. L. Civ. R. 7.1 and is authorized to state that Level 3 does not oppose this Motion.  In support of its Motion, and in compliance with D. Colo. L. Civ. R. 7.2, AT&T states as follows:

1. AT&T seeks to place portions of the *Daubert* Motion and supporting materials under restriction.

2. Public access to these portions of the *Daubert* Motion and the supporting materials should be restricted because they discuss sensitive material to which AT&T is obligated to maintain as confidential pursuant to the Stipulated Protective Order Governing Confidential Information, ECF Doc. 62, ¶ 18[1] ("Protective Order"), and the terms of a 2015 confidential settlement agreement ("2015 Settlement Agreement") between the parties (*see* ECF Doc. 15-1), specifically:

> a. The *Daubert* Motion contains references to, and sensitive quotations from: (1) excerpts from a transcript of a confidential deposition of Andrew McClure, and (2) excerpts from the 2015 Settlement Agreement executed by AT&T and Level 3.  *See* ECF Doc. 15-1.  Pursuant to the Protective Order, portions of Mr. McClure's deposition transcript has been designated by Level 3 as "Confidential" and therefore must be filed under restriction.  *See* Protective Order ¶ 18.  And, as set forth in Section 8 of the 2015 Settlement Agreement, the Parties agreed that the terms of the 2015 Settlement Agreement would remain confidential.  The Tenth Circuit has recognized that such agreements may be filed under restriction, *see*

---

[1] The Protective Order requires that "[i]n the event it is necessary for the Parties to file Confidential or Highly Confidential Documents with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2." Protective Order ¶ 18.

*Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 nn.1–2 (10th Cir. 2009), and this Court has previously granted AT&T's motion to restrict similar portions of the Settlement Agreement, *see* ECF Doc. 81.

b. Exhibit 1 is Level 3's Responsive Rule 26(A)(2)(C) Disclosure. Certain information has been designated as "Confidential" due to the sensitive business and proprietary information discussed, including proprietary information about AT&T customers and confidential information regarding practices of a third party.

c. Exhibit 3 is an excerpt of a transcript of a deposition of Andrew McClure dated June 11, 2020. Certain portions of this transcript have been designated as "Confidential," pursuant to the Protective Order due to the sensitive business and proprietary information (including proprietary sensitive information of Level 3's customers), business strategies, and financial information discussed.

d. Exhibit 5 is Level 3's Supplemental Rule 26(A)(2)(C) Disclosure. Portions of this Supplemental Disclosure contains references to, and sensitive quotations from, the 2015 Settlement Agreement executed by AT&T and Level 3. *See* ECF Doc. 15-1. And, as set forth in Section 8 of the 2015 Settlement Agreement, the Parties agreed that the terms of the 2015 Settlement Agreement would remain confidential. The Tenth Circuit has recognized that such agreements may be filed under restriction, *see Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 nn.1–2 (10th Cir. 2009), and this Court has previously granted AT&T's motion to restrict similar portions of the 2015 Settlement Agreement, *see* ECF Doc. 81. Certain information has also

been designated "Confidential" pursuant to the Protective Order due to its sensitive business and proprietary information.

3. If access is not restricted, AT&T will be unable to fulfill both its contractual obligation under the 2015 Settlement Agreement and its obligation under the Protective Order to maintain this material as confidential.

4. As to whether there are less restrictive alternatives to restriction, AT&T is filing concurrently with this motion, on the public docket, the *Daubert* Motion and its supporting material with appropriate redactions. Counsel for AT&T and Level 3 have cooperated to make these redactions.

5. The appropriate level of restriction is Level 1 – i.e., access should be limited to the parties and the Court.

Respectfully submitted this 15th day of June, 2020.

By: /s/ Justin A. Benson

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

5

# CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on June 15, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

6