**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNCATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

**AT&T'S MOTION TO REINSTATE COUNTS II AND III OF ITS COMPLAINT AND
FOR LEAVE TO AMEND/SUPPLEMENT ITS COMPLAINT**

---

Pursuant to Fed. R. Civ. P. 15, 16, and 54(b), Plaintiff/Counterclaim Defendant AT&T Corp. ("AT&T"), by and through undersigned counsel, respectfully moves to reinstate Count II and a portion of Count III of its Complaint, which the Court dismissed without prejudice on September 18, 2018. ECF Doc. 76, at 15–19, 25. The Court found that Count II was not ripe because the Federal Communications Commission ("FCC") had not acted to clarify the meaning of its rules relating to "over-the-top" Voice over Internet Protocol ("VoIP") calls. *Id.* at 18–19.

1

The FCC has now authoritatively construed its rules on a retroactive basis,[1] and Count II is now ripe.

Accordingly, AT&T respectfully asks the Court to reinstate Count II and the portion of Count III previously dismissed. To effectuate the reinstatement, the Court should either (i) grant leave pursuant to Rule 15(a) or (b) for AT&T to amend its Complaint, by re-filing with Count II and Count III exactly as initially pled or (ii) allow AT&T to supplement its Complaint pursuant to Rule 15(d). Alternatively, the Court could reconsider its interlocutory dismissal of Count II and a portion of Count III pursuant to Rule 54(b), thereby reinstating Counts II and III in full.

AT&T's Amended/Supplemental Complaint is attached hereto as Exhibit 1. Pursuant to D. Colo. L. Civ. R. 15.1(b), a copy of the proposed Amended Complaint with marked changes showing the text to be added and removed is attached hereto as Exhibit 2.[2] Counsel for AT&T has conferred with counsel for Defendant/Counterclaimant Level 3 Communications, LLC ("Level 3") regarding this motion in compliance with D. Colo. L. Civ. R. 7.1. Level 3 opposes this motion.

## Background

AT&T alleged in Count II of its Complaint that Level 3 was in violation of the Communications Act and the FCC's rules relating to over-the-top VoIP calls. *See* ECF No. 1 ¶¶ 71–85. On September 18, 2018, this Court dismissed Count II and a portion of Count III of AT&T's Complaint, without prejudice, for lack of subject matter jurisdiction. ECF No. 76 at 25.

---

[1] Order on Remand and Declaratory Ruling, *In the Matter of Connect America Fund*, 34 FCC Rcd 12692, n.59 (Dec. 17, 2019) ("*2019 Declaratory Ruling*"); *id.* ¶¶ 4, 14. The time to appeal the 2019 Declaratory Ruling ended on February 17, 2020, and no party appealed the decision.

[2] AT&T is solely requesting this Court to reinstate Count II and a portion of Count III exactly as it appeared in AT&T's original Complaint. *See* ECF No. 1. For this reason, the only marked changes on Exhibit 2 relate to the case caption, signature block, and date on which the Amended Complaint was filed with this Court. Otherwise, the "Amended" Complaint is identical to AT&T's original Complaint. ECF No. 1.

The Court explained that Count II and part of Count III were "not ripe" for judicial review because "the matter is still open" as to whether billing end-office charges for OTT-VoIP calls "is or is not consistent with" with the FCC rules. *Id.* at 19–20.[3]

The Court declined to dismiss Count I of AT&T's Complaint, a breach of contract claim, or portions of Count III, which requested declaratory relief to the extent that that count related to AT&T's breach of contract claim. *Id.* at 9–15, 19–20. Similar to Count II (albeit on a separate legal ground), Counts I and III turn in significant part on whether certain "access charges," known as "end office" or "local switching" charges, are appropriately billed on over-the-top VoIP calls. Further, Level 3 filed counterclaims against AT&T and an AT&T affiliate ("TCG"), and those counterclaims also raised questions as to whether these charges were properly billed on over-the-top VoIP calls. Notably, Level 3's counterclaims also alleged, in the alternative, that "in the event that the FCC ultimately determines that the FCC's rules on VoIP calls do not permit a LEC to assess end-office switching access charges on over-the-top VoIP calls, then AT&T's and TCG's assessment of such charges to Level 3 *violate these FCC rules*." ECF No. 124, ¶ 99 (Oct. 7, 2019) (emphasis added). Because of these allegations that remained in the case (and Level 3's counterclaims), the parties engaged in full discovery on the issue of whether the end office charges are appropriately billed under the parties' agreement and under the FCC's rules. *See* Fed. R. Civ. P. 15(b) (amendments permitted when issues are litigated by the parties).

---

[3] The Court noted that the claim was not "*un*fit for judicial resolution, but, when considered in light of the uncertain application of the 2011 FCC rules, this Court finds that the statutory claim is not fit enough." ECF No. 76 at 19. Given that the FCC has now ruled on the issue, the claim is now ripe for review.

3

Last December, the FCC issued the *2019 Declaratory Ruling*, and in doing so, the FCC has now "determine[d] what is consistent with its own rules" for VoIP telephone calls. *See id.* at 18; *2019 Declaratory Ruling*, ¶¶ 4, 14. That is, in December 2019, the FCC unequivocally held that end-office access charges are not appropriate on OTT-VoIP calls because "over-the-top VoIP[] partnerships do not perform the functional equivalent of end office switched access." *Id.* n.59. Based on the *2019 Declaratory Ruling*, Count II is now unquestionably ripe because it "does not involve uncertain or contingent events that may not occur" and "the challenged action is a direct and immediate dilemma for the parties." *See Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1275 (10th Cir. 2012). For this reason, AT&T respectfully requests this Court reinstate Count II and the portion of Count III previously dismissed of AT&T's Complaint.

