**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNCATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

**AT&T & TCG'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO ITS MOTION FOR SUMMARY JUDGMENT, SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS, AND EXHIBITS IN SUPPORT**

---

Plaintiff/Counterclaim Defendant AT&T Corp. and Counterclaim Defendant Teleport Communications Group (collectively, "AT&T"), by and through undersigned counsel, respectively moves this Court for an Order restricting public access to all or portions of its motion for Summary Judgment, Separate Statement of Undisputed Material Facts ("Statement of Facts"), and exhibits in support in order to maintain the confidentiality of information contained therein.

1

Counsel for AT&T has conferred with counsel for Level 3 Communications, LLC ("Level 3") regarding this motion in compliance with D. Colo. L. Civ. R. 7.1 and is authorized to state that Level 3 does not oppose this Motion. In support of its Motion, and in compliance with D. Colo. L. Civ. R. 7.2, AT&T states as follows:

1. AT&T seeks to place all or portions of its motion for Summary Judgment, Statement of Facts, and exhibits in support under restriction.

2. Public access to all or portions of these documents should be restricted because they discuss sensitive material to which AT&T is obligated to maintain as confidential pursuant to the Stipulated Protective Order Governing Confidential Information, ECF No. 62, ¶ 18[1] ("Protective Order"), the terms of a 2015 confidential settlement agreement between the parties ("2015 Settlement Agreement"), the terms of a 2019 confidential settlement agreement between the parties ("2019 Settlement Agreement"), and this Court's prior Order, specifically:

    a. The Summary Judgment motion contains references to (1) excerpts from a transcript of a confidential deposition of Andrew McClure, and (2) excerpts from the 2015 Settlement Agreement executed by AT&T and Level 3. *See* ECF No. 15-1. Pursuant to the Protective Order, portions of Mr. McClure's deposition transcript (*see* Exhibit 5) has been designated by Level 3 as "Confidential" and therefore must be filed under restriction. *See* Protective Order ¶ 18. And, as set forth in Section 8 of the 2015 Settlement Agreement, the Parties agreed that the terms of the 2015 Settlement Agreement would remain confidential. The Tenth Circuit has

---

[1] The Protective Order requires that "[i]n the event it is necessary for the Parties to file Confidential or Highly Confidential Documents with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2." Protective Order ¶ 18.

2

recognized that such agreements may be filed under restriction, *see Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 nn.1–2 (10th Cir. 2009), and this Court has previously granted AT&T's motion to restrict similar portions of the 2015 Settlement Agreement, *see* ECF No. 81.

b. AT&T's Statement of Facts contains references to (1) excerpts from a transcript of a confidential deposition of Andrew McClure, and (2) excerpts from the 2015 Settlement Agreement executed by AT&T and Level 3. *See* ECF No. 15-1. Pursuant to the Protective Order, portions of Mr. McClure's deposition transcript (*see* Exhibit 5) has been designated by Level 3 as "Confidential" and therefore must be filed under restriction. *See* Protective Order ¶ 18. And, as set forth in Section 8 of the 2015 Settlement Agreement, the Parties agreed that the terms of the 2015 Settlement Agreement would remain confidential. The Tenth Circuit has recognized that such agreements may be filed under restriction, *see Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 nn.1–2 (10th Cir. 2009), and this Court has previously granted AT&T's motion to restrict similar portions of the 2015 Settlement Agreement, *see* ECF No. 81.

c. Exhibit 4 is a 2015 Settlement Agreement between the parties that has been maintained under Restriction Level One by this Court. *See* ECF Nos. 15-1, 24.

d. Exhibit 5 is an excerpt from a transcript of a deposition of Andrew McClure dated November 18, 2020. Certain portions of this transcript have been designated as "Confidential," pursuant to the Protective Order due to the sensitive business and proprietary information discussed.

e.  Exhibit 6 is an excerpt from the 2019 Settlement Agreement between the parties. As set forth in Section 8 of the 2019 Settlement Agreement, the Parties agreed that the terms of the 2019 Settlement Agreement would remain confidential.  The Tenth Circuit has recognized that such agreements may be filed under restriction, *see Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 nn.1–2 (10th Cir. 2009), and this Court has previously restricted the parties' 2015 Settlement Agreement, *see* ECF Nos. 15-1, 24.

f.  Exhibit 7 is a Settlement Proposal that has been maintained under Restriction Level One by this Court.  *See* ECF Nos. 15-1, 24.

g.  Exhibit 9 is an excerpt from a transcript of a deposition of Andrew McClure dated June 11, 2020.  Certain portions of this transcript have been designated as "Confidential," pursuant to the Protective Order due to the sensitive business and proprietary information, including proprietary sensitive information of Level 3's customers, discussed.

3.  If access is not restricted, AT&T will be unable to fulfill both its contractual obligation under the 2015 Settlement Agreement and 2019 Settlement Agreement, its obligation under the Protective Order to maintain this material as confidential, and the Court's previous Order (ECF No. 24) marking these documents as restricted.

4.  As to whether there are less restrictive alternatives to restriction, AT&T is filing concurrently with this motion, on the public docket, the Summary Judgment Motion, the Statement of Facts, and exhibits in support with appropriate redactions where possible.  Certain documents (exhibits 4, 6, and 7) are being redacted in full pursuant to either this Court's prior Order (ECF

4

No. 24) or the terms of the document. Counsel for AT&T and Level 3 have cooperated to make these redactions.

   5.  The appropriate level of restriction is Level One – i.e., access should be limited to the parties and the Court.

Respectfully submitted this 29th day of June, 2020.

                  By: <u>/s/ Justin A. Benson</u>

                  Rebecca B. DeCook
                  Andrew T. Flynn
                  Moye White LLP
                  1400 16th Street, 6th Floor
                  Denver, CO 80202-1027
                  becky.decook@moyewhite.com
                  andrew.flynn@moyewhite.com

                  Michael J. Hunseder
                  Michael D. Warden
                  Justin A. Benson
                  Joshua W. Moore
                  SIDLEY AUSTIN LLP
                  1501 K ST NW
                  Washington, DC 20005
                  Telephone: (202) 736-8000
                  mhunseder@sidley.com
                  mwarden@sidley.com
                  jbenson@sidley.com
                  joshua.moore@sidley.com

                  *Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

## CERTIFICATE OF SERVICE

  I, Justin A. Benson, hereby certify that on June 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*