# Exhibit 1

Confidential - Attorneys' Eyes Only

Page 1

```
 1              UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLORADO
 2

    _____
 3                                )
    AT&T CORP.,                   )
 4                                )
    Plaintiff,                    )
 5                                )
    vs.                           )  Case No.
 6                                )  18-cv-00112-RM
    LEVEL 3 COMMUNICATIONS,       )
 7  LLC,                          )
                                  )
 8  Defendant.                    )
    _____)
 9
10
11
              ** CONFIDENTIAL - ATTORNEYS' EYES ONLY **
12
13
14
15      30(b)(6) DEPOSITION OF LEVEL 3 COMMUNICATIONS
16           THROUGH ITS DESIGNATED REPRESENTATIVE
17                      ANDREW McCLURE
18                     Denver, Colorado
19                     August 29, 2019
20
21
22
23  Reported by:
24  MELANIE L. GIAMARCO, RMR, CRR, RPR, CSR
25  JOB NO.:  166466
```

Confidential - Attorneys' Eyes Only

Page 2

1        A. McClure

2        August 29, 2019

3         9:05 a.m.

4

5        30(b)(6) DEPOSITION OF LEVEL 3

6    COMMUNICATIONS THROUGH ITS DESIGNATED

7    REPRESENTATIVE ANDREW McCLURE, taken by the

8    Plaintiff, held at the law offices of Moye White,

9    1400 Sixteenth Street, 16 Market Square, Denver,

10   Colorado, before Melanie L. Giamarco, a Registered

11   Professional Reporter, Registered Merit Reporter,

12   Certified Realtime Reporter and Notary Public of

13   the State of Colorado.

14

15

16

17

18

19

20

21

22

23

24

25

Confidential - Attorneys' Eyes Only

Page 3

1              A. McClure
2        APPEARANCES:
3        SIDLEY AUSTIN
         Attorneys for Plaintiff:
4             1501 K Street, N.W.
              Washington, D.C.  20005
5        BY:   MICHAEL WARDEN, ESQ.
               JUSTIN BENSON, ESQ.
6

         ARMSTRONG TEASDALE
7        Attorneys for Defendant:
              4643 South Ulster Street
8             Denver, Colorado  80202
         BY:   CHARLES STEESE, ESQ.
9              DOUGLAS MARSH, ESQ.
10

11       ALSO PRESENT:
12            Carmel Gill, CenturyLink
              Kim Meola, AT&T
13            Letty S. Friesen, AT&T
14
15
16
17
18
19
20
21
22
23
24
25

Confidential - Attorneys' Eyes Only

Page 53

1                     A. McClure

2       right?

3            A.   Correct.

4            Q.   And however you can best answer this

5       question, are there other differences between these

6       two spreadsheets, 29A and 30A?  I think, in 30A,

7       you indicated that it includes data from July of

8       2017.  Also, the column that had the N is not

9       populated in 30A.

10           But are there other differences?

11           A.   Yes.

12           Q.   And what are they?

13           A.   I believe that the percent Level 3-owned

14      TNs was adjusted.

15           Q.   So that's column F in 30A, is that

16      right, on tab "ATT EO OTT Usage"?

17           A.   Correct.

18           Q.   And so when you say that the percent

19      Level 3 TNs was adjusted, what do you mean by that?

20           A.   The original data that I had been given

21      for that, that tab, when I was performing the

22      analysis, I was ending up with more end-office

23      minutes than we actually invoiced by a good margin.

24           In the industry, what has happened on our

25      side is as our co-providers have matured, they've

Confidential - Attorneys' Eyes Only

Page 54

1                    A. McClure
2     started owning more and more percentage of their
3     TNs.  So it's ending up in they own less of the
4     TNs -- or we own less of the TNs.
5           Q.  And, I'm sorry, I know you said this
6     earlier.
7           Where did you get the percent Level 3 TN
8     percentages that were used to populate these
9     spreadsheets?
10          A.  From Ed Stocker in product.
11          Q.  So those percentages were off as they
12    were originally provided to you; is that correct?
13          A.  They were accurate at one point in time.
14    Does that make sense?
15          Q.  Yeah.  Let me see if I understand it.
16          So you got the data from Ed Stocker's group,
17    right?  The percentages?
18          A.  Yes.
19          Q.  You believed that they were accurate?
20          A.  Yes.
21          Q.  You ran a -- your spreadsheet showed
22    that there were more end-office minutes than
23    Level 3 had actually billed to AT&T; is that right?
24          A.  Correct, using the factors.
25          Q.  The factors being the phone number

Confidential - Attorneys' Eyes Only

Page 65

1              A. McClure

2         A.  I wouldn't necessarily know about it.  I
3    mean -- so that's a broad definition.
4         Q.  No, but I mean, such a thing exists,
5    right?
6         A.  Give me an example.
7         Q.  Sure.
8         A.  Do you have an example?
9         Q.  Sure.  Well, are you aware of whether it
10   exists at all?
11        A.  I'm aware of --
12        Q.  Is it your testimony that all
13   over-the-top VoIP must be mobile or nomadic?
14        A.  No.  If it's a third-party connection to
15   the Internet that's connecting you back to the
16   application server, that would be considered over
17   the top.
18        Q.  And did you make any inquiries to
19   determine whether the Level 3 -- the customers of
20   Level 3's customers used a third-party provider for
21   their broadband connection?
22        A.  I asked if that was a potential
23   solution, and they said yes.  And that's always the
24   case.
25        Q.  And did you include that in the

Confidential - Attorneys' Eyes Only

Page 175

1        REPORTER'S CERTIFICATE

2    STATE OF COLORADO         )

3                              ) ss.

4    COUNTY OF DENVER          )

5         I, MELANIE L. GIAMARCO, do hereby certify
6    that I am a Registered Professional Reporter and
7    Notary Public within the State of Colorado; that
8    previous to the commencement of the examination,
9    the deponent was duly sworn by me.
10        I further certify that this deposition was
11   taken in machine shorthand by me at the time and
12   place herein set forth, that it was thereafter
13   reduced to typewritten form, and that the foregoing
14   constitutes a true and correct transcript of the
15   proceedings had.
16        I further certify that I am not employed by,
17   related to, nor of counsel for any of the parties
18   herein, nor otherwise interested in the result of
19   the within litigation.
20        In witness whereof, I have affixed my
21   signature this 10th day of September, 2019.

22

23   _____
         Melanie L. Giamarco, CSR RPR CRR

24

     My commission expires:  August 21, 2021.
25   Notary ID:  20014025991