Exhibit 2

CONFIDENTIAL

Page 1

1          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLORADO
2          CIVIL ACTION NO. 18-cv-00112-RM-MEH

3

   AT&T CORPORATION,                    :

4                                        :

                        Plaintiff,       :

5                                        :

              vs.                        :

6                                        :

   LEVEL 3 COMMUNICATIONS, LLC,   :

7                                        :

                        Defendant.       :

8

9

10              Deposition of ARDELL BURGESS

11   taken in the above-entitled matter before

12   Suzanne J. Stotz, a Certified Court Reporter

13   (License No. 30XI00184500) and Notary Public of

14   the State of New Jersey, taken at the offices

15   of AT&T, One AT&T Way, Bedminster, New Jersey

16   07921, on Friday, February 8, 2019, commencing

17   at 9:01 a.m.

18

19

20

21   Job No. CS3213055

22

23

24

25

CONFIDENTIAL

Page 2

1    A P P E A R A N C E S:

2

3        SIDLEY AUSTIN, LLP
         BY:  MICHAEL J. HUNSEDER, ESQ., and
4             JOSH MOORE, ESQ.
         1501 K Street, N.W.
5        Washington, D.C. 20005
         (202) 736-8236
6        (202) 737-8432
         mhunseder@sidley.com
7        joshua.moore@sidley.com
         Attorneys for the Plaintiff

8

9

         ARMSTRONG TEASDALE, LLP
10       BY:  CHARLES W. STEESE, ESQ.
         4643 South Ulster Street, Suite 800
11       Denver, Colorado 80237
         (720) 200-0676
12       csteese@armstrongteasdale.com
         Attorneys for the Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFIDENTIAL

Page 133

1   dispute position related to OTT.  And in the

2   midst of, basically, trying to negotiate and

3   value, if you will, some type of settlement on

4   a, I think as I recall, on a past and -- you

5   know, from the settlement date forward.

6               So we were doing a number of

7   sensitivities around, okay, or around the

8   notion that can we settle this issue, what

9   would be the valuation.  There was a series of

10  disputes between our two firms, between AT&T

11  and Level 3, that were being looked at --

12       Q.     Together?

13       A.     -- en suite, yeah, together and

14  seeking to try and move to a position where the

15  dispute could be, you know, resolved based upon

16  different, you know, financial triggers.

17       Q.     I'm only focused on OTT.

18       A.     Okay.

19       Q.     I'm not focused on the other

20  disputes that Level 3 and AT&T may have.

21               So, again, your role in the OTT

22  portion is?

23       A.     Was on -- maintaining the ongoing

24  dispute position and withholding action

25  relative to the 65-percent position and doing

CONFIDENTIAL

Page 134

1   some analytics around the billing associated

2   with that position.

3        Q.     So after the D.C. Circuit opinion

4   issued, at some point in time has AT&T started

5   to withhold monies again from Level 3?

6        A.     To the best of my recollection,

7   yes.

8        Q.     Is it based upon the 65 percent?

9        A.     Yes.

10        Q.     And is it still based upon the

11   65 percent?

12        A.     Yes.

13        Q.     So when you say "maintaining the

14   position," you mean maintaining the position

15   that 65 percent of Level 3's end-office

16   switching charges are associated with OTT?

17        A.     Until -- yes.  Until data is

18   provided that suggests it's something other

19   than that.

20        Q.     That suggests it or proves it in

21   your mind?

22        A.     Ideally proves it in my mind.

23        Q.     Let's look at Exhibit Number 27.

24

25

```
 1              C E R T I F I C A T E
 .                                          Page 268
 2

 3

 4              I, SUZANNE J. STOTZ, a Certified

 5      Court Reporter, Certified Realtime Reporter,

 6      Registered Professional Reporter, and Notary

 7      Public in and for the State of New Jersey, do

 8      hereby certify that the foregoing is a true and

 9      accurate transcript of the stenographic

10      above-captioned matter.

11

12

13              _____, CCR, RPR, CRR

14              SUZANNE J. STOTZ, CCR, RPR, CRR

15              LICENSE NO. 30XI00184500

16

17

18      DATED:  DATE, 2019

19

20

21      NOTE:   THE CERTIFICATE APPENDED TO THIS

22      TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION

23      OF THE SAME BY ANY MEANS, UNLESS UNDER THE

24      DIRECT CONTROL AND/OR DIRECTION OF THE

25      CERTIFYING COURT REPORTER.
```