Exhibit 5

CONFIDENTIAL

Page 1

```
 1          UNITED STATES DISTRICT COURT
                DISTRICT OF COLORADO
 2
    AT&T CORP.,                     )
 3                                  )
         Plaintiff/                 )   CASE NO.
 4    Counterclaim Defendant,       )   18-cv-00112-RM
                                    )
 5    v.                            )
                                    )
 6    LEVEL 3 COMMUNICATIONS,       )
      LLC,                          )
 7                                  )
         Defendant/                 )
 8    Counterclaimant,              )
                                    )
 9    And                           )
                                    )
10    BROADWING                     )
      COMMUNICATIONS, LLC,          )
11    GLOBAL CROSSING               )
      TELECOMMUNICATIONS,           )
12    INC., and WILTEL              )
      COMMUNICATIONS, LLC,          )
13                                  )
         Counterclaimants,          )
14                                  )
      v.                            )
15                                  )
      TELEPORT COMMUNICATIONS       )
16    GROUP, INC.,                  )
                                    )
17       Counterclaim               )
      Defendant.                    )
18   _____        )
19           * * CONFIDENTIAL * *
20        3(B)(6) DEPOSITION OF LEVEL 3
21   COMMUNICATIONS, BY AND THROUGH ANDREW MCCLURE
22              Denver, Colorado
23           Monday, November 18, 2019
24   Reported by: DEBRA A. DIBBLE, RDR, CRR, CRC
25   JOB NO. 171980
```

CONFIDENTIAL

Page 2

```
 1
 2
 3
 4                  November 18, 2019
 5                     2:36 p.m.
 6
 7           30(B)(6) deposition of Level 3
 8   Communications, by and through their
 9   representative ANDREW McCLURE, held at the
10   offices of Moye White, 1400 16th Street,
11   Denver, Colorado, pursuant to the Colorado
12   Rules of Civil Procedure before Debra A.
13   Dibble, Registered Diplomate Reporter,
14   Certified Realtime Reporter and Certified
15   Realtime Captioner.
16
17
18
19
20
21
22
23
24
25
```

Page 3

1      A P P E A R A N C E S:
2
3  ON BEHALF OF PLAINTIFF:
4       JUSTIN BENSON, ESQUIRE
5       MICHAEL HUNSEDER, ESQUIRE
6       SIDLEY AUSTIN
7       1501 K Street, N.W.
8       Washington, DC 20005
9
10 ON BEHALF OF DEFENDANT LEVEL 3
11 COMMUNICATIONS, LLC:
12      CHARLES STEESE, ESQUIRE
13      ARMSTRONG TEASDALE
14      4643 South Ulster Street
15      Denver, Colorado 80237
16
17 ALSO PRESENT:
18    Kim Meola
      Level 3 representative
19
20    Carmel Gill
      Associate General Counsel
21
22
23
24
25

CONFIDENTIAL

Page 91

1         A. McClure
2  here today as to whether that product
3  involves over-the-top calling or not?
4       A.    I do not.
5       Q.    Okay.  So, and again, I'm not
6  going to go into detail on how you came up
7  with this figure, but I believe in your prior
8  testimony your analysis indicated that on the
9  Level 3 billings to AT&T, that approximately
10 ▮ of the originating traffic was
11 over-the-top; is that fair?
12      A.    Yes.
13      Q.    Okay.  As you sit here today,
14 do you have a sense of whether the AT&T TCG
15 billings to Level 3 or it's affiliates is
16 greater or less than that figure?  That ▮
17 figure?
18      A.    I don't have -- I don't have
19 the knowledge of what the volumes are, so I
20 don't know what AT&T's percentage would be.
21 I wouldn't -- I wouldn't guess to what it
22 would be, but I would imagine that if I were
23 to look at, you know, similar enterprise
24 classes, that it would be probably similar.
25      Q.    And so when you say "similar

CONFIDENTIAL

Page 110

```
 1
 2              C E R T I F I C A T E
 3
 4         I, DEBRA A. DIBBLE, RDR, CRR, CRC,
 5  do hereby certify:
 6         That ANDREW McCLURE, the witness
 7  whose deposition is hereinbefore set forth,
 8  was duly sworn by me and that such deposition
 9  is a true record of the testimony given by
10  such witness;
11         That pursuant to FRCP Rule 30,
12  signature of the witness was not requested by
13  the witness or other party before the
14  conclusion of the deposition;
15         I further certify that I am not
16  related to any of the parties to this action
17  by blood or marriage; and that I am in no way
18  interested in the outcome of this matter.
19  IN WITNESS WHEREOF, I have hereunto set my
20  hand this 12-2-2019.
21
22
23  _____
24      DEBRA A. DIBBLE, RDR, CRR, CR
25
```