# EXHIBIT 15

| Message | |
|---|---|
| From: | Riederer, Mike [/O=LEVEL3/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=RIEDERER, MIKE2BB] |
| Sent: | 5/11/2015 3:59:29 PM |
| To: | 'km1274@att.com' [km1274@att.com]; George Sloan [george.sloan@att.com] |
| CC: | Andrews, Shaun [/O=LEVEL3/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Andrews, Shaun9b4]; Price, Ted [/O=LEVEL3/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Price, Ted127]; Torres, Jennifer [/O=LEVEL3/OU=DENVER/cn=Recipients/cn=olinger.jennifer] |
| Subject: | AT&T/Level Settlement agreement |
| Attachments: | ATT-Level 3 Settlement Agreement (Level 3 draft 5-11-15)[5].docx |

Kim/George

Here is the document our attorneys crafted for the OTT/Tandem settlement. It is based on previous forms we received from AT&T in other settlements.

Please forward to your people for review. I have copied Ted Price, our counsel who worked on the document, and can work directly with your team on questions or comments.

Look forward to finalizing this agreement and the usage details we discussed this morning.

Thanks
Mike

EXHIBIT
AT+T 22
2-7-19

Case No. 1:18-cv-00112-RM-MEH   Document 152-16   filed 06/29/20   USDC Colorado   pg 3 of 11

Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules
SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made and entered into by and between Level 3 Communications, LLC, on behalf of itself and as agent for its affiliates, subsidiaries, and other related entities, whether currently or previously existing, that was or is the real party-in-interest to any of the Disputes (as defined below) (collectively, "Level 3"), and AT&T Corp., on behalf of itself and as agent for its affiliates, subsidiaries, and other related entities, whether currently or previously existing, that was or is the real party-in-interest to any of the Disputes (collectively, "AT&T"). (Each of Level 3 and AT&T, a "Party," and collectively, the "Parties.") This Agreement is effective as of the date it is executed by the last of the Parties to sign (the "Effective Date").

WHEREAS, AT&T and Level 3 are providers of telecommunications services, including but not limited to switched local exchange access services;

WHEREAS, in the course of Level 3's provision of switched access services by to AT&T, AT&T has disputed and not paid certain Level 3 end office switching charges, as set forth in more detail in Exhibit A, on traffic originating from and/or terminating to end-user customers served by providers of over-the-top voice over Internet protocol ("OTT") services (the "OTT Dispute");

WHEREAS, the question of the applicability of end office switching charges on OTT traffic was addressed by the Federal Communications Commission in a Declaratory Ruling released on February 11, 2015, *see Connect America Fund*, WC Docket No. 10-90, *et al.*, Declaratory Ruling, FCC 15-14 (released Feb. 11, 2015), and AT&T has appealed such FCC decision (the "OTT Appeal");

WHEREAS, in the course of Level 3's provision of switched access services to AT&T, AT&T has also disputed and not paid certain charges Level 3 has assessed AT&T for tandem facilities, as set forth in more detail in Exhibit A (the "Tandem Dispute" and, together with the OTT Dispute, the "Disputes");

WHEREAS, to compromise and to settle the Disputes amicably, and to avoid further uncertainty, expense and delay, the Parties have agreed to the terms and conditions of this Agreement.

NOW THEREFORE, in consideration of foregoing, the mutual promises contained herein, and for other good valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each Party to the other, the Parties each intending to be legally bound hereby, covenant and agree as follows:

**1.      Settlement and Adjustments**

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

**Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules**
**SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION**

(a) OTT Dispute

(i) In settlement of the OTT Dispute: (A) within five (5) days of the Effective Date, AT&T shall pay Level 3 $_____, which is seventy-five percent (75%) of the usage and late payment charges billed by Level 3 for the traffic that is the subject of the OTT Dispute through April 2015; and (B) no later than June 30, 2015, seventy-five percent (75%) of the amount Level 3 invoices AT&T in June 2015 for switched access usage charges for OTT traffic for the month of May 2015. Following receipt of such payments, Level 3 shall issue credits to the relevant billing account numbers ("BANs") as set forth in Exhibit A.

