# EXHIBIT C

CONFIDENTIAL

Page 216

```
IN THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF COLORADO
AT&T CORP.,                     )
                                )
     Plaintiff/                 )
Counterclaim Defendant,         )
                                )
vs.                             )    Case No.
                                )  18-cv-00112-RM
LEVEL 3 COMMUNICATIONS,         )
LLC,                            )
                                )
     Defendant/                 )
Counterclaim Plaintiff,         )
                                )
and                             )
                                )
BROADWING COMMUNICATIONS,       )
LLC; GLOBAL CROSSING            )
TELECOMMUNICATIONS,             )
INC.; and WILTEL                )
COMMUNICATIONS, LLC,            )
                                )
Counterclaim Plaintiff,         )
                                )
vs.                             )
                                )
TELEPORT COMMUNICATIONS         )
GROUP, INC.,                    )
                                )
Counterclaim Defendant.         )
```

         * * * CONFIDENTIAL * * *
            30(b)(6) DEPOSITION OF
         LEVEL 3 COMMUNICATIONS, LLC
 by and through their corporate representative
               JENNIFER TORRES
                  VOLUME 2
         Thursday, December 19, 2019
Reported by:  LISA A. KNIGHT, RDR, CRR, RSA
Job No. 173629

CONFIDENTIAL

Page 217

December 19, 2019

7:51 a.m.

30(b)(6) deposition of Level 3 Communications, LLC, by and through their corporate representative JENNIFER TORRES, held at the law offices of Armstrong Teasdale LLP, 4643 South Ulster Street, Suite 800, Denver, Colorado, before Lisa A. Knight, Registered Diplomate Reporter, Certified Realtime Reporter, Realtime Systems Administrator, and Notary Public in and for the State of Colorado.

CONFIDENTIAL

Page 218

1
2   A P P E A R A N C E S:
3
4      SIDLEY AUSTIN
5      Attorneys for Plaintiff AT&T Corp.
       and Counterclaim Defendant Teleport
6      Communications Group, Inc.:
7           1501 K Street, Northwest
            Washington, D.C. 20005
8      BY:  JUSTIN BENSON, ESQ.
            JOSHUA MOORE, ESQ.
9           (Via videoconference)
10
11
12     ARMSTRONG TEASDALE
13     Attorneys for Defendant
       Level 3 Communications, LLC:
14
            4643 South Ulster Street
15          Denver, Colorado 80237
       BY:  CHARLES STEESE, ESQ.
16
17
18
19
20   ALSO PRESENT:
21          CARMEL GILL, Comcast
22          AMY PAULI
23
24
25

CONFIDENTIAL

Page 254

1         J. Torres - Volume 2
2      A.    Okay.
3      Q.    Thank you.
4      A.    (Document(s) reviewed.)
5            Okay.  I've read it.
6      Q.    Okay.  Ms. Torres, I'd like you
7   to focus on the six points.  And my question
8   is a general one.
9            Have you seen this document
10  before?
11     A.    Yes.
12     Q.    Did you see it contemporaneously
13  with when the offer date was made, May 8,
14  2015?
15     A.    Most likely close --
16     Q.    Okay.  And we had previously --
17  I'm sorry.
18     A.    Most likely close to that.
19     Q.    Okay.  Thank you.
20           And we had previously discussed
21  that you had been involved in this process
22  at the time.  Is that right?
23     A.    Yes.
24     Q.    Okay.  Given that, can you say
25  whether or not these six points capture at a

Page 255

1         J. Torres - Volume 2
2   high level what Level 3 and AT&T had been
3   trying to accomplish in their negotiations?
4        A.   Yes, at a high level.
5        Q.   Okay.  Today, is it Level 3's
6   position that this document represents a
7   final agreement between the parties?
8             MR. STEESE:  Object.  Calls for a
9        legal conclusion.  Form.
10            You can answer if you can.
11       A.   Can you ask the question again?
12            MR. BENSON:  Court reporter, can
13       you read it back, please.
14            (The record was read back as
15       follows:
16            QUESTION:  "Today, is it
17       Level 3's position that this document
18       represents a final agreement between
19       the parties?")
20       A.   I would say this document does
21  not represent the final agreement; the
22  settlement document does.
23  BY MR. BENSON:
24       Q.   Okay.  Thank you.
25            Take a look at -- focusing in on

Page 318

1           J. Torres - Volume 2
2           (Previously marked Deposition
3       Exhibit 17, E-mail string, top e-mail to
4       am7149@att.com from Stocker, 5/19/17,
5       Subject:  RE:  Level 3 OTT Traffic
6       Follow-Up, Bates CTL_0014078 to -4079,
7       tendered to the deponent.)
8   BY MR. BENSON:
9       Q.   Ms. Torres, the court reporter
10  has hopefully placed in front of you what's
11  been previously marked as Exhibit 17; is
12  that correct?
13      A.   Yes.
14      Q.   Okay.  Exhibit 17 is an e-mail
15  that Mr. Ed Stocker sent to a series of
16  folks at AT&T, including Kim Meola and
17  Ardell Burgess, on May 19th, 2017, with a
18  subject line:  RE:  Level 3 OTT Traffic
19  Follow-Up.
20           Do you see that?
21      A.   I do.
22      Q.   Okay.  I'm going to instruct you
23  to please look at Bates -14078, which is the
24  first page, and then on to Bates -14079.
25           And you'll see that it's an

CONFIDENTIAL

Page 319

1  J. Torres - Volume 2
2  e-mail from Alison Miller at AT&T that was
3  sent to various people at Level 3 and Kim
4  Meola and Ardell Burgess on May 17th, 2017.
5  And it notes the following.  "As
6  a follow-up to my May 5th e-mail, pursuant
7  to the terms and conditions of the June 2015
8  release and settlement (Section 1(a)(iv)),
9  Level 3 must issue a refund for the OTT
10 dispute within 30 days of when the
11 DC Circuit's order became final on May 8th
12 and apply the 65 percent OTT factor to any
13 end office billing after that date."
14 Do you see that language,
15 Ms. Torres?
16     A.    I do.
17     Q.    Okay.  Level 3, personified by
18 Mr. Ed Stocker, responds that Level 3 will
19 refund █████████ of the disputed charges if
20 the FCC's decision is, quote, overturned.
21 "The DC Circuit's order did not
22 overturn the FCC's decision; it simply
23 remanded the issue to the FCC to better
24 explain its reasoning.  The FCC's rule
25 remains the same, and it is Level 3's

CONFIDENTIAL

Page 345

1          J. Torres - Volume 2

2            C E R T I F I C A T E

3  STATE OF COLORADO     )

4                        ) ss.:

5  COUNTY OF ARAPAHOE    )

6       I, Lisa Ann Knight, Registered Diplomate

7  Reporter, Certified Realtime Reporter, and a

8  Notary Public within and for the State of

9  Colorado, do hereby certify:

10      That JENNIFER TORRES, the witness whose

11 deposition is hereinbefore set forth, was duly

12 sworn by me and that such deposition is a true

13 record of the testimony given by such witness.

14      I further certify that I am not related

15 to any of the parties to this action by blood or

16 marriage; and that I am in no way interested in

17 the outcome of this matter.

18      IN WITNESS WHEREOF, I have hereunto set

19 my hand this 31st day of December, 2019.

20

21

22

23

24      *LISA A. KNIGHT*
        _____
        LISA A. KNIGHT

25      RDR, CRR, RSA