# EXHIBIT E

Confidential Under the Protective Order

Page 1

UNITES STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

_____
                                   )
AT&T CORP.,                        )
                                   )
        Plaintiff,                 )  Case No.
                                   )  18-CV-00112-RM
vs.                                )
                                   )
LEVEL 3 COMMUNICATIONS, LLC,       )
                                   )
        Defendant.                 )
_____)

*CONFIDENTIAL UNDER THE PROTECTIVE ORDER*

DEPOSITION OF MIKE RIEDERER

Broomfield, Colorado

November 8, 2019

Reported by:
MARJORIE R. DAUSTER, RMR, CRR
JOB NO. 171542

Confidential Under the Protective Order

Page 2

3 NOVEMBER 8, 2019

4 9:07 A.M.

6 Deposition of MIKE RIEDERER, held at Level
7 3 Communications, LLC, 1025 Eldorado Boulevard,
8 Broomfield, Colorado 80021, before Marjorie R.
9 Dauster, Registered Merit Reporter, Registered
10 Professional Reporter, Certified Realtime
11 Reporter, and Notary Public.

Confidential Under the Protective Order

Page 3

1           Riederer

2  A P P E A R A N C E S:

3       SIDLEY AUSTIN

4       Attorneys for Plaintiff

5            1501 K Street, N.W.

6            Washington, D.C. 20005

7       BY:  MICHAEL WARDEN, ESQ.

8            JOSH MOORE, ESQ.

9

10      ARMSTRONG TEASDALE

11      Attorneys for Defendant

12           4643 South Ulster Street

13           Denver, Colorado 80237

14      BY:  CHARLES STEESE, ESQ.

15

16      Also present:

17           Carmel Gill, CenturyLink

18

19

20

21

22

23

24

25

Confidential Under the Protective Order

Page 46

1  　　　　　　　　Riederer

2  the concept reflected in Number 5 that was

3  discussed with AT&T at any point prior to

4  execution of the settlement agreement?

5  　　　A.　　No.

6  　　　Q.　　Okay.  Let's look at Item 6.  And I'm

7  just going to read this into the record.

8  　　　　　　"If AT&T wins its FCC appeal, L3 will

9  refund ▮▮▮ of the disputed charges beginning

10 with June 2015 through the date of a final

11 ruling, either from the Court of Appeals or, if

12 remanded, by the FCC ruling."

13 　　　　　　Did I read that correctly?

14 　　　A.　　It appears so.

15 　　　Q.　　Okay.  And do you see where it says "a

16 final ruling, either from the Court of Appeals

17 or, if remanded, by the FCC ruling"?

18 　　　A.　　I do.

19 　　　Q.　　And so what was your understanding, if

20 any -- withdrawn.

21 　　　　　　Was this Topic 6, at least the

22 concept, discussed in the breakout meeting?

23 　　　A.　　It was.

24 　　　Q.　　What do you remember being discussed

25 about that?

Confidential Under the Protective Order

Page 47

1                    Riederer

2      A.   As I said earlier, the concept was if

3   the FCC ruled a certain way in how billing

4   should happen, that impacted whether the

5   go-forward rate changed or not.

6      Q.   And is that discussion, as best you

7   recall, reflected in this clause, "if remanded,

8   by the FCC ruling"?

9      A.   Again, you're asking me to opine on

10  something I'm not skilled to speak to.

11     Q.   I'm just asking for your recollection,

12  sir.  If you have a recollection --

13     A.   I don't have a recollection.

14     Q.   Okay.  So you do see that this refers

15  to a final ruling from the Court of Appeals;

16  right?

17          MR. STEESE:  Objection.  Misstates the

18      document.

19     Q.   I'm going to break this clause down.

20          Do you see that it refers to "a final

21  ruling, either from the Court of Appeals" -- do

22  you see that?

