**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNCATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

**AT&T & TCG'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO THEIR REPLY IN SUPPORT OF THEIR *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY OF ANDREW MCCLURE AND A SUPPORTING EXHIBIT AND ECF NO. 174-1**

---

    Plaintiff/Counterclaim Defendant AT&T Corp. and Counterclaim Defendant Teleport Communications Group (collectively, "AT&T"), by and through undersigned counsel, respectfully move this Court for an Order restricting public access to portions of their Reply in Support of their *Daubert* Motion To Exclude Certain Testimony of Andrew Mcclure ("*Daubert* Reply") (ECF No. 175) and a supporting exhibit (the "Exhibit") (ECF No. 175-1) in order to maintain the

1

confidentiality of information contained therein. In addition, AT&T respectfully requests that this Court enter an Order restricting access to ECF No. 174-1, which was filed with information that had been inadvertently left un-redacted. Counsel for AT&T has conferred with counsel for Level 3 Communications, LLC ("Level 3") regarding this motion in compliance with D. Colo. L. Civ. R. 7.1 and is authorized to state that Level 3 does not oppose this Motion. In support of its Motion, and in compliance with D. Colo. L. Civ. R. 7.2, AT&T states as follows:

1. AT&T seeks to place portions of the *Daubert* Reply and the Exhibit under restriction.

2. Public access to portions of these documents should be restricted because they discuss sensitive material to which AT&T is obligated to maintain as confidential pursuant to the Stipulated Protective Order Governing Confidential Information, ECF No. 62, ¶ 18 ("Protective Order").[1]

3. AT&T's *Daubert* Reply and the Exhibit contain sensitive language and/or business and client proprietary information, such as information on customers, traffic volumes, and monetary payments, which AT&T seeks to maintain as confidential and/or is obligated to maintain as confidential pursuant to the Protective Order.

4. If access is not restricted, AT&T will be unable to fulfill its obligation under the Protective Order to maintain this material as confidential.

---

[1] The Protective Order requires that "[i]n the event it is necessary for the Parties to file Confidential or Highly Confidential Documents with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2." Protective Order ¶ 18.

5. As to whether there are less restrictive alternatives to restriction, AT&T is filing concurrently with this motion, on the public docket, the *Daubert* Reply and the Exhibit with appropriate redactions.

6. The appropriate level of restriction is Level One – i.e., access should be limited to the parties and the Court.

7. In addition, AT&T seeks to place ECF No. 174-1 under restriction. ECF No. 174-1 is a redacted copy of the *Daubert* Reply. AT&T filed ECF No. 174-1 in order to provide the court with a less restrictive alternative to complete restriction of the *Daubert* Reply.

8. After ECF No. 174-1 was filed, counsel for Level 3 contacted counsel for AT&T and pointed out that there was un-redacted information contained in the publicly available document that had inadvertently not been redacted and needed to be restricted. Public access to this information should be restricted because it is sensitive information to which AT&T is obligated to maintain as confidential pursuant to the Protective Order.

9. The information that needs to be further redacted in ECF No. 174-1 relates to sensitive customer information, which AT&T seeks to maintain as confidential and/or is obligated to maintain as confidential pursuant to the Protective Order.

10. If access is not restricted, AT&T will be unable to fulfill its obligation under the Protective Order to maintain this material as confidential.

11. The appropriate level of restriction for ECF 174-1 is Level One – i.e., access should be limited to the parties and the Court.

Respectfully submitted this 31st day of July, 2020.

By: /s/ Justin A. Benson

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

4

## CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on July 31, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

5