**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNCATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

**AT&T'S REPLY IN SUPPORT OF ITS MOTION TO REINSTATE COUNTS II AND III OF ITS COMPLAINT AND FOR LEAVE TO AMEND/SUPPLEMENT ITS COMPLAINT**

---

Plaintiff/Counterclaim Defendant AT&T Corp. ("AT&T"), by and through undersigned counsel, respectfully submits this Reply in support of its Motion to Reinstate Count II and a portion of Count III of its Complaint ("Motion to Reinstate"), ECF No. 147.

1

**INTRODUCTION**

AT&T requests that this Court reinstate Count II and a portion of Count III of its Complaint back into this case, either pursuant to Rule 15(a), Rule 15(d), or Rule 54(b). This Court originally dismissed without prejudice these counts—which allege that Level 3 violated the Communications Act and the rules of the Federal Communications Commission ("FCC") by billing end office charges on Over the Top Voice over Internet Protocol ("OTT-VoIP") calling—as unripe. *See* ECF No. 76 at 15-20.[1] AT&T and Level 3 subsequently litigated these claims at the FCC and AT&T unequivocally won.[2] In light of the FCC's action, AT&T's statutory and FCC rule based claims are now indisputably ripe—the only question that remains is what procedural method should the Court use to reinstate the claims so that the Court can enforce the FCC's ruling against Level 3 in this case.

The Court could grant AT&T's motion to reinstate its claims under either Rule 15(a), 15(d), or 54(b). Level 3 does not challenge AT&T's Rule 15(d) or 54(b) motions for relief.[3] The Court should grant AT&T relief under either of those rules for the reasons laid out in its initial Motion to Reinstate, ECF No. 147.

Level 3's opposition to reinstatement under Rule 15(a) lacks merit. At bottom, Level 3's position is that this Court can adjudicate Level 3's Communications Act claims against AT&T in light of the *2019 Declaratory Ruling*, but that the Court cannot adjudicate AT&T's mirror image

---

[1] The term "Level 3" collectively refers to Defendant/Counterclaimant Level 3 Communications, LLC and Counterclaimants Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC..

[2] Order on Remand and Declaratory Ruling, *In the Matter of Connect America Fund*, 34 FCC Rcd 12692 (Dec. 17, 2019) ("*2019 Declaratory Ruling*").

[3] *See* ECF No. 162, Level 3 Response to AT&T's Motion to Reinstate ("Level 3 Opp.").

claims against Level 3. Level 3 also argues AT&T cannot show "good cause" for the amendment under Rule 15(a). Level 3 is incorrect. AT&T has shown good cause for the amendments because the FCC's decision provides the clarification of the law that the Court found lacking when it dismissed the claims without prejudice.

Level 3 also argues that reinstatement would lead to unfair prejudice. This is despite the fact that the parties actually litigated the interpretation and application of the FCC's decision, including because Level 3 alleged the same statutory and regulatory claim against AT&T's affiliate, counterclaim-Defendant Teleport Communications Group ("TCG"), and that claim was not dismissed. Indeed, Level 3 questioned AT&T's witnesses in deposition about the FCC's *2019 Declaratory Ruling*, and Level 3 is now claiming it is entitled to summary judgment on its own statutory and FCC rule based claim. Moreover, after AT&T's claims were dismissed without prejudice based on the FCC's inaction, Level 3 knew, or surely should have known, that the claims would be reinstated if the FCC acted. Further, the fact that AT&T did not immediately move to reinstate is irrelevant—the FCC's interpretation of its rules is a question of law that AT&T and Level 3 litigated at the FCC and in this Court.

