**EXHIBIT 3**

Page 1

1                  UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF COLORADO

3

4    AT&T CORPORATION,              ) Civil Action File No.:

5              Plaintiff,           ) 18-cv-00112-RM-MEH

6         vs.                       )

7    LEVEL 3 COMMUNICATIONS, LLC,   )

8              Defendant.           )

9    _____)

10

11               NON-CONFIDENTIAL PORTION

12   CONFIDENTIAL ATTORNEYS' EYES ONLY BOUND SEPARATELY

13                      PAGE 148

14                      PAGES 206-214

15

16        DEPOSITION OF PENN L. PFAUTZ, PH.D.

17                    VIRTUAL ZOOM

18               TUESDAY, APRIL 28, 2020

19

20

21   Reported by:

22   ASHALA TYLOR, CSR #2436, CLR, CRR, RPR

23   JOB NO. 4083362

24

25   PAGES 1 - 236

Page 2

1                    UNITED STATES DISTRICT COURT

2                   FOR THE DISTRICT OF COLORADO

3

4    AT&T CORPORATION,            ) Civil Action File No.:

5              Plaintiff,         ) 18-cv-00112-RM-MEH

6          vs.                    )

7    LEVEL 3 COMMUNICATIONS, LLC,  )

8              Defendant.         )

9    _____)

10

11

12

13

14

15

16        Deposition of PENN L. PFAUTZ, PH.D., taken via

17   Zoom videoconference commencing at 8:08 a.m. (PST), and

18   ending at 3:05 p.m., on Tuesday, April 28, 2020, before

19   Ashala Tylor, CSR No. 2436, RPR, CRR, CLR.

20

21

22

23

24

25

Page 3

1    APPEARANCES OF COUNSEL:

2    On behalf of Plaintiff:

3            SIDLEY AUSTIN LLP

4            BY:  JUSTIN A. BENSON, ESQ.

5                 MICHAEL J. HUNSEDER, ESQ.

6            1501 K Street, N.W.

7            Washington, D.C.  20005

8            202.736.8757

9            jbenson@sidley.com

10           mhunseder@sidley.com

11

12   On behalf of the Defendant:

13           ARMSTRONG TEASDALE LLP

14           BY:  CHUCK STEESE, ESQ.

15                DOUG N. MARSH, ESQ.

16           4643 South Ulster Street, Suite 800

17           Denver, Colorado  80237

18           720.200.0676

19           csteese@armstrongteasdale.com

20

21

22   Also Present:

23           Mark Hesse

24

25

Page 6

1  E X H I B I T S (continued)

2  NO.                DESCRIPTION                          PAGE

3  Exhibit 36     Craig John email                         186

4

5  Exhibit 109    Order on Remand and Declaratory           64

6                 Ruling

7

8

9

10

11

12              INFORMATION REQUESTED

13                   (None)

14         QUESTIONS INSTRUCTED NOT TO ANSWER

15                 PAGE 27, LINE 20

16                 PAGE 30, LINE  1

17

18

19

20

21

22

23

24

25

```
                                              Page 64
 1    are we on?
 2             MR. STEESE:  Paragraph 28 of his report
 3    references the FCC's 2019 decision.  It's actually
 4    28 and 29.
 5        Q.   And you reference paragraph 23, note 62.
 6    Do you see that?
 7        A.   I do see that.
 8        Q.   And if you go to the legal authority tab
 9    previously marked Exhibit 109 -- it says Marc
10    Cathey, 109 -- is that FCC decision.
11                        (Exhibit 109 was previously
12                         marked for identification was
13                         attached hereto.)
14             THE WITNESS:  Okay.  I brought that up.
15    BY MR. STEESE:
16        Q.   So why don't you turn to paragraph 23,
17    note 62.
18        A.   Scrolling away.  I'm there.
19        Q.   I'm not.  Now I am.
20             So paragraph 23 -- actually, it's
21    paragraph 22 which cites Footnote 62, but it says in
22    Footnote 62 that "We agree with AT&T" -- this is
23    about a third of the way down.
24        A.   Yes.
25        Q.   "We agree with AT&T that because of the
```

Page 65

1    fundamentally different physical arrangements

2    between facilities-based and over-the-top VoIP

3    services the two can be distinguished with relative

4    ease.  We remind parties that, pursuant to the

5    transformation order, providers may choose to use a

6    variety of different methods to identify and track

7    compensable VoIP PST end-traffic for billing

8    purposes."

9            Do you see that?

10       A.   I do see that.

11       Q.   And there is nothing in that footnote that

12   says the factors must be verifiable and/or

13   auditable, correct?

14       A.   Not in that specific place there.

15       Q.   That's all I'm asking for you.

16            So let's look at what you cite to.  You

17   say "See the transformation order," and you say

18   paragraph 963.

19            Do you see that?

20       A.   I have to go back to my report.  Right.

21       Q.   That's paragraph 29 of your report.  You

22   cite the same thing, paragraph 963.

23            Do you see that?

24       A.   I see that.

25       Q.   And in reference to paragraph 963, you

Page 235

1              CERTIFICATE OF REPORTER

2      I, ASHALA TYLOR, CSR No. 2436, in and for the State

3   of California, do hereby certify:

4      That the foregoing proceedings were taken before me

5   at the time and place herein set forth; that any

6   witnesses in the foregoing proceedings, prior to

7   testifying, were placed under oath; that a verbatim

8   record of the proceedings were made by me using machine

9   shorthand which was thereafter transcribed under my

10  direction; further that the foregoing is an accurate

11  transcription thereof.

12     That before the completion of the deposition,

13  review of the transcript was not requested.

14     I further certify that I am neither financially

15  interested in this action nor a relative or employee of

16  any attorney or any of the parties hereto.

17     In compliance with Section 8016 of the Business and

18  Professions Code, I certify under penalty of perjury

19  that I am a Certified Shorthand Reporter with

20  California License No. 2436 in full force and effect.

21  WITNESS my hand this 30th day of April, 2020.

22

23

24

25         Ashala Tylor, CSR #2436, RPR, CRR, CLR