# EXHIBIT 41

**Message**

**From:** Stocker, Edwin [/O=LEVEL3/OU=DENVER/CN=RECIPIENTS/CN=STOCKER.EDWIN]
**Sent:** 5/19/2017 12:11:02 PM
**To:** 'am7149@att.com' [am7149@att.com]; 'ab3696@att.com' [ab3696@att.com]; 'km1274@att.com' [km1274@att.com]
**CC:** Umiker, Daniel [/O=LEVEL3/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Umiker, Danielf4d]; Erickson, Scott [/O=LEVEL3/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Erickson, Scott455]
**Subject:** RE: Level 3 OTT Traffic Follow-Up

EXHIBIT
Level 3-17

Alison,

Section 1(a)(iv) of the June 2015 Settlement Agreement says that Level 3 will refund 50% of the disputed OTT charges if the FCC's decision is "overturned." The D.C. Circuit's order did not overturn the FCC's decision; it simply remanded the issue to the FCC to better explain its reasoning. The FCC's rule remains the same, and it is Level 3's position that end office switching continues to be owed on OTT traffic. Even if Level 3 were required to refund anything to AT&T, the amount refunded under Section 1(a)(iv) would be a 50% of the actual "disputed OTT charges." While Section 1(i)(B) of the settlement says that OTT traffic has historically been 65% (which does not contain the refund language), that doesn't mean that's what it is now or even what it has been going back to June 2015. And Section 1(a)(iv) itself does not say the refund is pegged to the 65% amount; it says only that there should be a refund based on "disputed OTT charges."

Level 3 would be interested in understanding the data used by AT&T to calculate the OTT traffic volumes on the Level 3 network. Level 3 completed a detailed analysis of the post-settlement OTT traffic, using 4 separate sample months, beginning immediately after the settlement and spaced 6 months apart. While different than the OTT settlement percentage, this data established, at a customer level, the actual OTT traffic % billing end office charges. The data looked individual Level 3 customers and their total volume of minutes billed end office charges, the percentage of their traffic that was OTT and calculated the total OTT Minutes. Traffic has increased from traditional carriers and cable companies as volume from a traditional OTT player, Vonage, has declined. Our data indicates a very small amount of our traffic is actually delivered to or used by an OTT application. Additionally, as the OTT dispute is being calculated as a percentage of total end office charges, any end office charges credited for other disputes, such as the LRN Insertion dispute, must be removed from the total end office charges.

Would you be able to share the methodology and data used by AT&T to measure the level 3 OTT traffic?

Thanks,

Ed

**From:** Umiker, Daniel
**Subject:** Fwd: Level 3 OTT Traffic Follow-Up
FYI.
Begin forwarded message:

> **From:** "MILLER, ALISON L" <am7149@att.com>
> **Date:** May 17, 2017 at 11:25:48 AM CDT
> **To:** "Scott.Erickson@level3.com" <Scott.Erickson@level3.com>
> **Cc:** "Daniel.Umiker@level3.com" <Daniel.Umiker@level3.com>, "BURGESS, ARDELL" <ab3696@att.com>, "MEOLA, KIMBERLY A" <km1274@att.com>
> **Subject: Level 3 OTT Traffic Follow-Up**
>
> Scott,

CONFIDENTIAL                                                                                                         CTL_0014078

As a follow-up to my May 5th email, pursuant to the terms and conditions of the June 2015 Release and Settlement (Section 1(a)(iv)), Level 3 must issue a refund for the OTT dispute within 30 days of when the D.C. Circuit's Order became final on May 8th, and apply the 65% OTT factor to any End Office billing after that date.  Please provide confirmation that Level 3 will issue the credit to AT&T no later than June 7th, and apply the OTT factor to all prospective billing.

Thanks,
*Alison Miller*
*Lead Carrier Relations Manager*
*AT&T Global Connection Management*
*908-234-4015*

This message and any attachments to it contain confidential business information intended solely for recipients.  If you have received this email in error please do not forward or distribute it to anyone else, but telephone (908) 234-4015 to report the error, and then delete this message from your system.

CONFIDENTIAL

CTL_0014079