**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

    Counterclaim Defendant.

---

**LEVEL 3 COMMUNICATIONS, LLC'S MOTION FOR LEAVE TO FILE ITS
SURREPLY TO AT&T & TCG'S MOTION TO EXCLUDE
CERTAIN TESTIMONY OF ANDREW McCLURE**

---

    Level 3 Communications, LLC, Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC (collectively, "Level 3") respectfully move for leave to file a surreply in opposition to the Motion of AT&T and TCG (collectively, "AT&T") to Exclude Certain Testimony of Andrew McClure (ECF No. 141). The proposed surreply is attached hereto as Exhibit 1.

    "[W]hen a party believes that the contentions in the opponent's reply brief require a

response, the proper approach is for the party to seek leave to file a surreply." *Partminer Worldwide Inc. v. Siliconexpert Techs. Inc.*, No. 09-CV-00586-MSK-MJW, 2011 WL 587971, at *6 (D. Colo. Feb. 9, 2011). "Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).

"Granting leave to file a surreply is part of the 'supervision of litigation' and thus falls within the discretion of the district court." *Menge v. AT & T, Inc.*, No. 11-CV-00728-PAB-KLM, 2013 WL 537352, at *1 (D. Colo. Feb. 13, 2013). It is especially appropriate to exercise discretion in this way where a surreply is necessary to correct misstatements made in the reply. *See, e.g.*, *Bassi v. Krochina*, No. 12-cv-39-JD, 2012 WL 150836, at *2 (D.N.H. May 3, 2012) (refusing to strike surreply which corrected misstatements in reply); *Cedar Farm, Harrison County, Inc. v. Louisville Gas and Elec. Co.*, No. 1:07-CV-1230-DFH-JMS, 2010 WL 1268051, at *2 (S.D. Ind. Mar. 26, 2010) (granting motion for leave to file surreply because the "tendered surreply was necessary to correct misstatements"); *Weinstein v. Islamic Rep. of Iran*, 624 F.Supp.2d 272, 273 n. 1 (E.D.N.Y. 2009) (granting request to file surreply to correct misstatements in reply). "However, the Court's discretion is limited insofar as it may not deny the non-movant's motion to file a surreply unless it disregards any new arguments in the moving party's reply." *Id.* (citing *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191–92 (10th Cir. 2006) ("if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials.").

AT&T's Reply in Support of *Daubert* Motion to Exclude Certain Testimony of Andrew McClure (ECF No. 175) raises numerous materials and arguments not raised in its *Daubert*

Motion. Among the most important of these is a list of Level 3's top 25 customers and an assertion that AT&T's complaints regarding Mr. McClure's methodology applies to no less than 70% of the traffic associated with these customers. *See* ECF No. 175 at 3–4, 7. This argument fundamentally misstates the methods Mr. McClure used, and in particular how he calculated the percentage of Level 3's OTT traffic for purposes of summary judgment. As shown in the surreply, every one of these 25 customers can be placed in a category where a 0% OTT factor is appropriate (in many cases AT&T's own expert agrees), where the OTT percentage can be appropriately assumed to be 5% or less, or where for summary judgment purposes the OTT percentage is assumed to be 100%. Thus, as explained in the surreply, the fundamental basis of AT&T's *Daubert* motion—the process Mr. McClure used to gather data from customers in 2017 to determine their exact OTT percentage—is construed entirely in AT&T's favor for purposes of summary judgment.

AT&T also makes assertions for the first time that Mr. McClure did not explain why certain categories of customers, like enterprise customers, were considered to have zero percent OTT, or how he was able to determine the specific OTT percentage for one individual Level 3 customer. *See id.* at 6–7. This is simply untrue; as explained in the surreply, Mr. McClure expressly addressed both issues in his deposition.

Finally, in its Reply, AT&T expands its criticism of Mr. McClure's determination that "NULL" traffic is zero percent OTT, asserting for the first time that Mr. McClure cannot reasonably assume that no "NULL" traffic can be OTT even if "NULL" traffic represents enterprise customers. *Id.* at 9. This argument ignores the explanation Mr. McClure has already provided for the 0% OTT factor assigned to "NULL" traffic, which depended not only on the

3

nature of the customers served but also the infrastructure used to connect the calls, which is incapable of carrying OTT traffic as a matter of technology. This, too, is clarified in the surreply.

Level 3 seeks leave to file a surreply to correct these important misstatements. The surreply explains how AT&T's new challenges to Mr. McClure's testimony in its Reply are exaggerated and unfounded, and as such, will help the Court resolve AT&T's *Daubert* Motion relating to Andrew McClure as well as the parties' respective summary judgment motions. Indeed, the percentage of Level 3's OTT traffic is by far the most important point at issue in this case, and understanding Mr. McClure's calculations of that percentage is critical to resolving this issue. If the Court resolves the dispute as Level 3 requests in this Motion for Summary Judgment, it would likely be unnecessary to address whether it is even lower than that at trial.

Pursuant to D.C.COLO.LCivR 7.1(a), Level 3 emailed AT&T on August 5 regarding AT&T's consent to Level 3's filing this Motion for Leave to file a surreply to correct important misstatements. AT&T does not consent to this motion.

For the foregoing reasons, Level 3 respectfully requests that the Court grant this Motion for Leave to File its Surreply in opposition to the Motion of AT&T and TCG (collectively, "AT&T") to Exclude Certain Testimony of Andrew McClure (ECF No. 141), attached hereto as Exhibit 1.

Respectfully submitted this 5th day of August, 2020.

          By: /s/ *Charles W. Steese*
             Charles W. Steese, #26924
             Douglas N. Marsh, #45964
             Armstrong Teasdale LLP
             4643 South Ulster Street, Suite 800
             Denver, Colorado 80237
             Telephone: (720) 200-0676
             csteese@armstrongteasdale.com

dmarsh@armstrongteasdale.com

*Attorneys for Level 3 Communications, LLC and Counterclaimants Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC*

5

**CERTIFICATE OF SERVICE**

    I, Charles W. Steese, hereby certify that on August 5, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Rebecca B. DeCook
    Andrew T. Flynn
    Moye White LLP
    1400 16th Street, 6th Floor
    Denver, CO 80202-1027
    becky.decook@moyewhite.com
    andrew.flynn@moyewhite.com

    Michael D. Warden
    Michael J. Hunseder
    Justin A. Benson
    Joshua W. Moore
    SIDLEY AUSTIN LLP
    1501 K ST NW
    Washington, DC 20005
    Telephone: (202) 736-8000
    E-mail: mwarden@sidley.com
    E-mail: mhunseder@sidley.com
    E-mail: jbenson@sidley.com
    E-mail: joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

                                          /s/ *Charles W. Steese*
                                          Charles W. Steese