## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-cv-00112-RM-MEH

AT&T CORP.,

      Plaintiff / Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

      Defendant / Counter Claimant,

and

BROADWING COMMUNICATIONS, LLC,
GLOBAL CROSSING TELECOMMUNICATIONS, INC., and
WILTEL COMMUNICATIONS, LLC,

      Counter Claimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

      Counter Defendant.

---

## FINAL PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

      The Final Pretrial Conference was held on September 8, 2020 at 10:00 a.m. in Courtroom A501 on the fifth floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Appearing remotely on behalf of Plaintiff/Counter-Defendant AT&T Corp. ("AT&T")

and Counter-Defendant Teleport Communications Group, Inc. ("TCG") were Michael D. Warden, Michael J. Hunseder, and Justin A. Benson of Sidley Austin, LLP, and Rebecca DeCook of Moye White LLP. Appearing on behalf of Defendant/Counterclaimant Level 3 Communications, LLC and Counterclaimants Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC (collectively, "Level 3") were Charles W. Steese and Douglas N. Marsh.

## 2. JURISDICTION

This Court has original subject matter jurisdiction over AT&T's claims against Level 3 28 U.S.C. § 1332 because these claims are between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.[1] This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Level 3's claims arising under 47 U.S.C. § 207 alleging violations by AT&T and TCG of the Act, 47 U.S.C. § 151 *et seq.*[2] The Court also has original subject matter jurisdiction over claims seeking recovery under the interstate access tariffs of AT&T, TCG and Level 3. *Thurston Motor Lines v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 534 (1983) (per curiam). The Court has original jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because they are so related to the claims over which the Court has original

---

[1] The joinder of TCG, which like Level 3 is a Delaware Corporation, does not defeat diversity or eliminate the Court's diversity jurisdiction over AT&T's state-law claims. *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties"); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (district court retained subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332 notwithstanding defendant's joinder of nondiverse additional parties as counterclaim defendants).

[2] The Court dismissed without prejudice Count II and a portion of Count III of AT&T's complaint on ripeness grounds. *See* ECF No. 76 at 15–19, 25. On June 29, 2020, AT&T filed a motion pursuant to Rule 15, 16, and 54(b) of the Federal Rules of Civil Procedure to reinstate Counts II and the relevant portion of Count III. *See* AT&T Motion to Reinstate, ECF No. 147. The Court has not yet acted on AT&T's Motion to Reinstate, however, if the Court grants the Motion to Reinstate, the Court will have federal question jurisdiction over AT&T's claims based on the Act and rules of the Federal Communications Commission ("FCC").

jurisdiction that they form part of the same case or controversy.

## 3. CLAIMS AND DEFENSES

**AT&T/TCG:**

*AT&T's Claims Against Level 3.*  Since at least 2011, Level 3 has always billed AT&T certain "end office switching" access charges on "over-the-top" Voice over Internet Protocol ("OTT VoIP") calls.  AT&T has consistently disputed these charges, because end office charges apply only when a carrier routes a caller's telephone call over "last-mile" facilities beginning at the caller's premises over the carrier's network.  On the OTT VoIP calls billed by Level 3, callers obtained their last mile facilities from another service provider (not Level 3), and thus the end office charges are prohibited under governing FCC's rules.

However, in 2015, the FCC initially ruled that end office charges on OTT VoIP calls were appropriate—a ruling that AT&T appealed to the D.C. Circuit.  AT&T prevailed at the D.C. Circuit; the FCC's initial ruling was found arbitrary, and was vacated and remanded. *AT&T Corp. v. FCC*, 841 F.3d 1047 (D.C. Cir. 2016).  In December of 2019, the FCC acted on remand and held that, under its rules that were issued in 2011, carriers could not bill end office charges on OTT VoIP calls.  Order, 34 FCC Rcd 12692, ¶¶ 4, 14 (2019) ("*2019 Declaratory Ruling*").  AT&T has thus prevailed on the parties' principal dispute—Level 3 has been improperly billing end office charges on OTT VoIP calls.  *See* AT&T Mot. for Summ. Judg., ECF No. 149, at 11-15 (AT&T is entitled to summary judgment on this issue).

AT&T's interpretation of the parties' May 2015 Settlement Agreement (the "2015 Agreement") is the *only* reading of that Agreement consistent with its plain meaning.  *See infra.* There simply are no terms in the 2015 Agreement requiring AT&T to pay Level 3's end office

charges even after AT&T prevailed on its D.C. Circuit appeal and the FCC's 2015 order was vacated.  To the contrary, the plain terms of the 2015 Agreement—like the FCC's rules—forbid Level 3 from billing end office charges on VoIP calls.  *See* ECF No. 149, at 13-14.  To argue otherwise, Level 3 contends (as it did in its motion to dismiss) that the 2015 Agreement requires AT&T to pay end office charges until the FCC finally acted on remand.  But the Court held that this argument is "simply wrong."  ECF No. 76 at 10; *see also* Tr. of Status Conf., at 6:14 to 7:8 (June 10, 2019) (Hegarty, J.) (the relevant provision of the 2015 Agreement has "nothing to do with [FCC] administrative proceedings.").

The primary remaining dispute between AT&T and Level 3 relates to the amount of end office charges improperly billed by Level 3 on OTT VoIP calls.[3]  After the D.C. Circuit ruled in AT&T's favor, AT&T began withholding a portion of end office charges billed by Level 3.  A 2015 Settlement Agreement between the parties provides that, historically, approximately 65% of Level 3's end office charges related to OTT VoIP calls.  But not long after the D.C. Circuit's decision (which vacated Level 3's primary legal rationale for billing end office charges on OTT VoIP calls), Level 3 claimed that its volume of OTT VoIP calls plummeted to only around 20%.

Both the methodology and data used by Level 3 for estimating the percentage of OTT VoIP calls are flawed.  Among other things, Level 3 assumed that many of its customers had no OTT VoIP traffic, even though publicly available information suggests otherwise.  Level 3 also failed to inquire of many of its customers about the level of OTT VoIP calling, and, in the instances where they did ask, Level 3's inquiries were made years ago, and relied largely on

---

[3] In 2019, AT&T and Level 3 entered into a partial settlement that resolved amounts billed by Level 3 to AT&T on OTT VoIP calls through December 31, 2018. Thus, as between AT&T and Level 3, the relevant period in dispute is from January 1, 2019 to the present.

unreliable "click-to-chats" with unnamed persons on the customers' websites. AT&T's expert will testify that Level 3's methodology is unreliable, its data flawed, and Level 3's results unverifiable. Because this issue presents disputed questions of fact, trial is necessary to resolve it.[4]

*Claims of Level 3 Against AT&T/TCG.* AT&T does not assess end-office charges on OTT VoIP calls, and is, therefore, not liable for any overcharges. TCG—which bills Level 3 access charges on calls associated with retail services offered by AT&T—determined that there are two relatively small business calling services on which callers can make OTT VoIP calls. After a review, TCG estimated that about 2% of its charges for business VoIP services were for OTT VoIP calls, and in July 2019 it began issuing credits to Level 3 for end office charges on these products. At around the same time, Level 3 began disputing and withholding end office charges billed by TCG. After a "true-up," TCG expects that Level 3 will owe TCG access charges, because the amounts that Level 3 withheld exceed the credits that have been made or are due.

