IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

    Counterclaim Defendant.

## DECLARATION OF CHARLES W. STEESE

I, Charles W. Steese, do depose on oath and state as follows in support of the Motion in Limine of Level 3 Communications, LLC, Global Crossing Telecommunications, Inc. and WilTel Communications, LLC (collectively, "Level 3") ("MIL"):

1.    I am a Partner in the law firm of Armstrong Teasdale, LLP, and am lead trial counsel for Level 3 in this action.

2.    I have personal knowledge of the following facts and affirm that they are all true and correct.

3. Exhibit A to Level 3's MIL is a true and correct copy of AT&T's Initial Disclosures dated April 2, 2018. AT&T disclosed Alison Miller, Lead Carrier Relations Manager, AT&T Global Connection Management as a person who may have discoverable information, but did not identify any subject of Ms. Miller's anticipated testimony.

4. When fact Discovery closed in this matter on December 20, 2019, AT&T had never supplemented the list of persons likely to have discoverable information or provided any detail about the scope of Alison Miller's testimony.

5. Exhibit B to Level 3's MIL is a true and correct copy of Level 3's Rule 26(a)(2) expert disclosures, served on March 16, 2020.

6. Exhibit C to Level 3's MIL is a true and correct copy of a spreadsheet presented by Jennifer Torres showing Level 3's damages analysis.

7. Exhibit D to Level 3's MIL is a true and correct copy of Level 3's Supplemental Rule 26(a)(1) Initial Disclosures served on January 3, 2020.

8. Upon receipt of Level 3's March 16, 2020 26(a)(2)(C) expert disclosures, AT&T complained that the disclosure needed additional information. The complaint was addressed during a discovery conference held on April 13, 2020 when Level 3 agreed to provide additional information of how the damages in the spreadsheet were calculated.

9. Exhibit E to Level 3's MIL is a true and correct copy of Level 3's Supplemental Rule 26(a)(2)(C) Disclosure served on April 22, 2020.

10. Exhibit F to Level 3's MIL is a true and correct copy of Level 3's Supplemental Rule 26(a)(2)(C) Disclosure served on May 15, 2020 (without attachments, which are voluminous).

11. Exhibit G to Level 3's MIL is a true and correct copy of correspondence dated May 15, 2020 from Michael Hunseder to Charles Steese regarding Ms. Torres' damages calculations.

12. Exhibit H to Level 3's MIL is a true and correct copy of AT&T's Rule 26(e) Disclosure served May 15, 2020.

13. In negotiating the pretrial order with AT&T, I informed AT&T that Level 3 planned to move to strike the May 15, 2020 26(e) disclosure for lack of a witness.

14. On August 27, 2020, as the parties were preparing their joint proposed pre-trial order, AT&T included Bob Hayes in its list of witnesses, an individual whom had not been previously disclosed.

15. Exhibit I to Level 3's MIL is a true and correct copy of an email from Justin Benson, AT&T's counsel, dated August 31, 2020 that claims Mr. Hayes would "provide testimony regarding Level 3's bills and AT&T's payments".

16. Exhibit J to Level 3's MIL is a true and correct copy of an email I sent to Michael Hunseder, AT&T's counsel, dated March 9, 2021 with attached spreadsheet.

17. Exhibit K to Level 3's MIL is a true and correct copy of correspondence counsel for AT&T sent to Level 3 dated March 12, 2021 from Ms. Miller regarding "Outstanding Non-OTT Disputes Between AT&T Corp. and Level 3". AT&T never identified any of these disputes—not to Level 3 personnel, or to Level 3's counsel here—as a basis for withholding money on Level 3's invoices prior to sending this letter.

18. Exhibit L to Level 3's MIL is a true and correct copy of correspondence I sent to counsel for AT&T dated April 2, 2021 in response to Ms. Miller's March 12, 2021 letter.

19. Exhibit M to Level 3's MIL is a true and correct copy of Level 3 FCC Tariff No. 4 § 4.9(1).

20. Exhibit N to Level 3's MIL is a true and correct copy of AT&T's Rule 26(e) Disclosure served on April 23, 2021.

21. Exhibit O to Level 3's MIL is a true and correct copy of AT&T's Rule 26(a)(2) Disclosure served on April 23, 2021.

22. Exhibit P to Level 3's MIL is a true and correct copy of AT&T's Exhibit 1 spreadsheet, attached to its April 23, 2021 Rule 26(a)(2) Disclosure.

23. Exhibit Q to Level 3's MIL is a true and correct copy of an email sent from counsel for AT&T dated April 22, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2021 in Denver, Colorado.

By: */s/Charles W. Steese*
Charles W. Steese, #26924
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com