# EXHIBIT D

## To Declaration of Charles W. Steese

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC,

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

    Counterclaim Defendant.

**DEFENDANT'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURE**

Defendant/Counterclaimant Level 3 Communications, LLC and Counterclaimants Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC (collectively, "Level 3"), by and through its counsel, hereby submits the following supplements to its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Level 3

reserves the right to supplement or amend these disclosures if and when additional information becomes known.

## DISCLOSURES

I. **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (FED. R. CIV. P. 26(A)(1)(i)**

Level 3 hereby discloses the following as individuals likely to have discoverable information:

1. Shaun Andrews, EVP Product Management for Level 3. Mr. Andrews may be contacted through counsel. Mr. Andrews participated in the creation of the Settlement Agreement at issue and thus has first-hand knowledge of the intention of the parties in executing the agreement and of the meaning of the agreement's terms as understood by the parties at the time it was executed.

2. Andrew McClure, Manager, Revenue Assurance for Level 3. Mr. McClure may be contacted through counsel. Mr. McClure has information about the Level 3 network, and its customer's services.

3. Ted Price, Counsel, Director International Regulatory Policy/Legal Affairs for Level 3. Mr. Price may be contacted through counsel. Mr. Price participated in the creation of the Settlement Agreement at issue and thus has first-hand knowledge of the intention of the parties in executing the agreement and of the meaning of the agreement's terms as understood by the parties at the time it was executed.

4. George B. Sloan, Vice President, Supply Chain for AT&T. Level 3 believes Mr. Sloan is currently in Plaintiff's employ. Mr. Sloan participated in the creation of the Settlement Agreement at issue and thus has first-hand knowledge of the intention of the parties in executing

the agreement and of the meaning of the agreement's terms as understood by the parties at the time it was executed.

5.      Edwin Stocker, Director, Product Management, Domestic LD for Level 3. Mr. Stocker may be contacted through counsel. Mr. Stocker has information about the Level 3 network, and its customer's services.

6.      Jennifer Torres, Director, Business Operations for Level 3. Ms. Torres may be contacted through counsel. Ms. Torres participated in the creation of the Settlement Agreement at issue and thus has first-hand knowledge of the intention of the parties in executing the agreement and of the meaning of the agreement's terms as understood by the parties at the time it was executed.

7.      Debbi Waldbaum, General Attorney for AT&T Services, Inc. Level 3 believes Ms. Waldbaum is currently in Plaintiff's employ. Ms. Waldbaum participated in the creation of the Settlement Agreement at issue and thus has first-hand knowledge of the intention of the parties in executing the agreement and of the meaning of the agreement's terms as understood by the parties at the time it was executed.

**JANUARY 6, 2020 SUPPLEMENT**

**8.      Melissa Kellow, Manager, Carrier Accounts for CenturyLink. Ms. Kellow may be contacted through counsel. Ms. Kellow is to be called as a custodian to identify invoices billed by Level 3 to AT&T and to identify amounts AT&T has withheld from payment.**

## II. DOCUMENTS IN LEVEL 3'S POSSESSION, CUSTODY, OR CONTROL LIKELY TO BE USED IN SUPPORT OF ITS CLAIMS OR DEFENSES

Except as otherwise noted below, all documents herein described are at the offices of the undersigned counsel, Level 3, or Level 3's agents and will be available for inspection and copying at a mutually convenient time and location. Note that many of the documents that Level 3 will use in support of its claims and defenses, and particularly those relating to OTT-VoIP calls delivered by AT&T to Level 3, are publicly available or are in the possession, custody, and control of AT&T. Furthermore, many of the documents in Level 3's possession, custody, and control contain sensitive and/or proprietary information, and a protective order must be entered prior to the production and/or inspection of these documents.

Notwithstanding the foregoing, Level 3 discloses the following categories of documents in its possession, custody, or control it may use to support its claims or defenses:

- Level 3's access tariffs.
- Communications between Level 3 and AT&T regarding OTT VoIP billing.
- The Settlement Agreement executed by Level 3 and AT&T in May 2015.
- Communications between Level 3 and AT&T regarding the Settlement Agreement and the meaning of its terms, including but not limited to the term sheet sent to Level 3 by AT&T employee George B. Sloan.
- FCC decisions, orders, and opinions, and court orders on review of or concerning such decisions, orders, and opinions, concerning the assessment of end-office switching access charges on OTT-VoIP calls, including but not limited to the FCC's 2011 *USF/ICC Transformation* Order (27 FCC Rcd. 4040 (2011)), its 2015 declaratory ruling in *In re Connect America Fund* (30 FCC Rcd. 1587

4

(2015)), and the D.C. Circuit's decision on review of the FCC's 2015 declaratory ruling (*AT&T Corp. v. Fed. Commc'ns Comm'n*, 841 F.3d 1047 (D.C. Cir. 2016)).

- Invoices sent by Level 3 to AT&T for charges relating to the delivery and termination of traffic within Level 3's exchange since June 2015.
- Receipts showing payments by AT&T to Level 3 since June 2015.

### III. COMPUTATION OF DAMAGES

Level 3 seeks payment of end-office switching access charges on all minutes of OTT-VoIP traffic delivered to Level 3 by AT&T since the execution of the parties' Settlement Agreement. AT&T has been withholding payment of these charges since mid-2017. Further discovery is necessary to identify and calculate the damages due to Level 3. Such discovery will concern, at a minimum, the methods AT&T has used to determine what amounts to withhold from Level 3 on the purported basis that all or part of its traffic constituted OTT-VoIP calls.

### IV. INSURANCE AGREEMENT

Level 3 is not aware of any insurance coverage at this time that would satisfy all or part of any judgment or indemnify or reimburse Level 3 for any payments made on a judgment in its favor or in favor of AT&T.

Respectfully submitted this 3rd day of January, 2020.

By: /s/ Charles W. Steese
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676

csteese@armstrongteasdale.com

5

dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant/Counterclaimants*

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on January 3, 2020, I electronically served the foregoing document upon the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Justin A. Benson
Michael D. Warden
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mhunseder@sidley.com
E-mail: jbenson@sidley.com
Email: mwarden@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ Douglas N. Marsh
Douglas N. Marsh