# EXHIBIT H

## To Declaration of Charles W. Steese

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNCATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

**AT&T & TCG'S SUPPLEMENTAL DISCLOSURE**

---

Plaintiff/Counterclaim Defendant AT&T Corp. ("AT&T") and Counterclaim Defendant Teleport Communications Group ("TCG"), by and through undersigned counsel, hereby submit the following supplemental disclosure pursuant to Federal Rule of Civil Procedure 26(e).

AT&T and TCG (collectively "AT&T") state that, in response to the disclosure of the testimony of Jennifer Torres previously submitted by Level 3, they do not plan to submit any

testimony that they consider to be admissible based solely upon Federal Rules of Evidence 702, 703, or 705.

For the avoidance of doubt, however, AT&T does not accept all of Ms. Torres' assumptions, calculations and conclusions.

AT&T does not intend to dispute the entries in columns A and D in the second tab of Ms. Torres' spreadsheet (entitled "AR summary")—which pertain to invoice dates and adjustments made to late payment charges to reflect the settlement of a separate dispute.

As to new charges, Level 3's Column B appears to include usage charges and late payment charges. AT&T's records regarding the amounts billed for usage only during the time period show the correct amount to be $26,995,446.75. AT&T disagrees with the application of late payment charges, as further described below. Even if late payment charges were applicable, AT&T's records do not match precisely to the amounts listed in Column B.[1]

AT&T disputes the figures in Column C of the AR summary because its records show the appropriate amount of the usage credit reflecting the settlement of the referenced separate dispute to be $2,993,073.12.

AT&T disputes the figures used in Column E. According to AT&T's records, AT&T paid Level 3 in the time periods shown a total of about $19,262,016, which includes payments made in connection with the settlement of the separate dispute. As a matter of arithmetic, this adjustment impacts the balance due calculation shown in Column F, which AT&T/TCG also disputes.

---

[1] Certain of the late payment charges appear to be assessed by Level 3 in connection with usage billed prior to January 1, 2019, and cannot be collected under the parties' 2019 Settlement Agreement and release.

AT&T's contentions regarding these amounts are based upon business records maintained by AT&T, and the amounts billed and credited by Level 3 and paid by AT&T are factual issues. To the extent the parties cannot resolve their disputes on these issues prior to trial, AT&T intends to use a fact witness and business records to establish its proof on these topics.

Additionally, AT&T contends that the issue of whether any prejudgment interest or late payment penalty amounts are owed is one for the Court to decide in its discretion. *See, e.g.*, *Haxtun Tel. Co. v. AT&T Corp.*, 57 Fed.Appx. 355 (10th Cir. 2003); *Malloy v. Monahan*, 73 F.3d 1012, 1019 (10th Cir.1996). AT&T reserves its rights to contend and present argument to the Court that no prejudgment interest and/or late payment penalty amounts are appropriate, assuming damages are awarded. Accordingly, although premature at this point, AT&T intends to dispute Level 3's entitlement to prejudgment interest and/or late payment charges and, if any such interest/charges are awarded, the rate applied by Level 3. On that basis, AT&T disputes the inclusion of the amounts included in Column G and, as noted, any late payment charges included in Column B.

Further, AT&T contends that the OTT Net Credit, shown in Column I and calculated on the tab "Credit and Debit," is too low and therefore disputes the entries in that column. As AT&T maintains in its other expert disclosures and in other testimony in this case, the 16% "OTT factor" used by Level 3 has methodological flaws, and cannot be relied upon. AT&T also does not agree with Level 3's legal contention that it only need provide a 50% OTT credit. The recent order of the Federal Communications Commission ("FCC") provided that its holding applied retroactively, and nothing in the parties' 2015 Settlement Agreement allows Level 3 to retain half of its charges that are unlawful under the FCC's rules and order.

3

AT&T also disputes Level 3's contention that it is entitled to the "Tandem Add-Back – Debit" shown in Column I-N of the "Credit and Debit" tab and included in the calculation of the OTT net credit in Column I of the A/R tab. Level 3 may only charge a single tandem, not two tandem charges, for the functions it and its VoIP partners perform in completing over-the-top VoIP calls.

Collectively, AT&T's disputes on the various figures relied upon by Ms. Torres impact her calculations shown in Columns F, H and J, which AT&T accordingly disputes.

Respectfully submitted this 15th day of May, 2020.

By: /s/ Michael J. Hunseder

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

4

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

5

## CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on May 15, 2020, I caused a copy of the foregoing to be served on counsel for Level 3 et al. by email:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*