# EXHIBIT H

| | |
|---|---|
| **From:** | Chuck Steese |
| **Sent:** | Tuesday, April 27, 2021 4:27 PM |
| **To:** | 'Warden, Mike'; Douglas N. Marsh |
| **Cc:** | Zambrano, Angela; Hunseder, Michael; Benson, Justin |
| **Subject:** | RE: AT&T v. Level 3 [IWOV-IDOCS.FID3266695] |

Mike:

Level 3 plans to move to strike Alison Miller as an expert and to strike AT&T's new damages analysis. It does not even remotely resemble AT&T's damages analysis from May 2020. As such, it is not a "supplemental" report at all, but new, late-filed opinions. Proceeding with a brand-new theory of damages and attempting to withhold millions of dollars on the basis of previously undisclosed disputes would clearly cause prejudice to Level 3.

In addition, your claim that Ms. Miller is really a fact witness on the subject is not borne out by the facts. That would have required you to disclose these topics as the subject of Ms. Miller's testimony your 26(a)(1) disclosures. AT&T did no such thing. When AT&T disclosed Ms. Miller, it never stated that her testimony would include a description of all of AT&T's disputes with Level 3. Likewise, AT&T did not disclose any documentary evidence setting forth how all of its withholdings were being accounted for, and how much was being withheld for OTT. This is validated by the fact that the Level 3 tariff, as you know, states:

> [T]he Customer may dispute a bill in good faith only by written notice to the Company. . . . *Such claim must identify in detail the basis for the dispute, and if the Customer withholds disputed amounts, it must identify the account number under which the bill has been rendered, the date of the bill, and the specific items on the bill being disputed to permit the Company to investigate the merits of the dispute*.

Level 3 FCC Tariff No. 4, § 4.9(1), Third-Revised Page 26 (Eff. Dec. 29, 2011) (emphasis added). AT&T never identified additional disputes that would have justified additional withholdings. Until recently, the only disputes AT&T ever identified are the DEOT and OTT disputes.

In addition, Level 3 will not agree to participate in any additional depositions. While the parties did discuss the potential of holding depositions on damages experts, that was only if the parties did not agree on the core numbers. We received an updated analysis from AT&T shortly before the mediation, and the parties' numbers were very close. Moreover, your brand-new damages analysis utilizes Level 3's numbers. The only difference is that AT&T makes up out of whole cloth that it has been withholding exactly 65% of the local switching and common trunk port charges all along. All of the evidence shows otherwise. Indeed, on numerous occasions, Level 3

stated that, once DEOT was accounted for, all of the remaining withholdings were associated with OTT. AT&T expert disclosure never took issue with that statement. Finally, Level 3's numbers and damages methodology have been consistent since May 2020. It is simply too late—on the eve of trial—to participate in depositions.

Respectfully,



Armstrong Teasdale LLP
Chuck Steese | Partner
4643 South Ulster, Suite 800, Denver, Colorado 80237
MAIN PHONE: 720.200.0676 | MAIN FAX: 720.200.0679
DIRECT: 720-200-0677 | Extension: 3805 | CELL: 303-919-0075
csteese@armstrongteasdale.com
www.armstrongteasdale.com
Always exceed expectations through teamwork and excellent client service.

**From:** Warden, Mike [mailto:mwarden@sidley.com]
**Sent:** Thursday, April 22, 2021 1:38 PM
**To:** Chuck Steese; Douglas N. Marsh
**Cc:** Zambrano, Angela; Hunseder, Michael; Benson, Justin
**Subject:** AT&T v. Level 3

**CAUTION:** **EXTERNAL EMAIL**

Chuck and Doug –

Thanks again for taking the time to talk.

As you know and as we discussed, AT&T and Level 3 have been attempting to reach a stipulation regarding damages for almost a year.  Level 3's summary judgment brief notes as much, as does the Final Pretrial Order.  As part of that effort, both parties have disclosed data regarding amounts billed, paid and withheld on OTT VoIP traffic at issue in this litigation.  Depositions on these issues have been deferred in the interest of attempting to reach a stipulation.  Now that the Court has entered its order on summary judgment, and absent a stipulation, the parties need to move forward.  As such, attached is AT&T's supplemental Rule 26(e) disclosure and a protective Rule 26(a)(2) disclosure.  AT&T will make Ms. Miller available for deposition relating to this disclosure.  Please let us know if you intend to take her deposition and we will provide available dates for a Zoom deposition.  Likewise, we would like to take Jennifer Torres' deposition on Level 3's damage calculation.  We think this deposition should take a half day or less and should be conducted by Zoom.

Please provide dates when Ms. Torres can be available.  Also let us know about the schedule and whether and how you want to proceed on the "TCG issues."

Best, Mike

**MICHAEL D. WARDEN**

**SIDLEY AUSTIN LLP**
1501 K Street, N.W.
Washington, DC 20005
+1 202 736 8080
mwarden@sidley.com
www.sidley.com

2

SIDLEY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SIDLEY