**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING
TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

    Counterclaim Defendant.

## LEVEL 3'S MOTION IN LIMINE TO EXCLUDE
## EVIDENCE ON ISSUES RESOLVED ON SUMMARY JUDGMENT

Defendant/Counterclaimant Level 3 Communications, LLC and Counterclaimants Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC (collectively, "Level 3"), move to preclude AT&T Corporation and Teleport Communications Group, Inc. (collectively, "AT&T") from offering testimony and evidence on issues that were resolved by the Court's Order on the parties' summary judgment motions, ECF No. 204.

In ruling on the parties' summary judgment motions, the Court made the following findings:

- "the D.C. Circuit's decision, standing alone, cannot operate as the 'Final Appellate Order' contemplated by the settlement agreement," such that the partial refund provision in the Settlement Agreement did not take effect until February 19, 2020—when the FCC's December 2019 OTT Order became final. ECF No. 204 at 7.

- AT&T "points to no evidence that the OTT percentage was higher than 21 percent from January 1, 2019 to February 19, 2020," and that "there is no genuine issue as to whether the OTT percentage exceeded 21 percent." *Id.* at 8.

In spite of these findings, when the parties exchanged deposition designations and exhibit lists, AT&T stated that its "deposition designations relate to a proffer of evidence that AT&T will make at trial relating to the factor issue that Judge Moore previously ruled on." Declaration of Douglas N. Marsh ("Dec.") Ex. A (May 17, 2021 email from J. Benson). Similarly, AT&T's exhibit list includes 24 exhibits that it claims are "related to a proffer of evidence that AT&T will make at trial relating to the factor issue that Judge Moore previously ruled upon." Dec. Ex. B at 11–14.[1] AT&T claims that "these materials are being proffered in order to ensure an adequate record that fully preserves AT&T's arguments for appeal." Dec. Ex. A (May 18, 2021 email

---

[1] In addition, many of the exhibits AT&T presents in the main section of its exhibit list appear to have little if any relevance to any issue other than the OTT percentage of Level 3's traffic, which the Court has already decided. Level 3 reserves the right to object to such exhibits at trial, when the Court may consider in the context of other evidence whether the exhibit is relevant to any question that remains at issue. But the exhibits AT&T identifies now as relating solely to its proffer of evidence on issues the Court has already resolved are "clearly inadmissible on all potential grounds," and therefore may be precluded now. *Martensen v. Koch*, No. 13-CV-02411-REB-CBS, 2015 WL 514913, at *2 (D. Colo. Feb. 6, 2015).

from J. Benson). But it also claims that "[t]o the extent that the Court decides to revisit rulings related to the factor, AT&T reserves the right to use any of these exhibits or any other trial exhibits." *Id.* (May 17 email).[2]

This is completely improper. The whole point of summary judgment motions is to require the parties to come forward with their evidence, eliminating the need for trial if the opposing party cannot show that there are genuine issues of material fact. If AT&T had any evidence relating to the issues the Court decided in ruling on the parties' summary judgment motions, the time to present it was in briefing on the summary judgment motions—*before* the Court ruled that AT&T failed to show a genuine issue of material fact. Because AT&T did not present such evidence then, it cannot do so now, or on appeal. *See Dunlap v. City of Oklahoma City*, 12 F. App'x 831, 837 (10th Cir. 2001) (rejecting plaintiff's contention that court's decision on summary judgment would have been different had it considered certain evidence; "no reason exists to reverse the district court's decision granting summary judgment" where plaintiff "did not submit the exhibits or witness testimony in its response to the [defendant']s summary judgment motion").

AT&T's "proffer" is in reality a thinly veiled hope that the Court will simply change its mind—that it will "revisit rulings relating to the factor" (Dec. Ex. A), thus giving it a second chance to relitigate all the issues the Court has already decided in Level 3's favor. AT&T

---

[2] The deposition designations include testimony from six witnesses whom AT&T did not include on its witness list, and designations from an AT&T employee, Kimberly Meola, who will testify live at trial and thus is not "unavailable", a requirement to utilize deposition testimony. Fed. R. Evid. 804(a); compare Dec. Ex. C (AT&T Deposition Designations) with Dec. Ex. D (AT&T Witness List). The remaining witness is a Level 3 employee, Jennifer Torres, who will also testify live at trial.

suggests no reason for the Court to reconsider its earlier ruling, or to distract from the parties' preparations for trial on the issues that actually remain for resolution. The Court should not allow AT&T to waste the time and resources of the Court or of Level 3 by attempting to reopen issues the Court's Order already resolved. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-CV-00970-PAB-KMT, 2014 WL 348637, at *2 (D. Colo. Jan. 31, 2014) ("a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.") (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

For the foregoing reasons, Level 3 requests that the Court preclude testimony and evidence on issues the Court resolved in its Order on the parties' summary judgment motions (ECF No. 204).

Pursuant to Local Rule 7.1, counsel for Level 3 certifies that it has conferred with counsel for AT&T regarding the relief requested herein and was unable to resolve the disputed matter despite these efforts.

Respectfully submitted this 19th day of May, 2021.

        By: /s/ Charles W. Steese
        Charles W. Steese, #26924
        Douglas N. Marsh, #45964
        Armstrong Teasdale LLP
        4643 South Ulster Street, Suite 800
        Denver, Colorado 80237
        Telephone: (720) 200-0676
        csteese@armstrongteasdale.com
        dmarsh@armstrongteasdale.com

        *Attorneys for Defendant/Counterclaimants Level 3 Communications, LLC, Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC*

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on May 19, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mwarden@sidley.com
mhunseder@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ Charles W. Steese
Charles W. Steese

6