**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

### AT&T UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO THEIR REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LEVEL 3'S IMPROPER DAMAGES CLAIMS

---

Plaintiff/Counterclaim Defendant AT&T Corp., by and through undersigned counsel, respectively moves this Court for an Order restricting public access to portions of their Reply in Support of Motion in Limine to Exclude Evidence of Level 3 Communications, LLC ("Level 3") Improper Damages Claims ("Reply") in order to maintain the confidentiality of information contained therein. Counsel for AT&T has conferred with counsel for Level 3 regarding this motion

1

in compliance with D. Colo. L. Civ. R. 7.1 and is authorized to state that Level 3 does not oppose this motion. In support of its motion, and in compliance with D. Colo. L. Civ. R. 7.2, AT&T states as follows:

1. AT&T seeks to place portions of the Reply under restriction.

2. Public access to portions of the Reply should be restricted because they discuss sensitive material to which AT&T either seeks to maintain as confidential or is obligated to maintain as confidential pursuant to the Stipulated Protective Order Governing Confidential Information, ECF No. 62, ¶ 18 ("Protective Order").[1]

3. AT&T's Reply contains sensitive information, such as information on traffic volumes and monetary payments, which AT&T seeks to maintain as confidential and/or is obligated to maintain as confidential pursuant to the Protective Order.

4. If access is not restricted, AT&T will be unable to fulfill its obligation under the Protective Order to maintain this material as confidential.

5. As to whether there are less restrictive alternatives to restriction, AT&T is filing concurrently with this motion, on the public docket, the Reply with appropriate redactions.

6. The appropriate level of restriction is Level One – i.e., access should be limited to the parties and the Court.

---

[1] The Protective Order requires that "[i]n the event it is necessary for the Parties to file Confidential or Highly Confidential Documents with the Court, the Documents shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2." Protective Order ¶ 18.

Respectfully submitted this 25th day of May, 2021.

By: /s/ Justin A. Benson

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

3

## CERTIFICATE OF SERVICE

I, Justin A. Benson, hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Justin A. Benson
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: jbenson@sidley.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

4