# **EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

---

**LEVEL 3'S OBJECTIONS AND RESPONSES TO
AT&T CORP.'S FIRST SET OF INTERROGATORIES**

---

Defendant/Counterclaimant Level 3 Communications, LLC ("Level 3"), pursuant to Federal Rules of Civil Procedure 26 and 33, hereby submits the following objections and responses to the First Set of Interrogatories of Plaintiff/Counterclaim Defendant AT&T Corporation ("AT&T").

## GENERAL OBJECTIONS

The following objections are made to each Interrogatory and are incorporated by reference into the response to each Interrogatory made below.

1. Level 3 objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek to impose obligations duplicative of or beyond those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, the Court's Scheduling Order (ECF No. 55), applicable Civil Practice Standards, and other applicable law.

2. Level 3 objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection from disclosure. Level 3 will not include any such information in response to any Interrogatory. Further, Level 3 does not intend to and expressly does not waive any such privileges or protections in answering or otherwise responding to these Interrogatories. The inadvertent disclosure of any privileged or otherwise protected information shall not be deemed or construed to constitute a waiver of any privilege, doctrine, or immunity.

3. Level 3 objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information that is publicly available to, already known by, or already in the possession of AT&T or its counsel.

4. Level 3 objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they are overly broad, vague and ambiguous, seek information that is not relevant to the claims or defenses of either party to this action, are not reasonably calculated to lead to the discovery of admissible evidence, are disproportionate to the needs of the case, and/or impose undue burdens that outweigh any probative value of the information.

Level 3's objections and responses to the Interrogatories, together with their accompanying Definitions and Instructions, reflect the current state of its knowledge, belief, and understanding, and do not preclude the possibility that it may learn of other responsive information through the course of discovery. Level 3 expressly reserves the right to supplement any response it gives to any Interrogatory during and at the conclusion of discovery.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory 1.** Identify each person on whom Level 3 relied or whom Level 3 consulted in preparing the Counterclaims, Level 3's initial disclosures, and/or Level 3's interrogatory responses.

**RESPONSE:** Level 3 objects that this Interrogatory impermissibly seeks information that is protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiving this objection and its General Objections, Level 3 states that it relied on or consulted the following individuals in preparing its counterclaims, initial disclosures, and/or interrogatory responses. Except as otherwise stated, each individual is currently an employee of Level 3 and may be contacted through counsel:

- Andrew McClure, Manager, Revenue Assurance.

- Ted Price, Counsel, Director International Regulatory Policy/Legal Affairs for Level 3.

- Edwin Stocker, Senior Manager, Product Management.

Level 3 expressly reserves the right to supplement this response.

**Interrogatory 2.** Identify each person involved in deliberating, forming, negotiating, drafting, or reviewing the Settlement Agreement on behalf of Level 3, stating with specificity the roles performed by each person as to the Settlement Agreement.

**RESPONSE:** Level 3 objects to the extent this Interrogatory impermissibly seeks information that is protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiving this objection and its General Objections, Level 3 states that the following individuals were involved in deliberating, forming, negotiating, drafting, or reviewing the Settlement Agreement on behalf of Level 3. Except as otherwise stated, each individual is currently an employee of Level 3 and may be contacted through counsel:

- Shaun Andrews, Executive Vice President, Product Management: oversaw other Level 3 employees who participated in deliberating, forming, negotiating, drafting, or reviewing the Settlement Agreement, but otherwise had no direct role.

- Jennifer Torres, Director, Business Operations: participated in negotiation of the Settlement Agreement.

- Ted Price, Counsel, Director International Regulatory Policy/Legal Affairs: edited the Settlement Agreement.

- Mike Riederer, Access Management: participated in negotiation of the Settlement Agreement.

- Michael Mooney, former Senior Vice President and General Counsel, Regulatory Policy: participated in deliberation over terms of the Settlement Agreement.

Level 3 expressly reserves the right to supplement this response.

4

**Interrogatory 3.** Identify each person involved in any estimation, calculation, traffic measurement, evaluation, study, or analysis of the percentage of over-the-top VoIP calls for which Level 3 billed access services, stating with specificity the roles performed by each person as to any such analysis, evaluation, or study.

**RESPONSE:** Level 3 objects to the extent this Interrogatory impermissibly seeks information that is protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiving this objection and its General Objections, Level 3 states that the following individuals are or have been involved in estimation, calculation, traffic measurement, evaluation, study, or analysis of the percentage of over-the-top VoIP calls for which Level 3 billed access services. Except as otherwise stated, each individual is currently an employee of Level 3 and may be contacted through counsel:

- Andrew McClure: performed analysis.

Level 3 expressly reserves the right to supplement this response.

5

**Interrogatory 4.** Identify, for each month since June 1, 2015, the total number of minutes of use of switched access service for which Level 3 has billed AT&T, and the total number of minutes of use of switched access service for which Level 3 has billed AT&T that Level 3 contends are related to over-the-top VoIP calls.

