# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

## AT&T OPPOSITION TO LEVEL 3'S MOTION IN LIMINE TO EXCLUDE EVIDENCE ON ISSUES RESOLVED ON SUMMARY JUDGMENT

    Plaintiff/Counterclaim Defendant AT&T Corp. ("AT&T"), by and through undersigned counsel, submits this opposition to Defendant/Counterclaimant Level 3 Communications, LLC's ("Level 3") motion in limine (the "Motion") (ECF No. 226 ("Mot.")).

    Level 3's Motion seeks to bar AT&T from proffering evidence to ensure an adequate record allowing for full appellate consideration of issues addressed in the Court's March 24, 2021 Order on summary judgment and *Daubert* issues. ECF No. 204 (the "Order"). That is all AT&T is attempting to do; AT&T recognizes that the Court has already ruled on these issues in its summary judgment Order, and is not seeking to "distract from the parties preparations for trial," much less

1

to "waste the time and resources of the Court." Mot. at 4. Apparently not content with trying to stop AT&T from defending itself at trial by responding to damage theories that Level 3 raised after the close of fact discovery, *see* ECF No. 205, Level 3 Mot. in Limine, Level 3 now seeks to bar AT&T from even submitting a proffer to make a record for appeal. The Motion should be denied for at least three reasons.

*First*, a proffer is a recognized means of ensuring that evidentiary issues are preserved for appeal. Typically, to preserve an evidentiary issue for review, "the substance of the evidence [must have been] presented to the [trial] court" and must also be "available for [appellate] review." *United States v. Willie*, 941 F.2d 1384, 1392 (10th Cir. 1991).

Indeed, in *Stieber v. J. Pub. Co.*, 99 F.3d 1150 (10th Cir. 1996), the Tenth Circuit held that the plaintiff had failed to properly preserve her claims for review under a procedural posture similar to that which might arise in this case. There, the plaintiff brought claims under Title VII of the Civil Rights Act for "disparate treatment, disparate impact, and retaliation." *Id*. The court granted the defendant's motion "for summary judgment on the disparate treatment and disparate impact claims, and granted partial summary judgment on the retaliation claims." *Id*. A jury later found in favor of the defendant on the "remaining retaliation claims." *Id*. On appeal, the plaintiff argued that "the court improperly excluded evidence of the retaliation claims that were dismissed on summary judgment." *Id*. In turn, the defendant argued that "the district court did not rule such evidence was to be excluded, and, if it did, [plaintiff] failed to object *or submit an offer of proof as to evidence she intended to present in order to preserve this issue on appeal*." *Id*. (emphasis added). The Tenth Circuit agreed, and, therefore, "decline[d] to consider appellant's arguments." *Id*.

2

Accordingly, out of an abundance of caution in order to ensure an adequate record for appeal, AT&T intends to make a written proffer of the evidence it *would have* presented had the Court not ruled on summary judgment that there was "no genuine issue as to whether the OTT percentage exceeded 21 percent." Order at 8. Level 3 attached high-level descriptions of that evidence to its own Motion. *See* ECF 226-3, Ex. B to Mot., at 11–14. If the Court denies Level 3's Motion, AT&T's proffered evidence will include exhibits 37 to 75, which were identified in AT&T's Exhibit List (ECF No. 233) and the deposition designations previously submitted to the Court. As will be described more thoroughly in its proffer, AT&T's proffered evidence will primarily address the OTT factor, which the Court found "did not exceed 21 percent." Order at 12. AT&T understands that the Court would likely exclude this evidence from the trial pursuant to the summary judgment Order, and if so AT&T would not use any trial time to present this evidence. Instead, AT&T seeks to use the well-recognized method of submitting a written proffer to the Court prior to trial to ensure an adequate record for appeal of the evidence that it would have presented at trial had it been given the opportunity to do so. *See Stieber*, 99 F.3d 1150 (finding plaintiff failed to preserve issues for appeal because she had not "submit[ted] an offer of proof as to evidence she intended to present").

*Second*, Level 3 is also wrong to assert that it "is completely improper" for AT&T to take steps to "reserve[] the right to use any of these [proffered] exhibits or any other trial exhibits" in the event that "the Court decides to revisit rulings related to the [OTT] factor." Mot. at 3. The law does not support Level 3's efforts to bar AT&T from protecting its rights after the entry of a partial summary judgment order.

