**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING
TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

    Counterclaim Defendant.

---

**LEVEL 3'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO
EXCLUDE EVIDENCE ON ISSUES RESOLVED ON SUMMARY JUDGMENT**

---

    AT&T is speaking out of both sides of its mouth. On the one hand, it tries to assure the Court that "all AT&T is attempting to do" is "proffer[] evidence to ensure an adequate record allowing for full appellate consideration" (ECF No. 255 at 1)—a strange contention, given that it already had the chance to proffer this evidence on summary judgment and failed to do so. Yet it simultaneously asserts a right to use that evidence "[i]n the event that the Court reconsiders its prior Order on summary judgment." *Id.* at 4. In other words, AT&T is still holding out hope that

the Court did not mean what it said when it entered its Summary Judgment Order (ECF No. 204), or that the Court just might change its mind. The Court should lay those hopes to rest.

AT&T makes clear that each of the proffered exhibits and witnesses are intended to "primarily address the OTT factor." ECF No. 255 at 3. But the Court has already found that there was "no genuine issue as to whether the OTT percentage exceeded 21 percent." ECF No. 204 at 8. That 21-percent figure is what Level 3 uses in its damages calculations; it will not press at trial the issue of whether the OTT percentage was even lower. Thus, contrary to AT&T's assertion otherwise, the OTT percentage is *not* "a factual question that remains live following summary judgment." ECF No. 255 at 5. Evidence on the OTT percentage is unrelated to any question of law or fact that remains at issue. It should therefore be excluded.

AT&T superficially contends that it submits this evidence as a mere proffer of proof it would submit but for the Court's Summary Judgment Order. This contention should be rejected not only as a thin cover for AT&T's true hopes that it will be able to relitigate the OTT factor at trial, but as improper in and of itself. The time to proffer this evidence was on summary judgment, when the parties were required to show whether they had evidence showing a genuine issue of material fact. *See Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1116 (10th Cir. 2007) (observing that "the word 'proffer' . . . accurately describes the burden on the plaintiff at the summary judgment stage," and that a party opposing summary judgment "must proffer some probative evidence that would be sufficient to sustain [its] burden of persuasion at trial"); *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1312 (11th Cir. 2014) (summary judgment is proper where "a party fails to proffer a sufficient showing to establish the existence of an element"); *Perez v. Volvo Car Corp.*, 247 F.3d 303, 313 (1st Cir. 2001) ("to survive

summary judgment, the plaintiffs must proffer competent evidence on each of [the] elements" of their claims); *Toscano v. Warren Cty. Dep't of Hum. Servs.*, 323 F. App'x 120, 121 (3d Cir. 2009) ("to survive summary judgment, the non-moving party must proffer 'specific facts showing that there is a genuine issue for trial'") (quoting Fed. R. Civ. P. 56(e)).

Tellingly, the "proffer" AT&T provides now goes far beyond the proffer it provided on summary judgment. But the notion that such additional evidence would be either necessary or even relevant to any argument on appeal is baseless. If AT&T intends to challenge the Court's Summary Judgment Order on appeal, it must do so based on the evidence the parties proffered in briefing the motions—not evidence AT&T proffered after receiving an unfavorable ruling. *See Dunlap v. City of Oklahoma City*, 12 F. App'x 831, 837 (10th Cir. 2001) (rejecting plaintiff's contention that court's decision on summary judgment would have been different had it considered certain evidence; "no reason exists to reverse the district court's decision granting summary judgment" where plaintiff "did not submit the exhibits or witness testimony in its response to the [defendant']s summary judgment motion").

The case on which AT&T bases its Response—*Stieber v. J. Pub. Co.*, 99 F.3d 1150 (10th Cir. 1996)—does not suggest such belated proffers are either necessary or proper for preserving appellate arguments opposing a summary judgment ruling. To the contrary, the absent proffer of evidence in that case was for a matter that, unlike here, was still before the court at trial. Specifically, summary judgment had been granted in that case rejecting claims against a former employer for disparate treatment and some claims for retaliation, with other retaliation claims later decided against the plaintiff at trial. In describing the plaintiff's argument on appeal, AT&T misleadingly omits significant language from the decision showing the purpose for this evidence:

"the court improperly excluded evidence of the retaliation claims that were dismissed on summary judgment, *arguing such exclusion prevented her from showing a pattern of retaliatory action.*" *Stieber*, 99 F.3d 1150 (portion omitted from AT&T's quotation, ECF No. 255 at 5, emphasized). In other words, the plaintiff had argued that the evidence had been improperly excluded not because it had to do with issues that had been dismissed, but because the evidence was relevant to retaliation claims *still before the Court*.[1] Nothing in *Stieber* suggest that AT&T either should or may present evidence at this late stage for issues the Court has already decided.

The evidence AT&T hopes to submit thus has no place at trial. And it would have no place on appeal either. It is irrelevant to any matter currently pending before the Court and therefore should be excluded.

For the foregoing reasons, Level 3 requests that the Court preclude testimony and evidence on issues the Court resolved in its Summary Judgment Order. Specifically, the exhibits identified in Section II of AT&T's Exhibit List, and each of the deposition designations it submitted, should be precluded.

Respectfully submitted this 8th day of June, 2021.

---

[1] As AT&T notes, this argument was rejected for many reasons, including that the district court never ruled that such evidence was to be excluded, and the plaintiff never raised an objection or indicated what evidence she would have presented on the issues (meaning, again, issues still pending before the court). ECF No. 255 at 2 (citing *Stieber*, 99 F.3d. 1150).

By: /s/ *Charles W. Steese*
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com

*Attorneys for Defendant/Counterclaimants Level 3 Communications, LLC, Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC*

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on June 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mwarden@sidley.com
mhunseder@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ *Charles W. Steese*
Charles W. Steese