**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

## AT&T OFFER OF PROOF

Plaintiff/Counterclaim Defendant AT&T Corp. ("AT&T"), by and through undersigned counsel, respectively submits this Offer of Proof to clarify the record and preserve its rights for any appeal. AT&T's Offer of Proof contains evidence that AT&T believes would have shown that at least 65 percent of Defendant/Counterclaimant Level 3 Communications, LLC's ("Level 3") (AT&T and Level 3, collectively the "Parties") end-office switching traffic was for "over-the-top" Voice over Internet Protocol ("OTT VoIP") calls. The same evidence would, in AT&T's view,

1

have shown that the percentage of Level 3 OTT traffic was greater than the 21% determined by the Court on summary judgment. Because this Court's summary judgment Order (the "Order") (ECF No. 204) found against AT&T on this issue as a matter of law, AT&T understands that the Court's Order excludes this evidence at trial—evidence that AT&T would have introduced but for the Court's Order.[1] Nonetheless, and as AT&T explained in its Opposition to Level 3's Motion in Limine (ECF No. 255), AT&T is submitting this Offer of Proof and attached evidence, *see* Decl. of Rebecca B. DeCook and attached exhibits, to ensure an adequate record for full appellate consideration of issues addressed in the Court's Order on summary judgment, including the admissibility of expert testimony under *Daubert*.

Prior to this Court's Order on cross-motions for summary judgment (ECF No. 204), a primary focus of the Parties' dispute over Level 3's end-office switching charges centered on what percentage of Level 3's calls for which it billed AT&T end-office switching rates were OTT VoIP calls. Although Level 3 claimed that the volume of OTT VoIP calls was no higher than 21 percent, AT&T argued that 65 percent of Level 3's traffic consisted of such calls. *See* Order on Sum. J., ECF No. 204, at 4; AT&T Mot. for Sum. J., ECF No. 149, at 4, 22; AT&T Opp. to Level 3 Mot. for Sum. J., ECF No. 166, at 17. Level 3's position was primarily based on an analysis conducted by Andrew McClure, which AT&T argued was unreliable and should be excluded. *See generally* AT&T *Daubert* Motion, ECF. No 141. AT&T argued that (a) Level 3 lacked reliable evidence to

---

[1] In the event that the Court reconsiders its Order on summary judgment, AT&T expressly reserves its right to present the evidence contained in this Offer of Proof at trial. *See* AT&T Opp. to Level 3 Mot. in Limine, ECF No. 255, at 4; *Anixter v. Home-Stake Prod. Co.*, 977 F.2d 1533, 1547–48 (10th Cir.) (noting that an "order granting partial summary judgment . . . is not a final judgment under Fed.R.Civ.P. 54(b)" and thus the court retains discretion to revise its decision "at any time"), *on reh'g in part*, 977 F.2d 1549 (10th Cir. 1992).

2

support its position that the volume of OTT VoIP calls was no higher than 21 percent, and (b) the evidence AT&T submitted created a genuine issue of fact to be resolved at trial.

In its Order, the Court found that "there is no genuine issue as to whether the OTT percentage exceeded 21 percent," and that Level 3 "is entitled to partial summary judgment and declaratory relief" that the OTT percentage did not exceed 21 percent. ECF No. 204, at 8. The Court's ruling significantly narrowed the scope of the trial, by ruling as a matter of law on the actual OTT factor during the time period at issue in this dispute.[2] The Court's Order also denied AT&T's *Daubert* motion to strike the expert testimony of Mr. McClure, though the Court noted that "[s]hould this case proceed to a bench trial" AT&T would have the opportunity to object to Mr. McClure's testimony and the Court would "disregard testimony that is not relevant or inadmissible for other reasons." *Id.* at 10–11. The principal issue remaining for trial is therefore the damages Level 3 can collect from AT&T on Level 3's breach of contract counterclaim for amounts of end-office switching charges that Level 3 contends AT&T improperly withheld under the Parties' 2015 Release and Settlement Agreement.

AT&T respectfully disagrees with the Court's grant of partial summary judgment to Level 3 and the Court's denial of AT&T's *Daubert* motion, which forecloses AT&T from arguing at trial that the OTT percentage was higher than the 21 percent ceiling found by the Court. The evidence AT&T would have offered at trial would have established that the OTT percentage was 65 percent

---

[2] Though the Court noted that "a factual dispute still exists with respect to the exact percentage" of Level 3's OTT VoIP traffic, Order at 8 n.2, Level 3 has indicated that it will not attempt to establish that the factor was lower than 21 percent at trial. *See* Level 3 Reply in Support of Its Mot. in Limine, ECF No. 256, at 2. Accordingly, Level 3 has also indicated that it will not present evidence from Mr. McClure at trial, instead resting on the Court's ruling that the OTT factor is no higher than 21 percent. *See id.*

3

or higher (or at least higher than 21 percent). AT&T is submitting this Offer of Proof to establish a record of the evidence it would have offered if the issue had still been a live one for trial. Thus, AT&T submits this Offer of Proof to fully develop the record and preserve its rights for any future appeal regarding the Court's Order.

## CONCLUSION

For the foregoing reasons, AT&T submits the attached evidence into the record.

Respectfully submitted this 6th day of July, 2021.

By: /s/ Rebecca B. DeCook

| | |
|---|---|
| Michael J. Hunseder<br>Michael D. Warden<br>Justin A. Benson<br>Joshua W. Moore<br>SIDLEY AUSTIN LLP<br>1501 K ST NW<br>Washington, DC 20005<br>Telephone: (202) 736-8000<br>mhunseder@sidley.com<br>mwarden@sidley.com<br>jbenson@sidley.com<br>joshua.moore@sidley.com<br><br>*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group* | Rebecca B. DeCook<br>Andrew T. Flynn<br>Moye White LLP<br>1400 16th Street, 6th Floor<br>Denver, CO 80202-1027<br>becky.decook@moyewhite.com<br>andrew.flynn@moyewhite.com<br><br>Angela C. Zambrano<br>SIDLEY AUSTIN LLP<br>2021 McKinney Avenue<br>Suite 2000<br>Dallas, TX 75201<br>Telephone: (214) 981-3300<br>angela.zambrano@sidley.com |

269840554v.6

## CERTIFICATE OF SERVICE

    I, Rebecca B. DeCook, hereby certify that on July 6, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Rebecca B. DeCook
Rebecca B. DeCook
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

5

269840554v.6