# EXHIBIT VV

CONFIDENTIAL

Page 1

```
 1            IN THE UNITED STATES DISTRICT
 2              FOR THE DISTRICT OF COLORADO
 3
 4     AT&T CORPORATION,
 5             Plaintiff,
                                    CIVIL ACTION FILE
 6         vs.                      NO.  18-cv-00112-RM-MEH
 7     LEVEL 3 COMMUNICATIONS, LLC,
 8             Defendant.
 9
10
11
12             VIDEOTAPED DEPOSITION OF
                      GEORGE SLOAN
13
                   September 24, 2019
14                    11:39 a.m.
15         1025 Lenox Park Boulevard, NE
                    Atlanta, Georgia
16
17     Lee Ann Barnes, CCR-1852B, RPR, CRR, CRC
18
19
20
21
22
23
24
25     Job No. CS3532263
```

CONFIDENTIAL

## Page 2

```
 1            APPEARANCES OF COUNSEL
 2
 3   On behalf of Plaintiff:
 4       MICHAEL J. HUNSEDER, ESQ.
         JUSTIN A. BENSON, ESQ.
 5       SIDLEY AUSTIN LLP
         1501 K Street, N.W.
 6       Washington, D.C.  20005
         202.736.8236
 7       202.736.8711 (facsimile)
         mhunseder@sidley.com
 8       jbenson@sidley.com
 9       - and -
10       CARL MICKENS, ESQ.
         AT&T
11       675 West Peachtree Street, NW
         Atlanta, Georgia
12       404.216.5233
13
14   On behalf of the Defendant:
15       CHUCK STEESE, ESQ.
         ARMSTRONG TEASDALE LLP
16       4643 South Ulster Street, Suite 800
         Denver, Colorado  80237
17       720.200.0676+720.200.0679 (facsimile)
         csteese@armstrongteasdale.com
18
19   Also Present:
20       Jess Wiggins, Videographer
21
22
23
24
25
```

## Page 3

```
 1            INDEX OF EXAMINATION
 2   WITNESS:  GEORGE SLOAN
 3   EXAMINATION                         PAGE
     By Mr. Steese                6
 4   By Mr. Hunseder              75
 5
 6
 7
 8
 9
10
...
25
```

## Page 4

```
 1            INDEX TO EXHIBITS
 2   Defendant's
     Exhibit       Description         Page
 3
 4   Exhibit 92  Email chain, Bates Nos. ATT   34
                 PROD 0011862 through -863
 5
 6         INDEX TO EXHIBITS PREVIOUSLY MARKED
 7   Exhibit       Description         Page
 8
     Exhibit 3   24-page document              63
 9
     Exhibit 13  AT&T and Level 3 email        17
10               chain, April 9, 2015, Bates
                 Nos. ATT PROD 0011778
11               through -779
12   Exhibit 18  Email chain, Bates Nos. CTL   20
                 0004195 through -199
13
     Exhibit 19  Email with attachment dated   23
14               May 8, 2015, Bates Nos. CTL
                 0011324 through -326
15
     Exhibit 20  Email dated May 7, 2015,      45
16               Bates No. ATT PRO 0011854
17   Exhibit 21  Settlement Agreement between  11
                 Level 3 and AT&T executed in
18               May of 2005, Bates Nos. CTL
                 0001563 through -579
19
     Exhibit 90  Email dated May 12, 2015,     57
20               Bates No. ATT PROD 0014102
21   Exhibit 91  Release and Settlement        57
                 Agreement, Bates Nos. ATT
22               PROD 0014103 through -111
23         (Original Exhibit 92 is attached.  Copies
24    of exhibits marked previously are attached.)
25
```

