**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 18-cv-00112-RM-MEH

AT&T CORP.,

    Plaintiff / Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant / Counter Claimant,

and

BROADWING COMMUNICATIONS, LLC,
GLOBAL CROSSING TELECOMMUNICATIONS, INC., and
WILTEL COMMUNICATIONS, LLC,

    Counter Claimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

    Counter Defendant.

---

**LEVEL 3'S SUPPLEMENTAL NOTICE
ON LATE PAYMENT CHARGE CALCULATIONS**

---

Plaintiff/Counter Claimant Level 3 Communications, LLC and Counter Claimants Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC (collectively, "Level 3"), pursuant to the Court's instructions at the close of trial in this matter, respectfully submit their calculation of late payment charges as applied to

the amounts AT&T acknowledges are owed and due.

At the end of the trial, the Court ordered the parties to calculate late payment charges ("LPCs") on "AT&T's numbers." *See* July 16 Transcript at 4–5 (attached as *Exhibit 1*). The parties have reached an impasse regarding how to perform these calculations. The reason is based on a difference of view regarding what constitutes "AT&T's numbers." AT&T believes that LPCs should only be added to the damages numbers contained in Exhibit 76. However, AT&T stipulated that Level 3's damages *also* included $341,207.53 that Level 3 could charge AT&T for tandem switching on OTT calls in lieu of end office charges. ECF No. 262 at 16–17 ¶ 16. Thus, this $341,207.53 is just as much an "AT&T number" as the numbers listed in Exhibit 76.[1] Level 3's damages calculate LPCs with the tandem switching element added back in, and AT&T did not challenge this aspect of Level 3's methodology or calculations. *See E*xhibit A-53.

Level 3's position is also supported by the Settlement Agreement, which states that:

> Level 3 will only be required to refund OTT charges to the extent they should not have been charged in accordance with the Final Appellate Order. Further, the Parties agree that any billing and payments for OTT Traffic exchanged after such Final Appellate Order becomes final shall be in compliance with terms of that order.

Exhibit A-1, page 3, § 1(a)(iv). AT&T's Exhibit 76 presumes that Level 3 should not have billed end office charges on 21 percent of the calls, but fails to add back in that Level 3 had the right—the stipulated right—to assess tandem switching charges on these OTT minutes instead of the end office charges (because its tariff permitted the charges). AT&T's own witnesses

---

[1] Last week, undersigned counsel asked AT&T to verify that it started paying end office charges in June 2021, because its data showed otherwise. *See* Exhibit 2. Earlier today, AT&T contacted undersigned counsel to state that it needed to correct the record because AT&T had determined that it continued to dispute payment in June, but will start to pay in July 2021. AT&T is submitting an updated Exhibit 76. Level 3 will use this updated document as a starting place for its LPC calculations.

acknowledge that when removing end office charges, tandem switching charges in lieu of the end office charges must be added back in. *See* Marc Cathey Deposition at 175:5–23, 176:20–178:3; Janice Gallagher Deposition at 66:4–67:1, 67:24–68:24, 72:14–73:6, 107:8–108:17. Indeed, when AT&T's affiliate TCG extends credits on OTT calls, it adds tandem switching charges in lieu of the end office charges. *Id*.

Thus, in order to calculate LPCs on the amount that AT&T admits it over-withheld on OTT calls, the tandem switching charges in lieu of end office charges must be included in the amounts AT&T was required but failed to pay, and LPCs must be calculated as to those stipulated damages as well.

AT&T also objects to applying LPCs for the month July 2021. Once again, AT&T's argument is premised on looking exclusively at its updated Exhibit 76, along with AT&T's statement that it will start to pay end office charges in July 2021. Once again, AT&T's attempt to limit LPCs to strictly Exhibit 76 misses the point. As of the time of trial, AT&T had not paid any of the $4.2 million[2] that AT&T admits it owes Level 3. As a result, AT&T's numbers require calculation of LPCs through trial, which by definition includes LPCs through July 2021. Level 3 calculated LPCs accordingly.

In sum for the Court's benefit: the attached document (which Level 3 is also sending to the Court in native format) begins with AT&T's calculations of the damages it owes Level 3 (AT&T's Exhibit 76). Level 3's additions to this spreadsheet are all highlighted in green. Those additions:

---

[2] Again, this figure excludes the tandem switching add-back AT&T stipulated should be added to Level 3's damages.

3

- Add the $341,207.53 tandem switching add-back charges which the parties stipulated are to be added to the amounts paid to Level 3 (Column Q);

- Include LPCs for the month of July 2021, assuming for purposes of these calculations that AT&T will start paying end office charges in July 2021 (Rows 34 and 35); and

- Calculate LPCs on the numbers that AT&T acknowledges it owes, but has not paid through the present date (Column R).

As shown in the attached (Cell T23), applying LPCs to the AT&T numbers generates total damages owed to Level 3 of $5,737,787.81. The parties have stipulated that the amount relating to Level 3's claims against TCG ($517,147) will be subtracted from the Court's award of damages.

Respectfully submitted this 26th day of July, 2021.

By: /s/ *Charles W. Steese*
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com

*Attorneys for Defendant/Counterclaimants Level 3 Communications, LLC, Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC*

4

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on July 26, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mwarden@sidley.com
mhunseder@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ *Charles W. Steese*
Charles W. Steese