IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

 Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

 Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

 Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

 Counterclaim Defendant

---

### AT&T NOTICE REGARDING THE COURT'S REQUEST FOR AT&T'S DAMAGES ANALYSIS WITH LATE PAYMENT CHARGES

---

 Plaintiff/Counterclaim Defendant AT&T Corp. ("AT&T"), by and through undersigned counsel, respectfully submits this Notice regarding the Court's request for AT&T to submit its damages analysis with late payment charges included.

 In support of this Notice, AT&T states as follows:

1. At the close of trial on July 16, 2021, the Court requested that AT&T and Defendant/Counterclaimant Level 3 Communications, LLC's ("Level 3") (AT&T and Level 3 collectively "the Parties") apply late payment charges to AT&T's

damages analysis in Exhibit 76.  Because of the Parties disparate damages theories, they were unable to agree on a single submission.  Accordingly, AT&T is filing this Notice

2. After the close of trial, AT&T and Level 3 agreed that AT&T's damages analysis should include Level 3 end office charges through June 2021.  *See* ECF No. 280 (AT&T Unopposed Motion to Supplement Record).

3. AT&T is attaching a Declaration of Alison Miller as Exhibit 1 to this Notice, which explains the reason for supplementing Exhibit 76 with June 2021 bills.

4. For the sake of clarity, AT&T's position remains that late payment charges are not owed under the 2015 Release and Settlement Agreement on which Defendant/Counterclaimant Level 3 Communications, LLC's ("Level 3") (AT&T and Level 3 collectively "the Parties") claims are based.  However, consistent with the Court's request, AT&T is submitting its damages analysis with late payment charges calculated at 1.5% per month, attached as Exhibit 2.[1]

5. These late payment charges are calculated on a monthly basis in column R of AT&T's submission.

6. One of the reasons for the Parties' disagreement regarding late payment charges is that Level 3 believes that such charges also should be applied to the tandem add-back charges.  AT&T and Level 3 stipulated that these should be included in any final amount of damages awarded to Level 3.  *See* Proposed Amended Final Pretrial Order, ECF No. 262, at 16–17.

---

[1] Exhibit 2 includes AT&T's damages analysis through June 2021.

7. With respect to the late payment charges, they should not be applied to the tandem add-back.  These charges were *never* billed by Level 3 and therefore by definition could not have been paid late.  Although the parties agreed, for the purposes of narrowing the issues for trial, that the tandem charges should be added to Level 3's damages, that agreement did not extend to late payment charges, which should not be assessed on charges for which Level 3 has never billed..

8. In any event, the tandem add-back was not part of the damages calculation AT&T presented at trial.  The Court requested that AT&T supplement the damages calculation that it presented at trial with late payment charges.  The Court did not request AT&T include other, new categories of its damages analysis.[2]

9. For these reasons, AT&T does not include late payment charges on the tandem add-back amounts in the damages analysis it is submitting concurrently with this Notice.

WHEREFORE, AT&T respectfully submits its damages calculation with late payment charges included.

Respectfully submitted this 26th day of July, 2021.

By: /s/ *Joshua W. Moore*

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

---

[2] Specifically, the Court noted that, were it "to apply late payment charges . . . to the AT&T numbers . . . it's not obvious to me what those numbers would be."  *See* July 16, 2021 Trial Tr. at 88:7-10.  The Court further stated that "since there's no dispute about math that you could give me those numbers." *Id.* at 88:11-12.

Michael J. Hunseder
Michael D. Warden
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

Angela C. Zambrano
SIDLEY AUSTIN LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
angela.zambrano@sidley.com

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

4

## CERTIFICATE OF SERVICE

I, Joshua W. Moore, hereby certify that on July 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ *Joshua W. Moore*
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
E-mail: joshua.moore@sidley.com

*Attorney for Plaintiff AT&T Corp.*

5