# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

  Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

  Defendant.

---

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Level 3 Communications, LLC ("Level 3" or "Defendant") requests that Plaintiff AT&T Corporation produce the following documents at the offices of Armstrong Teasdale LLP, 4643 S. Ulster Street, Suite 800, Denver, Colorado, 80237, within 30 days of service in accordance with the applicable Rules and the following Definitions and Instructions:

### DEFINITIONS

1. "You," "Your", "Plaintiff" or "AT&T" means AT&T Corporation, its subsidiaries, any past or present employees, consultants, agents, or other representatives acting on behalf of AT&T Corporation.

2. "Defendant" or "Level 3" means Level 3 Communications, LLC, its subsidiaries, any past or present employees, consultants, agents, or other representatives acting on behalf of Level 3 Communications, LLC.

3.      The term "person" includes a natural person and any other legal entity, including but not limited to a firm, association, organization, partnership, business, trust, corporation, or public entity.

4.      A reference to any person includes such person's agents, representatives, and, except insofar as necessary to preserve the attorney-client privilege, its attorneys.

5.      The term "communication" means any and all modes or methods for the transmission or exchange of information between two or more persons or entities, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, email, text, instant message, facsimile, telegraph, telex, or any  other medium, including, but not limited to, video depositions.

6.      The term "ESI" means Electronically Stored Information, as the phrase Electronically Stored Information is used in the Federal Rules of Civil Procedure and cases interpreting the same.

7.      The term "document(s)" is used in the broadest possible sense and means: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments

2

of any of the foregoing); graphic or aural representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys); and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata, and including, without limitation, depositions, exhibits to depositions and responses to Requests for Production. The term "document(s)" also includes all ESI.

8.     The term "email" includes not only the body of an electronic mail message, but also all metadata, headers, and attachments thereto.

9.     "Complaint" means the Complaint filed by AT&T on January 16, 2018 in the above-captioned action (Dkt. No. 1).

10.     "Counterclaims" means the Counterclaims filed by Level 3 on March 15, 2018 (Dkt. No. 38).

11.     "OTT-VoIP calls" means calls delivered using "over-the-top" Voice over Internet Protocol technology as described in the Complaint.

12.     "D.C. Circuit Decision" means the November 2016 decision by the D.C. Circuit in *AT&T Corp. v. FCC*, 841 F.3d 1047 (D.C. Cir. 2016).

13.     "Settlement Agreement" means the May 2015 agreement between Level 3 and AT&T described in paragraphs 25 through 35 of the Complaint.

14.     "LEC" means a local exchange carrier, including both competitive LECs and incumbent LECs.

15.     The singular form of a noun or pronoun includes the plural form and vice versa.

3

16.     The present tense includes the past and future tenses.

17.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively.

18.     The words "any" and "all" shall be considered to include each and every.

## INSTRUCTIONS

1.     These Requests are continuing in nature so as to require the filing of supplemental answers and responses without further request should additional information, or information inconsistent with the information contained in the answers and responses to these Requests, become available to you before trial, or for any other reason that requires supplementation of your answers.

2.     If you contend that a particular Request, definition or instruction is overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, or other similar objections, you are instructed to state a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if you otherwise respond to the discovery request but do so subject to or without waiving such an objection, you are instructed to describe with reasonable specificity the information which may be available but which is not being provided as a result of the objection raised.

3.     If you object to the production of any Document called for in the requests herein, for each such Document state the following: (1) the reasons for the objection and any facts supporting the objection; and (2) a description of each Document including, without limitation, the date, sender, recipient(s), all persons to whom copies have been furnished, job titles of each of the persons, the subject matter of the Document, the number of pages of the Document, the number(s) of the

4

request to which such Document is responsive, and the identity of the person in whose custody the Document is presently located.

4.    If any Document is withheld under claim of privilege or work product, make the claim in accordance with Federal Rule of Civil Procedure 26(b)(5), furnishing a list identifying each Document for which the privilege or work product is claimed together with the following information for each such Document: date, sender, recipient(s), persons to whom copies were furnished, subject matter of the Document, the bases on which the privileges or work product is claimed, and whether any matter that is not privileged or is not work product is discussed or mentioned in each Document.

