**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM-MEH

AT&T CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.,

    Counterclaim Defendant.

## LEVEL 3'S SUPPLEMENTAL DAMAGES CALCULATION

Defendant/Counterclaimant Level 3 Communications, LLC ("Level 3"), by and through undersigned counsel and in compliance with the Court's instructions in its September 14, 2021 Findings of Fact, Conclusions of Law, and Orders (ECF No. 289 at 9), submits its supplemental damages disclosure, attached hereto as Exhibit A, calculating damages through September 14, 2021, the date of the Order. Pursuant to the Court's instruction, Level 3 states that AT&T does not concur with the analysis contained therein.

The supplemental damages disclosure is an updated version of AT&T's Exhibit 76. As instructed by the Court, this supplemental calculation identifies damages postdating June 2021 through the date of the Court's Order. *See* ECF No. 289 at 9. The method Level 3 used to calculate its damages is substantially the same as the method used in Level 3's July 26, 2021 Supplemental Notice on Late Payment Charge Calculations, ECF No. 279, identifying late payment charges for the usage charges withheld by AT&T (including late payment charges on the tandem add-back, as the Court determined was appropriate). *See* ECF No. 289 at 9. Those late payment charge calculations are set forth in columns Q and R, and are highlighted in green to show data added by Level 3 to AT&T's exhibit.

The supplemental calculation also identifies damages incurred in the months leading up to and after trial. Specifically, row 34 calculates additional unpaid usage charges on the invoice issued to AT&T in June 2021, for usage in May 2021, using the same method AT&T used in calculating the amounts it improperly withheld on invoices for other months. Rows 34 through 37 also calculate late payment charges associated with the invoices AT&T received in June, July, August, and September 2021. Those rows are also highlighted in green to show Level 3's additions to AT&T's exhibit. It appears that AT&T began paying the full end office charges other than late payment charges beginning with the July 2021 invoice (and AT&T makes this claim as well). As a result, no additional usage-based damages were included for the July, August, or September invoices.

The supplemental disclosure also makes two corrections to the previous exhibits. First, in correspondence with counsel for Level 3, counsel for AT&T noted that Level 3's calculations included two late payment charges for the March 2020 invoice, and requested that the calculations

2

be revised to include late payment charges for that month only once. *See* Exhibit B. Level 3 made that requested revision to count late payment charges for the March 2020 invoice only once. That change was made in cell R19, which is highlighted in yellow.

Second, as shown at trial, Level 3 began issuing credits to AT&T to account for the fact that the Court had concluded that 21% of its traffic was OTT. *See* Exhibit A-53 ("ATT Balances Owed to Level 3" Tab, Column E, rows 28 through 32). Thus, beginning with the February 2021 invoice, Level 3 had already subtracted the 21-percent OTT factor from the end office charges, and had also included the tandem add-back, in the amount invoiced to AT&T. It is therefore unnecessary to subtract 21% of end office charges or include the tandem add-back a second time; the invoices already included these corrections. The supplemental calculation includes changes in Cells L30 through L33 and in Q30 through Q33, each highlighted in yellow, to make that correction to AT&T's exhibit.

AT&T objected to Level 3's correction to the double-counted OTT credit for the invoices following February 2021. But AT&T does not dispute that Level 3 already issued credits for these months, or otherwise contest the factual basis for that correction. Rather, AT&T contends that the only updates Level 3 may submit to the Court is for late payment charges for July, August, and September 2021, complaining that "Level 3's updated spreadsheet is an attempt to relitigate and submit additional evidence on issues already decided in the Court's Order." *See* Exhibit B.

This objection is both incorrect and hypocritical. In correcting the calculations for the June through September 2021 invoices, Level 3 is doing nothing more than what AT&T asked Level 3 to do for the late payment charges associated with the March 2020 invoice: make corrections to avoid double-counting. AT&T apparently takes no issue with correcting duplicate entries, even

3

where those duplicate entries were included in AT&T's own prior submissions to the Court, when making the correction cuts in AT&T's favor. That door should swing both ways, and apply equally to both sides. The undisputed evidence submitted at trial, including in Exhibit A-53, shows that Level 3 already issued the 21% end office credits for OTT traffic starting with the February 2021 invoice and continued to apply the credit thereafter. It is therefore every bit as appropriate to make that correction in the damages calculation as it is to correct the duplicate charges on the March 2020 invoice. The Court should overrule AT&T's objection and adopt Level 3's damages calculations as amended.

With those additions and corrections, Level 3's total damages—including the usage charges AT&T withheld, the tandem add-back, and late payment charges—are $5,984,524.56. *See* Cell T25. After subtracting the $517,147 associated with the TCG dispute from Level 3's damages (an amount the parties stipulated to be reduced from Level 3's total damages), the Court should award Level 3 judgment in the amount of $5,467,377.56. *See* Cell T27.

Respectfully submitted this 28th day of September, 2021.

By: */s/ Charles W. Steese*
Charles W. Steese, #26924
Douglas N. Marsh, #45964
Armstrong Teasdale LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
csteese@armstrongteasdale.com
dmarsh@armstrongteasdale.com

*Attorneys for Defendant/Counterclaimants Level 3 Communications, LLC, Broadwing Communications, LLC, Global Crossing Telecommunications, Inc., and WilTel Communications, LLC*

4

## CERTIFICATE OF SERVICE

I, Charles W. Steese, hereby certify that on September 28, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Rebecca B. DeCook
Andrew T. Flynn
Moye White LLP
1400 16th Street, 6th Floor
Denver, CO 80202-1027
becky.decook@moyewhite.com
andrew.flynn@moyewhite.com

Michael D. Warden
Michael J. Hunseder
Justin A. Benson
Joshua W. Moore
SIDLEY AUSTIN LLP
1501 K ST NW
Washington, DC 20005
Telephone: (202) 736-8000
mwarden@sidley.com
mhunseder@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp.*

*/s/ Charles W. Steese*
Charles W. Steese

5