# EXHIBIT B

| | |
|---|---|
| **From:** | Warden, Mike <mwarden@sidley.com> |
| **Sent:** | Tuesday, September 28, 2021 12:16 PM |
| **To:** | Douglas N. Marsh; Chuck Steese |
| **Cc:** | Zambrano, Angela; Benson, Justin |
| **Subject:** | RE: AT&T v. Level 3 [IWOV-IDOCS.FID3266695] |

Doug,

AT&T does not concur with Level 3's new analysis. In its Findings of Fact, Conclusion of Law, and Orders ("Order", ECF 289), the Court directed Level 3 to supplement the Parties' damages analysis "post-June 2021 through the date of this Order." ECF 289 at 9.

In its Order, the Court adopted in full AT&T's updated Exhibit 76 (ECF 280-1) for purposes of unpaid end office charges. *See* ECF 289 at 7 (relying on AT&T "unopposed updated Exhibit 76" to come to a "undisputed" damages that AT&T owes Level 3), 12 (granting AT&T's motion to supplement the record and "rel[ying] on the updated Exhibit [76] throughout this Order."). And, based on that updated Exhibit 76, the Court concluded that through June 2021, AT&T "owes Level 3 $4,189,248.51 for unpaid end-office charges." ECF 289 at 7. Notably, the Court did not adopt Level 3's damages analysis in Exhibit A-53. It is therefore improper to remove the 21% credits for February through June 2021, as reflected in both AT&T's updated Exhibit 76 and Level 3's own analysis of late payment charges in its post-trial submission of ECF 279-1. Level 3's updated spreadsheet is an attempt to relitigate and submit additional evidence on issues already decided in the Court's Order and outside the scope of its directive to Level 3 to supplement the damages analysis "post-June 2021 through the date of this Order."

Accordingly, because AT&T has paid Level 3's end office charges in full post-June 2021, the only update for the Court is late payment charges for July, August, and September 2021. Because Level 3 modified Exhibit 76 for pre-July periods, the appropriate amount of those charges is not the amounts reflected in Level 3's supplemental analysis, but rather $67,956.84 for each months of July, August, and September 2021. In that regard, Level 3 should simply update ECF 279-1 to reflect those amounts.

Finally, in its post-trial submission on LPCs (ECF 279-1) and in its proposed supplemental submission, Level 3 double counts LPCs for the month of March 2020, purporting to charge $38,177.98 for February 1-18 usage and an additional $40,145.75 for February 19-29. Total March charges are thus approximately double that of February and April 2020 – an obvious error. Please remove the $40,145.75.

If Level 3 is willing to update its damages analysis to reflect those changes, AT&T would be willing to concur, subject to our review. Otherwise, AT&T does not concur with Level 3's proposed analysis; and you should advise the Court accordingly when you make your submission.

Best,

Mike



**MICHAEL D. WARDEN**

**SIDLEY AUSTIN LLP**

1

+1 202 736 8080
mwarden@sidley.com

> **From:** Douglas N. Marsh <DMarsh@atllp.com>
> **Sent:** Friday, September 24, 2021 6:33 PM
> **To:** Warden, Mike <mwarden@sidley.com>; Chuck Steese <CSteese@atllp.com>
> **Cc:** Zambrano, Angela <angela.zambrano@sidley.com>; Benson, Justin <jbenson@sidley.com>
> **Subject:** RE: AT&T v. Level 3 [IWOV-IDOCS.FID3266695]
>
> Counsel:
>
> Our supplemental damages calculations are attached here.
>
> In the attached, we added the rows and columns highlighted in green to AT&T's Exhibit 76 to include the invoices issued in the months of June through September 2021, and to calculate the tandem add-back and late payment charges for those months. We also noted that AT&T's Exhibit 76 subtracted the 21 percent factor for each month through May 2021. As shown in trial, however, Level 3 had already issued credits for the OTT traffic in each invoice from February 2021 onward. *See* Exhibit A-53. We therefore removed the 21-percent subtraction in cells L30 through L33. We also removed the corresponding tandem add-back for each of those months. The cells highlighted in yellow reflect those edits.
>
> Please let us know if you have any comments or if we can submit to the Court with your concurrence.
>
> Thanks,
> Doug
>
> **\*\*\*\*\*\*\*\*\*\* PRIVATE AND CONFIDENTIAL\*\*\*\*\*\*\*\*\***
>
> **This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient, Armstrong Teasdale LLP or its subsidiaries.  If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or  attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by email (admin@atllp.com) or by telephone (+1 800.243.5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP or its subsidiaries shall be understood as neither given nor endorsed by it. Armstrong Teasdale LLP and its subsidiaries may monitor email traffic data. Please read our Global Privacy Policy to find out how Armstrong Teasdale LLP and its subsidiaries process personal information.**
>
> **Armstrong Teasdale LLP is a Missouri-registered limited liability partnership organized under the laws of the State of Missouri, USA. The London office of Armstrong Teasdale LLP is operated by Armstrong Teasdale Limited, a private limited company registered in England and Wales (Registration No. 08879988), that is authorized and regulated by the Solicitors Regulation Authority (SRA No. 657002). The registered office of Armstrong Teasdale Limited is 200 Strand, London WC2R 1DJ. Please review our International Legal Notices.**
>
> > **From:** Warden, Mike <mwarden@sidley.com>
> > **Sent:** Wednesday, September 22, 2021 10:52 AM
> > **To:** Douglas N. Marsh <DMarsh@atllp.com>; Chuck Steese <CSteese@atllp.com>

**Cc:** Zambrano, Angela <angela.zambrano@sidley.com>; Benson, Justin <jbenson@sidley.com>
**Subject:** AT&T v. Level 3

> **CAUTION:** **EXTERNAL EMAIL**

Chuck and Doug-

As you know, the Court's September 14 Findings ordered Level 3 to file a supplemental damages disclosure on or before September 28.  The Court also required Level 3 to share it AT&T before filing and include a statement as to whether AT&T concurs.  Please let us know when you will be sharing a draft with us.

Thanks, Mike



**MICHAEL D. WARDEN**

**SIDLEY AUSTIN LLP**
+1 202 736 8080
mwarden@sidley.com




************************************************************************************
*********

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

************************************************************************************
*********