**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00112-RM

AT&T CORP.,

    Plaintiff/Counter Defendant,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant/Counterclaimant,

and

BROADWING COMMUNICATIONS, LLC, GLOBAL CROSSING TELECOMMUNICATIONS, INC., and WILTEL COMMUNICATIONS, LLC

    Counterclaimants,

v.

TELEPORT COMMUNICATIONS GROUP, INC.

    Counterclaim Defendant

---

**AT&T RESPONSE TO LEVEL 3'S SUPPLEMENTAL DAMAGES CALCULATION**

---

Plaintiff/Counterclaim Defendant AT&T Corp. ("AT&T"), by and through undersigned counsel, submits this response to Defendant/Counterclaimant Level 3 Communications, LLC's ("Level 3") Supplemental Damages Calculation, ECF No. 290.

**INTRODUCTION**

In its Findings of Fact, Conclusions of Law, and Orders ("Order", ECF No. 289), the Court adopted AT&T's overall damages analysis and applied late payment charges to the amounts reflected in that analysis (as well as the tandem add-back) through "June 2021 only" (*id.* at 7). The Court then directed Level 3 to supplement that analysis "*post-June 2021* through the date of this Order." ECF No. 289 at 9 (emphasis added). Unfortunately, the Court's "cautious[] optimis[im]"

1

was not rewarded, as Level 3 chose to use the Court's directive for a post-June supplement as an opportunity to relitigate issues already decided and to provide additional analysis on issues involving time periods *prior* to July 2021. For the reasons set forth below, the Court should reject Level 3's supplement and adopt AT&T's attached calculation which is consistent with the Order.[1]

## ARGUMENT

In its Order, the Court adopted in full AT&T's damages analysis as the "undisputed" amount of end office charges that AT&T owes Level 3, as reflected in updated Exhibit 76. *See* ECF No. 289 at 7 (citing ECF No. 280-1) (relying on AT&T "unopposed updated Exhibit 76" to come to a "undisputed" damages amount that AT&T owes Level 3), 12 (granting AT&T's motion to supplement the record and "rel[ying] on the updated Exhibit [76] throughout this Order."). And, based on that updated Exhibit 76, the Court concluded that through June 2021, AT&T "owes Level 3 $4,189,248.51 for unpaid end-office charges." ECF No. 289 at 7.

The Court then applied late payment charges to that amount and to the tandem add-back, relying on Level 3's post-trial submission in response to the Court's direction at the close of trial that the parties apply late payment charges to AT&T's damages calculation. *See* ECF No. 289 at 9 (citing ECF No. 279). In so doing, the Court determined that "Level 3's damages also include $1,139,374.93" in late payment charges through June 2021, as set forth in ECF No. 279-1, Level 3's "ATT Damages Calculation with Late Payment Charges." Order at 9.[2] The Court noted in the Order that it was "cautiously optimistic that the parties can agree on how Level 3's damages

---

[1] In submitting this calculation, AT&T reserves and does not waive its argument that late payment charges are not available under the parties' 2015 Settlement Agreement.

[2] $1,139,374.93 is the amount of late payment charges reflected in Level 3's post-trial submission, after deducting $67,956.84 for the month of July from Level 3's total of $1,207,331.77. *See* ECF No. 279-1.

2

analysis [reflected in ECF No. 279] applies *post-June 2021* through the date of this Order." ECF No. 289 at 9 (emphasis added). Because the parties agree that AT&T has paid Level 3's end office charges in full after June 2021 (*see* ECF No. 290 at 2 (Level 3 statement that "AT&T began paying the full end office charges other than late payment charges beginning with the July 2021 invoice")), it would have been an easy task for Level 3 to add late payment charges for July, August, and September 2021 to the spreadsheet it submitted as ECF No. 279-1 (Level 3's "ATT Damages Calculation with Late Payment Charges"). Had Level 3 done so, AT&T would have readily concurred in those additions.

Instead of supplying the Court with what it requested, Level 3's supplemental damages analysis attempts, in at least three separate respects, to relitigate and to submit additional evidence on issues already decided by the Court in its Order and outside the scope of the Court's directive to Level 3 to supplement the damages analysis "post-June 2021." Level 3 does so by altering both AT&T's Exhibit 76 and its own post-trial calculation of late payment charges reflected in ECF No. 279-1 in multiple ways for charges *prior* to July 2021 by (1) *removing* the 21% credit for the months of February 2021 through June 2021 (cells L30 through L34); (2) *removing* the tandem add-back charges for the months of February 2021 through June 2021 (cells Q30 through Q34); and based on these changes, (3) *adding to* the late payment charges associated with the months of February 2021 through June 2021 (cells R31 through R35). These changes are nothing more than an attempt by Level 3 to substitute portions of its "less reliable and logical" damages analysis reflected in its Exhibit A-53 for AT&T's "more credible" approach reflected in Exhibit 76. ECF No. 289 at 10. The Court should reject Level 3's request to relitigate these issues already decided by the Court and to revise Level 3's pre-July 2021 damages.

