```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLORADO
 2
    Civil Action No. 18-cv-112-RM
 3
    AT&T Corporation,
 4
          Plaintiff,
 5
    vs.
 6
    LEVEL 3 COMMUNICATIONS, LLC.,
 7
          Defendant.
 8
    _____
 9
                          REPORTER'S TRANSCRIPT
10                         STATUS CONFERENCE

11  _____

12           Proceedings before the HONORABLE RAYMOND MOORE,
    Judge, United States District Court for the District of
13  Colorado, commencing at 9:30 a.m., on the 26th day of May,
    2021, in Courtroom A601, United States Courthouse, Denver,
14  Colorado.

15                              APPEARANCES

16  Rebecca B. DeCook, Moye White LLP, 1400 16th Street, 6th Floor,
    Suite 600, Denver, CO 80202-1486.  Angela C. Zambrano and
17  Michael D. Warden, Sidley Austin LLP-Dallas, 2021 McKinney
    Avenue, Suite 2000, Dallas, TX 75201.  Michael Hunseder, Sidley
18  Austin, LLP-DC, 1501 K Street, N.W., Washington, DC 20005,
    appearing for AT&T Corporation.
19

20  Charles Walter Steese and Douglas Nelson Marsh, Armstrong
    Teasdale LLP-Denver, 4643 South Ulster Street, Suite 800,
21  Denver, CO 80237, appearing for Level 3 Communications, LLC.

22
            TAMMY HOFFSCHILDT, FCRR, CRR, RMR Official Reporter
23               901 19th Street, Denver, Colorado 80294
              Proceedings Reported by Mechanical Stenography
24               Transcription Produced via Computer

25
```

```
 1                    P R O C E E D I N G S
 2        (In open court at 9:30 a.m.)
 3            THE COURTROOM DEPUTY:  Court is in session.
 4            THE COURT:  18-cv-112, AT&T versus Level 3.  We're
 5   here for a telephonic status conference.  Let me take
 6   appearances, please.  Starting with the plaintiff.
 7            MS. DeCOOK:  Good morning, Your Honor.
 8   Rebecca DeCook, for AT&T, and with me on the phone is
 9   Angela Zambrano and Mike Warden, from Sidley Austin.
10            THE COURT:  Good morning to you.  And for the
11   defendant?
12            MR. STEESE:  Yes, Your Honor.  This is Chuck Steese,
13   from Armstong Teasdale, on behalf of the defendants and
14   counterclaimants, Level 3, and with me is my colleague
15   Doug Marsh.
16            THE COURT:  All right.  Good morning to you, as well.
17   So I have a confession to make, the confession is this, I kind
18   of put this out of my head, because when I got the motion for
19   this hearing, my reaction was to throw my arms up in the air
20   and say, Okay.  I'm done, and all that I mean by that is, I
21   don't have any animosity towards the parties together or
22   separately, or in any other combination, but what has happened
23   is that, of course, we have been set on top of a case that I
24   said, to my knowledge, was going to trial, and the parties
25   apparently reached out and confirmed that it was going forward,
```

1  and were looking to see whether or not it made any sense,
2  essentially, to continue the matter, and I basically shutdown,
3  because my reaction to this is, *Yeah, we're going to continue*
4  *the matter*, and frankly, I had even come up with a date of July
5  14, which is a Wednesday, a little further down the road, in
6  terms of COVID issues, and so that's what I was thinking.
7        As I was walking from my desk, literally, as I was
8  walking from my desk to this courtroom, to have this phone
9  call, I received a notice that tells me that the criminal case
10 is going to be, likely, dismissed by the end of the day.
11       So, I don't know what to say to you.  As far as I'm
12 concerned, we're back on.  If, ultimately, the -- both sides
13 have basically kind of shutdown, mentally, because they were
14 anticipating that I was going to not require them to go to
15 trial.  I'm not upset about that, either.  But... so that's
16 where we are.  So, that's where we are.  And what I want to say
17 to you is, when were we scheduled July -- I mean June 7th?
18       *THE COURTROOM DEPUTY:*  Eighth, Your Honor.
19       *THE COURT:*  Eighth.  Two days, June 9th, as a start,
20 or September 14, and frankly, right now, I will listen to you,
21 or I will tell you, let me know, by the end of the day,
22 because, literally, this has -- I have just dropped something
23 on you that neither of you were anticipating.  While I'm kind
24 of processing things, there are unopposed motions to restrict.
25 I'm not going to look at them in great detail right now.  **ECF**