The Court should reinstate Count II and III either by allowing AT&T to amend under Rule 15(a), 15(b), or 15(d). Alternatively, the Court could reconsider its prior Order in part and reinstate Counts II and III in full.

### I. Justice Requires This Court Grant Leave To Amend/Supplement

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the Court's leave, and instructs that the Court "should freely give leave when justice so requires." Courts should grant motions to amend unless there is a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).[4]

---

[4] A party seeking leave to amend must also show good cause for seeking modification under Fed. R. Civ. P. 16(b)(4). *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed."

4

Federal Rule of Civil Procedure 15(b)(2) provides that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2).

Federal Rule of Civil Procedure 15(d) allows a party to "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A party may do so "even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).[5] Motions to supplement "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). Courts generally apply the same standard for deciding motions under Rule 15(d) as they do for Rule 15(a). *See e.g.*, *Klaassen v. Univ. of Kansas Sch. of Med.*, No. 13-CV-2561-DDC-KGS, 2016 WL 7117183, at *5 (D. Kan. Dec. 7, 2016).

Under any of these rules, this Court should allow AT&T to reinstate Count II and the portion of Count III that was dismissed. There has been no undue delay in bringing this motion and courts routinely grant motions to amend at all stages of a litigation, including at summary

---

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). AT&T has good cause for seeking a modification of the operative Scheduling Order, *see* ECF No. 55 at 10 (setting deadline for amending pleadings for October 1, 2018), because the "underlying law" has changed. *See 2019 Declaratory Order*.

[5] Courts have read Rule 15(d) to "include defects in subject matter jurisdiction among the deficiencies that may be corrected through a supplemental pleading." *U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 5 (1st Cir. 2015); *see also Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044–45 (9th Cir. 2015); *Franks v. Ross*, 313 F.3d 184, 198 (4th Cir. 2002); *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 290 (8th Cir. 1988).

judgment and trial. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1488 (3d ed.) ("[C]ourts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation" including "summary judgment" and "trial."); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (allowing motion to amend three weeks before start of trial). Allowing AT&T to reinstate Count II and a portion of Count III would not cause any prejudice to Level 3 because the parties have continued to litigate the underlying legal issues (namely the interpretation and applicability of the FCC rules) throughout this case. For example, the interpretation of the FCC rules is both a key part of (1) Level 3's own Counterclaims, *see* ECF No. 124, *Amended Counterclaims Of Defendant Level 3 Communications,* Count VI ("An actual and substantial controversy exists between the parties as to whether AT&T and TCG is entitled under the FCC's rules and federal law to assess switched access charges at the tariffed rates on over-the-top VoIP calls"), and (2) one of AT&T defenses to those counterclaims. *See* ECF No. 128, *Amended Answer And Defenses Of Plaintiff/Counter Defendant AT&T Corp.* ("Level 3's claims are barred by…the binding rules of the FCC, the D.C. Circuit's order, and Level 3's tariffs.")). And by reconsidering its dismissal and reinstating Count II and a portion of Count III, the Court would be able to resolve all of the claims and issues in dispute between the parties, thereby conserving the Court's time and resources. *See Minter*, 451 F.3d at 1204 ("The purpose of [Rule 15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." (internal quotation marks omitted)). Finally, AT&T has not brought this motion to amend/supplement its Complaint in bad faith, and such amendment is not futile because Count II and Count III are now unquestionably ripe. Furthermore, AT&T has not previously sought to amend its Complaint.

As such, this Court should grant AT&T's motion to amend, or in the alternative, its motion to supplement its Complaint and reinstate Count II and the portion of Count III that was previously dismissed.

## II. In The Alternative, This Court Should Reconsider Its September 18, 2018 Ruling Granting Level 3's Motion to Dismiss Count II and a Portion of Count III of AT&T's Complaint

Federal Rule of Civil Procedure 54(b) allows for a Court to revise any order that "adjudicates fewer than all the claims…at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Tenth Circuit has held that "district courts generally remain free to reconsider their earlier interlocutory orders," *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007), and that the "law of the case doctrine has no bearing on the revisiting of interlocutory orders," *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011).

As discussed above, Count II and a portion of Count III of AT&T's Complaint, which were previously dismissed on ripeness grounds, *see* ECF No. 76 at 19–20, is now ripe for this Court's review.[6] As such, this Court could also reconsider its September 18, 2018 Opinion and Order and deny Level 3's Motion to Dismiss in regards to Count II and a portion of Count III of AT&T's Complaint. Not only are those claims ripe for review and adjudication, but there would be no undue prejudice or burden to Level 3 as the parties have continued to litigate the underlying legal issues of Count II and Count III (namely the FCC rules) throughout the case. *See supra* Part II.

---

[6] In other words, the FCC has now made a "determination that end-office switching charges are prohibited for OTT VoIP calls." ECF No. 76 at 15; *see 2019 Declaratory Ruling* ¶ 4.

7

### III.   Conclusion

For the reasons stated above, the Court should grant AT&T's motion to amend/supplement and reinstate Count II and the portion of Count III previously dismissed. In the alternative, the Court should reconsider its September 18, 2018 Opinion and Order (ECF No. 76) and deny Level 3's Motion to Dismiss Count II and Count III (to the extent dismissed) of AT&T's Complaint. Respectfully submitted this 29th day of June, 2020.

By: /s/ Justin A. Benson

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

## CERTIFICATE OF SERVICE

      I, Justin A. Benson, hereby certify that on June 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

                                                /s/ Justin A. Benson
                                                Justin A. Benson
                                                SIDLEY AUSTIN LLP
                                                1501 K ST NW
                                                Washington, DC 20005
                                                Telephone: (202) 736-8000
                                                E-mail: jbenson@sidley.com

                                                *Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

9