(ii) AT&T shall pay full switched access charges to Level 3 for OTT traffic from June 1, 2015 onward.

(iii) Beginning June 1, 2015, Level 3 shall not bill AT&T for any end office switched access charge elements for domestic U.S. originated OTT 8YY traffic that (A) does not terminate to a Level 3–owned telephone number or (B) does not contain a called party number that is not served by a Level 3 end office. For avoidance of doubt, the Parties agree that Level 3 will continue to bill AT&T full switched access charges on traffic that originates with or terminates to Level 3 owned telephone numbers.

(iv) For any OTT usage prior to June 2015, this settlement is a full and final settlement of all disputes and balances regardless of whether AT&T wins or loses its OTT Appeal. If AT&T wins its OTT Appeal and the applicable order on appeal becomes final and is no longer subject to further appeal or other judicial review, Level 3 will refund fifty percent (50%) of the disputed OTT charges beginning with June 2015 usage through the date on which such order becomes final and is no longer subject to further appeal or other judicial review.

(b) Tandem Dispute

(i) In settlement of the Tandem Dispute, within five (5) days of the Effective Date AT&T shall pay Level 3 $_____, which is ▓▓▓▓▓▓▓▓ ▓▓▓▓ of the Level 3 facility, port and late payment charges associated with the facilities and services that are the subject of the Tandem Dispute through the end of May 2015. Following receipt of such payment, Level 3 shall issue credits to the relevant BANs as set forth in Exhibit A.

(ii) For a period of three (3) years following the Effective Date, AT&T shall pay Level 3 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ of Level 3's tariffed rate for facility and

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

-2-

CONFIDENTIAL                                                                                                                CTL_0012908

Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules
SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION

port charges for existing circuits connecting to Level 3 tandems beginning in June 2015, with such rate increasing to ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ of Level 3's tariffed rate three (3) years after the Effective Date; and (B) purchase from Level 3, pursuant to a separate agreement to be executed by the Parties within thirty (30) days of the Effective Date, a minimum of five hundred (500) new DS3 circuits, for a term of at least three (3) years from the Effective Date, for connectivity between AT&T points of presence and incumbent local exchange carrier local serving offices or customer premises. AT&T agrees that it is at all times responsible for submitting access service requests to Level 3 for all circuits, including both DS1 and DS3 circuits, that AT&T wishes to order from Level 3 pursuant to the procedures contained in Level 3's switched access tariffs.

2. **Mutual Releases**

(a) Upon the Effective Date, Level 3, on behalf of itself and its agents, subsidiaries, predecessors, affiliates, parent corporations, if any, partners, joint venturers, successors and assigns (the "Level 3 Releasors"), discharges and releases AT&T and its past and present employees, agents, shareholders, officers, directors (in their individual and representative capacities), subsidiaries, predecessors, affiliates, parent corporations, if any, joint venturers, successors and assigns (the "AT&T Releasees"), from any and all rights, claims, damages, actions or liabilities, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable, which the Level 3 Releasors now have or ever had against the AT&T Releasees arising out of or related to the Disputes.

(b) Upon the Effective Date, AT&T, on behalf of itself and its agents, subsidiaries, predecessors, affiliates, parent corporations, if any, partners, joint venturers, successors and assigns (the "AT&T Releasors"), discharges and releases Level 3 and its past and present employees, agents, shareholders, officers, directors (in their individual and representative capacities), subsidiaries, predecessors, affiliates, parent corporations, if any, joint venturers, successors and assigns (the "Level 3 Releasees"), from any and all rights, claims, damages, actions or liabilities, at law or in equity, known or unknown, matured or unmatured, foreseeable or unforeseeable, which the AT&T Releasors now have or ever had against the Level 3 Releasees arising out of or related to the Disputes.