23     A.   I see that.

24     Q.   And then it refers to a final ruling,

25  "if remanded, by the FCC ruling."  Do you see

Confidential Under the Protective Order

Page 48

```
 1                    Riederer
 2   that?
 3       A.    I see that.
 4       Q.    And is that component, "if
 5   remanded" -- withdrawn.
 6             Is that concept, the final ruling, if
 7   remanded by the FCC ruling, is that something
 8   that you claim was discussed at the sub-meeting
 9   in Dallas?
10             MR. STEESE:  Objection.  Calls for a
11      legal conclusion.  Asked and answered.
12       A.    I'll answer what I said earlier.  The
13   concept was if the FCC changed the way -- ruled
14   on the way something was supposed to be billed
15   or not be billed, that was the concept, period.
16       Q.    Got it.
17             And so that concept is reflected in
18   paragraph number 6; is that right?
19       A.    I'm not a lawyer to be able to say
20   whether that is or not.
21       Q.    I'm just asking you to read it.  I'm
22   not asking for a legal opinion.
23             When you read it, is that concept that
24   you say was discussed at the breakout meeting
25   about the FCC ruling reflected in Item 6?
```

Confidential Under the Protective Order

Page 49

1                     Riederer
2           MR. STEESE:  Objection.  Asked and
3     answered.  Foundation.  Calls for a legal
4     opinion.
5           Please answer if you can.
6           MR. WARDEN:  These are speaking
7     objections, Chuck, and you know better.
8     A.    I can only state what I said earlier,
9  which is I'm not skilled enough to read it one
10 way or the other that you're trying to look for.
11          I'm just stating specifically in my
12 interpretation from the meeting, we had
13 expressed that if the FCC changed its ruling on
14 how billing was to happen, this was supposed to
15 be a reflection of that.
16 Q.    And Item 6 was a reflection of that;
17 right?
18          MR. STEESE:  Objection.  Form.
19     Foundation.  Asked and answered.
20 A.    The concept, as I understand it,
21 again, is if the FCC changed it and said that it
22 should be billed differently, the concept was
23 supposed to be reflected here.
24 Q.    Okay.  And from your perspective, is
25 that concept reflected here in Item 6?

Confidential Under the Protective Order

Page 50

1                    Riederer

2           MR. STEESE:  Same objections.

3      A.   Same answer.

4      Q.   Sir, with all due respect, I don't

5  think that you've answered my question.

6           So is the concept that you just

7  discussed reflected in the words in Item 6?

8           MR. STEESE:  Same objections.

9      A.   I'm answering the way I am because of

10 the fact that there is words in here that we

11 never discussed one way or the other in the

12 meeting.

13     Q.   I'm not asking you whether the words

14 were discussed.

15          I'm asking you, as you look at this

16 Item Number 6, the concept that you say was

17 discussed at the sub-meeting in Dallas, is it or

18 is it not reflected in the words in Item 6?

19          MR. STEESE:  Objection.  Foundation.

20     Calls for a legal conclusion.  Form.

21     A.   I don't know.

22     Q.   You don't know one way or another?

23     A.   I don't.

24     Q.   Did you ask anybody after you got this

25 email, Exhibit 40 and the attachment, within

Confidential Under the Protective Order

Page 79

```
 1
 2                 C E R T I F I C A T E
 3    STATE OF COLORADO    )
 4                         ) ss.
 5    COUNTY OF LARIMER    )
 6             I, MARJORIE R. DAUSTER, a Notary
 7    Public within and for the State of Colorado, do
 8    hereby certify:
 9             That MIKE RIEDERER, the witness whose
10    deposition is hereinbefore set forth, was duly
11    sworn by me and that such deposition is a true
12    record of the testimony given by such witness.
13             I further certify that I am not
14    related to any of the parties to this action by
15    blood or marriage; and that I am in no way
16    interested in the outcome of this matter.
17             IN WITNESS WHEREOF, I have hereunto
18    set my hand this 19th day of November, 2019.
19             [Signature: Margie R. Dauster]
20             _____
21                   MARJORIE R. DAUSTER, RMR, CRR
22
23
24
25
```