Likewise deficient is Level 3's argument that the Court should deny AT&T's motion because it would be subject to dismissal and therefore futile. AT&T is merely asking this Court to enforce the FCC's *2019 Declaratory Ruling* in this lawsuit, which could not possibly be futile because AT&T *won* on this very issue at the FCC. Level 3's self-serving affidavits in support of its argument that AT&T would not be entitled to damages should be disregarded by this Court, as the parties both admit that the damages calculation is still in dispute. In any event, even assuming *arguendo* that there are no damages, Level 3 violated the Act, the FCC's rules, and its tariff by

billing end office charges on OTT-VoIP calls; and AT&T is entitled to a judgment on liability and is seeking to reinstate the portion of its declaratory judgment count addressed to this issue. Level 3's futility argument (even if valid) does not apply at all to the declaratory judgment count. Furthermore, Level 3's argument that the 2015 Settlement Agreement—not the FCC Rules—governs the charges between the parties is contrary to the terms of the 2015 Agreement, which explicitly incorporates Level 3's tariff and which, in turn, incorporates the FCC's rules.

## I. PURSUANT TO RULE 15(a), 15(d), AND/OR 54(b), THE COURT SHOULD REINSTATE COUNT II IN FULL AND THE PART OF COUNT III THAT IT PREVIOUSLY DISMISSED WITHOUT PREJUDICE.

After this Court dismissed Count II and a portion of Count III of AT&T's claims as unripe, AT&T, Level 3, and other interested parties litigated the issue underlying those claims—*i.e.*, whether or not a party may bill end office charges on OTT-VoIP calls—at the FCC. AT&T won that debate in a unanimous FCC decision, and the FCC has authoritatively held that carriers cannot bill end office charges for OTT-VoIP calling. *See 2019 Declaratory Ruling*, ¶¶ 4, 14.

There is no question that AT&T's statutory and FCC rule claims are: (a) ripe for adjudication; and (b) that AT&T should prevail on the claims. The Court should reinstate those claims under Rule 15(d), Rule 54(b), or Rule 15(a).

### A. Level 3 Does Not Address AT&T's Rule 15(d) Motion And The Court Could Grant AT&T's Motion Under That Rule.

Level 3 is silent as to AT&T's Rule 15(d) motion to supplement, and it therefore concedes the point. In any event, the Court should grant AT&T's Rule 15(d) motion for all the reasons stated above and in AT&T's Motion to Reinstate. *See* ECF No. 147 at 5-7.

### B. Level 3 Also Does Not Address AT&T's Rule 54(b) Motion, And The Court Could Reinstate AT&T's Dismissed Claims Pursuant To That Rule.

Level 3 also does not address AT&T's Rule 54(b) motion to reconsider—nor could it. The Court dismissed Count II and a portion of Count III of AT&T's claim without prejudice because those claims were unripe. *See* ECF No. 76 at 19–20. The claims are now indisputably ripe (an assertion Level 3 does not, and cannot, contest). Furthermore, there would be no prejudice or undue burden to Level 3, for the reasons stated above, as the parties have continued to litigate the underlying legal issues of Count II and Count III (namely the FCC rules) throughout the case. *See* ECF No. 147, Part I.

### C. Level 3's Arguments Against Reinstatement Under Rule 15(a) Are Flawed, Because AT&T Has Shown Good Cause For An Amendment of Its Complaint To Reinstate The Counts As Initially Pleaded.

If the Court determines it can proceed only under Rule 15(a) rather than grant AT&T's motion pursuant to Rules 15(d) or 54(b), AT&T also satisfies the standards under Rule 15(a) for amendment of its Complaint. AT&T seeks only to amend by reinstating Counts II and III as they were pleaded before they were dismissed without prejudice as unripe.

In the Tenth Circuit, "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). AT&T has met both standards. *See* ECF No. 147, Motion to Reinstate at 4-7. In particular, Rule 16's "good cause" requirement may be satisfied if, for example, "the underlying law has changed." *Id.* Here, the FCC's *2019 Declaratory Ruling* made Communications Act claims regarding the OTT-VoIP rules ripe after the Court held such claims were unripe. *See* Motion to Reinstate at 4 n.4. That constitutes a change in law for purposes of ripeness and satisfies the good cause standard.