**Level 3:**

The Parties' May 2015 Settlement Agreement ("Settlement Agreement") required AT&T to pay Level 3 switched access charges at full tariffed rates on OTT-VoIP traffic unless and until a final non-appealable decision determined that end office switched access charges do not apply to such traffic. If and when such an order were issued, to the extent the order determined such charges should not have been charged, Level 3 would refund to AT&T 50 percent of all such

---

[4] AT&T has moved to exclude the testimony of Level 3's employee, Andrew McClure, whom Level 3 has sought to designate as an expert. *See* ECF No. 141. If the Court grants that motion, Level 3 will have no other evidence to support its claim for recovery based on its dramatically-reduced percentage for OTT VoIP Traffic.

charges assessed since June 2015, and would bill on OTT-VoIP traffic in compliance with the order thereafter.[5] The parties entered into a later agreement that has the effect of changing the June 2015 date to January 1, 2019.

AT&T mistakenly claims such an order was entered by the D.C. Circuit Court of Appeals in 2016, and became final in May 2017. That order, however, simply remanded the question of whether end office switched access charges applied to OTT-VoIP traffic back to the FCC. As this Court has recognized, the D.C. Circuit decision did not determine whether end office charges should or should not have been charged, or how to bill for OTT-VoIP traffic going forward. Therefore, it could not have been the "final" order contemplated in the May 2015 Agreement. This is made plain by the fact that the Settlement Agreement expressly stated that Level 3 was required to refund fifty percent of the charges "to the extent they should not have been charged in accordance with the Final Appellate Order," and after the final order issued, Level 3 would bill and AT&T would pay for OTT traffic "in compliance with terms of that order." *Id*. It was not until after the FCC completed the remand in December 2019 and held that end office charges could not be assessed on OTT-VoIP traffic did the refund provision of the Settlement Agreement take effect. The FCC's order on remand became final on February 19, 2020.

AT&T nevertheless began disputing Level 3's charges and withholding payment around May 2017. This conduct was wrongful not only because the refund provisions of the Settlement

---

[5] AT&T suggests that "the parties' principal dispute" is whether "Level 3 has been improperly billing end office charges on OTT VoIP calls." That is incorrect. AT&T's claims arising under the Communications Act have been dismissed. Its remaining claims are premised solely on the parties' Settlement Agreement, which required AT&T to pay the end office charges unless and until it was determined that the charges "should not have been charged" and allowed only a partial refund of those charges thereafter. Whether the parties complied with the Settlement Agreement is a question distinct from whether the FCC's rules permit the assessment of end office charges on OTT calling.

Agreement had not yet taken effect, but also because AT&T dramatically overestimated the amount of Level 3's traffic that is OTT-VoIP. AT&T claims 65 percent of Level 3's traffic is OTT-VoIP; there is zero evidence to support that claim, or to suggest Level 3's OTT-VoIP percentage was ever that high.[6] The facts show that Level 3's OTT-VoIP percentage is in reality 21 percent or less. To compound the problem, though purporting to withhold payment on 65 percent of Level 3's end office charges, AT&T's withholding exceeded Level 3's end office charges on *all* of its traffic during the relevant damages period from January 2019 to the present. No matter how the Court interprets the Settlement Agreement, AT&T has withheld payment on lawful charges and owes millions of dollars to Level 3.

In addition, while AT&T contested Level 3's end office charges on OTT-VoIP traffic, AT&T's affiliate, TCG, assessed end office charges to Level 3 on OTT traffic for AT&T products. Level 3's claim compelled TCG to issue a small credit for OTT-VoIP traffic. But AT&T and TCG refused to perform a comprehensive OTT analysis like Level 3 performed, and as a result AT&T/TCG underestimates the percentage of its traffic that is OTT-VoIP. Level 3 was required to expend attorneys' fees and costs to obtain this relief and is entitled to compensation for those fees and costs.

The Court should reject AT&T's claims that Level 3 breached the Settlement Agreement, which forms the basis of both of AT&T's remaining claims.

Level 3 asserts claims for AT&T's breach of the Settlement Agreement (Count I); for declaratory relief affirming Level 3's interpretation of the Settlement Agreement and rejecting

---

[6] In arguing otherwise, AT&T relies on a provision of the Settlement Agreement under which it claims the parties agreed Level 3's traffic was 65 percent OTT. The Agreement says no such thing. In reality, it expressly refers to 65 percent as the amount AT&T has disputed, not the actual percentage of traffic that is OTT. AT&T's own witnesses acknowledge this fact.

AT&T's (Count II); for AT&T and TCG's violations of Section 203 of the Communications Act, arising from their own assessment of end office charges on OTT-VoIP traffic when AT&T's tariffs do not allow for such charges (Count III); for AT&T and TCG's violation of Section 201(b) of the Communications Act due to their violations of FCC rules prohibiting end office charges on OTT traffic (Count IV); for AT&T and TCG's breach of contract arising from their assessment of end office charges in violation of their tariffs (Count V); and for declaratory relief affirming that AT&T and TCG cannot assess end office charges under their tariff or under FCC rules.

Level 3 seeks an order affirming its interpretation of the Settlement Agreement and rejecting AT&T's; awarding damages in the amount that AT&T should have paid for Level 3's end office charges (i.e., the full amount of the unpaid charges for non-OTT-VoIP traffic, and half of the charges associated with OTT-VoIP traffic that should not have been billed through February 19, 2020), plus late payment charges; declaring that AT&T and TCG are prohibited from billing end office charges on OTT-VoIP traffic; instructing AT&T and TCG to refund all end office charges they have assessed to Level 3 on OTT-VoIP traffic; awarding Level 3 reasonable attorneys' fees and costs, and interest; and all other relief the Court may deem just and necessary.

## 4. STIPULATIONS

Pursuant to the Court's instructions, the Parties have worked together in good faith to identify facts to which they can stipulate. In light of the Parties' pending motions and ongoing efforts by both sides to narrow the issues in dispute, the Parties believe they may be able to identify additional facts to which they may be able to stipulate as the date for trial approaches.