**RESPONSE:** Level 3 objects that this Interrogatory is compound, in that it asks for "[1] the total number of minutes of use of switched access service for which Level 3 has billed AT&T, *and* [(2)] "the total number of minutes of use of switched access service for which Level 3 has billed AT&T that Level 3 contends are related to over-the-top VoIP calls." (Emphasis added.)

In response to the first subpart, Level 3 further objects to this Interrogatory to the extent it seeks information that is available to, already known by, or already in the possession of AT&T or its counsel. Subject to and without waiving this objection and its General Objections, Level 3 states, pursuant to Fed. R. Civ. P. 33(d), that the answer to this Interrogatory may be determined by examining the invoices Level 3 provided to AT&T, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

In response to the second subpart, Level 3 further objects to this Interrogatory as vague and ambiguous in that it requests information regarding minutes of use that Level 3 contends "are related" to OTT-VoIP calls. Level 3 understands this Interrogatory as asking for the number of minutes of OTT-VoIP calls that Level 3 contends were terminated to Level 3's customer's end users using telephone numbers assigned by Level 3, and responds accordingly. Level 3 further objects to this Interrogatory as vague and ambiguous in that it is unclear how AT&T defines "over-the-top VoIP calls." In its own interrogatory responses, AT&T seemingly defined such

calls as including only traffic delivered to "retail providers of OTT-VoIP calling services," apparently excluding calls delivered by carriers whose traffic consisted of OTT-VoIP calls only in part. As it is unclear how AT&T uses the term "over-the-top VoIP calls" in its Interrogatories, Level 3 is unable to provide a complete response and requests clarification. Level 3 further objects that the Interrogatory misconstrues Level 3's "contentions," as Level 3 has made no contention in its Counterclaim or Motion to Dismiss as to the number of minutes of use for which it has billed AT&T end-office switching access charges that originated or terminated OTT-VoIP. Indeed, Level 3 is unable to mechanically distinguish OTT-VoIP minutes from other minutes of use traversing its end office switches. To the extent this Interrogatory asks Level 3 to make this distinction, Level 3 objects to this request as unduly burdensome.

Level 3 expressly reserves the right to supplement this response.

**Interrogatory 5.**     **Identify all witnesses that Level 3 intends to call at trial.**

**RESPONSE:**     Level 3 objects to this Interrogatory to the extent it seeks to impose obligations duplicative of or beyond those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, the Court's Scheduling Order (ECF No. 55), applicable Civil Practice Standards, and other applicable law.

Subject to and without waiving this objection and its General Objections, Level 3 states that, in compliance with the Court's Civil Practice Standards, it will provide its final witness list at the trial preparation conference currently scheduled for July 15, 2019. Level 3 will not undertake to prepare its witness list prior to that date, or duplicate the information therein here or in any supplemental response to these Interrogatories.

**Interrogatory 6.**     **Identify all testifying experts that Level 3 may call at trial.**

**RESPONSE:**     Level 3 objects to this Interrogatory to the extent it seeks to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, the Court's Scheduling Order (ECF No. 55), applicable Civil Practice Standards, and other applicable law.

Subject to and without waiving this objection and its General Objections, Level 3 notes that the Court's Scheduling order presently requires the parties to designate all experts and provide all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 1, 2019, and to do likewise for rebuttal experts on or before March 15, 2019.  Level 3 will comply with the Court's Scheduling Order and any subsequent modifications thereto and will not undertake to reproduce the information provided pursuant to the Court's Order here or in any supplemental response to these Interrogatories.

**Interrogatory 7.** Identify and explain the basis of Level's 3 damages.

**RESPONSE:** Level 3 objects to this Interrogatory to the extent it seeks to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado, the Court's Scheduling Order (ECF No. 55), applicable Civil Practice Standards, and other applicable law.

Subject to and without waiving this objection and its General Objections, Level 3 hereby incorporates and refers AT&T to Level 3's Rule 26(a)(1) disclosures and all supplements thereto that will be served during discovery in this action. Level 3 further states that its damages consist of the end-office switching access charges AT&T has wrongfully withheld and for which AT&T improperly claims a right to a refund. Level 3 expects that its damages are currently in excess of $4 million.

Level 3 expressly reserves the right to supplement this response.

10

Respectfully submitted this 18th day of July, 2018.

By: /s/ Charles W. Steese
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Martin J. Estevao, #46260
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676

csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

11

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on July 18, 2018, I electronically served the foregoing document upon the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Justin A. Benson
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: mhunseder@sidley.com
E-mail: jbenson@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ Charles W. Steese
Charles W. Steese

## VERIFICATION

I, Edwin Stocker, hereby state that the answers contained in the foregoing **LEVEL 3'S OBJECTIONS AND RESPONSES TO AT&T CORP.'S FIRST SET OF INTERROGATORIES** are true and correct to the best of my information and belief. To the extent the answers are not based on personal knowledge, they are based upon reasonable investigation of corporate records directed by counsel and upon information collected and made available to me and counsel by others.

Signed this 18th day of July, 2018.


Edwin Stocker
Senior Manager, Product Management