3

An "order granting partial summary judgment . . . is not a final judgment under Fed.R.Civ.P. 54(b)." *Anixter v. Home-Stake Prod. Co.*, 977 F.2d 1533, 1548 (10th Cir.), *on reh'g in part*, 977 F.2d 1549 (10th Cir. 1992). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Anixter*, 977 F.2d at 1548 (citing old, but substantially similar language in same rule). That being so, "[i]n certain circumstances, premature granting of a motion for partial summary judgment should not force the district court to pre-try the action." *Anixter*, 977 F.2d at 1548. In other words, even when a "district court . . . grant[s] partial summary judgment," it retains discretion to revise its decision "at any time." *Id.* at 1547–48; *see also* Fed. R. Civ. P. 54(b).

Here, the Court's summary judgment Order "adjudicate[d] fewer than all the claims," *see* Fed. R. Civ. P. 54(b), at issue in this litigation. *See* Order at 12 ("the Court GRANTS *IN PART* Defendant's motion for summary judgment") (emphasis added); *id.* at 8 ("Defendant is entitled to partial summary judgment"). Thus, the Court's Order remains subject to revision at trial. *See Anixter*, 977 F.2d at 1547 (reinstating claims seventeen days into trial after previously granting partial summary judgment to defendants on the same claims). In the event that the Court reconsiders its prior Order on summary judgment, AT&T simply seeks to clarify that it "reserves the right to use any of the[] [proffered] exhibits or any other trial exhibits" at trial if the Court decides to do so, *see* ECF No. 226-2, thereby ensuring that Level 3 is not surprised should such a situation arise in the future.

4

*Finally*, the primary case cited by Level 3, *Dunlap v. City of Oklahoma City*, 12 F. App'x 831, 836 (10th Cir. 2001), does not support its motion. There, the plaintiff brought six claims and the court granted summary judgment to the defendant on five of those six claims. *Id*. The plaintiff appealed, "challeng[ing] only the court's grant of summary judgment on" one of those claims. *Id*. For the basis of that appeal, plaintiff argued that the exclusion of two witnesses and two exhibits "constitute[d] an equal protection violation." *Id*. The Tenth Circuit rejected plaintiff's argument, finding that the "court's exclusion of evidence from trial was made long after its decision on . . . summary judgment . . . , and was totally unrelated to its decision to grant [summary] judgment [to defendant] on plaintiff's . . . claim." *Id*.

*Dunlap* does not hold that a proffer is "improper." Mot. at 3. Indeed, in *Dunlap*, the district court permitted the plaintiff to make a proffer as to the excluded evidence, and the Court of Appeals reviewed the evidentiary issues on the basis of the proffer. 12 Fed. App'x at 833–36. Thus, *Dunlap* provides no support for Level 3's contention that AT&T should be prohibited from proffering evidence here. Further, unlike in *Dunlap*, the Court's summary judgment Order did not grant summary judgment to Level 3 on an entire *claim* brought by Level 3 or AT&T. Instead, the Court found that Level 3 "is entitled [only] to partial summary judgment" and that the OTT factor was not higher than 21 percent. Order at 8. In doing so, the Court did not issue a final ruling as to what the *actual* OTT factor was. *See id*. (noting that a "factual dispute still exists with respect to the exact percentage"). Thus, unlike in *Dunlap,* the OTT percentage—to which AT&T's proffered evidence directly relates—is a factual question that remains live following summary judgment, and that is far from "totally unrelated" to the summary judgment ruling. AT&T recognizes that evidence of an OTT factor higher than 21 percent would not be an issue at trial pursuant to the

5

Court's summary judgment Order, but AT&T should be permitted to provide such evidence in the form of a written proffer. A proffer would in no way disrupt the trial or waste resources, and would ensure a complete record for appeal.

## CONCLUSION

The Motion should be denied, and AT&T should be allowed to proffer the evidence.

Respectfully submitted this 4th day of June, 2021.

By: /s/ Rebecca B. DeCook

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Angela C. Zambrano
SIDLEY AUSTIN LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
angela.zambrano@sidley.com

## CERTIFICATE OF SERVICE

I, Rebecca B. DeCook, hereby certify that on June 4, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Rebecca B. DeCook
Rebecca B. DeCook
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*