## Page 5

```
 1         Deposition of GEORGE SLOAN
           September 24, 2019
 2
 3       (Reporter disclosure made pursuant to
 4   Article 8.B of the Rules and Regulations of the
 5   Board of Court Reporting of the Judicial
 6   Council of Georgia.)
 7       VIDEOGRAPHER:  Today's date is
 8   September 24, 2019, and we are on the record at
 9   11:39 a.m.
10       This will be the videotaped deposition of
11   George Sloan.
12       Would counsel present please identify
13   themselves for the record.
14       MR. HUNSEDER:  Good morning.  Michael
15   Hunseder, Sidley Austin.
16       MR. BENSON:  Justin Benson, Sidley Austin.
17       MR. MICKENS:  Carl Mickens, AT&T.
18       MR. HUNSEDER:  We're all for Mr. Sloan and
19   AT&T.
20       MR. STEESE:  He's -- he's got serious
21   representation here.
22       So this is Chuck Steese from Armstrong
23   Teasdale on behalf of Level 3.
24       VIDEOGRAPHER:  Would the court reporter
25   please swear in the witness.
```

CONFIDENTIAL

Page 74

1  A. Sure.
2  Q. -- this international crowd -- crowd.
3     And you say you're not aware of what
4  customers are doing once you deliver the facility to
5  their physical location.
6     MR. HUNSEDER: Objection. Asked and
7  answered.
8     MR. STEESE: I'm -- I'm just getting to
9  the next question.
10     MR. HUNSEDER: Okay.
11  Q. (By Mr. Steese) Are -- are you aware of
12  whether or not AT&T informs customers that that
13  capability will be available to them, you just don't
14  know if they're taking advantage of what AT&T says
15  they can do, if they wish.
16     MR. HUNSEDER: Objection to the question.
17  Vague. Compound.
18     THE WITNESS: Can you ask the question
19  again?
20  Q. (By Mr. Steese) Sure. My question -- not
21  my best question of my life. I'll admit that.
22     Are you aware of whether or not AT&T is
23  telling customers that the products and services
24  that they're delivering to them allow them to
25  connect to distant locations but you just don't --

Page 75

1  do you know if they're marketing that and you just
2  don't know if the customers are taking advantage of
3  that opportunity?
4     MR. HUNSEDER: Same objection.
5     THE WITNESS: Yeah. I'm in a role where
6  we're getting connections, physical
7  connections. I'm -- I am not aware of how
8  we're marketing or selling.
9  Q. (By Mr. Steese) Okay. And -- and so you
10  don't -- make sure I understand.
11     You don't know what, if anything, the AT&T
12  sales team, marketing team, whoever it is that's
13  interfacing with the customers, is telling customers
14  they can or cannot do with the products that are
15  being delivered to them?
16  A. Generally that's true.
17     MR. STEESE: That's all the questions that
18  I have.
19  EXAMINATION
20  BY-MR. HUNSEDER:
21  Q. Mr. Sloan, can you take a brief look at
22  Exhibit 19.
23  A. Sure.
24  Q. And I'm talking about the second page,
25  the -- yeah, the second page.

Page 76

1  A. Okay.
2  Q. And can you -- it's -- it's somewhat
3  small, but can you review and read out loud the
4  language at the bottom of that page.
5  A. Sure.
6     It says, "This is not an offer or
7  proposal" -- "or proposal capable of acceptance, and
8  instead provided for conceptual purposes only. A
9  final proposal may not include all items referenced
10  in this document, and neither party is under any
11  obligation to propose or agree to any of the terms,
12  conditions, or structures presented in this
13  document. This document does not cover all terms
14  and conditions that may be included in the final
15  proposal or in any final agreement. No terms are
16  binding until in final, formal written agreement
17  mutually executed by the parties."
18  Q. And as a business person, does that
19  language have any meaning to you?
20  A. It has a lot of meaning to me.
21  Q. And what is that?
22  A. It -- it means that the only terms that
23  matter are those that are in the final, signed
24  document between the two parties.
25     And as we all know in negotiations, ideas

Page 77

1  are thrown out by both parties, and this is very
2  important language pointing out that the only thing
3  that matters is what gets signed by both parties.
4     MR. HUNSEDER: I have no further
5  questions.
6     MR. STEESE: I don't have any redirect.
7     VIDEOGRAPHER: The time is 1:14 p.m.
8  This concludes the videotaped deposition.
9  We are off the video record.
10     (Deposition concluded at 1:14 p.m.)
11     (Pursuant to Rule 30(e) of the Federal
12  Rules of Civil Procedure and/or O.C.G.A.
13  9-11-30(e), signature of the witness has been
14  reserved.)