5.    An objection that a particular Request, definition, or instruction is vague or ambiguous is not a basis for refusing to respond. You are instructed to set forth the allegedly vague or ambiguous language and the interpretation of that language that you have adopted in responding to that Request.

6.    If any Document requested was but is no longer in your possession or subject to your control, or is no longer in existence: (1) state whether it is missing or lost; (2) state whether it has been destroyed; (3) state whether it has been transferred voluntarily or involuntarily to others and state the identity of the persons to whom it has been transferred; (4) state whether it has otherwise been disposed of, or in each instance explain the circumstances surrounding such disposition, state the date or approximate date thereof and the identity of the persons with knowledge of such circumstances; and, (5) identify the Documents that are missing, lost, destroyed, transferred or otherwise disposed of, by author, date, subject matter, addressee(s), and the number of pages.

5

7.      If you do not clearly understand, or have any questions about, these definitions, instructions, interrogatories or requests, contact the undersigned counsel promptly for clarification.

8.      Unless otherwise specified, the Requests seek information created on or after January 1, 2014 to the present, or created before January 1, 2014 but that remained in effect after that date.

## REQUESTS FOR PRODUCTION

1.      Produce all documents relating to, referred to in, or which support your responses to Level 3's Interrogatories or Requests for Admission.

2.      Produce all documents described in Your Rule 26(a)(1) Disclosure.

3.      Produce all documents relating to or which support any factual assertion made in Your Complaint.

4.      Produce all documents relating to or which support any denial or qualification of any factual assertion You made in response to Level 3's Counterclaims.

5.      Produce all documents relating to the deliberation, negotiation, consideration, or execution of the Settlement Agreement.

6.      Produce all invoices You have received from Level 3, any portion of which You understand or believe request payment of end-office switching access charges on OTT-VoIP calls.

7.      Produce all correspondence (excluding filings in a legal or administrative proceeding), including but not limited to dispute letters and responses to dispute letters, that you have exchanged in whole or in part with any LEC or other telecommunications carrier or provider in which the subject of OTT-VoIP calls was discussed.

8.      Produce all documents relating to Your policies and practices in Your capacity as a LEC for billing switched access on OTT-VoIP.

9.      Produce all documents relating to Your policies and practices in Your capacity as an IXC for paying or disputing invoices relating to being billed switched access on OTT-VoIP.

10.     Produce all documents relating to Your withholding payment to Level 3 of end-office switching access charges on the basis that the charges were for OTT-VoIP calls, including but not limited to documents relating to or showing the manner in which You determined what amount to withhold and what amounts were withheld.

11.     Produce all documents relating to, demonstrating, or which may be used to calculate the amount of traffic delivered to Level 3 by AT&T via OTT-VoIP calls.

12.     Produce all documents relating to, demonstrating, or which may be used to calculate the amount or percentage of OTT-VoIP calls originated by, routed by, or terminated by You or any other AT&T affiliate.

13.     Produce all documents relating to or supporting your understanding of the percentage of OTT-VoIP calls originated by, routed by, or terminated by Level 3 for which Level 3 billed You end office switching access charges.

14.     Produce all documents relating to or supporting your understanding that approximately 65% of Level 3's end-office switching access service charges to You was connected with OTT-VoIP calls.

        Respectfully submitted this 23rd day of April, 2018.

                                        By:     /s/ Charles W. Steese
                                                Charles W. Steese, #26924
                                                Douglas N. Marsh, #45964
                                                Martin J. Estevao, #46260

Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676

csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com
mestevao@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

8

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on April 23, 2018, I served the foregoing document upon the following via email and U.S. mail:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael J. Hunseder
Justin A. Benson
Michael D. Warden
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mhunseder@sidley.com
jbenson@sidley.com
mwarden@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

/s/ Charles W. Steese
Charles W. Steese

9