3

Although Level 3 portrays its tardy attempt to apply the 21% credits prior to July 2021 invoice as a "correction[] to the previous exhibits" (ECF No. 290 at 2), that is not the case. Far from being a ministerial matter or (as Level 3 otherwise asserts) "as shown at trial" (*id.* at 3), Level 3's submission raises and puts forward evidence on contested issues after all such issues have been addressed and decided. First, contrary to the characterization in Level 3's submission, the undisputed trial record demonstrates that these credits were not included in the February, March, or April 2021 invoices but rather were included in the May 2021 invoice, months after Level 3's invoices were originally issued. *See* July 15, 2021 Trial Tr. at 189:4–190:6 (A. Miller direct testimony, including questions from the Court). This fact alone causes Level 3's late payment charges calculation to be wrong, as AT&T cannot reasonably be charged late payments for amounts that were not properly credited until months after the fact.

Second, Level 3's timing in raising this issue prejudices AT&T's ability to present its own evidence on how it dealt with the credits after they were included on Level 3's May 2021 invoice (*e.g.,* the credits did not impact AT&T's payment of end office charges) and why AT&T's damages model remains correct despite the credits. The trial having ended and the evidence being closed, it is too late for these types of issues to be addressed and resolved. Instead, the Court should adopt AT&T's calculation reflected in Exhibit A attached hereto that responds directly to the Court's Order and provides the Court with the updates needed to determine the amount of late payment charges post-June 2021. AT&T's Exhibit A does so by: (1) calculating late payment charges for July, August, September 2021 (cells R35 through R37) using the same method Level 3 and AT&T agreed was appropriate for the prior months; and (2) removing Level 3's double-counted late

4

payment charges for March 2020 of $40,145.75.[3]  These simple changes are highlighted in yellow in Exhibit A.  AT&T calculated the additional late payment charges for those months as $67,956.84[4] for each month, or $203,870.52 in total.  This brings damages post-June 2021 to $163,724.77 ($203,870.52 in additional LPCs for July–September 2021 minus $40,145.75 for double-counted LPCs in March 2020).  Adding that total to the damages that the Court awarded Level 3 in its Order ($5,152,683.74), the total damages AT&T owes Level 3 through the date of the Court's order is $5,316,408.51.

## CONCLUSION

For the foregoing reasons, to the extent that the Court has determined that late payment charges apply, it should adopt AT&T's calculation in Exhibit A.

Respectfully submitted this 14th day of October, 2021.

By: /s/ Joshua W. Moore

| | |
|---|---|
| Michael J. Hunseder | Rebecca B. DeCook |
| Michael D. Warden | Andrew T. Flynn |
| Justin A. Benson | Moye White LLP |
| Joshua W. Moore | 1400 16th Street, 6th Floor |
| SIDLEY AUSTIN LLP | Denver, CO 80202-1027 |
| 1501 K ST NW | becky.decook@moyewhite.com |
| Washington, DC 20005 | andrew.flynn@moyewhite.com |

---

[3] Level 3's cry that AT&T is being "hypocritical" in seeking to delete this double counting of late payment charges (ECF No. 290 at 3) rings hollow.  Level 3's damages analysis at trial did not include such double counting.  *See* Level 3 Exhibit A-53 at 3.  Rather, Level 3 unilaterally injected this error in this proceeding through its July 26, 2021 *post-trial* submission.  *See* ECF No. 279-1; *cf.* ECF No. 281-2 (AT&T's post-trial application of late payment charges to its damages calculation without double-counting error).  Thus, in contrast to issues actually litigated before and decided by the Court, it is entirely appropriate to eliminate this double counting.

[4] This number is different than Level 3's calculated late payment charges in its supplemental damages calculation (ECF No. 290-1) because Level 3 has removed the 21% OTT credit it would owe AT&T, thereby improperly adding to the late payment charges AT&T would owe Level 3.

Telephone: (202) 736-8000
mhunseder@sidley.com
mwarden@sidley.com
jbenson@sidley.com
joshua.moore@sidley.com

*Attorneys for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

Angela C. Zambrano
SIDLEY AUSTIN LLP
2021 McKinney Avenue
Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
angela.zambrano@sidley.com

CERTIFICATE OF SERVICE

I, Joshua W. Moore, hereby certify that on October 14, 2021 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Charles W. Steese, #26924
Douglas N. Marsh, #45964
ARMSTRONG TEASDALE LLP
4643 South Ulster Street, Suite 800
Denver, Colorado 80237
Telephone: (720) 200-0676
Email: csteese@armstrongteasdale.com
Email: dmarsh@armstrongteasdale.com

*Attorneys for Defendant Level 3 Communications, LLC*

/s/ Joshua W. Moore
Joshua W. Moore
Sidley Austin LLP
1501 K ST NW
Washington, D.C. 20005
joshua.moore@sidley.com

*Attorney for Plaintiff AT&T Corp. and Counterclaim Defendant Teleport Communications Group*

7