1  **Number 240** and **242**.  Those are granted.  The Motion For The
2  Extension Of Time To File Proposed Findings Of Fact was until
3  today.  Look, the proposed findings of fact, if we're going
4  on -- if we are going forward on the 9th, I can have them by
5  the close of business, on -- I will grant it and say that close
6  of business tomorrow.  As I said, in terms of the motions in
7  limine, my inclination was to do what I said I was going to do,
8  and then beyond that, the two of you have -- one of you, I
9  can't remember which, has got to renumber or relabel their
10 exhibits.  You are both using the same -- instead of one party
11 using numbers and the other party using letters, you are both
12 using numbers and so I have an -- AT&T's Exhibit 1, and Level
13 3's Exhibit 1, and it's just going to be confusing.
14         Cathy, who is the one that needs to clean up?
15         *THE COURTROOM DEPUTY:*  I believe Level 3, since they
16 are the original defendants, should be letters, Your Honor.
17         *THE COURT:*  Okay.  So Level 3, you win the lottery,
18 you are letters.
19         *THE COURT:*  You can throw an A in -- you can throw an
20 A in front of them, and I will be fine, because, honestly, I'm
21 not going to get confused.
22         *MR. STEESE:*  Okay.
23         *THE COURT:*  All right.  So, I don't know what else
24 there is to say about this, other than, do me a favor, file
25 something, I will say, 3 o'clock today.  You tell me what you

```
 1   want to do.  You may want to think about it.  I understand I
 2   have dropped this on you.  If you want to -- talk now, while we
 3   are all here, we can talk.
 4            Somebody, I don't remember --
 5            THE COURT:  Go ahead.
 6            MS. ZAMBRANO:  Good morning, Your Honor.  This is
 7   Angela Zambrano, AT&T.  I had a question about the date that
 8   you threw out.  I heard July 14th, and I hear September, as
 9   well.  Going back to our client --
10            THE COURT:  No, you did not.  No.  No.  No, no, no,
11   no.
12            MS. ZAMBRANO:  July 14th is the date?
13            THE COURT:  The other date that I tossed out is July
14   14.  If I said September, I -- believe me, that was a misspeak
15   on my part.  I don't think I did, but if I did, I did.  Okay.
16   I'm being told that I did misspeak.
17            So, in all honesty, I probably was reading this thing
18   that --
19            MS. ZAMBRANO:  Understood.
20            THE COURT:  -- that I just picked up and trying to
21   process it and talk at the same time.  I'm much better at
22   chewing gum and walking at the same time, but, obviously, I
23   misspoke, with regard to this.
24            MS. ZAMBRANO:  Thank you for that, that's helpful.  We
25   do have a witness that we're going to ask you to, today, to the
```

```
 1   extent that we go forward, could she appear, you mentioned last
 2   time for special conditions, health condition or otherwise, we
 3   could make that request.  So, assuming that witness is
 4   available on the date in July that you mentioned, and we do
 5   want to ask about that, because we are still in a weird time in
 6   the COVID land, and seems that 30 days makes a lot of
 7   difference these days.  I anticipate we will check about that
 8   date and that may have some impact.
 9            From our perspective, the only other thing I would
10   say, we appreciate you setting the conference and trying to get
11   us some certainty so that if we don't prepare twice, and I
12   appreciate -- we will certainly get back to you by 3 o'clock
13   today, if we're --
14            THE COURT:  Hold on, hold on, hold on.
15            MS. ZAMBRANO:  Yes, Your Honor.
16            THE COURT:  Sorry.  I have got some other fires
17   burning that I needed to tend to, so go ahead.
18            MS. ZAMBRANO:  No.  I was just thanking you for
19   letting us talk to our clients and get back to you about this.
20   Certainly is important, at this point, to the extent that we
21   can save the Court's time and parties' time and resources, I
22   appreciate that.
23            I do note that the issue with the testimony, things
24   may change in 30 days, I think we will be inclined to lean that
25   way, certainly want to talk to Lever 3 in terms of this.
```

1    *THE COURT:* You can talk about it.  Like I said, file
2  something, let's say, 4 o'clock.  I just like to know, when I
3  go home; what am I doing?  And at 4 o'clock my time, letting me
4  know, what you want.
5         *MS. ZAMBRANO:* Thank you Your Honor.
6         *MR. STEESE:* Your Honor, this is Chuck Streese.  Can I
7  ask you a question or two?
8         *THE COURT:* Absolutely.
9         *MR. STEESE:* The trial date was scheduled for June
10 8th.  You said June 9 a couple times.  Is the new date to start
11 either June 9, because both sides have thought that the trial
12 would be shorter?  And I know last time, you mentioned that you
13 had --
14        *THE COURT:* Hold on.
15        *MR. STEESE:* -- an appointment on June 9 --
16        *THE COURT:* Hold on.
17        *MR. STEESE:* -- I didn't know how that would impact
18 the schedule.
19        *THE COURT:* Honestly, what I was looking to do is to
20 give you a later start time, and I had forgotten.  Hold on.
21 Deanne, are you in there?  If you are, do I have that
22 appointment on June 9 in the morning?
23        She is typing.  Yeah.  Okay.  I had forgotten about
24 that.  The reason was, I just wanted, if, in fact, we were
25 going to go ahead, let's just get it all -- do it

```
 1   consecutively.  So, I guess, if I was going to start, I would
 2   start June 9 at 1 o'clock, and that was --
 3              MR. STEESE:  Thanks for the clarity.  Sorry,
 4   Your Honor.
 5              THE COURT:  No, that's fine.  Okay.  So, that's where
 6   we are.  You know, the world keeps changing, and the cases keep
 7   changing, it is what it is.  Let me know that afternoon and we
 8   will figure out where we are going from there.  Okay?
 9              MR. STEESE:  Thank you Your Honor.
10              MS. ZAMBRANO:  Thank you, Your Honor.
11              THE COURT:  All right.  Recess.
12              THE COURTROOM DEPUTY:  Court is in recess.
13        (Recess at 9:42 a.m.)
14                        REPORTER'S CERTIFICATE
15
16       I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
17
18       Dated at Denver, Colorado, this 15th day of February,
19   2022.
20                             s/Tammy Hoffschildt
21                             _____
                               Tammy Hoffschildt, FCRR,RMR,CRR
22
23
24
25
```