(c) Nothing in Section 2(a) or 2(b) affects the enforceability of this Agreement by either party against the other party.

(d) This Agreement shall constitute and is a general release for the Disputes as defined herein. The Parties each represent and warrant to the other that they have not heretofore assigned or transferred, or purported to assign or transfer, any claim, demand, debt, liability or cause of action herein released. Notwithstanding

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

-3-

CONFIDENTIAL

CTL_0012909

Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules
SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION

anything contained in this Agreement to the contrary, the Parties acknowledge and agree, and it is the intent of the Parties that the only matters being resolved by this Agreement are the items explicitly defined as the Disputes herein and that no other claims are encompassed within the release granted in this Agreement.

(e) <u>Waiver of California Civil Code §1542 or any similarly worded statute in another state</u>. With respect to the Releases, each Party further agrees that if, subsequent to the execution of the Releases, the other Party incurs or suffers loss, damage, or injuries that are in any way related to any charges and/or billing of any of the Disputes, but that are unknown and unanticipated at the time this Agreement is signed, the following applies:

(i) Each Party assumes the above-mentioned risks and understands that the Releases **SHALL APPLY TO ALL UNKNOWN CLAIMS RELATED TO THE DISPUTES OR UNANTICIPATED RESULTS OF THE TRANSACTIONS AND OCURRENCES DESCRIBED ABOVE, AS WELL AS THOSE KNOWN AND ANTICIPATED**, and upon advice of counsel, each Party hereby waives any and all rights under California Civil Code §1542, which section has been duly explained and reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor" or any similarly worded statute in another state.

(ii) Each Party represents that it has obtained the advice of legal counsel prior to signing this Agreement, and that each executes this Agreement voluntarily, with full knowledge of its significance, and with the express intention of effecting the legal consequences provided by California Civil Code §1541 or any similarly worded statute in another state, *i.e.*, "the extinguishments of all obligations" arising directly out of or relating to the Disputes.

### 3. Entire Agreement Regarding the Disputes

This Agreement is the entire and complete agreement of the Parties regarding the subject matter hereof. No statements, promises or representations have been made by any Party to any Party, or are relied upon, and no consideration has been or is offered, promised, expected or held out, other than as stated in this Agreement. There are no oral or written collateral agreements. All prior discussions and negotiations regarding the Disputes have been, and are, merged and integrated into, and are superseded by, this Agreement.

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

CONFIDENTIAL                                                                                                    CTL_0012910

4. **Legal Counsel**

Each Party represents that in the execution of this Agreement, and the negotiations leading thereto, it consulted with legal counsel of its own selection.

5. **Applicable Law**

This Agreement shall be construed in accordance with and be governed by the laws of the State of New York, not including its choice of law principles.

6. **No Admission of Liability**

This Agreement is a compromise of disputed claims, and therefore, nothing contained herein shall constitute an adjudication or finding on the merits as to the claims of any Party, nor shall be construed as an admission of fact or liability or acknowledgement of any fact, allegation, or claim that has been or could have been made concerning the Party in question. This Agreement shall not be admissible for any purpose in any proceeding except for a proceeding to interpret or enforce this Agreement. It is further understood that all statements contained herein and all statements and conduct of any Party made in connection with the negotiation of this Agreement shall be inadmissible as evidence under Federal Rule of Evidence 408 and any similar federal or state statute or rule, except that in a proceeding brought to enforce the terms of this Agreement, the Agreement itself shall be admissible only in order to prove the terms hereof. Further, neither Party shall raise any issue related to the Disputes or the resolution memorialized herein, for any purpose, in any regulatory, legislative, court or arbitration proceeding.

7. **Miscellaneous**

(a) The delay or failure of a Party to exercise any right, power or privilege hereunder or failure to strictly enforce any breach or default shall not constitute a waiver with respect thereto and no waiver of any such right, power, privilege, breach or default on any one occasion shall constitute a waiver thereof on any subsequent occasion unless clear and express notice thereof in writing is provided.