5

Level 3 erroneously contends that AT&T has not been diligent in meeting the scheduling order deadline in bringing this amendment. *See* Level 3 Opp. at 4-5. Not only does this claim ring hollow given that Level 3 has twice amended its claims after the scheduling order deadline,[4] but AT&T could never have met the scheduling order deadline. That is because the FCC did not rule until December 17, 2019, almost 14 months *after* the October 1, 2018 deadline to amend the pleadings, and the time to appeal the *2019 Declaratory Ruling* expired on February 17, 2020. *See* ECF No. 55, Scheduling Order, at 10; *2019 Declaratory Ruling* at 1.

In any event, even if the Court were to consider AT&T's motion somehow "late," "[l]ateness does not of itself justify the denial of the amendment." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir. 1975)). Rather, there must be "undue delay" in bringing a motion. *Id.* There has been no "undue delay" by AT&T. The FCC's *2019 Declaratory Ruling* became no longer subject to judicial review about four months ago, on February 17, 2020—which was the deadline for Level 3 or any other aggrieved party to seek review of it in a court of appeals. Because the FCC's *2019 Declaratory Ruling* resolved an ambiguity in the FCC's rules that the Court had determined should be decided by the FCC and not in this Court, ECF No. 76, at 15-20, there was nothing to litigate in this Court, other than how to apply the *2019 Declaratory Ruling* on summary judgment. Accordingly, AT&T believed it would be "as efficient as possible" (*id.* at 21) for the Court if AT&T sought to move to reinstate its Counts simultaneously with the dispositive motions deadline.[5]

---

[4] *See* ECF No. 98 (June 21, 2019); ECF No. 110 (August 5, 2019). This is AT&T's first motion to amend.

[5] In its Order, the Court noted that its ripeness finding was "similar to a primary-jurisdiction-referral analysis." ECF No. 76, at 19. If the Court had referred the matter under the primary jurisdiction doctrine,

6

### D.     Level 3 Has Not Suffered any Undue Burden or Unfair Prejudice.

Level 3 claims that by allowing AT&T to amend its complaint, Level 3 would suffer prejudice because it "would have asked" some unspecified questions about AT&T's statutory claims during three depositions. *See* Level 3 Opp. at 6. These arguments lack merit.

To begin with, whether the FCC's rules allow for end office charges on OTT-VoIP calling is a legal question—and both AT&T and Level 3 have moved for summary judgment based on the FCC's rules and the *2019 Declaratory Ruling*. Level 3 does not specifically identify *any* questions that it could have asked AT&T's witnesses about the FCC's legal ruling. That is because the interpretation of the FCC's rules is for the FCC to decide (as the Court held), and the application of that ruling in this case presents a legal issue for this Court to decide. Notably, in its response to AT&T's summary judgment motion on Counts II and III, Level 3 does not—and could not—oppose the motion based on the existence of genuine dispute of material fact. Nor does Level 3 oppose AT&T's motion by relying on Rule 56(d), which can be used if "facts are unavailable to the nonmovant." That is because there are no such facts. Level 3 lost this issue at the FCC, and based on the *2019 Declaratory Ruling* the Court can and should reinstate Counts II and III of AT&T's Complaint, and enter summary judgment in favor of AT&T on those counts. *See* ECF No. 149, AT&T Motion for Partial Summary Judgment.

---

then under 10th Circuit precedent it would have stayed the statutory and FCC rule counts. *See, e.g.*, *TON Servs. v. Qwest Corp.*, 493 F.3d 1225, 1243 (10th Cir. 2007) (stay rather than dismissal "appropriate" where "FCC actions may affect the outcome of a plaintiff's federal court litigation"). Under that scenario, the Court would have simply lifted the stay based on the *2019 Declaratory Ruling*. Although the Court elected to dismiss the counts rather than refer them to the FCC, its dismissal without prejudice and its comparison to a primary jurisdiction referral shows that the Counts should be reinstated without substantial procedural hurdles—as in the case of a primary jurisdiction referral.