The parties therefore reserve all rights, and jointly request that they be given leave, to amend this Pretrial Order as necessary to revise these stipulations or to include additional stipulations that they may determine to be warranted.

1.      Level 3 and TCG are, among other things, Competitive Local Exchange Carriers, or CLECs.

2.      Section 1 of Level 3's interstate access tariff, Level 3's Tariff F.C.C. No. 4, defines "End Office Access Service" as follows:

> End Office Access Service: For the purpose of this tariff, End Office Access Service shall mean: (1) The switching of access traffic at the carrier's end office switch and the delivery of such traffic to or from the called party's premises; (2) The routing of interexchange telecommunications traffic to or from the called party's premises, either directly or via contractual or other arrangements with an affiliated or unaffiliated entity, regardless of the specific functions provided or facilities used; or (3) Any functional equivalent of the incumbent local exchange carrier access service provided by Company including local switching, the carrier common line rate elements, and intrastate access services. End Office Access Service rate elements for Company includes any functionally equivalent access service. (4) The origination and termination of interexchange telecommunications traffic to any end user, either directly or via contractual or other arrangements with an affiliated or unaffiliated provider of interconnected VoIP service, as defined in 47 U.S.C. § 153(25), or a non-interconnected VoIP service, as defined in 47 U.S.C. § 153(36), that does not itself seek to collect reciprocal compensation charges prescribed by this subpart for that traffic, regardless of the specific functions provided or facilities used.

3.      In a February 11, 2015 Declaratory Ruling, the FCC determined that local exchange carriers could assess end office switched access charges on OTT-VoIP traffic. *See Connect America Fund*, WC Docket No. 10-90, et al., Declaratory Ruling, FCC 15-14 (rel. Feb. 11, 2015) (the "2015 Declaratory Ruling").

4.      In May 2015, Level 3 and AT&T entered into a Release and Settlement Agreement.

5.      AT&T filed a petition for review of the 2015 Declaratory Ruling in the United States Court of Appeals for the D.C. Circuit.

6.      On November 18, 2016, the D.C. Circuit Court of Appeals issued an opinion that vacated the 2015 Declaratory Ruling, and remanded to the FCC.

7.      On May 11, 2018, CenturyLink (an affiliate of Level 3) filed a petition for declaratory ruling with the FCC asking the FCC to find that end office switched access charges applied to OTT traffic.

8.      On December 17, 2019, the FCC issued an "Order on Remand and Declaratory Ruling," 2019 WL 7018968 (2019) (the "2019 Declaratory Ruling"). The FCC's 2019 Declaratory Ruling held that end office switched access charges do not apply to OTT-VoIP calls. The FCC's ruling applied retroactively.

9.      No party appealed the FCC's 2019 Declaratory Ruling, which became final by operation of law on February 19, 2020.

10.      As part of a broader settlement agreement, AT&T and Level 3 reached a partial settlement in 2019 (the "2019 Agreement"), which resolved all billing and payment issues regarding OTT VoIP billing disputes through December 31, 2018 as to Level 3's bills to AT&T. Thus, for purposes of Level 3's traffic to AT&T, only traffic from January 1, 2019 and after is at issue.

11.      As a result of the default transition pricing rules adopted in the FCC's *Connect America Fund* Order, 26 FCC Rcd. 17663, at *205 (2011), under which the default rate for terminating end office access service went to zero in or around July 2017 for CLECs that benchmark to price-cap LECs, Level 3's OTT percentage only impacts charges associated with

its originating traffic.

## 5. PENDING MOTIONS

- Level 3's Motion to Preclude Expert Testimony Regarding Charges on Calls Originating from or Terminating to Level 3 Telephone Numbers, ECF No. 139 (6/15/2020)

    o AT&T and TCG's Response in Opposition, ECF No. 157 (7/16/2020)

    o Level 3's Reply in Support, ECF No. 173 (7/30/2020)

- AT&T and TCG's *Daubert* Motion to Exclude Certain Testimony of Andrew McClure, ECF No. 141 (6/15/2020)

    o Level 3's Response in Opposition, ECF No. 159 (7/16/2020)

    o AT&T and TCG's Reply in Support, ECF No. 175 (7/30/2020)

    o Level 3's Surreply in Opposition, ECF No. 195 (8/6/2020)

- AT&T Motion to Reinstate Counts II and III of its Complaint, ECF No. 147 (6/29/2020)

    o Level 3's Response in Opposition, ECF No. 162 (7/20/2020)

    o AT&T's Reply in Support, ECF No. 179 (8/3/2020)

- AT&T and TCG's Motion for Partial Summary Judgment, ECF No. 149 (6/29/2020)

    o Level 3's Response in Opposition, ECF No. 164 (7/20/2020)

    o AT&T's Reply in Support, ECF No. 183 (8/3/2020)

- Level 3's Motion for Summary Judgment, ECF No. 152 (6/29/2020)

    o AT&T's Response in Opposition, ECF No. 166 (7/20/2020)

    o Level 3's Reply in Support, ECF No. 181 (8/3/2020)

## 6.  WITNESSES

Pursuant to the Court's instructions, the Parties have made good-faith efforts to identify

the witnesses they anticipate will and/or may provide testimony at trial, whether in person or by way of deposition. In light of the Parties' pending motions and ongoing efforts by both sides to narrow the issues in dispute, the Parties believe they may be able to limit the number of witnesses necessary to try the Parties' claims, and that in some instances it may be necessary to offer additional witnesses not listed below. The Parties further note that, pursuant to the presiding District Court Judge's Practice Standards, Exhibit and Witness Lists are to be submitted seven days before the Final Trial Preparation Conference, which is to be scheduled following the Final Pretrial Conference. *See* Practice Standards (Civil), Judge Raymond P. Moore, V.B.5.a. The Parties therefore reserve all rights, and jointly request that they be given leave, to amend this Pretrial Order or to include additional witnesses to or exclude witnesses listed below from their final Witness List. The Parties jointly agree that they will not object to such amendments on the basis that any witness added to the final Witness List was not included in the Final Pretrial Order; provided, however, that the Parties reserve all other objections, including as to any witnesses that were not previously or properly disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1) or (2).

a.      **Fact witnesses to be called by each party:**

**AT&T/TCG**

   *(1)     Witnesses who will be present at trial:*

- Andrew McClure

- Jennifer Torres

- Ed Stocker

- Marc Cathey

- Janice Gallagher

- Kim Meola

- Ardell Burgess

- Allison Miller

*(2)    Witnesses who may be present at trial if the need arises*

- Bob Hayes

- Craig John

*(3)    Witnesses where, if necessary, testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:*