**Page 78**

1  C E R T I F I C A T E

STATE OF GEORGIA:

COUNTY OF FULTON:

I hereby certify that the foregoing transcript was taken down, as stated in the caption, and the questions and answers thereto were reduced to typewriting under my direction; that the foregoing pages represent a true, complete, and correct transcript of the evidence given upon said hearing, and I further certify that I am not of kin or counsel to the parties in the case; am not in the regular employ of counsel for any of said parties; nor am I in anywise interested in the result of said case.

*Lee Ann Barnes*

LEE ANN BARNES, CCR B-1852, RPR, CRR, CRC

**Page 79**

COURT REPORTER DISCLOSURE

Pursuant to Article 10.B. of the Rules and Regulations of the Board of Court Reporting of the Judicial Council of Georgia which states: "Each court reporter shall tender a disclosure form at the time of the taking of the deposition stating the arrangements made for the reporting services of the certified court reporter, by the certified court reporter, the court reporter's employer, or the referral source for the deposition, with any party to the litigation, counsel to the parties or other entity. Such form shall be attached to the deposition transcript," I make the following disclosure:

I am a Georgia Certified Court Reporter. I am here as a representative of Veritext Legal Solutions. Veritext Legal Solutions was contacted to provide court reporting services for the deposition. Veritext Legal Solutions will not be taking this deposition under any contract that is prohibited by O.C.G.A. 9-11-28 (c).

Veritext Legal Solutions has no contract/agreement to provide reporting services with any party to the case, any counsel in the case, or any reporter or reporting agency from whom a referral might have been made to cover this deposition. Veritext Legal Solutions will charge its usual and customary rates to all parties in the case, and a financial discount will not be given to any party to this litigation.

*Lee Ann Barnes*

LEE ANN BARNES, CCR B-1852B, RPR, CRR, CRC

**Page 80**

Michael J. Hunseder, Esq.
mhunseder@sidley.com

October 7, 2019

RE:  AT&T Corporation v. Level 3 Communications, LLC
     9/24/2019, George Sloan (#3532263)

The above-referenced transcript is available for review.

Within the applicable timeframe, the witness should read the testimony to verify its accuracy. If there are any changes, the witness should note those with the reason, on the attached Errata Sheet.

The witness should sign the Acknowledgment of Deponent and Errata and return to the deposing attorney. Copies should be sent to all counsel, and to Veritext at erratas-cs@veritext.com

Return completed errata within 30 days from receipt of testimony.

If the witness fails to do so within the time allotted, the transcript may be used as if signed.

Yours,

Veritext Legal Solutions

**Page 81**

AT&T Corporation v. Level 3 Communications, LLC
George Sloan (#3532263)

E R R A T A  S H E E T

PAGE_____ LINE_____ CHANGE_____
_____
REASON_____
PAGE_____ LINE_____ CHANGE_____
_____
REASON_____
PAGE_____ LINE_____ CHANGE_____
_____
REASON_____
PAGE_____ LINE_____ CHANGE_____
_____
REASON_____
PAGE_____ LINE_____ CHANGE_____
_____
REASON_____
PAGE_____ LINE_____ CHANGE_____
_____
REASON_____

_____  _____
George Sloan             Date

CONFIDENTIAL

Page 82

1  AT&T Corporation v. Level 3 Communications, LLC
2  George Sloan (#3532263)
3         ACKNOWLEDGEMENT OF DEPONENT
4    I, George Sloan, do hereby declare that I
5  have read the foregoing transcript, I have made any
6  corrections, additions, or changes I deemed necessary as
7  noted above to be appended hereto, and that the same is
8  a true, correct and complete transcript of the testimony
9  given by me.
10
11  _____   _____
12  George Sloan              Date
13  *If notary is required
14         SUBSCRIBED AND SWORN TO BEFORE ME THIS
15  _____ DAY OF _____, 20___.
16
17
18         _____
19         NOTARY PUBLIC
20
21
22
23
24
25

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.