(b) If any provision of this Agreement is held to be invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

(c) This Agreement has been jointly negotiated and drafted. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against either of the Parties.

(d) Each Party represents that it owns all rights to the Disputes and the matters subject to the releases, and that none of the foregoing has been assigned or otherwise transferred to any other entity or individual.

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

-5-

CONFIDENTIAL

CTL_0012911

Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules
SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION

(e) Each person whose signature appears on this Agreement on behalf of a Party represents that he or she has authority to bind such Party and acknowledges that the other Party is and will be acting in reliance upon said representation in acting upon the terms and conditions hereof.

(f) Nothing in this Agreement is intended to affect any claim or claims unrelated to the Disputes. Except with respect to the Disputes, Level 3 and AT&T hereby agree that nothing contained in this Agreement constitutes or shall be deemed to constitute a waiver by either Party of any right of recoupment and/or any right of set-off that either Party may have with respect to the other Party for any payments or charges other than those made in relation to the Disputes, and the Parties further agree that any right of recoupment and/or any right of set-off that one Party may have with respect to the other Party or, in the event a petition is filed under Chapter 7 or 11 of Title 11 of the United States Code, the debtor's estate, shall survive and be preserved even after confirmation of any plan of reorganization despite any discharge that might be granted to the debtor in bankruptcy under Section 1141 of the Bankruptcy Code and any effect given to that discharge under Section 524 of the Bankruptcy Code.

(g) No supplement, modification, amendment, waiver or termination of this Agreement shall be binding unless executed in writing by the Parties to be bound thereby. No provisions of this Agreement may be waived unless in writing, signed by the Party to be charged therewith. Waiver of any one provision shall not be deemed to be a waiver of any other provision.

## 8. Confidentiality

This Agreement, and the terms and existence hereof, constitutes the confidential and proprietary information of each Party. The Parties agree to use their best efforts to keep this Agreement, and the terms and existence hereof, confidential. Neither Party shall disclose such information to others, unless required by a Court or regulatory agency of competent jurisdiction, and only then upon prior written notice to the other Party. If asked about the dispute, each Party may respond that the dispute has been resolved to its satisfaction.

## 9. Counterparts

This Agreement may be signed in counterparts, which together will constitute the original Agreement.

## 10. Notices.

Any notices required under this Agreement shall be served upon the Parties via overnight priority mail or certified mail, return receipt requested as follows

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

-6-

CONFIDENTIAL                                                                                                              CTL_0012912

Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules
SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION

To Level 3:

    Level 3 Communications, LLC
    Attn:
    1025 Eldorado Boulevard
    Broomfield, CO  80021

With a copy to:

    Level 3 Communications, LLC
    Attn:  Chief Legal Officer
    1025 Eldorado Boulevard
    Broomfield, CO  80021

To AT&T:


[SIGNATURE PAGE FOLLOWS]

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

-7-

CONFIDENTIAL

CTL_0012913

**Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules**
SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION

IN WITNESS WHEREOF, the Parties have duly executed and agreed to be bound by this Agreement by the signatures of their authorized representatives below.

**Level 3 Communications, LLC**            **AT&T Corp.**

By: _____     By: _____
     (Authorized Signature)                        (Authorized Signature)

    _____          _____
    (Typed or Printed Name )                     (Typed or Printed Name)

    _____          _____
    (Title)                                              (Title)

    _____          _____
    (Date)                                              (Date)

**AT&T/LEVEL 3 Confidential**
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

-8-

CONFIDENTIAL                                                                                                         CTL_0012914

Confidential and Proprietary Document Subject to FRE 408 and Analogous State Rules
SUBJECT TO MODIFICATION IN ALL RESPECTS PRIOR TO EXECUTION

# EXHIBIT A

AT&T/LEVEL 3 Confidential
*This document and the information contained herein may only be disclosed to authorized persons, and may only be used for authorized purposes, in accordance with applicable agreement(s)*

-9-

CONFIDENTIAL

CTL_0012915