In any event, Level 3's complaints about prejudice are a red herring. Level 3 conveniently neglects to mention that the relevant issue has been a part of the case the entire time. That is because the interpretation of the FCC rules is both a part of (1) Level 3's own Counterclaims, *see* ECF No. 124, *Amended Counterclaims of Defendant Level 3 Communications,* Count VI, and (2) one of AT&T/TCG's defenses to those counterclaims, *see* ECF No. 128, *Amended Answer And Defenses Of Plaintiff/Counter Defendant AT&T Corp.* If Level 3 had wanted to pursue discovery of AT&T or TCG on some actual factual issue regarding the FCC's *2019 Declaratory Ruling*, it could have done so. Indeed, Level 3 introduced the FCC's *2019 Declaratory Ruling* as an exhibit in two of the depositions, and asked questions regarding the *2019 Declaratory Ruling*. *See* Exhibit 1 (*2019 Declaratory Ruling*, Exhibit 109 to M. Cathey Depo.); Exhibit 2 (M. Cathey Depo.) at 9:13-12:22, Exhibit 3 (Dr. P. Pfautz Depo.) at 64:8-65:15, Level 3 therefore has suffered no prejudice and there will be no undue burden if the Court allows AT&T to amend its complaint.

### E. Any AT&T Amendment Is Not Futile, And In Fact AT&T Is Entitled To Summary Judgment On The Counts For Which It Seeks Reinstatement.

Level 3 argues that an AT&T Rule 15(a) amendment to its complaint would be futile for two reasons: (1) AT&T and Level 3's 2015 Agreement governs the charges between the parties, and therefore "the charges at issue are not subject to FCC regulation or claims under the Communications Act"; and (2) AT&T is not entitled to damages even if the Court were to reinstate the claim and therefore the claim would be subject to dismissal. *See* Level 3 Opp. at 7-14. Both arguments lack merit.

### 1. The 2015 Agreement Incorporates the FCC Rules and Level 3 Violated those Rules.

Level 3 argues that, because the parties have entered into a negotiated agreement as to Level 3's charges on OTT-VoIP calls (the 2015 Agreement), the FCC Rules and AT&T's Communications Act claim do not apply to this action. *See* Level 3 Opp. at 7-8. This argument is baseless.

*First*, the Court did not dismiss AT&T's statutory and FCC rule Counts because it found that the Act and FCC rules are inapplicable to this action in light of the parties' 2015 Agreement. ECF No. 76, at 15-20. Rather, it dismissed the Counts without prejudice as unripe, because the Court did not want to "cook[] in the FCC's kitchen" by deciding the merits of AT&T's Counts alleging statutory and FCC rule violations. *Id.* at 18. Now that the FCC has acted, the Court can adjudicate the merits of these two Counts by applying the *2019 Declaratory Ruling* according to its plain terms: Level 3 indisputably billed AT&T for end office access charges on OTT-VoIP charges, and those charges violate the FCC's rules.[6]

*Second*, Level 3's claim that its unlawful "charges [for end office service on OTT-VoIP calls] are not subject to FCC regulation or claims under the Communications Act" (Level 3 Opp. at 7) is wrong.[7] To be sure, the FCC's rules provide that carriers can enter into negotiated

---

[6] Likewise, Level 3 (via its affiliate, CenturyLink) did not affirmatively petition the FCC to resolve the perceived ambiguity in the VoIP rules out of academic interest. *See* Petition of CenturyLink for a Declaratory Ruling, WC Docket No. 10-90, *Connect America Fund*, (F.C.C. filed May 18, 2018) available at https://www.fcc.gov/ecfs/filing/10511048922449. Rather, Level 3 did so because it hoped to obtain an FCC ruling favorable to its interests, and then to use such a ruling in this Court and elsewhere. Simply because the FCC's *2019 Declaratory Ruling* was adverse to Level 3 does not mean that the *2019 Declaratory Ruling* and the FCC's rules suddenly have no application to this case.