- George Sloan

- Mike Riederer

**Level 3**

*(1)    Witnesses who will be present at trial:*

- Andrew McClure

- Jennifer Torres

- Melissa Kellow

- Ardell Burgess

*(2)    Witnesses who may be present at trial if the need arises:*

- Ted Price

- Edwin Stocker

- Janice Gallagher

- Marc Cathey

*(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:*

- George Sloan

- Mike Riederer

**b.     Expert witnesses to be called by each party:**

**AT&T:**

*(1)     Witnesses who will be present at trial:*

- Dr. Penn Pfautz.  Dr. Pfautz was previously disclosed and will testify in person.  Consistent with his previous expert disclosures and depositions, Dr. Pfautz will testify regarding his assessment of the methodology used by Level 3 to identify the percentage of its traffic that consists of over-the-top VoIP calls. Dr. Pfautz will also testify regarding his assessment of the methods used by AT&T/TCG to estimate their own over-the-top VoIP traffic percentage.

**Level 3:**

*(1)     Witnesses who will be present at trial:*

- Andrew McClure. Mr. McClure was previously disclosed and will testify in person. Consistent with his previous expert disclosures and depositions, Mr. McClure will testify regarding the analysis he performed of Level 3's traffic to determine the percentage of Level 3's traffic that is OTT-VoIP.

- Jennifer Torres. Ms. Torres was previously disclosed and will testify in person. Consistent with her previous expert disclosures and depositions, Ms. Torres will testify regarding the damages Level 3 has suffered as a result of AT&T's unlawful withholding and unlawful OTT charges.

## 7. EXHIBITS

Pursuant to the Court's instructions, the Parties have made good-faith efforts to identify the exhibits they anticipate using at trial. In light of the Parties' pending motions and ongoing efforts by both sides to narrow the issues in dispute, the Parties believe they may be able to limit the number of exhibits necessary to try the Parties' claims, and that in some instances it may be necessary to offer additional exhibits not listed below. The Parties further note that, pursuant to the presiding District Court Judge's Practice Standards, Exhibit and Witness Lists are to be submitted seven days before the Final Trial Preparation Conference, which is to be scheduled following the Final Pretrial Conference. *See* Practice Standards (Civil), Judge Raymond P. Moore, V.B.5.a. The Parties therefore reserve all rights, and jointly request that they be given leave, to amend this Pretrial Order to include additional exhibits or to exclude exhibits listed below from their final Exhibit List. The Parties jointly agree that they will not object to such amendments on the basis that any exhibit added to the final exhibit List was not included in the Final Pretrial Order; provided, however, that the Parties reserve all other objections, including as to any exhibits that were not previously or properly disclosed pursuant to Federal Rule of Civil Procedure 26(a)(1) or (2).

The Parties further agree that they will cooperate in identifying sensitive or confidential information in their exhibits and, to the extent this has not been done already, provide redacted

copies of the exhibits on or before the deadline for exchanging exhibits prior to the Final Trial

Preparation Conference.

**a.    Exhibits to be offered by each party (with exhibits to be stipulated into evidence identified)**

(1)    AT&T:

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | AT&T Corp.'s Notice of Rule 30(b)(6) Deposition | Torres Depo., Ex. 1 | | Yes |
| | Notice of Deposition for Jennifer Torres | Torres Depo., Ex. 2 | | Yes |
| | 2015 Release and Settlement Agreement between AT&T and Level 3 | Torres Depo., Ex. 3 | | Yes |
| | August 3, 2016 Email from A. McClure to M. Robles re: FCC OTT Risk Analysis | Torres Depo., Ex. 4 | | Yes |
| | Email from J. Torres to S. Johnson, R. Tounget re:  ATT/OTT | Torres Depo., Ex. 5 | | Yes |
| | June 28, 2017 Email from J. Torres to S. Andrews re: Level 3 Form 477 | Torres Depo., Ex. 6 | | Yes |
| | *AT&T Corp. v. FCC*, 841 F.3d 1047 (D.C. Cir. 2016) | Torres Depo., Ex. 7 | | Yes |
| | October 27, 2017 Email from E. Stocker to A. Burgess and S. Andrews re: OTT Demand Letter | Torres Depo., Ex. 8 | | No as to cover e-mail; Yes as to attached letter. |
| | May 21, 2015 email from M. Riederer to K. Meola, G. Sloan and W. Hague re: Visit to Denver | Torres Depo., Ex. 9 | | Yes |
| | March 17, 2014 Email from A. Pierantozzi to M. Kellow re: AT&T Discussions | Torres Depo., Ex. 10 | | No |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | May 9, 2011 Correspondence from A. Burgess to R. Ducloo and M. Green | Torres Depo., Ex. 11 | | Yes |
| | May 17, 2011 Letter from R. Thayer to A. Burgess re: AT&T Dispute Letter Dated May 9, 2011 | Torres Depo., Ex. 12 | | Yes |
| | October 31, 2014 Email from E. Stocker to J. Torres re: Big favor!!! Please | Torres Depo., Ex. 13 | | Yes |
| | February 16, 2017 Email from E. Stocker to M. Kellow, T. Fleischman, A. McClure, M. Walker, and K. Sena re: AT&T Dispute Talks | Torres Depo., Ex. 14 | | Yes |
| | March 9, 2017 Email from A. Miller to K. Meola and A. Burgess re: Quick update | Torres Depo., Ex. 15 | | Yes |
| | April 19, 2017 Email from S. Ross to A. Miller re: Revised Level 3 Settlement Offer | Torres Depo., Ex. 16 | | No |
| | May 19, 2017 Email from E. Stocker to A. Miller, A. Burgess, and K. Meola re: Level 3 OTT Traffic Follow- Up | Torres Depo., Ex. 17 | | Yes |
| | July 28, 2017 Email from J. Torres to E. Stocker and S. Andrews re: ATT OTT Dispute | Torres Depo., Ex. 18 | | No |
| | August 9, 2017 Email from J. Torres to E. Stocker re: ATT Dispute Settlement 1Q 2017 V3 (002).pptx | Torres Depo., Ex. 19 | | Yes |
| | October 12, 2017 Email from J. Torres to E. Stocker re: Conversation with Stocker, Edwin | Torres Depo., Ex. 20 | | Yes |
| | October 24, 2017 Email from A. McClure to E. Stocker and J. Torres re: CoProvider TNs | Torres Depo., Ex. 21 | | Yes |
| | October 26, 2017 Email from J. Torres to E. Stocker re: AT&T OTT | Torres Depo., Ex. 22 | | No |
| | November 1, 2017 Email from J. Torres to K. Meola, A. Burgess, and A. Miller re: OTT Proposal | Torres Depo., Ex. 23 | | Yes |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---------|-------------|---------------------|---------------|----------------------|
| | Information | | | |
| | November 4, 2017 Email from A. Burgess to A. Miller re: OTT Proposal | Torres Depo., Ex. 24 | | No |
| | October 26, 2017 Email from S. Johnson to E. Stocker, R. Tounget, and J. Torres re: ATT / OTT | Torres Depo., Ex. 25 | | Yes |
| | February 8, 2018 Email from E. Stocker to A. McClure re: ATT OTT Calculations | Torres Depo., Ex. 26 | | No |
| | OTT Estimate Trending Data ATT April, 2017 – (CTL_0008413) | McClure Depo., Ex. 28a | | Yes |
| | October 25, 2017 Appointment from E. Stocker to E. Stocker, A. McClure and J. Torres re: Review Revised OTT Data | McClure Depo., Ex. 29 | | Yes |
| | OTT Estimate Trending Data ATT October, 2017 (CTL_0003829) | McClure Depo., Ex. 29a | | Yes[7] |
| | November 28, 2017 Email from A. McClure to E. Stocker and J. Torres re: OTT Estimate Trending Data ATT 201701023.xlsx | McClure Depo., Ex. 30 | | Yes |
| | OTT Estimate Trending Data ATT November, 2017 (CTL_0014135) | McClure Depo., Ex. 30a | | Yes |
| | June 6, 2011 West Corp. Completes Acquisition of Smoothstone IP Communications Printout | McClure Depo., Ex. 31 | | No |
| | Sorenson Video Relay Service Printout | McClure Depo., Ex. 32 | | No |
| | August 3, 2016 Email from A. McClure to M. Robles re: FCC OTT Risk Analysis | McClure Depo., Ex. 33 | | Yes |
| | December 2, 2016 Appointment from S. McNees to T. Fleischman, E. Stocker, R. Ratliff re: Wireline LRN Findings and OTT Estimates | McClure Depo., Ex. 34 | | Yes |
| | March 3, 2017 Email from E. Stocker | McClure | | Yes |