[7] To begin with, Level 3 is taking flatly inconsistent positions on this issue: in its opposition to the present motion, it claims that the charges in the Agreement are "not subject" to the FCC's rules or the Act; yet, in opposing AT&T's motion for summary judgment on the meaning of the Agreement, Level 3's primary

9

agreements for VoIP calling, and those rates can be "different" than the FCC's default rates. *See* ECF No. 149, AT&T Mot. for Par. Sum. Jud. at 7, n. 8; 47 C.F.R. § 51.905(b). Thus, as an abstract matter, two carriers could enter into a negotiated agreement that, despite the FCC's *2019 Declaratory Ruling*, end office switching charges are owed on all OTT-VoIP calls. The problem for Level 3 is that the parties' 2015 Agreement is unquestionably *not* such an agreement. Contrary to Level 3's assertions, the Agreement does not provide either that AT&T shall pay all of Level 3's end office charges, including on OTT-VoIP calls, without regard to federal law, or that those charges are "not subject to" the Act and the FCC's rules.

Rather, the 2015 Agreement expressly *incorporates* Level 3's tariff—which is a legal instrument governed by the Act and FCC's rules, *see* 47 U.S.C. § 203 and 47 C.F.R. § 51.905(b). The Agreement provides that "[f]or switched access traffic exchanged by the Parties beginning on June 1, 2015, AT&T shall pay Level 3 *its applicable switched access tariffed rate for OTT traffic, pursuant to the terms* of the *OTT Declaratory Order*." *See* ECF No. 15-1, 2015 Agreement at 2, (1)(a)(ii) (first emphasis added). Thus, under its plain terms, the 2015 Agreement permitted end office charges on "OTT traffic" only if the "applicable switched access tariffed rate" is the end

---

argument is that the Agreement should be interpreted to be consistent with the filed tariff doctrine (which arises due to the tariff requirements of Section 203 of the Act), and specifically consistent with Level 3's interpretation of the *FCC*'s partial application of that doctrine to competitive carrier access charges. ECF No. 170, Level 3 Resp. to AT&T Mot. for Par. Sum. Jud at 15-22. The Agreement cannot be both outside the confines of the Act and yet construed consistent with it. The reality is that the services and charges at issue relate to interstate telecommunications, and are subject to the jurisdiction of the FCC, which is why AT&T's statutory and rule based Counts are ripe and valid. *See* 47 U.S.C. §§ 151, 152(a), 201(b). As to the Agreement, it is consistent with both the FCC's VoIP and access charge rules—as well as Level 3's misguided view of the filed tariff doctrine. ECF No. 166, AT&T Opp. to Level 3 Mot. for Sum. Jud. at 12-13.

10

office rate under the tariff—and only "pursuant to the terms of" the FCC's now-vacated *OTT Declaratory Order*.[8]

However, as AT&T has explained in its Reply in Support of its Motion for Partial Summary Judgment, under Level 3's tariff, the "applicable" tariffed rate on OTT-VoIP calls is the tandem rate, not the end office rate. That is because Level 3's tariff incorporates the entirety of the FCC's rule defining "End Office Access Service" (47 C.F.R. § 51.903(d))—one of the rules that FCC construed as prohibiting end office access charges on OTT-VoIP calls. *See 2019 Declaratory Ruling*, ¶ 4, 14. Therefore, because Level 3 violated the FCC rules, it also violated the 2015 Agreement. Accordingly, it is proper for the Court to enter partial summary judgment on liability in favor of AT&T under the 2015 Agreement, under Level 3's tariff, and under the FCC's rules and the Act. AT&T's statutory claims are meritorious, not futile.

### 2. Because Level 3 Unlawfully Overcharged AT&T for End Office Service On OTT-VoIP Calls, And Has Not Credited AT&T For Those Overcharges, AT&T Has Been Harmed And Is Entitled To Partial Summary Judgment on Liability.

Level 3 argues that AT&T's § 201(b) claim is subject to dismissal because AT&T has not suffered any damages. *See* Level 3 Opp. at 12-14. Level 3 is wrong.