---

[7] Level 3 stipulates that the document produced as CTL_0003829 may be entered into evidence in the form it was produced. To the extent the document has been modified or altered since production CenturyLink objects to its use.

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | to R. Ratliff, K. Sena and A. McClure re: OTT Measurement | Depo., Ex. 35 | | |
| | August 17, 2017 Email from E. Stocker to A. McClure re: OTT | McClure Depo., Ex. 36 | | Yes |
| | November 28, 2017 Email from A. McClure to E. Stocker and J. Torres re: OTT Estimate Trending Data ATT 201701023.xlsx | McClure Depo., Ex. 37 | | Yes |
| | April 18, 2017 Email from A. McClure to E. Stocker re: OTT Top 20 BY Direction Over 2 Years | McClure Depo., Ex. 38 | | Yes |
| | May 8, 2015  Email from M. Riederer to S. Ross, G. Sloan, W. Hague, and S. Andrews re: OTT/ Tandem Next Steps | Riederer Depo., Ex. 39 | | Yes |
| | May 8, 2015 Email from G. Sloan to M. Riederer re: Settlement Proposal-Confidential | Riederer Depo., Ex. 40 | | Yes |
| | May 11, 2015 Email from M. Riederer to K. Meola and G. Sloan re: ATT/ Level Settlement Agreement | Riederer Depo., Ex. 41 | | Yes |
| | May 15, 2015 Email from D. Waldbaum to T. Price re: AT&T Edits to Level 3/AT&T Settlement re: OTT VOIP and 'Tandem Connect' | Riederer Depo., Ex. 42 | | Yes |
| | June 5, 2017 Email from M. Riederer to G. Black and S. Andrews re: AT&T / Level 3 Follow Up Items | Riederer Depo., Ex. 43 | | No |
| | October 27, 2017 Email from E. Stocker to M. Riederer re: OTT Demand Letter | Riederer Depo., Ex. 44 | | No as to cover e-mail; Yes as to attached letter |
| | Notice of Deposition for Edwin Stocker | Stocker Depo., Ex. 45 | | Yes |
| | May 17, 2017 Email from D. Umiker to E. Stocker re: Level 3 OTT Traffic Response | Stocker Depo., Ex. 46 | | Yes |
| | August 17, 2017 Email from E. | Stocker Depo., | | No |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | Stocker to J. Torres, K. Meola and A. Miller re: OTT | Ex. 47 | | |
| | AT&T Corp. and Teleport Communications Group, Inc.'s Notice of Rule 30(b)(6) Deposition | McClure Depo., Ex. 48 | | Yes |
| | August 14, 2019 Level 3 Second Supplemental Objections and Responses to ATT Second Set of Interrogatories | McClure Depo., Ex. 49 | | Yes |
| | July 31, 2019 Email from S. Gowen re: CCQWC257036 CenturyLink - AT&T Local Claim; BAN 413SWA0044100 | McClure Depo., Ex. 50 | | Yes |
| | March 2018 Growth Opportunities in the North American VoIP Access and SIP Trunking Services Market Forecast to 2024 Slide Deck | McClure Depo., Ex. 51 | | No |
| | September 2018 Market Analysis Perspective, U.S. Enterprise Voice and UC&C Services, 2018 (IDC) | McClure Depo., Ex. 52 | | No |
| | Excel Spreadsheet ATT_PROD_0014675 | | | Yes |
| | Excel Spreadsheet ATT_PROD_0014681 | | | Yes |
| | AT&T Corp. and Teleport Communications Group, Inc.'s Notice of Rule 30(b)(6) Deposition | Torres Depo., Ex. 55 | | Yes |
| | April 8, 2015 Email from A. Burgess to S. Ross and S. Andrews re: L3/ ATT Dispute Settlement | Torres Depo., Ex. 56 | | Yes |
| | April 15, 2015 Email from S. Ross to A. Burgess and S. Andrews re: L3/ ATT Dispute Settlement | Torres Depo., Ex. 57 | | Yes |
| | April 24, 2015 Email from S. Ross to K. Meola, M. Cathey, and A. Burgess re: ATT/Fixed Tandem  counter offer | Torres Depo., Ex. 58 | | Yes |
| | FCC Order on Remand and Declaratory Ruling Released December 17, 2019 | Torres Depo., Ex. 59 | | Yes |
| | December 14, 2017 Email from E. | Torres Depo., | | No |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | Stocker to S. Johnson, J. Torres, R. Tounget re: ATT / OTT | Ex. 60 | | |
| | March 16, 2020 Level 3 Rule 26(a)(2)(C) Disclosure | McClure Depo., Ex. 62 | | Yes |
| | April 22, 2020 Level 3 Rule 26(a)(2)(C) Supplemental Disclosure | McClure Depo., Ex. 69 | ECF No. 161-18 | Yes |
| | May 15, 2020 Level 3 Rule 26(a)(2)(C) Responsive Disclosure – A. McClure | McClure Depo., Ex. 65 | ECF No. 161-22 | Yes |
| | May 15, 2020 Level 3 Rule 26(a)(2)(C) Responsive Disclosure – J. Torres | | | Yes |
| | Evolve Website Printout | McClure Depo., Ex. 64 | | Yes |
| | Sorenson Video Relay Service Website Printout | McClure Depo., Ex. 66 | | Yes |
| | Alianza Website Printout | McClure Depo., Ex. 67 | | Yes |
| | Crexendo Website Printout | McClure Depo., Ex. 68 | | Yes |
| | Level 3 FCC Tariff No. 4 | | | Yes |
| | March 16, 2020 Expert Report of P. Pfautz and accompanying exhibits | | | Yes |