AT&T's statutory and FCC rule claims seek to remedy Level 3's unlawful conduct: specifically, Level 3 indisputably has been billing AT&T end office charges on OTT-VoIP calls for years (including since January 2019, the period in dispute). Now that the FCC has acted, it is clear that Level 3 is *liable* for those overcharges on OTT-VoIP calls.[9] Despite overcharging

---

[8] Level 3 fails to explain how its charges billed under the Agreement were "pursuant to the terms of" the FCC's 2015 declaratory ruling, yet also "not subject to FCC regulation."

[9] *See, e.g.*, 47 U.S.C. § 203(c) (carriers are liable for violating their tariffs: "no carrier shall (1) charge, demand, collect, or receive a greater or less or different compensation for such [interstate or foreign]

11

AT&T, and even though Level 3 seems to concede that it must issue at least some credits to AT&T, Level 3 has *not yet* issued AT&T *any* credits for Level 3's unlawful overcharges. *See, e.g.,* ECF No. 170, Level 3 Opp. to AT&T Mot. for Par. Sum. Jud. at 14-15. Accordingly, AT&T is entitled to a partial summary judgment on liability, so that Level 3 can be compelled to issue the credits that AT&T is indisputably owed. *See* ECF No. 149, AT&T Mot. for Par. Sum. Jud. at 12.

Level 3's futility argument appears to rest on its prediction that, ultimately and *after* trial, the amount that AT&T withheld from Level 3 for end office charges on OTT-VoIP calls will exceed the amounts of credits for overcharges that Level 3 must provide to AT&T for Level 3's unlawful billing. But at this juncture, that is not certain, and in any event is beside the point. It is uncertain because the amounts of any credits Level 3 owes to AT&T is subject to sharp factual dispute, and while the parties are seeking to stipulate to the amounts AT&T withheld, that process is not complete—and thus it is not clear what, if anything, AT&T would owe to Level 3 after a trial in this case.[10] It is beside the point because, as explained above, even if ultimately AT&T were to owe money to Level 3, Level 3 has not yet issued the credits to AT&T, and it is liable for overcharges unless and until it does so.

## CONCLUSION

For the reasons stated above, the Court should grant AT&T's motion to amend/supplement and reinstate Count II and the portion of Count III previously dismissed. In the alternative, the

---

communication, or for any service in connection therewith, between the points named in any such schedule than the charges specified in the schedule then in effect"); *2019 Declaratory Ruling*, ¶¶ 4, 14.

[10] *See, e.g.*, ECF No. 166, AT&T Opp. to Level 3 Mot. for Sum. Jud.at 17-21 (explaining that the amount of damages at issue in this case "plainly presents a factual issue" that is for the trier of fact to decide). Indeed, Level 3 itself agrees that the damages calculation are in dispute. See ECF 151-2, Level 3 Mot. For Sum. Jud. at 23 n.9.

Court should reconsider its September 18, 2018 Opinion and Order (ECF No. 76) and deny Level 3's Motion to Dismiss Count II and Count III (to the extent dismissed) of AT&T's Complaint.

Respectfully submitted this 3rd day of August, 2020.

                By: /s/ Justin A. Benson

                Rebecca B. DeCook
                Andrew T. Flynn
                Moye White LLP
                1400 16th Street, 6th Floor
                Denver, CO 80202-1027
                becky.decook@moyewhite.com
                andrew.flynn@moyewhite.com

                Michael J. Hunseder
                Michael D. Warden
                Justin A. Benson
                Joshua W. Moore
                SIDLEY AUSTIN LLP
                1501 K ST NW
                Washington, DC 20005
                Telephone: (202) 736-8000
                mhunseder@sidley.com
                mwarden@sidley.com
                jbenson@sidley.com
                joshua.moore@sidley.com

                *Attorneys for Plaintiff AT&T Corp.*
                *and Counterclaim Defendant*
                *Teleport Communications Group*

## CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on August 3, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*