| | May 15, 2020 Expert Rebuttal Report of Penn Pfautz and accompanying exhibits | | | Yes |
| | May 15, 2020 AT&T and TCG Rule 26(e) Disclosure | | ECF No. 161-17 | No |
| | July 20, 2020 Declaration of Janice Gallagher | | ECF No. 161-25 | Yes |
| | May 11, 2015 email from M. Riederer to K. Meola and G. Sloan re: ATT-Level 3 Settlement Agreement Draft | K. Meola Depo., Ex. 22 | | Yes |
| | May 15, 2015 email from S. Ross to S. Andrews, A. Hurt re: ATT-Level 3 Settlement Agreement Draft | K. Meola Depo. Ex. 23 | | Yes |
| | May 21, 2015 Email from M. Riedere to K. Meola, G. Sloan, and W. Hague re: ATT-Level 3 Settlement Agreement Draft | K. Meola Depo. Ex. 24 | | Yes |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | May 12, 2015 email from K. Meola to C. John re: May 12 ATT-Level 3 Settlement Agreement Draft | C. John Depo., Ex. 90 | | Yes |
| | ATT-Level 3 Settlement Agreement Draft | C. John Depo., Ex. 91 | | Yes |
| | March 9, 2017 Email from A. Miller to K. Meola, A. Burgess re: Quick Update | K. Meola Depo., Ex. 27 | | No |
| | May 5, 2017 Email from A. Miller to S. Erickson re: Level 3 OTT Traffic Response | K. Meola Depo., Ex. 31 | | No |
| | June 23, 2017 Email from A. Burgess to K. Meola re: L3 Meeting this afternoon | K. Meola Depo., Ex. 35 | | No |
| | August 18, 2017 Email from A. Miller to J. Torres re: OTT | K. Meola Depo., Ex. 40 | | No |
| | November 4, 2017 Email from A. Burgess to A. Miller re: OTT Proposal | A. Burgess Depo., Ex. 50 | | No |
| | January 13, 2017 Email from A. Burgess to A. Miller re: AT&T/Level 3 settlement discussion | A. Miller Depo., Ex. 53 | | No |
| | October 30, 2017 Email from A. Miller to A. Burgess re: Level 3 settlement offer | A. Miller Depo., Ex. 54 | | No |
| | March 31, 2017 Email from S. Ross to A. Miller re: Level 3 settlement offer | A. Miller Depo., Ex. 55 | | No |
| | October 10, 2017 Email from A. Burgess to A. Miller, K. Meola re: OTT | A. Miller Depo., Ex. 58 | | No |
| | Excel Spreadsheet ATT_PROD_0014520 | J. Gallagher Depo., Ex. 76 | | No |
| | Excel Spreadsheet ATT_PROD_0014522 | J. Gallagher Depo., Ex. 80 | | No |
| | Excel Spreadsheet ATT_PROD_0014662 | J. Gallagher Depo., Ex. 79 | | No |
| | May 15, 2020 Correspondence from M. Hunseder to C. Steese regarding Expert Rebuttal and Damages | | | No |
| | June 10, 2020 Correspondence from M. Hunseder to C. Steese regarding | | | No |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---------|-------------|---------------------|---------------|----------------------|
| | Calculations related to billings and enclosed spreadsheet | | | |
| | Additional website materials as necessary | | | Not at present |
| | Any unobjectionable exhibit designated by Level 3 | | | Yes |
| | Any document relied upon by any expert designated by the parties | | | Not at present |
| | Summaries of evidence, including charts, tables, or timelines | | | Not at present |
| | Demonstrative Exhibits | | | Not at present |
| | Rebuttal Exhibits | | | Not at present |
| | Impeachment Exhibits | | | Not at present[8] |

(2)     Level 3:

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---------|-------------|---------------------|---------------|----------------------|
| | Notice of Rule 30(b)(6) Dep. to AT&T | Dep. Ex. 1 | | Yes |
| | AT&T's Responses to 1st Set of Interrogatories | Dep. Ex. 2 | | Yes |
| | Advertisement on AT&T OTT product | Dep. Ex. 3 | | Yes |
| | Ardell Burgess 8/8/2012 email to Steve Huels *et al.* | Dep. Ex. 4 | | Yes |
| | Craig John 2/21/2014 email to Ardell Burgess | Dep. Ex. 5 | | Yes |
| | July 2013 Settlement Agreement | Dep. Ex. 6 | | Yes |
| | Kim Meola 11/19/2012 email to Shaun Nix | Dep. Ex. 7 | | Yes |

---

[8] AT&T reserves its rights to introduce Exhibits 1 and 2 to Level 3's Rule 26(a)(2)(C) Disclosure if Level 3 is permitted to introduce either of its exhibits to its Rule 26(a)(2)(C) Disclosure into evidence. AT&T further reserves its rights to introduce the following spreadsheets, if Level 3 is permitted to introduce them into evidence: ATT 2019_2020 OTT Analysis_Final - Revised May 13, 2020, which was attached to the May 15, 2020 Level 3 Rule 26(a)(2)(C) Responsive Disclosure of J. Torres; ATT OTT Invoice Accounting 5142020, which was also attached to the May 15, 2020 Level 3 Rule 26(a)(2)(C) Responsive Disclosure of J. Torres; and ATT 2019-2020 OTT Analysis_Final - Revised June 25, 2020.

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---------|-------------|---------------------|---------------|----------------------|
| | *et al.* | | | |
| | Declaratory Ruling, *In the Matter of Connect America Fund*, 2/11/2015 | Dep. Ex. 8 | | Yes |
| | Kim Meola 2/18/2015 email to Ardell Burgess | Dep. Ex. 9 | | Yes |
| | Ardell Burgess 4/9/2015 Email to Steve Ross, *et al.* | Dep. Ex. 10 | ECF No. 152-07 | Yes |
| | Debbi Waldbaum 4/9/2015 email to Rick Thayer *et al.* | Dep. Ex. 11 | | Yes |
| | Jamie Abeyta 4/13/2015 email to Daniel Umiker *et al.* | Dep. Ex. 12 | | Yes |
| | Ardell Burgess 4/10/2015 email to Steve Ross *et al.* | Dep. Ex. 13 | | Yes |
| | Steve Ross 4/15/2015 email to Ardell Burgess *et al.* | Dep. Ex. 14 | | Yes |
| | Steve Ross 4/24/2015 email to Kim Meola *et al.* | Dep. Ex. 15 | | Yes |
| | Craig John 5/4/2015 email to Ardell Burgess *et al.* | Dep. Ex. 17 | | Yes |
| | Mike Riederer 5/8/2015 email to George Sloan *et al.* | Dep. Ex. 18 | ECF No. 152-11 | Yes |
| | George Sloan 5/8/2015 email to Mike Riederer | Dep. Ex. 19 | ECF No. 152-14 | Yes |
| | Kim Meola 5/8/2015 email to Ardell Burgess | Dep. Ex. 20 | ECF No. 152-13 | Yes |
| | May 2015 Settlement Agreement | Dep. Ex. 21 | ECF No. 139-1 | Yes |
| | Mike Riederer 5/11/2015 email to Kim Meola *et al.* | Dep. Ex. 22 | ECF No. 152-16 | Yes |
| | Steve Ross 5/15/2015 email to Shaun Andrews *et al.* | Dep. Ex. 23 | ECF No. 152-18 | Yes |
| | Mike Riederer 5/21/2015 email to Kim Meola *et al.* | Dep. Ex. 24 | ECF No. 152-19 | Yes |
| | Kim Meola 5/22/2015 email to Ted Price *et al.* | Dep. Ex. 25 | | Yes |
| | D.C. Circuit 11/18/2016 Opinion, *AT&T v. FCC* | Dep. Ex. 26 | | Yes |
| | Alison Miller 3/31/2017 email to Steve Ross *et al.* | Dep. Ex. 28 | | Yes |
| | Steve Ross 4/7/2017 email to Alison Miller *et al.* | Dep. Ex. 29 | | Yes |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | Level 3 Form 477 | Dep. Ex. 30 | | Yes |
| | Ed Stocker 10/25/2017 calendar appointment | Dep. Ex. 32 | | Yes |
| | Ed Stocker 5/19/2017 email to Alison Miller *et al.* | Dep. Ex. 33 | | Yes |
| | Debbi Waldbaum 5/26/2017 letter to Scott Erickson *et al.* | Dep. Ex. 34 | | Yes |
| | Craig John 7/11/2017 email to Ardell Burgess *et al.* | Dep. Ex. 36 | | Yes |
| | Craig John 7/13/2017 email to Kim Meola | Dep. Ex. 37 | | Yes |
| | Kim Meola 8/4/2017 email to Ardell Burgess *et al.* | Dep. Ex. 38 | | Yes |
| | Ed Stocker 8/17/2017 email to Andrew McClure | Dep. Ex. 39 | | Yes |
| | Alison Miller 9/25/2017 email to Kim Meola | Dep. Ex. 41 | | Yes |
| | Craig John 11/30/2017 email to Ardell Burgess *et al.* | Dep. Ex. 42 | | Yes |
| | Craig John 12/21/2017 email to Ardell Burgess | Dep. Ex. 43 | | Yes |
| | Ardell Burgess 3/14/2018 email to Alison Miller | Dep. Ex. 44 | | Yes |
| | David Bigbie 7/14/2015 email to Craig John *et al.* | Dep. Ex. 45 | | Yes |
| | Alison Miller 6/9/2017 email to Craig John *et al.* | Dep. Ex. 46 | | Yes |
| | Jennifer Torres 11/1/2017 email to Kim Meola *et al.* | Dep. Ex. 47 | ECF No. 152-27 | Yes |
| | Ardell Burgess 10/25/2017 email to Shaun Andrews *et al.* | Dep. Ex. 48 | | Yes |
| | Ed Stocker 10/27/2017 email to Ardell Burgess *et al.* | Dep. Ex. 49 | | Yes |
| | Ardell Burgess 5/9/2011 letter to Rogier Ducloo *et al.* | Dep. Ex. 51 | | Yes |
| | Richard Thayer 5/17/2011 letter to Ardell Burgess | Dep. Ex. 52 | | Yes |
| | Steve Ross 4/7/2017 email to Alison Miller *et al.* | Dep. Ex. 56 | | Yes |
| | Excel Spreadsheet CTL_0014135 | Dep. Ex. 57 | | No |
| | Jennifer Torres 11/3/2017 email to Ardell Burgess *et al.* | Dep. Ex. 59 | | Yes |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | Notice of Rule 30(b)(6) Deposition to TCG | Dep. Ex. 60 | | Yes |
| | Janice Gallagher 8/17/2018 email to Joanne Xenelis *et al.* | Dep. Ex. 62 | | Yes |
| | Excel Spreadsheet ATT_PROD_0014455 | Dep. Ex. 63 | | Yes |
| | Janice Gallagher 9/14/2018 email to Ardell Burgess | Dep. Ex. 65 | | Yes |
| | Janice Gallagher 9/17/2018 email to Ardell Burgess *et al.* | Dep. Ex. 66 | | Yes |
| | Andrew Jurczak 9/17/2018 email to Janice Gallagher *et al.* | Dep. Ex. 68 | | Yes |
| | Ardell Burgess 9/17/2018 email to Andrew Jurczak *et al.* | Dep. Ex. 69 | | Yes |
| | Janice Gallagher 9/25/2018 email to Ardell Burgess *et al.* | Dep. Ex. 70 | | Yes |
| | Ardell Burgess 9/25/2018 email to Janice Gallagher *et al.* | Dep. Ex. 71 | | Yes |
| | Janice Gallagher 10/1/2018 email to Ardell Burgess *et al.* | Dep. Ex. 72 | | Yes |
| | Excel Spreadsheet ATT_PROD_0014520 | Dep. Ex. 76 | | Yes |
| | Michael James 4/25/2019 email to Debbi Waldbaum *et al.* | Dep. Ex. 77 | | Yes |
| | Excel Spreadsheet ATT_PROD_0014662 | Dep. Ex. 79 | | Yes |
| | Excel Spreadsheet ATT_PROD_0014522 | Dep. Ex. 80 | | Yes |
| | Excel Spreadsheet ATT_PROD_0014670 | Dep. Ex. 81 | | Yes |
| | Excel Spreadsheet ATT_PROD_0014664 | Dep. Ex. 82 | | Yes |
| | Linda Kreilick 5/8/2019 email to Jackie Von Schmidt *et al.* | Dep. Ex. 83 | | Yes |
| | Janice Gallagher 7/5/2019 email to Mark Grogan | Dep. Ex. 85 | | Yes |
| | Excel Spreadsheet ATT_PROD_0014674 | Dep. Ex. 87 | | Yes |
| | Craig John 6/9/2017 email to Ardell Burgess *et al.* | Dep. Ex. 89 | | Yes |
| | Kim Meola 5/12/2015 email to Craig John | Dep. Ex. 90 | ECF No. 152-17 | Yes |
| | Draft Release and Settlement Agreement with marked changes | Dep. Ex. 91 | ECF No. 152-17 | Yes |
| | George Sloan 5/11/2015 email to Kim Meola | Dep. Ex. 92 | ECF No. 152-15 | Yes |
| | Amended Notice of Rule 30(b)(6) Deposition to TCG | Dep. Ex. 93 | | Yes |
| | Amended Notice of Rule 30(b)(6) | Dep. Ex. 94 | | Yes |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---|---|---|---|---|
| | Deposition to AT&T | | | |
| | Marc Cathey 30(b)(6) Deposition Prep | Dep. Ex. 95 | | Yes |
| | Level 3's Second Supplemental Objections and Responses to AT&T's Second Set of Interrogatories | Dep. Ex. 96 | | Yes |
| | Sample of IBLD from ATT to Level 3 | Dep. Ex. 97 | | Yes |
| | Flyer: "Voice & Collaboration" | Dep. Ex. 99 | | Yes |
| | Handwritten Notes | Dep. Ex. 101 | | Yes |
| | TCG Tariff FCC No. 2 | Dep. Ex. 104 | | Yes |
| | AT&T Corp. Tariff FCC No. 2 | Dep. Ex. 105 | | Yes |
| | CenturyLink Competitive Operating Companies Tariff F.C.C. No. 4 | Dep. Ex. 106 | | Yes |
| | 12/18/2019 Handwritten notes | Dep. Ex. 107 | | Yes |
| | Marc Cathey 30(b)(6) Deposition Prep | Dep. Ex. 108 | | Yes |
| | December 17, 2019 FCC Order on Remand and Declaratory Ruling | Dep. Ex. 109 | | Yes |
| | Expert Report of Penn Pfautz and exhibits thereto | Dep. Ex. 110 | ECF No. 167-13 | Yes |
| | Rebuttal Expert Report of Penn Pfautz and exhibits thereto | | ECF No. 167-18 | Yes |
| | Defendant/Counterclaimants' Rule 26(a)(2)(C) Disclosure | | ECF No. 161-20 | Yes |
| | Exhibit 1 to Defendant/Counterclaimants' Rule 26(a)(2)(C) Disclosure | | | No |
| | Exhibit 2 to Defendant/Counterclaimants' Rule 26(a)(2)(C) Disclosure | | | No |
| | Defendant/Counterclaimants' Supplemental Rule 26(a)(2)(C) Disclosure | Dep. Ex. 112 | | Yes |
| | Defendant/Counterclaimants' Confidential Responsive Rule 26(a)(2)(C) Disclosure | ECF No. 151-16 | ECF No. 152-26 | Yes |
| | Exhibit A to June 29, 2020 Declaration of Melissa Kellow | ECF No. 151-20 | | No |
| | Fuze.com website materials | | | Not at present |
| | Sorenson Communications website materials | | | Not at present |
| | Evolve IP, LLC website materials | | | Not at present |
| | Empirix, Inc. website materials | | | Not at present |
| | Cyara website materials | | | Not at present |

| Exhibit | Description | Previous Use, if Any | Redacted Copy | Stipulated into evid. |
|---------|-------------|----------------------|---------------|------------------------|
| | | | | present |
| | Additional website materials as necessary | | | Not at present |
| | Demonstrative Exhibits | | | Not at present |
| | Rebuttal Exhibits | | | Not at present |
| | Impeachment Exhibits | | | Not at present |
| | Any unobjectionable exhibit designated by AT&T | | | Yes |

b.      Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

The Parties continue to attempt to resolve outstanding disputes regarding their respective damages calculations. As part of this ongoing discussion, the Parties continue to exchange information and may agree to some additional discovery as means of resolving those outstanding disputes. Discovery has otherwise been completed.

## 9. SPECIAL ISSUES

None.

## 10.  SETTLEMENT

Undersigned counsel for the Parties certify as follows:

a.  Since the outset of this case, there have been numerous settlement discussions, including both  discussions  between  the  undersigned  counsel  and  discussions  between  party

representatives (e.g., Debbi Waldbaum of AT&T and Carmel Gill and Andrew McClure of Level 3).

b.  These discussions have continued to the present, including most recently an August 18, 2020 telephone conference between Michael Hunseder and Justin Benson on behalf of AT&T and Charles Steese and Douglas Marsh on behalf of Level 3.

c.  The parties have been promptly informed of all offers of settlement.

d.  Counsel for the parties intend to hold future settlement conferences.

e.  It appears from these discussions that there is some possibility of settlement.

f.  Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6. Level 3 believes it would be beneficial to schedule a formal mediation where parties and client representatives with authority to resolve the dispute attended.

### 11.  OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

No party has made an offer of judgment in this case.

### 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial

conference to the extent reported by stenographic notes and to the pleadings. Notwithstanding the foregoing, and in light of the Parties' pending motions and ongoing efforts by both sides to narrow the issues in dispute, the parties reserve all rights, and jointly request that they be given leave, to amend this Pretrial Order as necessary.

### 13. TRIAL AND ESTIMATED TRIAL TIME;

### FURTHER TRIAL PREPARATION PROCEEDINGS

1. The trial is to be a bench trial before the Court.

2. Trial time is estimated to be four days.

3. The trial will take place in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

DATED 8th day of September, 2020.

BY THE COURT

_____

United States Magistrate Judge

APPROVED:

By: /s/ Justin A. Benson

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp. and
Counterclaim Defendant Teleport
Communications Group*

By: /s/ Douglas N. Marsh

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com

*Attorneys for Defendant/Counterclaimant
Level 3 Communications, LLC and
Counterclaimants Broadwing
Communications, LLC, Global Crossing
Telecommunications, Inc., and Wiltel
Communications, LLC.*